UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| v. ) | Cause No. 04-20031 |
| DENNY PATRIDGE, ) | |
| Defendant. ) | |

MOTION FOR RECONSIDERATION OF IN CAMERA REVIEW

Comes now, the United States of America, through Jan Paul Miller, United States Attorney for the Central District of Illinois, by and through Hilary W. Frooman, Assistant United States Attorney, and requests that the Court reconsider its granting of defense request that the Court review the IRS Special Agent's Report (SAR) for review in camera.

In support of this motion, the government states:

The defendant filed a Motion to Compel Production of Special Agent's Report on July 28, 2004. (R.14) The government responded to said motion on August 6, 2004. (R.16) The Court denied the motion on August 17, 2004. (R.17) In its previous response, the government noted that:

1. The government intended to follow an "open file" policy regarding discovery and the government has done so. As a result, the defendant has received approximately 6,000 pages of discovery and will receive more pages of discovery. The defendant has received all information which might be considered discovery under Rule 16. In answer to the defendant's previous motion, the government stated that it was "...aware of Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Giglio, 405 U.S. 150 (1972). The government will provide information that fits the requirements set forth in those two cases."

1

2. The defendant has received extensive information, even that to which he might be entitled under 18 U.S.C. §3500. The government has also responded to the defendant's requests for specific documents and the government has continued to provide documents to the defense. To date, the government has received no discovery from the defense.

3. When, at the conclusion of the hearing on November 3, 2004, the defendant made his second motion regarding the IRS SAR, he simply presented an oral request that the Court review the IRS SAR <u>in camera</u>. The defense failed to state what, if any, information it believed the IRS SAR might contain which was being withheld from the defense.

4. Fed.R.Crim.P. 16(a)(2) provides:

> Information Not Subject to Disclosure.
> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses as provided in 18 U.S.C. § 3500.

An agent submits an SAR to allow his own supervisors to determine whether sufficient evidence to support charges exists. To the extent that the SAR contains information that should be turned over under Rule 16 discovery, the SAR is simply a summary of information contained in the interview reports and audit reports, all of which the defendant will receive. The report is not the agent's statement. Statements which can be attributed to the agent as a witness are contained in the agent's grand jury testimony and in any direct reports of interviews he conducted with the defendant that may be presented at trial. The latter would be discoverable pursuant to the Jencks Act, 18 U.S.C. §3500. Of course, the government will provide those to the defense.

5. To be discoverable, information must be material to the defendant's case and covered by one of the rules related above. Information that is not covered by one of the discovery rules and is not material to the defendant's case is not discoverable. United States v. Pottorf, 828 F.Supp. 1489 (D.Kan.1993). Some information is, as noted, specifically excepted from disclosure.

6. In cases in which the subject matter of the SAR is related to the agent's testimony and is necessary for appropriate cross examination of the agent by defense counsel, those portions of the SAR may be turned over.

> As previously noted, the Special Agent's investigation is the very foundation of the net worth case, and the SAR is nothing less than a detailed memorialization of that inquiry. The strength of the government's case is dependent upon the outcome of this investigation as presented to the jury through the testimony of the Special Agent who prepared it. Equally important, the strength of the defendant's case often derives from the ability to attack the thoroughness and accuracy of the investigation through vigorous cross-examination. In this context, the SAR becomes the essential nexus between the testimony of the witness and the investigation which forms the basis for the Government's contention that defendant has understated his taxable income and willfully evaded the payment of taxes. The thrust of defendant's cross-examination of the Special Agent, coupled with the clear relationship between the agent's testimony and his investigation, renders the entire SAR sufficiently related to the agent's testimony to warrant disclosure to the defendant under the Jencks Act.

United States v. Cleveland, 507 F.2d 731, 739 (7th Cir. 1974).

But, the Seventh Circuit further stated:

We are not unmindful, however, of the possibility that the SAR may also include a limited number of documents which do not pertain to the conduct, substance or results of the investigation, the production of which (unless other wise related to the agent's testimony) would not be required under the Jencks Act. Such materials might include, for example, interoffice memoranda of a purely administrative nature, memoranda to government attorneys in the nature of recommendations for prosecution, and the like. While, under the facts of a particular case, documents of this nature might be related to the agent's testimony, the government should be afforded the opportunity to contend other wise, in which event the in camera procedure set forth in subsection (c) should be utilized. Where the government contends that written material unrelated to the conduct,

> substance or nature of the investigation is included in the SAR, the specific documents in question should be segregated and tendered to the district judge for his review, accompanied by a brief statement outlining the basis for the government's contention that the material is unrelated to the agent's testimony.

Id. at 741-42.

7. When an SAR includes the only information available to defense regarding the method by which the IRS determined a defendant's net worth, the SAR might legitimately be turned over. In the case against Denny Patridge, the government is not using the net worth method to prove the defendant's income. Rather, the government has reviewed deposits to the bank accounts over which the defendant had authority. A review of deposits and the source of those deposits has led to the determination of the defendant's income. The basis for such conclusions is readily available through bank account records, all of which are available to the defendant.

8. The SAR includes work-product; it discusses various statutes which might be appropriate charges. It covers legal research initiated by IRS attorneys, Department of Justice attorneys, and the Assistant United States Attorneys. Some subjects discussed in the report have turned out to be irrelevant to the case charged. The IRS SAR discusses the defendant's expected defenses and suggests evidence the government might use to meet those defenses.

9. The IRS SAR presents information obtained from the defendant in the previous six Rule to Show Cause Hearings. The defendant was present with counsel at each of these hearings and he has access to the transcripts of the hearings, as does the government. Interviews of possible witnesses and documents which may be used as exhibits have been provided to the defense or will be provided to the defense.

10. The IRS SAR in this case is 38 pages, single spaced. Unless the defendant can direct the Court to particular information that the defendant believes the government has withheld from witness interviews, from grand jury testimony, from documents

provided in discovery, or that which is in the process of being copied and provided in discovery, and which information is not covered in Rule to Show Cause Hearings; the defendant is simply requesting that the Court use valuable time to read through a lengthy report without providing a basis for so doing .

    The government requests that the Court reconsider its order of August 17, 2004 and deny the defendant's motion.

                      Respectfully submitted,

                      JAN PAUL MILLER
                      United States Attorney

                      s/ Hilary W. Frooman
                      HILARY W. FROOMAN
                      Assistant United States Attorney
                      United States Attorney
                      201 S. Vine, Suite 226
                      Urbana, Illinois 61802
                      217/373-5875
                      FAX: 217/373-5891
                      hilary.frooman@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on November 10, 2004, I electronically filed the foregoing Motion for Reconsideration of In Camera Review with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Carol Dison, 508 S. Broadway, Urbana, Illinois 61801 and Jerold Barringer , 102 S. Pine, P.O. Box 213, Nokomis, IL 62075 and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:   Michael L. Minns, Suite One, 9119 S. Gressner, Houston, TX 77074

      s/ Hilary W. Frooman
HILARY W. FROOMAN
Assistant United States Attorney
United States Attorney
201 S. Vine, Suite 226
Urbana, Illinois 61802
217/373-5875
FAX: 217/373-5891
hilary.frooman@usdoj.gov