E-FILED
Wednesday, 10 November, 2004 04:59:44 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 04-CR-20031 |
| ) | |
| DENNY R. PATRIDGE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On June 2, 2004, Defendant, Denny R. Patridge, was charged in a 20-page indictment with one count of filing a false tax return, two counts of tax evasion, two counts of wire fraud and two counts of money laundering. Defendant was represented by retained counsel, Carol A. Dison. On July 28, 2004, Defendant filed a Motion for a Bill of Particulars (#13) and a Motion to Compel Production of Special Agent's Report (#14). On August 6, 2004, the Government responded to the Motion, and, on August 17, 2004, this court entered an Order (#17) denying Defendant's Motions. This court specifically found that the 20-page indictment filed in this case was clearly adequate to apprise Defendant of the charges against him so that he could prepare for trial.

On September 1, 2004, a superseding indictment (#18) was filed against Defendant. The superseding indictment is 22 pages long and charges Defendant with the following counts: (1) filing a false tax return on or about April 12, 1999, for the calendar year 1998, in violation of 26 U.S.C. § 7206(1); (2) tax evasion based upon Defendant's actions beginning in July 2000 until the date of the return of the indictment to willfully evade or attempt to evade payment of personal income taxes due and owing for the 1996 and 1997 calendar years, in violation of 26 U.S.C. § 7201; (3) tax evasion based upon Defendant's actions in 1999 and 2000 to willfully evade or attempt to evade a

large part of his personal income tax due and owing for the 1999 calendar year, and in failing to file an individual income tax return, in violation of 26 U.S.C. § 7201; (4) wire fraud based upon Defendant's actions in 2000, which included wiring approximately $200,000 in funds in October 2000, whereby he set up a system to hide his assets from the Internal Revenue Service (IRS) by moving his money offshore to an account under his control but not under his name, in violation of 18 U.S.C. § 1343; (5) wire fraud based upon Defendant's actions in October 2000, which included wiring approximately $100,000 in funds, to fraudulently prevent the IRS from obtaining a first lien on his real estate, in violation of 18 U.S.C. § 1343; (6) money laundering based upon Defendant's actions in October 2000 of transferring funds to hide them from the IRS yet make the funds available to Defendant for use at his direction, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and (7) money laundering based upon Defendant's actions in October 2000 of transferring funds with the intent to engage in conduct constituting the evasion of payment of taxes, in violation of 18 U.S.C. § 1956(a)(1)(A)(ii).

On September 28, 2004, Attorney Jerold W. Barringer entered his appearance (#19) on behalf of Defendant.[1] Attorney Barringer, on behalf of Defendant, filed: a Motion to Dismiss Count Two (#29) and Memorandum in Support (#21); a Motion to Dismiss Count Three (#22) and Memorandum in Support (#23); a Motion to Dismiss Counts Four and Five (#24) and Memorandum in Support (#25); and a Motion to Dismiss Counts Six and Seven (#26) and Memorandum in Support (#27). On October 13, 2004, the Government filed a Consolidated Response to Motions to Dismiss Counts of the Superseding Indictment (#30). Subsequently, this court granted Defendant's Motion

---

[1] At a status hearing held on November 4, 2004, Attorneys Michael Minns and Enid Williams of Houston, Texas, also entered their appearance on behalf of Defendant. Defendant is now represented by four attorneys in this case.

for Leave to File a Reply, and Defendant's Reply in Opposition to the Government's Response (#32) was filed on October 21, 2004. For the reasons that follow, Defendant's Motions (#29, #22, #24, #26) are DENIED.

