E-FILED
Friday, 12 November, 2004 02:30:59 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CR04-20031 |
| DENNY R. PATRIDGE, | ) |
| Defendant. | ) |

**UNITED STATES' MOTION IN LIMINE REGARDING DEFENSE "EVIDENCE" AND ARGUMENT**

The United States of America by its attorneys, Jan Paul Miller, United States Attorney, Central District of Illinois, and Hilary W. Frooman, Assistant United States Attorney for the Central District of Illinois, files the within Motion In Limine and hereby respectfully requests that the Court preclude the defendant from presenting at trial "evidence" and/or legal arguments, as described below, which are irrelevant, and/or would invade the Court's province in instructing the jury with regard to the law.

In support of its position, the United States offers the following points and authorities.

**POINTS AND AUTHORITIES**

I.    THE INDICTMENT

In brief sum, the indictment is based upon facts discovered in an investigation which revealed and included the following actions taken by the defendant: The defendant established entities he termed "trusts." The defendant filed tax returns for 1996, 1997 and 1998 which purported to distribute income earned by the defendant to the "trust" entities. Funds the defendant earned were ultimately placed under the name of a "trust" in an account in Antigua; no taxes were paid on these funds. The defendant failed to file a tax return for his personal earnings for the 1999 tax year.

The defendant established a nominee corporation, Minetta, Inc. After the IRS notified the defendant that the IRS might place a lien on his property if he failed to pay taxes due and owing, the defendant made it appear that he had obtained a loan from

Minetta, Inc. and collateral for the loan was the defendant's home. The money the defendant obtained from Minetta, Inc. in the form of a "loan" was actually the defendant's own money. The lien on the defendant's property was filed after the IRS informed the defendant it might place a lien on his property if he did not pay taxes due and owing. The defendant caused Minetta to place its lien on his property before the IRS could act to place its lien on his property. Minetta therefore appeared to have a first lien. The defendant transferred funds out of the United States by wire and the defendant caused funds to be transferred back to the United States by wire. Some of the wired funds were those "loaned" by Minetta, Inc. to the defendant and thus were those establishing the basis for the lien on the defendant's home.

The "trusts" the defendant established were used to confuse the IRS and make it difficult to trace his income. The nominee corporation was established to confuse the IRS and make it difficult to trace his income and make it appear that a lien prior to the IRS lien existed on his home.

II.  **DEFENDANT SHOULD BE PRECLUDED FROM OFFERING "EVIDENCE" /OR ARGUMENT WHICH IS IRRELEVANT AND WOULD INVADE THE COURT'S PROVINCE OF INSTRUCTING THE JURY REGARDING THE LAW**

It is anticipated, from evidence the government has obtained from the defendant during its investigation and from a review of the case as it has developed, that the defendant may attempt to present "evidence" and legal arguments regarding the following defenses:

1. that the Internal Revenue laws and the Sixteenth Amendment to the U.S. Constitution are unconstitutional and invalid;

2. that "pure trusts" or common law trusts, or the defendant's foreign "trusts" have no federal income tax consequenses,

3. that the United States District Court for the Central District of Illinois does not have jurisdiction over criminal offenses enumerated in the Internal Revenue Code;

4. that income taxes are voluntary, and the IRS is a private corporation.

Under the Federal Rules of Evidence, the jury should not be exposed to inadmissible evidence. Fed. R. Evid. 103(c). It is fundamental that "evidence which is not relevant is not admissible." Fed. R. Evid. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Moreover, even when evidence is arguably "relevant," the court should still exclude the evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. United States v. Levy, 741 F.2d 915 (7th Cir. 1984).

In addition, the Federal Rules of Criminal Procedure direct that the court act as the jury's sole source of the law. Fed. R. Crim P. 30.

Therefore, evidence of the following frivolous and repeatedly rejected positions should be carefully scrutinized by the Court to insure that jury confusion does not occur.

    A.    Constitutionality and Validity of the Tax Laws

In criminal tax prosecutions, defendants should be precluded from presenting evidence or argument regarding the constitutionality or validity of the tax laws. United States v. Dack, 987 F.2d 1282, 1285 (7th Cir. 1993). A defendant's view regarding the constitutionality and validity of the tax laws is irrelevant in a criminal tax case because a mere disagreement with the tax laws is no defense to the charged crime. Cheek v. United States, 498 U.S. 192, 202-203 (1991). In Cheek, the Supreme Court held that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." 498 U.S. at 206. The Court affirmed the district court's use of the following instruction: "An opinion that the tax laws violate a person's constitutional rights does not constitute a good-faith misunderstanding of the law." Cheek, 498 U.S. at 204.

Furthermore, arguments which challenge the constitutionality or validity of the tax laws are precluded because such claims are premised on a defendant's full knowledge of the law, "and therefore make irrelevant the issue willfulness." Dack, 987 F.2d at 1285; see also, United States v. Powell, 955 F.2d 1206, 1212 (9th. Cir. 1991) (affirmed use of the following instruction: "Mere disagreement with the law, in and of itself, does not constitute good faith misunderstanding under the requirements of law. Because it is the duty of all persons to obey the law whether or not they [agree with] it.").

The defendant may wish to argue that the Sixteenth Amendment to the U.S. Constitution was not properly ratified, and therefore not valid. This claim has been soundly rejected, and has been characterized as part of "the repertory of the tax protestor movement." United States v. Buckner, 830 F.2d 102, 103 (7th Cir. 1987).

B.    "Pure Trusts" and Foreign "Trusts" Have No Federal Income Tax Consequences

It has long been established that income is taxable to the person who actually earns it, and that "the tax could not be escaped by anticipatory arrangements and contracts however skillfully devised to prevent the salary from vesting even for a second in the man who earned it." Lucas v. Earl, 281 U.S. 111, 115 (1930). Justice Holmes concluded his opinion with the now famous language that invalidated attempts to attribute the fruits of one's labors "to a different tree from that on which they grew."

While recognizing the legal right of a taxpayer to reduce or eliminate tax liability through legal means, the courts of the United States have consistently invalidated attempts by taxpayers to create phony business transactions to disguise their income. See, e.g., Gregory v. Helvering, 293 U.S. 465, 470 (1935)(describing sham stock sale as "an elaborate and devious form of conveyance masquerading as a corporate reorganization"); Moline Properties v. Commissioner of Internal Revenue, 319 U.S. 436, 439 (1943) (establishing the dominance of substance over form when the form "is a bald and mischievous fiction"); United States v. Scornavacco's Restaurant, Inc, 528

4

F.2d 19, 23 (7th Cir. 1975) (holding that individuals cannot adopt the corporate form for whatever benefits it may offer and then seek to avoid the tax consequences).

Abusive trust schemes have frequently been used by taxpayers attempting to conceal their receipt of income and evade the assessment of taxes, or alternatively their ownership of assets in order to evade the collection of previously assessed taxes. These "trusts" have been consistently rejected by appellate courts. In Muhich v. Commissioner of Internal Revenue, 238 F.3d 860, 864 (7th Cir. 2001), the Muhichs transferred their assets to trusts and attempted to have the trusts pay all their personal expenses. The Seventh Circuit affirmed the decision of the Tax Court, stating: "As detailed above, courts have uniformly held that such transactions are a sham and that the Commissioner may disregard these sham trusts for tax purposes." Id.

In Pfluger v. Commissioner of Internal Revenue, 840 F.2d 1379 (7th Cir. 1988), the Seventh Circuit affirmed the Tax Court's decision to invalidate the taxpayer's trust on the basis that the transfers to the trust were merely anticipatory assignments of income. Citing the principles of Lucas, the Court in Pfluger stated that what made the trust invalid is the assignment of income by the taxpayer to an entity controlled by the taxpayer. Pfluger, 840 F.2d at 1384.

Moreover, in Schultz v. Commissioner of Internal Revenue, 686 F.2d 490 (7th Cir. 1982), the Seventh Circuit held that, for purposes of federal income tax purposes, the taxpayers' trusts could not be validated on basis of state law. Simply stated, income is taxed to the person who earned it, and that "the taxpayers' arguments about freedom of contract and about the validity of their arrangements as a matter of (state) law ... are irrelevant." Schultz, 686 F.2d at 493, n.4. These principles have been affirmed in other circuits and in the United States Tax Court. See United States v. Buttorff, 761 F.2d 1056 (5th Cir. 1985); Paulson v. Commissioner of Internal Revenue, 992 F.2d 789 (8th Cir. 1993); United States v. Hanson, 696 F.2d 1232, 1234 (9th Cir. 1983) (taxpayer's trust creation a "'flagrant tax avoidance scheme' repeatedly rejected by the courts."); Markosian v. Commissioner of Internal Revenue, 73 T.C. 1235 (U.S. Tax Ct. 1980); Para

Technologies Trust v. Commissioner of Internal Revenue, 1994 WL 397323, 68 T.C.M. (CCH) 294 (Tax Ct. 1994).

Another relevant "sham" trust case is Zmuda v. Commissioner, 731 F.2d 1417, 1421 (9th Cir. 1984), in which the court held that foreign business trusts set up to avoid tax on income from U.S. property were shams. The court reasoned that the taxpayers retained complete control over the property and the trust simply restructured the form in which the property was held. "A nominal transfer of $100 into a trust followed by the shuffling of fanciful certificates of beneficial interest created a serpentine conduit for income to the [taxpayers]. The income that they previously collected directly did not change its character through this phony diversion." Zmuda, 731 F.2d at 1423.

Criminal convictions of individuals promoting or utilizing abusive trusts to evade taxes have been upheld on appeal. In United States v. Scott, 37 F.3d 1564 (10th Cir. 1994), cert. denied, 513 U.S. 773 (1995), the court stated:

> The fraud in these transfer arrangements is apparent. The income tax consequences under the Internal Revenue Code depend upon the substance of the situation, not the form [citations omitted]. Thus, the true grantor of these trusts in substance is the purchaser, who is also the trustee, and also the beneficiary. It is as if there were no transfers at all; therefore the purchaser is subject to tax on all of the income of the various trusts.

Id. at 1572. The court of appeals then upheld the taxpayers' conspiracy convictions. See also United States v. Knapp, 25 F.3d 451 (7th Cir. 1994); United States v. Noske, 117 F.3d 1053 (8th Cir. 1997).

The government need not actually prove at trial that the trusts are fraudulent or without substance. "Whether a [trust] itself would be held to be a sham is of no moment; here it was the fact that the [trusts] whether in other respects sham entities or not, were used to conceal income and assets in a fraudulent manner which made the scheme illegal." United States v. Schmidt, 935 F.2d 1440, 1446 (4th Cir. 1991) (affirming conviction of trust scheme promoter). In the present case, the Court should follow the advice of the Fourth Circuit and resist any attempt of the defendant "to divert attention away from the well-settled law of what constitutes tax evasion and into the misty

6

realm" of trust law. Id. at 1448; see also United States v. Krall, 835 F.2d 711, 714 (8th Cir. 1987) (upholding false return conviction of South Dakota optometrist who "transferred" all assets to sham business "trust").

The controlling law is settled and clear. Income is properly taxed to the individual or entity that earned it. Moreover, elaborate schemes to transfer such income to other entities, even if valid under state law principles, do not circumscribe federal tax laws. Thus, the Court should prohibit the defendant from introducing legal arguments which are complete without merit into the validity of the "trust" scheme the defendant promoted, sold and used himself.

C. U.S. District Court Jurisdiction in Tax Matters

The defendant may argue that United States District Courts have no jurisdiction over tax crimes. This claim has been wholly rejected. United States v. Przybyla, 737 F.2d 828, 829 (9th Cir. 1984), cert. denied, 471 U.S. 1099 (1985) (holding that under the language of 18 U.S.C. Section 3231 the district court clearly has jurisdiction over Title 26 offenses). Tax protesters also argue that the courts have no personal jurisdiction over them, that district courts are really admiralty courts, and that the fringed flag is an illegal "flag of war" that places defendants under military jurisdiction. Any claims that the Court does not have jurisdiction over the present matter is meritless and frivolous.

D. Voluntariness of Income Tax Laws

The defendant may argue that income taxes are actually voluntary, and that people could simply stop volunteering to pay them or file returns. This is clearly not true, given the statutes that criminalize tax evasion or the failure to file returns. 26 U.S.C. § 7201 et. seq.

The frequently raised argument that Title 26 of the United States Code is not "positive law" and need not be obeyed, is a nonsensical position. Federal laws are enacted and published as United States Statutes at Large, which serve as "legal evidence of laws...in all courts of the United States." 1 U.S.C. § 112. Statutes at Large are

7

later codified into the United States Code.  The United States Code is prima facie evidence of the laws of the United States.  1 U.S.C. § 204(a).  Some titles of the United States Code are enacted into "positive law," which makes them legal evidence of federal laws, just as are the Statutes at Large.  <u>Id.</u>  It is true that Congress has not enacted Title 26 as "positive law," but this does not mean that the statutes need not be obeyed.  <u>See Young v. IRS</u>, 596 F.Supp 141, 147, 149 (N.D. Ind 1984).

In addition, the government is petitioning the Court to prohibit any argument that the IRS is not a government agency.  In fact the IRS is a real government agency, a part of the United States Department of the Treasury.  26 U.S.C. § 7801; <u>Young</u>, 596 F.Supp. at 147.

III.   <u>DEFENDANT SHOULD BE PRECLUDED FROM OFFERING TESTIMONY, VIDEOS OR DOCUMENTS RELATING TO ALTERNATIVE INTERPRETATIONS OF THE TAX LAWS IF THE OFFERED EVIDENCE WAS NOT ACTUALLY RELIED UPON BY DEFENDANT OR IF ADMITTING SUCH EVIDENCE WOULD CONFUSE THE JURY REGARDING THE LAW OR UNDERMINE THE AUTHORITY OF THE COURT</u>

Testimony, videotapes, or documents relating to alternative interpretations of the tax laws must be carefully analyzed to determine the purpose for which they are being offered.  Although a district court in a criminal tax case may exclude evidence of "what the law *is* or *should be*," as discussed above, it ordinarily cannot exclude evidence relevant to the jury's determination of "what a defendant thought the law *was*."  <u>United States v. Powell</u>, 955 F.2d 1206, 1214 (9th Cir. 1992) (emphasis added).  It is anticipated that defendants will attempt to offer the following evidence relating to the issue of "willfulness:" case law, statutes, regulations, treatises, video or audio tapes, pamphlets, brochures and other types of documents.  This material is potentially problematic because it can have both a proper purpose (<u>i.e.</u>, "what a defendant thought the law *was*") and an improper purpose (<u>i.e.</u>, "what the law is or *should be*") <u>United States v. Willie</u>, 941 F.2d 1384, 1392 (10th Cir. 1991).  Thus, before such material is offered, a defendant must show the trial judge that "the evidence is being offered for a permissible purpose by making a proffer *of great specificity* regarding the type of belief [he or she] seeks to

prove." Willie, 941 F.2d 1992 (emphasis added).

As a threshold matter, in order for material relating to willfulness to be admissible, defendants must first lay a proper foundation which demonstrates that they "actually relied" upon the specific material that is being offered. See United States v. Harris, 942 F.2d 1125, 1132 , n.6 (7th Cir. 1991); Powell, 955 F.2d at 1214. Other such legal material, including expert opinion, should be excluded as irrelevant and unnecessarily confusing because only defendants' subjective beliefs are at issue and the court remains the jury's sole source of the law. Harris, 942 F.2d at 1132 n.6. The danger is that admission of both relevant and irrelevant beliefs "could easily obfuscate the relevant issue and tempt the jury to speculate that the mere existence of documentary support for the defendant's position negates his independent knowledge that he has a legal duty." Willie, 941 F.2d at 1393.

If the proper foundation is established, then the court must determine whether the material should be admitted or excluded because admission of such materials could confuse the jury as to the law or might assist a defendant who wishes to undermine the authority of the court. United States v. Barnett, 945 F.2d 1296, 1301 (5th Cir. 1991), cert. denied, 503 U.S. 941 (1992); Willie, 941 F.2d at 1395; see also Buckner, 830 F.2d 102, 103 (7th Cir. 1987). The exclusion of such material from evidence does not prevent defendants from conveying the core of their defense to the jury because the defendants may still testify as to their asserted beliefs and how they supposedly arrived at them. See Barnett, 945 F.2d at 1301; United States v. Hairston, 819 F.2d 971, 973 (10th Cir. 1987). It is for the district court to weigh the various competing interests and determine, in its discretion, whether, to what extent, and in what form, legal material upon which a defendant claims to have relied should be admitted in any given case. Willie, 941 F.2d at 1398; Fed. R. Evid. 403. Among the factors which would be relevant to such a determination would be the following: 1) the centrality of these materials to a defendant's or defendants' claimed misunderstanding of the tax laws; 2) the materials' length and potential to confuse the jury; 3) the degree to which such materials are

9

merely cumulative to a defendant's or defendants' testimony or to other evidence ; 4) the extent to which a defendant or defendants may be attempting to use them to instruct the jury on the law or to propagate tax protestor beliefs; and 5) the potential utility of limiting instructions. See Powell, 955 F.2d at 1214; Barnett, 945 F.2d at 1301 n.3; Willie, 941 F.2d at 1395.

Among the evidence that should be excluded is expert testimony regarding alternative interpretations of the tax laws, especially where defendants did not actually rely on the expressed views of the expert. United States v. Burton, 737 F.2d 439, 443 (5th Cir. 1984). In Burton, the court affirmed the exclusion of a tax professor's proposed "expert" testimony that defendant's theory and belief that wages were not taxable income was not implausible. Id. The district court had excluded the testimony pursuant to Rule 403 after weighing its "marginal relevance" with regard to the Section 7203 charges to the "potential prejudice and confusion, keeping in mind that the judge remains the jury's source of information regarding the law." Id. The court indicated that "[t]estimony such as that offered by Burton's 'expert' is not admissible as an explication of plausible readings of the statutory language." Id. In so ruling, the court noted that the defendant did not in his proffer suggest that he actually relied upon the expressed views of the tax professor in failing to file tax returns. Id. at 444; see also United States v. Daly, 756 F.2d 1076, 1083-84 (5th Cir. 1985) (affirming refusal to permit expert testimony on complexity and confusion of tax law on grounds that it was more confusing than probative);

In view of the above, the defendant should be precluded from offering testimony or documents relating to alternative interpretations of the tax laws if the offered evidence was not actually relied upon by the defendant or if admitting such evidence would confuse the jury regarding the law or undermine the authority of the Court. Before any such testimony or documents are allowed to be offered, the defendant should be forced to make a "proffer of great specificity" regarding actual reliance.

10

CONCLUSION

For the foregoing reasons, the defendant should be precluded from presenting "evidence" or argument regarding the following: 1) the constitutionality and validity of the tax laws, including the legal definitions and interpretations of trusts; 2) alternative interpretations of the tax laws if not actually relied upon or if to allow it would confuse the jury as to the law.

    Respectfully submitted,

    JAN PAUL MILLER
    United States Attorney


    s/ Hilary W. Frooman
    HILARY W. FROOMAN
    Assistant United States Attorney
    United States Attorney
    201 S. Vine, Suite 226
    Urbana, Illinois 61802
    217/373-5875
    FAX: 217/373-5891
    hilary.frooman@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2004, I electronically filed the foregoing United States' Motion in Limine Regarding Defense "Evidence" and Argument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Carol Dison, 508 S. Broadway, Urbana, Illinois 61801 and Jerold Barringer , 102 S. Pine, P.O. Box 213, Nokomis, IL 62075 and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:   Michael L. Minns, Michael Louis Minns PLC, Suite One, 9119 S. Gressner, Houston, TX 77074 and Enid Williams, Michael Louis Minns PLC, Suite One, 9119 S. Gressner, Houston, TX 77074.

    s/ Hilary W. Frooman
HILARY W. FROOMAN
Assistant United States Attorney
United States Attorney
201 S. Vine, Suite 226
Urbana, Illinois 61802
217/373-5875
FAX: 217/373-5891
hilary.frooman@usdoj.gov