E-FILED
Friday, 19 November, 2004  03:58:03 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

UNITED STATES OF AMERICA,

v.  Case No.  CR 04-20031

DENNY R. PATRIDGE

MEMORANDUM IN SUPPORT OF MOTION TO ORDER
IMMEDIATE RELEASE OF GRAND JURY TRANSCRIPT DATED
SEPTEMBER 1, 2004 REGARDING SPECIAL FINDINGS EVIDENCE
PRESENTED TO GRAND JURY

Defendant Denny Patridge by and through one of his attorneys Jerold W. Barringer, files this Memorandum in Support of his Motion to Order the Government to immediately release the Grand Jury Transcript dated September 1, 2004 regarding that portion which supports the "Special Findings" section added at pages 21 and 22 of the Superceding Indictment.

The Government's consolidated response to the Defendant's Motion to Dismiss claims that "the figures used in the Special Findings was determined based on the broader record base produced by a criminal grand jury investigation."

*Response @ 18, para. 43*

Defendant has received a copy of what purports to be the September 1, 2004

1

Grand Jury meeting and voting on the Superceding Indictment yet nothing within that transcript identifies any "evidence" to which the Grand Jury could have found probable cause to believe that the statements and calculations of the "special findings" was actually found by the Grand Jury. In other words, how could the Grand Jury have found the "special findings?"

Probable cause means "the existence of such facts and circumstances as would excite the belief, in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." *Kerr*, 171 F.3d at 340 (footnote and internal quotations omitted); see *Frye v. O'Neill*, 520 N.E.2d 1233, 1241 (Ill. App. Ct. 1988); *Kincaid v. Ames Dep't Stores, Inc.*, 670 N.E.2d 1103, 1109 (Ill. App. Ct. 1996); see *Cervantes v. Jones*, 188 F.3d 805, 811 (7th Cir. 1999). See also *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (as long as the prosecutor has probable cause to believe that the accused committed an offense, the decision whether or not to prosecution and what charge to present to the grand jury generally rests entirely within her discretion, subject only to constitutional constraints).
*U.S. v. Barnes*, 230 F.3d 311, 314 (7th Cir. 2000)

A grand jury indictment is usually prima facie evidence of probable cause. *Bontkowski v. United States*, 28 F.3d 36, 37 (7th Cir. 1994). "But in construing the

facts in the light most favorable to Cervantes, his allegation that the indictment was the product of Jones' perjury precludes us from considering the indictment in our probable cause analysis. A contrary rule could allow an indictment procured by lies to protect a witness from liability for his perjury." See *Harris v. Roderick*, 126 F.3d 1189, 1198 (9th Cir. 1997). *Cervantes* @ 814

Unless the Government submits evidence for this Court to find the Superceding Indictment to have been obtained pursuant to probable cause, there would be no evidence to support the "special finding" section to which the Superceding Indictment attached to that of the original Indictment. Defendant knows of no such evidence, and requires and requests that portion of the Grand Jury transcript which contains the evidence and calculations for the Special Findings section be produced immediately.

THEREFORE, Defendant respectfully request this Court to Order the Government to turn over the Grand Jury Transcript of the presentation of the evidence the Government claims in their Response to the Defendant's Motion to Dismiss that supports this Court finding probable cause to believe that a "special finding" was found by the Grand Jury as listed on page 21 and 22 of the Superceding Indictment.

        Respectfully Submitted

        /s/ Jerold Barringer
        Jerold Barringer
        Attorney at Law
        P.O. Box 213
        Nokomis Illinois 62075
        217-563-2646

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY THAT a true and correct copy of this Memorandum in Support of Defendant's Motion to Order the Government to release the Grand Jury Transcript of September 1, 2004 has been mailed through electronic entry through the Clerk's Office on November 19, 2004 to:


Hilary W. Frooman
U.S. Assistant Attorney
201 South Vine
Urbana, Illinois 61801
217-373-5875


        /s/ Jerold Barringer