E-FILED
Friday, 03 December, 2004 03:50:46 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 04-20031 |
| ) | |
| DENNY PATRIDGE, ) | |
| ) | |
| Defendant. ) | |

RESPONSE TO DEFENDANT'S MOTION TO ORDER
RELEASE OF GRAND JURY TRANSCRIPT

Comes now, the United States of America, through Jan Paul Miller, United States Attorney for the Central District of Illinois, by and through Hilary W. Frooman, Assistant United States Attorney, and in response to the defendant's Motion for Release of Grand Jury Transcript Regarding Certain Testimony Relevant to September 1, 2004 Return of Superseding Indictment, responds as follows:

On November 19, 2004, defendant Patridge filed a Motion for Release of Grand Jury Transcript Regarding Certain Testimony Relevant to September 1, 2004. (R.41) The defendant stated in his memorandum in support of the motion that unless there was probable cause to support the indictment, there would be no evidence to support the "special finding" section attached to the Superceding Indictment. (R.42, p.3)

As the government has already stated in its Answer to the defendant's Motion to Dismiss for Perjury and Prosecutorial Misconduct (R. 33 ), review of grand jury proceedings is very limited. United States v. Abrams, 359 F.Supp. 378, 384 (S.D.N.Y. 1982). An indictment can be based solely on hearsay evidence. Costello v. United States, 350 U.S. 359 (1956); United States v. Taylor, 154 F.3d 675, 681 (7th Cir. 1998). A defendant does not have the right to call for a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. Id. at 363. A defendant is not entitled to a disclosure of grand jury proceedings without some demonstration of "particularized need". United States v. Edelson, 581 F.2d 1290, 1291 (7th

1

Cir.1978). A defendant's unsupported speculation about improper conduct before the grand jury does not demonstrate "particularized need" and does not entitle the defendant to disclosure of the grand jury proceedings. United States v. Edelson, 581 F.2d 1290, 1291 (7th Cir.1978).

This indictment is properly charged. As this Court found in its Order of November 10, 2004, Counts Two through Seven sufficiently set forth the elements of the charged offenses and are sufficient to inform Defendant of the offenses with which he is charged. (R.36, pp.8, 9,12,14) The defendant presumes that the superseding indictment was "procured by lies to protect a witness from liability for his perjury," (R.42, p.3) There is no basis whatever to consider this motion.

THE GOVERNMENT'S DUTY TO PROVIDE DISCOVERY HAS ALREADY BEEN MET

There is no basis for the defendant's request for grand jury transcripts not previously provided to him. The defendant has seen transcripts of those witnesses who the government believes may testify in its behalf at trial. In fact, the defendant had no right to receive those transcripts as early as he did. Under 18 U.S.C. §3500, the defendant has a right to statements or reports of witnesses after the witness has testified. The defendant demands far more than that to which he is entitled, and he provides no basis for such a request.

The defendant wants whatever the grand jury considered to determine the Special Findings and the defendant is certain he is being somehow shorted.

THE DEFENDANT IS NOT ENTITLED TO THE TRANSCRIPT HE IS REQUESTING

The original indictment was supported by probable cause and the defense already has the transcripts from the original indictment. When the superseding indictment was filed, it corrected a bank account number and added sentence-enhancing "special findings."

Due to the recent holding of the United States Supreme Court in Blakely v. Washington, 124 S.Ct. 2531 (2004), and the ruling of the Seventh Circuit in United States v. Booker, 375 F.3d 508 (7th Cir. 2004), *cert. granted*, 2004 WL 1713654 (U.S. Aug.2, 2004), the law with respect to federal sentencing is in a state of uncertainty. In recognition of this, the United States superseded

the indictment in this case, as it is superseding all indictments, to include sentence-enhancing facts as a protective measure in the event that the Supreme Court decides that Blakely applies to the Federal Sentencing Guidelines, that the Guidelines are capable of being severed, and that the sentence-enhancing facts are tantamount to elements, which must be included in the indictment.

The defendant was provided with the discovery pertaining to the original indictment. The superseding indictment is supported by the same facts as the original indictment. The defendant has the testimony of S/A Coleman, whose testimony supports both the original indictment and the superseding indictment. If the defendant does not have the transcript from September 1, 2004, he will receive it prior to trial if the transcript qualifies as Jencks material.

However, the defendant demands more than that to which he is entitled and the defendant has not demonstrated a "particularized need" for the production he demands.

PRODUCTION OF THE GRAND JURY TRANSCRIPT THE DEFENDANT REQUESTS IS NOT REQUIRED.

The Jencks Act provides that "witness statements in the possession of the United States which relate to the subject matter as to which the witness testifies shall be turned over to the defendant for examination and use." United States v. Elem, 269 F.3d 877, 882 (7th Cir. 2001).

The mandate of Brady requires the government to disclose any exculpatory evidence regarding the defendant. United States v. Zarattini, 552 F.2d 753, 757 (7th Cir. 1977).

Our judicial system consistently has recognized that the proper functioning of grand jury proceedings depends upon their absolute secrecy. Matter of Grand Jury Proceedings, Special September 1986, 942 F.2d 1195, 1198 (7th Cir.1991). The rule of grand jury secrecy is an integral part of our criminal justice system. Fed.R.Crim.P. 6(e) codifies the requirement that grand jury proceedings generally be kept secret. Id.

Rule 6, Fed.R.Crim.P., provides that the secrecy of grand jury proceedings may be violated "when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." United States v. English, 501 F.2d 1254, 1257 (7th Cir. 1974).

In <u>United States v. English</u>, 501 F.2d 1254 (7th Cir. 1974) the Seventh Circuit found that the district court did not err when it did not permit the defendants to inspect the minutes of the grand jury which indicted them, so that they could determine whether the indictment was based on hearsay and whether the grand jury had probable cause to indict them. Disclosure is "committed to the discretion of the trial judge" and "the burden . . . is on the defense to show that 'a particularized need' exists for the minutes which outweighs the policy of secrecy." <u>Id.</u> at 1257. <u>See</u> also <u>United States v. Wilkinson</u>, 513 F.2d 227, 233 (7th Cir. 1975)(no authority cited requiring the trial court to engage in a fishing expedition into the secrecy of grand jury deliberations.)

Neither <u>Jencks</u> nor <u>Brady</u> require production of this transcript at this time. The secrecy of the grand jury proceedings should not be disturbed. The defendant's motion to order release of grand jury transcript (R.41), should be denied.

The defense motion should be denied.

    Respectfully submitted,

    JAN PAUL MILLER
    United States Attorney

    s/Hilary W. Frooman
    HILARY W. FROOMAN
    Assistant United States Attorney
    United States Attorney
    201 S. Vine, Suite 226
    Urbana, Illinois 61802
    217/373-5875
    FAX: 217/373-5891
    hilary.frooman@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2004, I electronically filed the foregoing Response to defendant's Motion to Order Release of Grand Jury Transcript with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Carol Dison, 508 S. Broadway, Urbana, Illinois 61801 and Jerold Barringer, ,102 S. Pine, P.O. Box 213, Nokomis, IL 62075 and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: Michael L. Minns, Michael Louis Minns PLC, Suite One, 9119 S. Gressner, Houston, TX 77074 and Enid Williams, Michael Louis Minns PLC, Suite One, 9119 S. Gressner, Houston, TX 77074.

Respectfully submitted,

JAN PAUL MILLER
United States Attorney


 s/Hilary W. Frooman
HILARY W. FROOMAN
Assistant United States Attorney
United States Attorney
201 S. Vine, Suite 226
Urbana, Illinois 61802
217/373-5875
FAX: 217/373-5891
hilary.frooman@usdoj.gov