IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

UNITED STATES OF AMERICA,

v.                                        Case No.   CR 04-20031

DENNY R. PATRIDGE

**DEFENDANT'S RESPONSE IN OPPOSITION TO UNITED STATES'
MOTION IN LIMINE REGARDING DEFENSE EVIDENCE AND
ARGUMENT**

The Defendant, Denny Patridge, by and through his attorney, Jerold W. Barringer, files his response in opposition to the United States' Motion in Limine Regarding Defense "Evidence" and argument.

The government seeks an Order prohibiting the Defendant from offering as "defenses" that (1)(A) tax laws are unconstitutional or (B) tax laws are invalid, (2)(A) pure trusts are common law trusts, or (B) "defendants" trusts are "foreign" trusts which have no federal income tax consequences, (3) this Court lacks jurisdiction over criminal violations of the tax laws, (4) that income taxes are voluntary, (5) that the IRS is a private corporation.

A motion in limine is an important tool available to the trial judge to ensure

1

the expeditious and even-handed management of the trial proceedings. It performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable for any purpose. The prudent use of the in limine motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters ***that will be considered by the jury***. Some evidentiary submissions, however, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment.  In these instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate its impact on the jury.  *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436 (7th Cir. 1997)

1. <u>TAX LAWS SUPPORTED BY CONSTITUTION NOT AT ISSUE WHEN DEFENDANT IS ALLEGED TO HAVE FILED TAX RETURNS FOR 1996, 1997 AND 1998.</u>

    A.  **Tax Laws and Constitution not at issue**.

    For the purpose of narrowing the Government's contention down a bit Defendant is unable to agree to allow the Government to have an Order from this Court that says "the Defendant is forbidden from presenting evidence or arguing that the 'tax laws' are unconstitutional." Though this general statement by the Government is more clarified at the bottom of page three of its Motion, Defendant

has no intention of claiming any defense to the charges in the Indictment that in his opinion "the tax laws violate a person's constitutional rights." *Motion @ 3, sub A*. Here, if the Government introduces evidence that purports to say that someone the Defendant was reading about or listened to made such a claim, then this Court should either enter an Order that forbids the Government from introducing this evidence to keep the issue from arising, or the Court must warn the Government that once they utter any words to the Jury regarding the "tax laws do not violate the constitutional rights" of any person then the Court must allow the Defendant to enter evidence explaining why that type of evidence was in his possession and what he did or did not do with such evidence.

Defendant is not aware of any evidence where he submitted tax returns for 1996, 1997 and 1998, and upon those returns claimed that "the tax laws are unconstitutional." How could any person be suggested by the Government to this Court that the reason why they filed tax returns is because they thought filing tax returns or paying taxes was "unconstitutional." This issue simply shows the Court that the theory of the Government's case is in an evolutionary stage.

B.  **Tax Laws claimed invalid not at issue**.

As stated previously, Defendant has no intention of claiming that the reason why he filed tax returns for 1996, 1997 and 1998 is that he thought the tax laws

requiring those returns were invalid. This is simply further evidence that the Government theory is hoping to take form sometime before the verdict is issued by the Jury.

2. <u>TRUSTS HAVE NO TAX LIABLITY</u>

   A. **Pure Trusts.**

Though the Government mentions the term "Pure Trust" they never identify what they mean by the phrase or how they are concerned this phrase will appear at trial before the Jury.

   B. **Common Law Trusts**.

Though the Government mentions the term "Common Law Trusts" they never identify what they mean by the phrase or how they are concerned this phrase will appear at trial before the Jury. So, Defendant will address the underlying current in the Government's Motion as they argue the issue.

This issue goes to the heart of one of the Government's current theories regarding tax evasion. The Government contends that their theory is the Defendant attempted to hide the fruits of his labor by giving it to a "different tree from that on which they grew." *Motion* @ 4  It also contends that "phony business transactions" were used to "conceal the receipt of income and evade assessment of taxes." Id.  Then disjunctively, the Government says "or, alternatively their

ownership of assets in the trusts was used in order to evade the collection of previously assessed taxes." In support for this dual theory the Government makes a comparison to the "Muhichs" who were found to have "transferred their assets to trusts and attempted to have the trusts pay all their personal expenses." *Motion @ 5.*

    The Government utilizes numerous Tax Court decisions to somehow gut the Defendant's ability to explain or introduce evidence explaining why he filed tax returns for himself, a corporation and the Trusts. In each of those cases, the Government contends trusts were disregarded and the substance over form test took over. In this case against the Defendant, the Government alleges the Defendant filed tax returns reporting all the income and deductions to the IRS. It appears the Government is claiming that it simply did not like the methods used to report the income. Whether the tax returns filed were filed correctly is a question of fact applying the law for the fact finder. The Government seems to be asking this Court to be the fact finder with regard to whether the Trusts the Defendant was associated with must be disregarded. That is simply not the role for the Court, and is not a proper request by the Government.

    The problem with the Government's shifting theory is that they alleged in the Grand Jury Indictment that the IRS issued notices of deficiencies to the Trusts

the Government alleges were associated with the Defendant. Thus disregarding the form is not an option for the Government. The IRS even went so far as to send letters to the Trusts treating them as 26 U.S.C. § 7701(a)(1) requires trusts to be treated, as a separate independent "person."

The Government also filed documents with numerous entities involved in this case showing that the Defendant and the Trusts, with which he was associated, had separate tax consequences. At one point the Government alleges the Defendant owes the IRS, and the Trusts owes the IRS, in combination over $236,000.00.

Count One is about filing a false tax return which in its theory involves the usage of Trusts. Count Two is about a tax evasion of payment of taxes alleged to then have been owed which as a part of its theory involves Trusts. Counts Four, Five, Six and Seven, rely heavily on the theories behind Counts One and Two. Trusts, Trusts, Trusts. Now the Government after four years would like this Court to disregard all the evidence of Trusts and simply make this a case against the Defendant before the Jury where Trusts are not at issue. They are at issue. They are in the center of one of the Government's theories in chief. The Grand Jury considered them as part of the indictment and the Jury at trial must also find what the Grand Jury alleged.

If the Government intends to introduce evidence that Trusts the Defendant was associated with "were used to conceal income and assets in a fraudulent manner" this would not align with the theory advanced by the Government in Count Two.

In response to the Defendant's Motion to Dismiss Counts Two through Seven, the Government stated " none of the charges alleged has been established by evidence." *Consolidated Brief* @ 2, prg. 3   The Government claimed in their "consolidated" brief that "Patridge is simply another installment in a seemingly unending series of skillfully devised anticipatory arrangements designed to hide income from the IRS or pretend that income does not belong to the individual who earns, deposits, cashes, and spends the paycheck." *Consolidated Brief* @ 5, prg. 10.

On page 12 of the Government's Consolidated Brief they then state:

> "The defendant is correct; the allegation in Count Three differs from that in Count Two, in that Count Three focuses on an evasion of assessment of taxes and Count two focuses on an evasion of payment of assessed taxes.  Count Two of the superceding indictment identifies the law that the defendant violated as being the payment of personal income tax due and owing for the 1996 and 1997 calender years.  The Defendant filed his tax returns for 1996 and 1997 and the IRS responded with an audit for 1996 and 1997 taxes."

Here, it is made clear that the Government argues at one point that the Defendant is charged with evasion of payment of taxes due and owing while at other times they argue that "the Court should follow the advice of the Fourth Circuit and resist any attempt of the Defendant to 'divert away from the well-settled law of what constitutes tax evasion and into the misty realm' of trust law." *Motion @ 6*

Finally, the Government request this Court to prohibit the Defendant from "introducing legal arguments which are completely without merit into the validity of the 'trust' scheme the defendant promoted, sold and used himself." *Motion @7* Though the Government asks this Court to only prohibit the Defendant from introducing "legal argument" and not "evidence" regarding Trusts, presumably, the Government intends to mean that they wish for the Defendant not be allowed to utter the word trusts at any time during Trial. Since their theory involves the usage of Trust to make both a Tax Evasion of payment claim in Count Two (1996 and 1997) and a Tax Evasion of the assessment of taxes in Count Three (1998) this Court should deny the Government's request as it is the center of the dispute between the Defendant and the Grand Jury.

In *United States v. Silkman*, the Eight Circuit dealt with the issue of "tax deficiencies" as to instruction by the Court that such was proof beyond a

reasonable doubt that the Defendant owed taxes that were due to the IRS. The Eight Circuit in reversing the District Court found that the District Court had invaded the province of the Jury in its fact finding mission. The District Court in *Silkman* reasoned that "this criminal trial was not the appropriate forum to contest the IRS assessment after Silkman slept on his right under the tax laws to challenge them administratively or by tax court litigation." *Silkman*, 156 F. 3d 833, 835 (1998).

The Eight Circuit, relying upon *United States v. England*, 347 F.2d 425,430 (7th cir. 1965) and *Koontz v. United States*, 277 F.2d 53,55 (5th cir. 1960) held that when IRS assessments are offered as conclusive proof of an underlying fact that is an element of the crime, "that taxes were in fact owed" the overriding principal is that "one charged with the commission of a felony...has an absolute right to a jury determination upon all essential elements of the offense." Whether the "taxpayer is charged with tax evasion by willfully attempting to defeat the IRS's ascertainment of his tax liability, or by willfully attempting to evade the payment of a tax, the government must prove that the tax was in fact 'imposed by this title,' in other words, a tax deficiency." *Silkman* quoting *United States v. Dack,* 747 F.2d 1172, 1174 (7th Cir. 1984).

The Government is seeking this Court to make "conclusive presumptions"

which the Supreme Court has held "invalid in criminal cases because they 'conflict with the overriding presumption of innocence with which the law endows the accused and which extends to every element of the crime, and which would invade the factfinding function which in a criminal case the law assigns solely to the jury. *Sandstrom v. Montana*, 442 U.S. 510, 532 (1979); see also *Silkman*, supra.; United States v. Hogan, 861 F.2d 312, 315-16 (valid assessment required to prove evasion of payment in evasion of payment case); *Silkman*, supra (tax deficiencies are open issue for jury).

According to the Government's request the Defendant should be prohibited from challenging their claims in the Indictment before the Jury at trial.  As Defendant is certain this Court is aware, the Government's request must be denied as all fact finding is for the Jury to decide.

3.   U.S. DISTRICT COURT JURISDICTION ISSUE OVER TAX EVASION CLAIMS.

Defendant is not aware of the direction this issue is intended to lead but Defendant will assert that none of the issues raised by the Government regarding jurisdiction over person, military courts, the flag and so forth are at issue. Defendant's counsel is aware that jurisdiction over the statutes at issue in the

indictment are within this Court's power.

4.     VOLUNTARINESS ISSUE OF INCOME TAX LAWS.

The Government argues that the Defendant may argue before the Jury that he can just stop paying taxes or file returns because its voluntary. The issue and burden for the Government to prove beyond a reasonable doubt is that the Defendant (1) made an intentional false statement of fact on his 1998 personal income tax return he filed; (2) owed money to the IRS based upon a valid assessment which had become final in Count Two; (3) somehow prevented the IRS from "ascertaining" information to calculate tax liability in Count Three; (4) through (7) prove the money Defendant owed because of the "valid assessments" in Count Two created two fraudulent wires and resulted in causing proceeds from these wire transactions to produce money that was "laundered."

If the Defendant was given advice that income tax laws are voluntary from numerous professionals and other sources or that Defendant was told that Title 26 was not to be obeyed because it was not "legal evidence" of the tax laws, the Defendant should have the option of presenting such evidence of what he relied upon to the fact finder. This Court is not the fact finder. The Jury is. Defendant will assert that unless the Government opens this Door, the Defendant has no intention of even knocking on it.

11

5.  <u>IRS ISSUE AS A PRIVATE CORPORATION</u>

The Defendant is not certain as to the meaning of this issue the Government raises. Defendant intends to rely upon the Agents used by the Government in this case as Agents of the United States to show that their conduct from start to finsih was not and is currently not guided by any "statute at large" or "positive law" or "non-positive" laws.

6.  THE DEFENDANT'S DEFENSE

The Government is seeking to find out what the defenses are of the Defendant. The Government says much, meaning nothing until they arrive at page 10. Here is where the Government gets sneaky or tricky. The Government seems to be asking this Court to (1) not allow the Defendant to call expert witnesses to which the Defendant never met nor relied upon, and (2) prohibit evidence that could confuse the jury regarding the law or undermine the authority of the Court.

First, Defendant will be glad to make any offer of great specificity regarding why he did or did not do what he did or did not do. The issue about undermining the Court's authority regarding the law is ridiculous. It is not the Court that investigated Aegis beginning in 1997, it was Agent Coleman. It is not the Court that issued Notice of Deficiencies to the Defendant and to Trusts in which the

Defendant was associated, it was Agent Boyd. It was not the Court and the law it intends to enforce but rather the laws the Government's theory intends to prove involved numerous criminal violations ("the law the Defendant violated was the payment of personal income taxes due and owing for the 1996 and 1997 calender years.") *Consolidated Brief* @ 12; *Superceding Indictment* Ct.2, prg 1.

This Court should always, with great latitude, only allow evidence for which a foundation has been laid for by either the Government or the Defendant. This Court should deny the strict foundation requirement the Government advances because it is inconsistent with the fact finding mission of the Jury at trial.

## CONCLUSION

This Court should deny the Government's Motion requesting the Defendant be prohibited from offering as "defenses" that (1) tax laws are unconstitutional because this is inconsistent with the alleged theory of filing tax returns that the Government advances against the Defendant; and that tax laws are invalid as this is also inconsistent with the theory Defendant filed tax returns; (2) that pure trusts are common law trusts, or "defendants' " trusts are "foreign" trusts because the Government fails to define what these terms mean, or alternatively what the Government seeks is this Court to replace the fact finder on all the issues to which the term Trust will derive in the theory of the Government's case against the

Defendant at trial; (3)  this Court lacks jurisdiction over criminal violations of the tax laws because this is a waste of judicial resources; (4) that income taxes are voluntary because this is inconsistent with the theory advanced by the Government that Defendant filed tax returns and paid taxes, (5) that the IRS is a private corporation because in the theory of the Government's case herein the IRS, Criminal Agents, Civil Agents, Group Managers, and Regional Managers are all Agents of the United States Government with a badge, and in some cases a standard issue revolver.

        Respectfully Submitted

        /s/ Jerold Barringer
        Jerold Barringer
        Attorney at Law
        P.O. Box 213
        Nokomis Illinois 62075
        217-563-2646

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY THAT a true and correct copy of this Response in Opposition to the United States' Motion in Limine has been mailed through electronic entry through the Clerk's Office on December 3, 2004 to:

Hilary W. Frooman  
U.S. Assistant Attorney  
201 South Vine  
Urbana, Illinois 61801  
217-373-5875

                                              /s/ Jerold Barringer