E-FILED
Friday, 03 December, 2004  04:28:45 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 04-20031 |
| ) | |
| DENNY PATRIDGE, ) | |
| ) | |
| Defendant. ) | |

RESPONSE TO DEFENDANT'S MOTION TO UNSEAL
DOCKET ENTRIES # 4, 5, AND 6

Comes now, the United States of America, through Jan Paul Miller, United States Attorney for the Central District of Illinois, by and through Hilary W. Frooman, Assistant United States Attorney, and in response to the defendant's Motion to Unseal Docket Entries 4, 5, and 6, responds as follows:

On November 19, 2004, defendant Patridge filed a Motion to Unseal Docket Entries # 4, 5, and 6. (R.39) The defendant stated in his memorandum in support of the motion that "there is no legitimate basis for docket entry numbers 4, 5 and 6 to remain sealed indefinitely" and the defendant has an undeniable need for the contents of the referenced entries. (R.40) The defendant fails to identify his "undeniable need". For that reason those stated below, the government requests that the defendant's motion be denied.

The defendant cites several First Amendment cases in support of his motion to unseal records. The cases the defendant cites establish that under the First Amendment, the public has a right of access to proceedings and documents which have historically been open to the public. Such public access to court records acts to promote community respect for the rule of law, to provide a check on the activities of judges and litigants, and to foster more accurate fact finding. In re: Associated Press v. Ladd, 162 F.3d 503,

1

506 (7th Cir. 1998); Grove Fresh Distributors, Inc. v. Everfresh Juice Co., 24 F.3d 893, 897 (7th Cir. 1994).  Further, closure orders should be tailored as narrowly as possible.  In re State-Record Company, Inc. 917 F.2d 124, 129 (4th Cir. 1990).

Suppression may be appropriate when, under the circumstances set forth, suppression preserves higher values and when, as stated, such suppression is narrowly tailored to serve those interests.  Associated Press v. Ladd, supra.

The defendant fails to state his particularized need for the documents in question.  Even so, the documents would be open to the public unless the Court articulates a reason for not making them available.  Every other docket entry and the documents associated with it in the file is open and available for public review.  Only docket entries 4, 5, and 6 are not available for review.

The government can first assure the Court that the defendant has received information to which he is entitled under the rules of discovery, and, in fact, has received far more than that to which he is entitled.  Should further documents become available and should the defendant have the right to those documents pursuant to the rules of discovery, the defendant will be given access to the documents in a timely manner, prior to trial.

However, by unsealing the docket entries in question, the Court would be granting public access to information protected by Federal Rule of Criminal Procedure Rule 6E.

Our judicial system consistently has recognized that the proper functioning of grand jury proceedings depends upon their absolute secrecy. Matter of Grand Jury Proceedings, Special September 1986, 942 F.2d 1195, 1198 (7th Cir.1991). Id.  The rule of grand jury secrecy is an integral part of our criminal justice system. Fed.R.Crim.P. 6(e) codifies the requirement that grand jury proceedings generally be kept secret. Id.

Rule 6, Fed.R.Crim.P., provides that the secrecy of grand jury proceedings may be

violated "when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." United States v. English, 501 F.2d 1254, 1257 (7th Cir. 1974).

In United States v. English, 501 F.2d 1254 (7th Cir. 1974) the Seventh Circuit found that the district court did not err when it did not permit the defendants to inspect the minutes of the grand jury which indicted them, so that they could determine whether the indictment was based on hearsay and whether the grand jury had probable cause to indict them. Disclosure is "committed to the discretion of the trial judge" and "the burden . . . is on the defense to show that 'a particularized need' exists for the minutes which outweighs the policy of secrecy." Id. at 1257. See also United States v. Wilkinson, 513 F.2d 227, 233 (7th Cir. 1975)(no authority cited requiring the trial court to engage in a fishing expedition into the secrecy of grand jury deliberations.)

The defendant has stated no specific reason to see the docket entries in question. The defendant has received access to the grand jury transcripts of himself and other witnesses. What the defendant is asking this Court to do is to provide public access to grand jury information.

One of the sealed documents at issue is a Letter Rogatory, filed by the government. The Letter Rogatory produced no information from the country to which it was directed. However, the Letter Rogatory itself and the accompanying memorandum of law contain substantial grand jury information. (R.4, 5)[1] Page three of the Letter Rogatory makes reference to information disclosed in the prior Rule to Show Cause hearings, which were held to enforce grand jury subpoenas. The hearings were closed and the transcripts of those hearings are sealed. The sealed motion includes information

---

[1]Footnote one appears on a separate page, under seal, to be viewed in camera.

learned in those hearings and even discusses statements the defendant made during those hearings. (R.4)  The memorandum of law also includes information learned in the Rule to Show Cause hearings.  In fact, the only source for the specific information the government sought in the Letter Rogatory, was the Rule to Show Cause hearings.  Thus, the motion and its attachments are grand jury information.[2]

CONCLUSION

      Docket entries 4, 5, and 6 include grand jury information, as the Motion for a Letter Rogatory, the Letter Rogatory, the Memorandum of Law and Order refer with particularity to closed Rule to Show Cause hearings held to enforce grand jury subpoenas, as the Letter Rogatory has thus far produced no documents from the country to which it was addressed.  The defendant has direct access to the grand jury information upon which the Letter Rogatory was based.  He is not entitled to any further grand jury information.

---

[2]Footnote two appears on a separate page, under seal, to be viewed in camera.

The defendant fails to establish how unsealing the docket entries would produce information to be used in the defendant's defense. The defendant has shown no particularized or compelling need for the information he seeks. Grand jury secrecy protects docket entries 4, 5, and 6 from review by the public. The secrecy of the grand jury proceedings should not be disturbed. The defendant's motion to order release of docket entries 4, 5, and 6 should be denied.

Respectfully submitted,

JAN PAUL MILLER
United States Attorney

 s/Hilary W. Frooman
HILARY W. FROOMAN
Assistant United States Attorney
United States Attorney
201 S. Vine, Suite 226
Urbana, Illinois 61802
217/373-5875
FAX: 217/373-5891
hilary.frooman@usdoj.gov

CERTIFICATE OF SERVICE

       I hereby certify that on December 3, 2004, I electronically filed the foregoing Response to defendant's Motion to Unseal Docket Entries #4,5 and 6 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Carol Dison, 508 S. Broadway, Urbana, Illinois 61801 and Jerold Barringer, ,102 S. Pine, P.O. Box 213, Nokomis, IL 62075 and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: Michael L. Minns, Michael Louis Minns PLC, Suite One, 9119 S. Gressner, Houston, TX 77074 and Enid Williams, Michael Louis Minns PLC, Suite One, 9119 S. Gressner, Houston, TX 77074.

                                                Respectfully submitted,

                                                JAN PAUL MILLER
                                                United States Attorney

                                                s/Hilary W. Frooman
                                                HILARY W. FROOMAN
                                                Assistant United States Attorney
                                                United States Attorney
                                                201 S. Vine, Suite 226
                                                Urbana, Illinois 61802
                                                217/373-5875
                                                FAX: 217/373-5891
                                                hilary.frooman@usdoj.gov