E-FILED
Tuesday, 07 December, 2004  11:39:14 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 04-CR-20031 |
| ) | |
| DENNY R. PATRIDGE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This case is before the court for ruling on various pending motions. The motions have been fully briefed and this court concludes that further argument is not necessary. Following this court's careful review of the arguments of the parties and the documents provided by the parties, this court rules as follows: (1) Defendant's Motion to Dismiss Counts One through Seven for Perjury and Prosecutorial Misconduct before Grand Jury (#33) is DENIED; (2) the Government's Motion in Limine regarding Defense "Evidence" and Argument (#37) is GRANTED in part and DENIED in part; (3) Defendant's Motion to Unseal Docket Entries #4, 5 and 6 (#39) is DENIED; and (4) Defendant's Motion to Order Release of Grand Jury Transcript Regarding Certain Testimony Relevant to September 1, 2004 Return of Superseding Indictment (#41) is DENIED.

I. DEFENDANT'S MOTION TO DISMISS

On November 2, 2004, Defendant filed his Motion to Dismiss Counts One through Seven for Perjury and Prosecutorial Misconduct before Grand Jury (#33) and a 31-page Memorandum in Support (#34). Defendant argues that the superseding indictment against him should be dismissed

because it was obtained by prosecutorial misconduct in that the prosecutor deliberately and intentionally presented perjured testimony, false testimony and misleading testimony to the grand jury. In his Memorandum, Defendant cites to the transcript of the grand jury proceedings held on June 2, 2004, and states his disagreement with the testimony presented and the questions asked. Defendant did not provide this court with a copy of the grand jury transcript and provided no documentation of any kind to establish that any of the statements made before the grand jury were false. This court additionally notes that it found portions of the Memorandum to be completely incoherent and that most of the Memorandum was unnecessarily argumentative. The Memorandum was a lengthy expression of outrage, with absolutely no evidentiary support provided.

On December 3, 2004, the Government filed a Motion to Seal Response to Defendant's Motion to Dismiss for Perjury and Prosecutorial Misconduct (#43). In its Motion, the Government stated that the response included secret grand jury information which may never be made public. On December 6, 2004, this court, by text order, granted the Government's Motion, and the Government's Response (#49) was filed under seal.[1]

This court has carefully reviewed the Government's Response. Following this review, this court agrees with the Government that the superseding indictment is facially valid and supported by sufficient evidence to sustain the indictment. This court further finds that Defendant has fallen far short of establishing that dismissal of the indictment is warranted in this case. Accordingly,

---

[1] In its Certificate of Service, the Government stated that a copy of the Response was mailed to all four of Defendant's attorneys of record in this case.

Defendant's Motion to Dismiss (#33) is DENIED.

In its Response, the Government states that the allegations made in the Memorandum are "reckless, frivolous and nothing less than insulting" and that Attorney Barringer's "motion is an <u>ad hominem</u> attack that is entirely malicious." This court tends to agree. The Government has asked this court to consider sanctions to deter such activity in the future. This court declines to order any sanctions at this time. However, sanctions clearly may be warranted if Defendant continues to file documents including unsupported allegations of misconduct.[2]

## II. GOVERNMENT'S MOTION IN LIMINE

On November 12, 2004, the Government filed a Motion in Limine regarding Defense "Evidence" and Argument (#37). The Government states that the superseding indictment against Defendant is based upon facts which show that the "trusts" established by Defendant were used to confuse the IRS and make it difficult to trace his income and that Defendant established a nominee corporation, Minetta, Inc., to confuse the IRS and make it difficult to trace his income and make it appear that a lien prior to the IRS lien existed on his home. The Government argues that Defendant should be precluded from offering evidence or argument regarding the following defenses: (1) that the Internal Revenue laws and the Sixteenth Amendment to the U.S. Constitution are unconstitutional and invalid; (2) that "pure trusts" or common law trusts, or Defendant's foreign "trusts" have no federal income tax consequences; (3) that the United States District Court for the Central District

---

[2] This court strongly advises that, in the future, any documents filed by Defendant should be reviewed by more than one of Defendant's four attorneys.

of Illinois does not have jurisdiction over criminal offenses enumerated in the Internal Revenue Code; and (4) that income taxes are voluntary, and the IRS is a private corporation. The Government argues that any such evidence or argument is irrelevant and would invade the court's province of instructing the jury regarding the applicable law. The Government also argues that Defendant should be precluded from offering testimony, videos or documents relating to alternative interpretations of the tax laws if the offered evidence was not actually relied upon by Defendant or if admitting such evidence would confuse the jury regarding the law or undermine the authority of the court.

On December 3, 2004, Defendant filed his Response in Opposition to United States' Motion in Limine regarding Defense Evidence and Argument (#47). Defendant argues that the Government's Motion should be denied, mainly by again casting aspersions on the Government, in sometimes incoherent fashion. However, Defendant does seem to indicate that, unless the Government opens the door, he does not intend to claim that "the tax laws violate a person's constitutional rights," that the tax laws are invalid, that this court does not have jurisdiction over this case, that tax laws are voluntary or that the IRS is a private corporation. Based upon Defendant's representations that he does not intend to introduce evidence or argument regarding these defenses, this court concludes that the Government's Motion in Limine should be granted as to defenses (1), (3), and (4) listed in the Government's Motion. This court also notes that it agrees with the Government's argument that any evidence or argument in support of these defenses would be improper.

As far as defense (2) listed by the Government, the Government argues that it is well settled law that income is properly taxed to the individual or entity that earned it and that schemes to

4

transfer such income to other entities, such as trusts, do not circumscribe federal tax laws. The Government therefore asserts that this court should prohibit Defendant from introducing legal arguments regarding the "trust" scheme Defendant promoted, sold and used himself. In his Response, Defendant argues that he should be allowed "to explain or introduce evidence explaining why he filed tax returns for himself, a corporation and the Trusts." Defendant contends that the Government seems to be asking this court to be the fact finder with regard to whether the trusts Defendant was associated with must be disregarded. Defendant notes that evidence regarding the trusts will necessarily be part of the Government's case against him. This court agrees with Defendant that evidence regarding trusts will be presented at trial in this case. Therefore, at this stage of the proceedings, this court concludes that it cannot enter an order precluding Defendant from presenting evidence or argument regarding the trusts. Accordingly, this portion of the Government's Motion in Limine is DENIED.

     Defendant also objects to the Government's request that he should be precluded from introducing evidence relating to alternative interpretations of the tax laws if the offered evidence was not actually relied upon by Defendant or if admitting such evidence would confuse the jury regarding the law or undermine the authority of the court. Defendant argues that, in making this request, the Government is being "sneaky or tricky." However, this court agrees with the Government that any such evidence not relied upon by Defendant should be precluded. In a case involving a prosecution for tax evasion, the Seventh Circuit specifically noted:

> [T]he defendant may present evidence to the jury showing the basis

> for the defendant's allegedly good faith belief. Necessarily, this evidence may include expert testimony about case law, to the extent that the defendant claims actual reliance on that case law. Case law on which the defendant did not in fact rely is irrelevant because only the defendant's subjective belief is at issue.

United States v. Harris, 942 F.2d 1125, 1132 n.6 (7th Cir. 1991). Accordingly, this court agrees with the Government that, in order for Defendant to present evidence of alternative interpretations of the tax laws, he must make a "proffer of great specificity" regarding actual reliance upon that interpretation before it will be admitted. Accordingly, this portion of the Government's Motion in Limine is GRANTED.

### III. DEFENDANT'S MOTION TO UNSEAL DOCUMENTS #4, 5 AND 6

On November 19, 2004, Defendant filed a Motion to Unseal Docket Entries #4, 5 and 6 (#39) and a Memorandum in Support (#40). Defendant argues that there is no legitimate basis for these documents to remain sealed indefinitely and that he has an "undeniable need" for the documents.

On December 3, 2004, the Government filed its Response to Defendant's Motion to Unseal Docket Entries #4, 5 and 6 (#48). The Government also filed a Motion to Seal Footnotes (#45). On December 6, 2004, this court, in a text order, granted the Motion to Seal Footnotes (#45). Therefore, because they contained secret grand jury information, the Government's Footnotes to its Response were filed under seal (#50). In its Response, the Government first notes that Defendant has not identified his "undeniable need" for the documents. The Government also argues that the documents

should remain sealed because they include secret grand jury information. The Government has assured this court that Defendant has received access to the grand jury transcripts of himself and other witnesses and is not entitled to any further grand jury information. This court agrees. Accordingly, Defendant's Motion to Unseal Docket Entries #4, 5 and 6 (#39) is DENIED.

IV.  DEFENDANT'S MOTION TO ORDER RELEASE OF GRAND JURY TRANSCRIPT

On November 19, 2004, Defendant filed a Motion to Order Release of Grand Jury Transcript Regarding Certain Testimony Relevant to September 1, 2004 Return of Superseding Indictment (#41) and a Memorandum in Support (#42). Defendant asked that this court order the Government to turn over the grand jury transcript of the presentation of evidence that supports the "special findings" on page 21 and 22 of the superseding indictment.

On December 3, 2004, the Government filed its Response to Defendant's Motion to Order Release of Grand Jury Transcript (#46). The Government again stated that Defendant has received all of the grand jury transcripts he is entitled to. The Government noted that the superseding indictment is supported by the same facts as the original indictment. The "Special Findings" were added to include sentence-enhancing facts as a protective measure in the event that the United States Supreme Court decides that its decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), applies to the Federal Sentencing Guidelines, that the Guidelines are capable of being severed, and that the sentence-enhancing facts are tantamount to elements which must be included in the indictment. The Government argues that Defendant is demanding more than that to which he is entitled and has not demonstrated a "particularized need" for the production he demands. This court agrees. Therefore,

7

Defendant's Motion to Order Release of Grand Jury Transcript (#41) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Dismiss Counts One through Seven for Perjury and Prosecutorial Misconduct before Grand Jury (#33) is DENIED.

(2) The Government's Motion in Limine regarding Defense "Evidence" and Argument (#37) is GRANTED in part and DENIED in part.

(3) Defendant's Motion to Unseal Docket Entries #4, 5 and 6 (#39) is DENIED.

(4) Defendant's Motion to Order Release of Grand Jury Transcript (#41) is DENIED.

(5) This motion hearing set in this case on December 8, 2004, at 10:30 a.m. is hereby converted to a status conference so that this case may be scheduled for a jury trial.

ENTERED this 7th day of December, 2004

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE