E-FILED
Wednesday, 12 January, 2005  03:01:19 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Cause No. 04-20031 |
| ) | |
| **DENNY PATRIDGE,** ) | |
| ) | |
| **Defendant.** ) | |

### GOVERNMENT MOTION TO AMEND SUPERSEDING INDICTMENT

Comes now, the United States of America, through Jan Paul Miller, United States Attorney for the Central District of Illinois, by and through Hilary W. Frooman, Assistant United States Attorney, and moves this Court to amend the superseding indictment as described below:

**Proposed Amendment: Replace "First of America" With "Bank of America"**

The government has noted a typographical error that appears in the superseding indictment with respect to the name of the bank at which Minetta, Inc. established its account. The correct bank name was Bank of America, Reno, Nevada. In certain paragraphs, the bank name appears as First of America Bank, Reno, Nevada. The account number is correct. The account name, Minetta, Inc., is correct. The city and state are correct. Clearly, the error is a typographical error. In Count Two, paragraph 17, the superseding indictment correctly alleges that the defendant "caused an account, #0049-6165-2276, to be opened with Bank of America, Reno, Nevada under the name, "Minetta, Inc." Here, the bank is correctly identified by name and city and the account number is correctly identified.

The error, however, appears in paragraphs 19 and 20 of Count Two and in paragraphs 11 and 12 of Count Five, which provide that account # 0049-6165-2276, is located at "First of America Bank, N.A. Reno Nevada". The error is not one of substance and has not prejudiced the defendant. The point of the charge in Count Two is that the defendant committed tax evasion. The fact that he caused Minetta, Inc. to be established and to set up an account outside the State

of Illinois is the point of focus. Whether the bank holding the account was Bank of America or First of America is not significant to the elements of the charge. In fact, the name of the bank need not have been included in the charge at all.

Count Five of the indictment is a wire fraud count, and therefore, the funds in question must have moved across state lines. The essential fact is that the locations of the two accounts named, which are correct, are in different states or countries. As the superseding indictment presents its facts, it need not have named the banks, but could have charged that the defendant moved funds from the account of Minetta, Inc., in Reno Nevada to the personal account of Denny Patridge in Paris, Illinois, and the charge would have been sufficient to support a wire fraud charge. Such language might have caused the defendant to file a Bill of Particulars, seeking the bank name, but the charge itself would have been sufficient.

**The Law**

A defendant has the right to be tried upon the charges actually brought by the Grand Jury. *United States v. Stirone*, 361 U.S. 212, 217 (1960). Material amendments to the indictment must be made by re-submission to the Grand Jury; it is reversible error for the trial court to allow it at trial or after verdict. *United States v. McNeese*, 901 F.2d 585, 601 (7th Cir. 1990), *overruled on other grounds, as recognized by United States v. Westmoreland*, 240 F.3d 618 (7th Cir.2001).

An indictment may be amended without re-submission if the alteration makes no material change and there is no prejudice to the defendant. *United States v. Lorefice*, 192 F.3d 647, 653 (7th Cir. 1999)(Government could properly drop paragraphs alleging that defendant gave kickbacks to co-conspirator turned witness without resubmission to Grand Jury; further, no error for trial court to preclude defendant from cross-examining with respect to the charging decision). *See also United States v. Mankarious,* 151 F.3d 694, 700 (7th Cir. 2002) (Amendment of wire fraud charges in indictment did not impermissibly broaden scope of indictment, where, although amendment may have altered substance of indictment slightly by modifying government's theory, it did not change specifics of any of the charges, nor did it prejudice defendants.)

An indictment is amended, requiring reversal, when the prosecution presents a complex set of facts distinctly different frm those in the indictment, or the crime charged is so altered at trial that court cannot be sure that grand jury would have indicted for the crime proved. *United States v. Mosley*, 786 F.2d 1330, 1335 (7th Cir. 1986).

Typographical errors are occasionally corrected by interlineation and amendment to the indictment. For instance, in a counterfeit case, describing the bills by their fictitious serial numbers would have afforded the defendant no real protection against a second prosecution for the same offense, as the number of identical facsimiles which might possibly be printed was limitless. *Neville v. United States*, 272 F.2d 414, 416 (5th Cir. 1959). Therefore, transposing serial numbers is not fatal to a counterfeit indictment and can be corrected by interlineation. *United States v. Skelley*, 501 F. 2d 447, 452 (7th Cir. 1974). In *Skelley*, the indictment charged the defendant with unlawful possession of counterfeit bills. The indictment had transposed the serial numbers involved in the case and the serial numbers for the counterfeit bills were incorrect. *Id.* at 452. The indictment would have been legally sufficient had it not listed any serial numbers and therefore, the amendment was allowed. *Id. at 453*.

In general, judicial amendments to an indictment will be allowed to stand if they do not change an essential or material element of the indictment so as to cause prejudice to the defendant; permissible amendment includes the correction of obvious clerical or typographical errors. *United Sates v. Field*, 875 F.2d 130, 133 (7th Cir. 1989) (Defendant was charged with altering a postal money order; government was allowed to correct a typographical error in the serial number of the postal money order charged.)

Not every fact contained within an indictment is essential to the charge. Facts that are surplusage and which may contain errors, may be disregarded. *United States v. Marr*, 428 F.2d 614, 661 (7th Cir. 1970). (An indictment that charged a defendant with refusal to submit to induction into the armed forces in violation of the Military Selective Service Act contained a typographical error in the location of the draft board; "such error was not of sufficient magnitude

3

to mislead defendant in preparing his defense or to place him in double jeopardy for the same offense.")  A mail fraud indictment often identifies, by name or initial, those against whom the fraud was committed.  However, such information is not essential. *United States v. Mizyed*, 927 F.2d 979, 981 (7th Cir. 1991).  A mail fraud charge is not required to allege an actual monetary or economic loss to a victim.  *United States v. Barber*, 881 F.2d 345, 348-49 (7th Cir. 1989). Interstate transportation of forged securities may be upheld despite a typographical error in the payee name in the indictment. *United States v. Kegler*, 724 F.2d 190, 193-94 (D.C. Cir. 1983).

Corrections of misprinted offense dates are often allowed.  *See United States v. Cina*, 699 F.2d 853, 858 (7th Cir. 1983). (Noting that the defendant's conspiracy was a criminal offense regardless of when it commenced, and the government was allowed to amend the indictment to antedate by two years the alleged starting time of the conspiracy).

**Conclusion**

The noted typographical errors are contained in what is termed "surplusage" and can therefore be amended without prejudice to the defendant or a significant change in the charges. Further, the defendant has had numerous documents in his possession for weeks prior to trial. These documents include the bank records of Minetta, Inc. in Reno, Nevada, and show the correct bank name and reflect the movement of the funds involved.  The defendant no doubt knew exactly which movement of funds was alleged.

WHEREFORE, the government moves that the Court correct by amendment and interlineation, the name of the bank in Reno, Nevada to read: "Bank of America" where it appears as "First of America Bank"; in Paragraphs 19 and 20 of Count Two and Paragraphs 11 and 12 of

Count Five of the superseding indictment.

        Respectfully Submitted,

        JAN PAUL MILLER
        United States Attorney

        s/Hilary W. Frooman
      By: Hilary W. Frooman
        Assistant U.S. Attorney
        United States Attorney
        201 S. Vine, Suite 226
        Urbana, Illinois 61802
        217/373-5875
        FAX: 217/373-5891
        hilary.frooman@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on January 12, 2005, I electronically filed the foregoing Motion to Amend on behalf of the United States of America by using the CM/ECF system which will send notification of such filing to the following: Carol Dison, 508 S. Broadway, Urbana, Illinois 61801 and Jerold Barringer, 102 S. Pine, P.O. Box 213, Nokomis, IL 62075.

    s/Hilary W. Frooman
HILARY W. FROOMAN
Assistant United States Attorney
United States Attorney
201 S. Vine, Suite 226
Urbana, Illinois 61802
217/373-5875
FAX: 217/373-5891
hilary.frooman@usdoj.gov