IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

UNITED STATES OF AMERICA,

v.                                              Case No.  CR 04-20031

DENNY R. PATRIDGE

MEMORANDUM IN SUPPORT OF DEFENDANT'S
2ND MOTION TO DISMISS COUNTS TWO AND THREE

Denny Patridge, by and through his attorney, Jerold W. Barringer, files this Memorandum in Support of his Motion to Dismiss Counts Two and Three of the "Superceding" Indictment filed by the Clerk on September 1, 2004, on the basis that it alleges two separate offenses within Count Two raising the possibility that Defendant could be convicted for possibly evading payment of taxes for 1996 or 1997 when the alleged crime alleges the evasion was for payments for both years together.   Likewise, Count Two does not allege what particular provision of the code required the payment of the taxes for years 1996 and 1997 together.

Count Three should be dismissed for its failure to identify the specific provision imposing the duty or the requirements according to the law that Defendant

1

did not allegedly accomplish.

COUNT TWO

Count two alleges that the Defendant willfully attempted to evade, or did evade, the payment of personal income taxes due and owing to the United States of America for the calender years 1996 and 1997. Specifically, the Count refers to amounts appearing upon a January 27, 2000 Notice of Deficiency. The Notice claims amounts owed of $ 85,608 for 1996, and $ 62,062 for 1997, by among other things, liquidating personal investments worth more than $ 170,000 by transferring that money to foreign bank accounts so that said money could not be reached by the IRS, in violation of 26 U.S.C. § 7201.

COUNT THREE

Count three alleges that the Defendant willfully attempted to evade, or did evade, a large part of his personal income taxes due and owing to the United States of America for the year 1999; specifically $ 19,523 due and owing on taxable income of approximately $ 76,796 by depositing money earned during 1999 into foreign accounts, concealing money he earned in 1999 from the IRS, using money deposited into foreign accounts to pay personal expenses, and failing to file an individual income tax return, as required by law, in violation of 26 U.S.C. § 7201.

I.      <u>COUNT TWO SHOULD BE DISMISSED</u>.

      A.      **The alleged evasion of the payment of taxes due and owing for the year 1996 and the alleged evasion of the payment of taxes due and owing for the year 1997 cannot be claiming a single a "tax deficiency" within the meaning of section 7201 since the law which imposes the taxes due and owing for 1996 is a different application of the law than that of 1997.**

Count Two alleges that the Defendant attempted to evade the payment of taxes for calender year 1996 and 1997. The alleged evasion of the payment of taxes for 1996 and alleged evasion of the payment of taxes for 1997 are two separate alleged crimes. There is a possibility that the Jury could get confused regarding whether they can render a verdict of guilty for Count Two if they only find the Defendant attempted to evade the payment of taxes for 1996 or 1997, but not both years together. Part of the defense may be that the Defendant did not owe the taxes alleged in Count Two. The Defendant is not able to defend whether he owed taxes for 1996 separately from whether he owed taxes for 1997 under the current claim by the Grand Jury in Count Two.

Certainly, the Government would not dispute that the Defendant could not have evaded taxes for 1996 by allegedly evading taxes for 1997. The reverse is also true.

The elements of a sec. 7201 offense are the existence of a substantial tax

deficiency, willfulness, and an affirmative act constituting an attempt to evade or defeat tax. *U.S. v. King*, 126 F.3d 987 (7th Cir. 1997); *Sansone*, 380 U.S. at 351; Eaken, 995 F.2d at 742.

Section 7201 says "Attempts to evade or defeat tax" and states that:

> "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall,..."

*U.S. v.. Peters*, 153 F.3d 445, 461 (7th Cir. 1998)

"A section 7201 offense is not complete until a tax deficiency exists, and a deficiency will not arise until the due date of a tax return." *King*, 126 F.3d 987; See *United States v. Payne*, 978 F.2d 1177, 1179 (10th Cir. 1992), cert. denied, 508 U.S. 950 (1993)   In Count Two the Government has the tax deficiency element alleged by mingling taxes owed for 1996 with taxes owed for 1997.

**B.   Indictment fails to allege specific provision which imposes duty to pay taxes for calender year 1996 and calender year 1997**

There is no doubt the tax laws are a complicated mess.  In certain cases involving willful violations of the tax laws, we have concluded that the jury must find that the defendant was aware of the specific provision of the tax code that he was charged with violating. *Bryan v. U.S.*, 524 U.S. 184, 194 (1998); see, e.g.,

4

*Cheek v. United States*, 498 U.S. 192, 201 (1991).

The proliferation of statutes and regulations has sometimes made it difficult for the average citizen to know and comprehend the extent of the duties and obligations imposed by the tax laws. Congress has accordingly softened the impact of the common law presumption by making specific intent to violate the law an element of certain federal criminal tax offenses. *Cheek v. United States*, 498 U.S. @ 199-200 (1991)

Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty. *Cheek v. United States*, 498 U.S. @ 201 (1991)

Defendant is unable to find any specific provision in the entire Internal Revenue Code that imposes a duty upon the Defendant to pay any alleged taxes owed and due for 1996, in combination with any alleged taxes owed and due for 1997. This problem is compounded when the Jury is required to find the Defendant was aware of the specific provision of the tax code he is accused of violating. There can be no doubt that being aware of the punishment provision at section 7201 does not in any way explain from where the duty arose. The application of ignorance of the law having an exception where Congress

5

incorporates the term "willful" demonstrates that the term willful is directed towards the duty and not the punishment provision.

    **C.    Count Two relies upon claim in Notice of Deficiency which does not identify the specific provision increase in taxes for each year by which the Notice is supported.**

Defendant merely directs that the Government has provided copies of the Notices of Deficiency which purports to claim that the Defendant owed taxes on income due to the United States, but does not identify any specific provision of the code that supports such claim. Certainly, whatever provision was relied upon to support such a prima facie claim for 1996 and 1997 would have considered the specific provisions for 1996 and applied different specific provisions for 1997.

II.    COUNTS THREE SHOULD BE DISMISSED.

    **A.    Count Three, like Count Two, alleges Defendant should be punished pursuant to 26 U.S.C. § 7201 for evasion of taxes due and owing, but fails to allege what specific provisions directed Defendant to pay any taxes allegedly due and owing for 1998.**

Count Three is different than Count Two in that Count Two involves taxes due and owing for calender year 1996 and 1997, while Count Three involves alleged taxes due and owing for 1999. Count Three requires the same identification of the

specific provision of the tax code that the Grand Jury claims the Defendant was aware of, and that he specifically and intentionally ignored. None of the Counts identify any provision requiring such a duty.

Under Count Two, the Grand Jury alleges that a specific provision of the tax law required the Defendant to pay alleged taxes due and owing instead of allegedly evading that payment of those alleged taxes. As stated, Count Two is for taxes owed for 1996 and taxes owed for 1997. Not only is no provision listed, but no provision exists for two years worth of taxes in one criminal count.

Count Three comes in and says it is a separate crime the Defendant committed by not paying his alleged taxes due and owing for 1999. Defendant cannot find any specific provision of the tax code that allows for taxes owed for 1996 and taxes owed for 1997 to be mingled into one duty, while taxes allegedly owed for 1999 is a separate and distinct duty.

III. CONCLUSION

THEREFORE, this Court should direct dismissal of Count Two as it fails to allege a cognizable offense under 26 U.S.C. § 7201 and dismiss Count Three as it fails to allege the specific provision of the code to which the duty arising for 1999 separated itself from the duty imposed for 1996 and 1997 under the law.

        Respectfully Submitted,
        Denny Patridge, Defendant,

By:   /s/ Jerold W. Barringer
       Jerold W. Barringer
       Attorney at Law
       P.O. Box 213
       102 South Pine St.
       Nokomis, IL 62075
       (217) 563-2646

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of this Memorandum in Support of Defendant's Motion to Dismiss Counts Two and Three has been mailed on March 1, 2005 electronically through the Court system to:

Hilary W. Frooman
U.S. Assistant Attorney
201 South Vine
Urbana, Illinois 61801
217-373-5875

/s/   Jerold W. Barringer