## I. COUNT TWO

In his 61-page Memorandum in Support of his Motion to Dismiss Count Two, Defendant has included a lengthy recitation of facts, for which there is no record support. Defendant contends that Count Two must be dismissed because it fails to allege an offense under 26 U.S.C. § 7201. The tax evasion statute provides: "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall . . . be guilty of a felony . . . ." 26 U.S.C. § 7201; United States v. Daniels, ___ F.3d ___, 2004 WL 2397334, at *2 (7th Cir. 2004). The elements of § 7201 are "willfullness; the existence of a tax deficiency; and an affirmative act constituting evasion or attempted evasion of the tax." Daniels, 2004 WL 2397334, at *2, quoting Sansone v. United States, 380 U.S. 343, 350 (1965). The court in Daniels specifically held that "the government need not charge a substantial tax deficiency to indict or convict under 26 U.S.C. § 7201." Daniels, 2004 WL 2397334, at *4.

Defendant first argues that the indictment is insufficient because the issue of liability is still "pending" under section 6330(c)(2)(B) of the Internal Revenue Code. Defendant states that, on November 28, 2000, he exercised his rights under 26 U.S.C. § 6330 and asked for a collection due process hearing prior to being required to pay the amount the Government had notified him was owed for 1996 and 1997 taxes. According to Defendant, no hearing has been held and no determination has been made as to the amount of taxes owing. Defendant argues that he does not yet "owe" these taxes because the issue is still pending, awaiting the requested hearing. In a related

3

argument, Defendant also contends that all criminal proceedings involving tax liabilities for the years 1996 and 1997 were suspended after November 28, 2000, when he requested a due process hearing.

In its Consolidated Response, the Government first notes that Defendant has raised numerous factual issues far beyond the language of the indictment itself. This court agrees with the Government that this court cannot consider evidence in ruling on a motion to dismiss if it pertains to factual issues that should be directed to the jury during trial. See United States v. Shriver, 989 F.2d 898, 906-07 (7th Cir. 1992); United States v. McGowan, 2004 WL 909745, at *2 (N.D. Ill. 2004). In fact, in considering a motion to dismiss an indictment, all facts stated in the indictment are taken as true and viewed "in the light most favorable to the government." McGowan, 2004 WL 909745, at *2, quoting United States v. Yashar, 166 F.3d 873, 880 (7th Cir. 1999).

The Government points out that a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the Government's evidence. Instead, all that is at issue is whether the indictment is sufficient to charge an offense. Under Rule 7(c)(1) of the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is constitutionally sufficient and satisfies Rule 7(c)(1) if it states the elements of the crime charged, informs the defendant of the nature of the charge so that he may prepare a defense, and enables the defendant to plead the judgment as a bar against future prosecution for the same offense. United States v. Agostino, 132 F.3d 1183, 1189 (7th Cir. 1997). An indictment need not exhaustively recount the facts surrounding the crime's commission and is generally sufficient when it sets forth the offense in the words of the statute itself, as long as those words expressly set forth

all the elements necessary to constitute the offense intended to be punished. Agostino, 132 F.3d at 1189. A defendant's constitutional right is to know the offense with which he is charged and not the details of how it will be proved. Agostino, 132 F.3d at 1191.

According to the Government, the allegations in Count Two focus on an evasion of payment of assessed tax. The Government notes that Count Two of the superseding indictment identifies the law Defendant violated as being the payment of personal income taxes due and owing for the 1996 and 1997 calendar years. The superseding indictment states that Defendant did not report a substantial amount of his income on his tax returns for 1996 and 1997. The superseding indictment also alleges that the IRS provided Defendant with notices of deficiency and notices of assessment. The Government contends that Defendant's argument that he does not yet "owe" these taxes must fail because there is no provision prohibiting the IRS from protecting its rights in property while a taxpayer seeks a collection due process hearing. The Government also notes that it is the IRS's policy that a criminal action in a case takes precedence over its civil aspects and that any civil enforcement action involving the same tax and periods as an active criminal investigation is suspended or deferred until the criminal aspects of the case are closed. See United States v. Peters, 153 F.3d 445, 454 n.13 (7th Cir. 1998). According to the allegations in the superseding indictment, Defendant took actions to evade payment of his taxes before he requested a collection due process hearing.

Defendant has not cited any case law in support of his argument that criminal charges cannot be brought when a due process hearing has been requested. This court must therefore agree with the Government that the indictment adequately alleges that Defendant owed taxes for the 1996 and 1997 tax years and that Defendant's request for a due process hearing does not prohibit the

Government from bringing criminal charges based upon evasion of payment of those taxes.

Defendant next argues that Count Two must be dismissed because it is outside the six-year statute of limitations. Defendant argues that there was no act alleged which could qualify as the "affirmative act" of tax evasion of payment when the amount purportedly being evaded was not final or conclusive under 26 U.S.C. § 6330. Defendant contends that the indictment must have been filed within six years of April 15, 1997, the date Defendant filed his tax return for calendar year 1996 and within six years of April 15, 1998, the date Defendant filed his tax return for calendar year 1997. Because the original indictment was dated June 2, 2004, Defendant contends it was untimely and must be dismissed.

The Government, in response, argues that Defendant performed affirmative acts of evasion within the statute of limitations, including liquidating investments, transferring funds out of the country, bringing those funds back into this country, and loaning those funds to himself and causing a lien based upon that self-backed loan to be placed upon his home. The Government notes that these actions were taken before Defendant requested a collection due process hearing.

The Government is correct that, in a tax evasion case, it is the date of the latest act of evasion, not the due date of the taxes, that triggers the statute of limitations. See United States v. Trownsell, 367 F.2d 815, 816 (7th Cir. 1966); United States v. McKenzie, 1992 WL 159327, at *1 (N.D. Ill. 1992); United States v. Sloan, 704 F. Supp. 880, 883 (N.D. Ind. 1989). The Seventh Circuit in Trownsell held that the latest act of evasion was depositing money in a bank in Switzerland, thus placing it beyond the reach of the Government. Trownsell, 367 F.2d at 816. In Trownsell, the court found that an indictment returned on April 16, 1964, was timely as to taxes owing for the years 1946-1953 because the transfer to the bank in Switzerland was made on

6

February 2, 1961. Trownsell, 367 F.2d at 816; see also United States v. Hunerlach, 197 F.3d 1059, 1064-65 (11th Cir. 1999) (statute of limitations ran from date the defendant hid rental income from the Government by purchasing the rental property under a different name). Count Two of the superseding indictment includes numerous allegations of actions taken by Defendant in 2000 which allegedly were taken for the purpose of evading or attempting to evade the payment of personal income taxes due and owing to the United States of America for the 1996 and 1997 calendar years. Therefore, based upon Trownsell, this court concludes that the indictment was brought within the six year statute of limitations.

Defendant also argues strenuously, in both his Memorandum and in his Reply, that Count Two should be dismissed because it does not provide a clear and concise statement of the elements of the offense charged. Defendant argues that the indictment does not adequately allege that his conduct was willful and does not allege a "substantial tax deficiency" with consistency. Defendant has also provided a lengthy and detailed argument questioning whether any of the acts alleged can be considered an affirmative act of evasion.

However, this court notes that it is well settled in the Seventh Circuit that attempts to place assets beyond the Government's reach or conceal assets are culpable affirmative acts if the tax evasion motive plays any part in the conduct. See United States v. Eaken, 17 F.3d 203, 206-08 (7th Cir. 1994); United States v. Conley, 826 F.2d 551, 557-58 (7th Cir. 1987). Any conduct, the likely effect of which would be to mislead or to conceal, is sufficient to establish an affirmative act of evasion. Spies v. United States, 317 U.S. 492, 499 (1943); United States v. King, 126 F.3d 987, 989-90 (7th Cir. 1997); United States v. McGill, 964 F.2d 222, 230 (3d Cir. 1992). In addition, as noted previously, the Seventh Circuit recently held that no allegation of a "substantial tax

deficiency" is necessary. Daniels, 2004 WL 2397334, at *4. Moreover, Defendant's argument that the indictment is insufficient to allege willfulness is based solely on cases setting out the Government's burden of proof at trial. Defendant is certainly correct that, in order to prove willfulness, the Government is required to prove the "voluntary, intentional violation of a known legal duty." See United States v. McCaffrey, 181 F.3d 854, 856 (7th Cir. 1999), quoting Cheek v. United States, 498 U.S. 192, 201 (1991). However, this does nothing to establish that the indictment is insufficient. In this case, Count Two of the superseding indictment alleges that Defendant owed taxes for the years 1996 and 1997, that he engaged in affirmative acts to evade or attempt to evade payment of these taxes, and that he acted willfully. This court therefore concludes that Count Two of the indictment is sufficient to set out the elements of the offense charged and is sufficient to inform Defendant of the offense with which he is charged. Accordingly, this court declines to adopt Defendant's hypertechnical arguments regarding the insufficiency of the charge. See United States v. Becker, 965 F.2d 383, 386 (7th Cir. 1992).

For the reasons stated, Defendant's Motion to Dismiss Count Two (#29) is DENIED.

## II. COUNT THREE

In his 28-page Memorandum in Support of his Motion to Dismiss Count Three, Defendant argues that Count Three should be dismissed because it does not clearly and concisely allege the elements of willfulness, substantial tax deficiency and an affirmative act constituting evasion of tax.

In its Response, the Government states that Count Three focuses on an evasion of assessment of taxes. The Government states that the allegations in Count Three are that Defendant removed his funds from the United States and placed them in an account in Antigua without ever paying taxes on them, that he failed to file a tax return which revealed his earnings for the 1999 tax year, and that

8

his actions were done with the purpose of concealing the funds in question from the IRS.

As this court has already discussed, the case law regarding the Government's burden of proof as to the element of willfulness does not support Defendant's argument that willfulness is not adequately alleged, and no allegation of a "substantial" tax deficiency is necessary. Furthermore, this court does not need to consider Defendant's hypertechnical arguments regarding whether any of the acts alleged can be considered an affirmative act of evasion.

Count Three of the superseding indictment alleges that Defendant earned income in 1999 and owed taxes on that income, that he engaged in affirmative acts to evade or attempt to evade assessment of these taxes, and that he acted willfully. This court therefore concludes that Count Three of the indictment is sufficient to set out the elements of the offense charged and is sufficient to inform Defendant of the offense with which he is charged.

For the reasons stated, Defendant's Motion to Dismiss Count Three (#22) is DENIED.

### III. COUNTS FOUR AND FIVE

In his 35-page Memorandum in Support of his Motion to Dismiss Counts Four and Five, Defendant raises numerous questions regarding how the Government can prove wire fraud based upon the allegations contained in the superseding indictment. However, as noted previously, the issue before this court in ruling on the Motion to Dismiss is whether the indictment states the elements of the crime charged, informs the defendant of the nature of the charge so that he may prepare a defense, and enables the defendant to plead the judgment as a bar against future prosecution for the same offense. See Agostino, 132 F.3d at 1189.

In Counts Four and Five of the superseding indictment, Defendant is charged with the offense of wire fraud in violation of 18 U.S.C. § 1343. The elements of the offense of wire fraud

are: (1) that the defendant participated in a scheme to defraud; (2) that the defendant intended to defraud; and (3) that a wire communication was used in furtherance of the fraudulent scheme. United States v. Tadros, 310 F.3d 999, 1006 (7th Cir. 2002); see also United States v. Jaffe, ___ F.3d ___, 2004 WL 2423683, at *2 (7th Cir. 2004).  A "scheme to defraud" under the wire and mail fraud statutes must include the element of a material falsehood.  United States v. Gee, 226 F.3d 885, 891 (7th Cir. 2000), citing Neder v. United States, 527 U.S. 1, 25 (1999).  Accordingly, an indictment must allege that the defendant misrepresented or concealed a material fact in aid of the scheme to defraud.  See Gee, 226 F.3d at 891.

In Counts Four and Five, the superseding indictment alleges that Defendant "knowingly devised and intended to devise a scheme and artifice to defraud the IRS."  The indictment alleges that the purpose of the scheme was to:

> A. Remove the defendant's liquid funds to a hidden offshore location and thereby conceal them from the IRS so the IRS could not find the funds and seize the funds to satisfy assessed taxes owed to the United States government, and
>
> B. Protect the defendant's personal funds by making it appear that the funds available to him were borrowed funds, and
>
> C. Protect the defendant's personal real estate by making it appear that there was an unsatisfied mortgage on his home.

In Count Four, the superseding indictment alleges that the scheme to defraud included the wire of approximately $200,000 in funds on October 3, 2000.  In Count Five, the superseding indictment alleges that the scheme to defraud included the wire of approximately $100,000 in funds on October

25, 2000.

Defendant contends that Counts Four and Five must be dismissed based upon McNally v. United States, 483 U.S. 350 (1987), United States v. Gimbel, 830 F.2d 621 (7th Cir. 1987) and United States v. Eckhardt, 843 F.2d 989 (7th Cir. 1988). In McNally, the United States Supreme Court held the mail fraud statute was "limited in scope to the protection of property rights." McNally, 483 U.S. at 360. Accordingly, the Court held that the mail fraud statute did not proscribe schemes to defraud victims of intangible rights. Gimbel, 830 F.3d at 626, citing McNally, 483 U.S. at 360. Following McNally, the Seventh Circuit concluded that the indictment in Gimbel, which accused the defendant of not providing information to Treasury Department officials, was not sufficient to allege mail or wire fraud because it did not allege a scheme to defraud the government of money or property, even though the Department may have assessed a tax deficiency had the information been disclosed. Gimbel, 830 F.2d at 627. In Eckhardt, the Seventh Circuit stated that a charge of wire fraud which alleged that the defendant interfered with the IRS's proper ascertainment and collection of income taxes was not sufficient because the indictment did not specifically allege that the defendant deprived the Government of revenue. Eckhardt, 843 F.2d at 996-97.

This court concludes that Defendant's argument must fail for two reasons. First, on November 18, 1988, Congress enacted 18 U.S.C. § 1346 which stated that "the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346. Therefore, McNally has been superseded by Congress. See United States v. Bush, 888 F.2d 1145 (7th Cir. 1989). Accordingly, the holdings in McNally, Gimbel, and Eckhardt that Defendant relies on have questionable validity. Second, and most important, this court

11

agrees with the Government that the allegations included in the indictment in this case are sufficient to allege that the IRS had a property interest in the taxes owed by Defendant. This court therefore concludes that there is no reason to dismiss the indictment based upon <u>McNally</u>, <u>Gimbel</u>, and <u>Eckhardt</u>.

Defendant has raised numerous other impassioned arguments that the facts do not show a fraud or a material concealment. This court notes that "[i]n construing an indictment under the mail fraud statute, a broad rather than a technical standard should be used to determine the sufficiency of the allegation of fraud." <u>United States v. Brack</u>, 747 F.2d 1142, 1147 (7th Cir. 1984); <u>United States v. Mosky</u>, 1990 WL 37106, at *2 (N.D. Ill. 1990). Further, "an indictment setting out the mailings charged and alleging that they were in furtherance of the scheme should not be dismissed as insufficient on its face unless there is no conceivable evidence that the government could produce at trial to substantiate its 'in furtherance' allegation." <u>United States v. Castor</u>, 558 F.2d 379, 385 (7th Cir. 1977); <u>Mosky</u>, 1990 WL 37106, at *2. The Seventh Circuit has consistently held that cases construing the mail fraud statute are applicable to the wire fraud statute. See <u>Gimbel</u>, 830 F.2d at 627; <u>United States v. Feldman</u>, 711 F.2d 758, 763 n.1 (7th Cir. 1983). This court has carefully considered the allegations included in Counts Four and Five of the superseding indictment. Based upon the applicable case law, this court must conclude that the allegations in Counts Four and Five are sufficient to allege the offenses charged.

For the reasons stated, Defendant's Motion to Dismiss Counts Four and Five (#24) is DENIED.

## IV. COUNTS SIX AND SEVEN

In his 19-page Memorandum in Support of his Motion to Dismiss Counts Six and Seven,

Defendant argues that both counts should be dismissed because the superseding indictment does not sufficiently allege money laundering because there are no allegations that the "proceeds" were derived from illegal activity. Defendant relies, in part, on his previous claims that Counts Two, Four and Five are insufficient to state an offense. These arguments have already been rejected by this court.

Count Six alleges that Defendant committed money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). The elements of a money laundering offense under this statute are: (1) the defendant knowingly conducted a financial transaction with property representing the proceeds of some illegal activity; (2) the defendant knew that the property involved in the transaction was illegally derived; and (3) the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds. See United States v. Esterman, 324 F.3d 565, 569 (7th Cir. 2003); United States v. Gabel, 85 F.3d 1217, 1223 (7th Cir. 1996). Both distinct transactions and deliberate concealment must be shown to support a money laundering conviction under this section. Esterman, 324 F.3d at 571.

Count Seven alleges that Defendant committed money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(ii). The elements of an offense under § 1956(a)(1)(A)(ii) are: (1) the defendant knowingly conducted a financial transaction with property representing the proceeds of some illegal activity; (2) the defendant knew the property represented illegal proceeds; and (3) the defendant conducted the transaction with the intent to engage in conduct constituting a violation of section 7201 or 7206 of the Internal Revenue Code. 26 U.S.C. § 1956(a)(1)(A)(ii); see also United States v. Masten, 170 F.3d 790, 797 (7th Cir. 1999).

The Government argues that the superseding indictment clearly alleges that Defendant

conducted financial transactions with proceeds of the illegal activity of wire fraud, as set forth in Counts Four and Five. The transfer of the proceeds of wire fraud can constitute money laundering. See United States v. Seward, 272 F.3d 831, 836-37 (7th Cir. 2001). In Count Six, the superseding indictment alleges that Defendant transferred the proceeds of the wire fraud in order to conceal the funds from the IRS and yet make the funds available to Defendant for use at his direction. In Count Seven, the superseding indictment alleges that Defendant transferred the proceeds of the wire fraud with the intent to engage in conduct constituting the evasion of payment of taxes in violation of § 7201 of the Internal Revenue Code.

This court notes that, in order to obtain a conviction on these money laundering charges, the Government will need to prove distinct transactions. See Esterman, 324 F.3d at 571. "The transaction or transactions that created the criminally-derived proceeds must be distinct from the money-laundering transaction, because the money laundering statutes criminalize 'transaction[s] in proceeds, not the transaction[s] that create[] the proceeds.'" Seward, 272 F.3d at 836, quoting United States v. Mankarious, 151 F.3d 694, 705 (7th Cir. 1998). However, this court concludes that the superseding indictment is sufficient to set out the elements of the offenses charged.

For the reasons stated, Defendant's Motion to Dismiss Counts Six and Seven (#26) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Dismiss Count Two (#29) is DENIED.

(2) Defendant's Motion to Dismiss Count Three (#22) is DENIED.

(3) Defendant's Motion to Dismiss Counts Four and Five (#24) is DENIED.

(4) Defendant's Motion to Dismiss Counts Six and Seven (#26) is DENIED.

(5) On November 2, 2004, Defendant filed a Motion to Dismiss Counts One through Seven for Perjury and Prosecutorial Misconduct before Grand Jury (#33) and a Memorandum in Support (#34). Because of the very serious nature of the charges made in Defendant's Motion, this court has allowed the Government until December 3, 2004, to file its Response. A hearing has been scheduled for December 8, 2004, at 10:30 a.m. for argument or ruling on Defendant's Motion to Dismiss (#33).

ENTERED this 10th day of November, 2004

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE