IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

UNITED STATES OF AMERICA,

v.                                                    Case No.   CR 04-20031

DENNY R. PATRIDGE

DEFENDANT'S OBJECTIONS TO GOVERNMENT
PROPOSED JURY INSTRUCTIONS

Defendant, Denny Patridge, by and through his attorney Jerold Barringer, files his objections to the Government's Proposed Jury Instructions.   The Defendant has filed his proposed Jury Instructions simultaneously herewith.

Defendant has no objection to Government's # 1.

Defendant has no objection to Government's # 2

Defendant has no objection to Government's # 3 (if Defendant testifies)  save for the phrase "The Witnesses Age."   The Pattern Instruction on this says that this portion should only be given when the Defendant is elderly or very young.  See page 8 of 371 at www.ca7.uscourts.gov and then by clicking on to "Pattern Criminal Jury Instructions."

Defendant has the same objection with Government's # 3A (if Defendant does not testify)..

1

Defendant has no objection to Government's # 5

Defendant has no objection to Government's # 6.

Defendant has no objection to Government's # 7

Defendant has no objection to Government's # 8

Defendant has no objection to the first paragraph of Government's # 9. Defendant does object to the second paragraph and it should read that "The Defendant is charged with Filing a single False Income Tax Return in Count One. Count Two charges evasion of the payment of income taxes assessed in 2000 for 1996 and 1997. Count Three charges evasion of the assessment of income taxes for 1999. Counts Four and Five charges two separate wires in connection with the same fraud. Count Six charges money laundering by attempting to hide $ 100,000 from IRS and Count Seven charges money laundering by attempting to evade the determination the IRS made in 2000 that Defendant owed more than $ 100,000.00 in income taxes for the 1996 and 1997 year.   See **Defendant's Instruction # 1**

Defendant has no objection to Government's # 10

Defendant has no objection to Government's # 11

Defendant objects to Government's # 12.   Defendant proposes that this instruction would best be served to both parties if the Seventh Circuit's alternative be given for now reserving the right to fill in the blank at the close of trial.   See

**Defendant's Instruction # 4.**

Defendant's Objects to Government's # 13 as it is duplicitous and appears to be the same as # 12.   For the reasons Defendant objects to # 12 Defendant also would object to # 13.

Defendant objects to Government's # 14.   There is no allegation that Defendant made prior statements that were inconsistent in the indictment.

Defendant objects to Government's # 15.    Pattern Instruction 3.15 is only to be given when accuracy and authenticity of the documents summarized are not into question.  See **Committee Comment**.

Defendant objects to Government's # 16 entirely.    This instruction seems to say that one act alleged in any Counts two through five may serve as the sole act required to unanimously be proven to the Jury beyond a reasonable doubt to satisfy the "affirmative act" in Counts Two and Three and the "overt act" in Counts Four and Five.   This is precisely the defect in the theory of the Government's case.

The Affirmative Act element in Count Two must be unanimous.    None of the alleged "Affirmative Acts" in Count Two are duplicated in Count Three.   Count Two is charged as evasion of the payment.

Likewise, the Affirmative Act element in Count Three must be unanimous. None of the Affirmative Acts alleged in Count Three share any connection to the

alleged Affirmative Acts in Count Two.   Count Three is charged as evasion of the tax imposed.

Acts to evade payment would be and are different acts than act to evade the tax imposed by this title.

As to Acts for Counts Four and Five.   These are likewise different from Counts Two and Three.

Count Four alleges four acts in connection with the wire of $ 200,000.00 between the Edgar County Bank in Illinois to a Bank in New York..   It alleges the Defendant (5) liquidated investments, (6) ignored opportunity to pay taxes owed from an unchallenged Notice of Deficiency, (7) set up a system to hide assets from the IRS so they could not collect on the amounts allegedly owed by the unchallenged Notice of Deficiencies, and (8) moved $ 171,350.00 from one personal account to another personal account in Illinois in his name and as signatory authority.

Count Five alleges in connection with a wire of $ 100,000.00 from Nevada to Illinois, by re-alleging paragraph 1 through 8 which includes the above 5 through 8 and further adds the Defendant, in furtherance of a scheme to defraud the United States, (9) took steps to fraudulently prevent the IRS from obtaining a first lien on his home, steps including (a) recording a mortgage on his home with the Shelby

County Clerk's Office, (b) causing a wire to be made of $ 100,000.00 from Nevis to Nevada for the purpose of creating the appearance of a loan to him from Minetta, Inc.

See **Defendant's Instruction # 10**

Defendant objects to Government's #17 in part. This is the "on or about" instruction the Seventh Circuit proposes at 4.04. This is the beginning of a growing problem with Count Two that Defendant has been attempting to bring to the attention of the Court. Count Two does not have a date for when the actual crime was committed. Count Two has a span of 4 years "From about July, 2000, ...., to the date of the return of the indictment." It encompasses two years of alleged tax deficiencies for 1996 and 1997 but claims the evasion crime did not begin until "about July 2000." This also raises the question as to where in Count Two does the Government claim the very first moment the Defendant had committed acts that satisfied all three elements of the tax evasion claimed in Count Two?

Defendant would argue that Counts One, Four, Five, Six and Seven may allow the Government's # 17 but Counts Two and Three cannot apply. See **Defendant's Instruction # 11**

Defendant does not object to Government's # 18.

Defendant does not object to Government's # 19

Defendant objects to Government's # 20.   This instruction is not instructive of the meaning of willfully and attempts to blur the distinction between a specific intent crime and all other crimes where ignorance of the law is no excuse for a violation of that particular law.   The Supreme Court of the United States spoke twice about this issue once in overturning the Seventh Circuit in *Cheek v. United States*, 498 U.S. 192, 201 where the Court said:

> "Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty."

This exact quote is addressed by the Seventh Circuit in their notes regarding willfully at Seventh Circuit Pattern Instruction 4.09 ("This definition is taken primarily from *U.S. v. Pomponio*, 429 U.S. 10 as affirmed in *Cheek v. United States*, 498 U.S. 192, 201.

The Government's instruction is derived from page 199-200 of the Cheek opinion and not page 201.

The Supreme Court once again took this issue up in *Bryan v. U.S.* 524 U.S. 184, 194 (1998) and quoted from the same part of Cheek that the Seventh Circuit Pattern Instruction directs at page 201 where it said:

> "In certain cases involving willful violations of the tax laws, we have

6

concluded that the jury must find that the defendant was aware of the specific provision of the tax code that he was charged with violating. See, e.g., *Cheek v. United States*, 498 U.S. 192, 201 (1991)."

The Government's proposed # 20 simply attempts to ignore the Cheek decision, the Bryan decision and the Seventh Circuit Pattern Instructions. The last sentence in Government's # 20 is not appropriate. It should read "The Defendant did not act "willfully" unless you find all these propositions are met."

See **Defendant's Instruction # 12**

Defendant objects to Government's # 21. It does not state accurately what the Pattern Instruction says applicable to the theory of the Government's case in chief. For this reason Defendant has offered the correct instruction as **Defendant's Instruction # 14**.

Defendant objects to Government's # 22. It ignores the evasion of payment theory in Count Two. It ignores that the First element is for two years. It includes acts in the Second element which are not relevant to Count Two. The fifth paragraph the word "or" is removed. The third element adds "to evade tax..." Defendant has proposed his instruction at **Defendant's Instruction # 15.**

Defendant objects to Government's # 23. It ignores the evasion of the assessment theory. It ignores that a return is alleged to have been required and

7

willfully not filed. It ignores the willfulness element. It includes acts in the second element which are not relevant to Count Three. The fifth paragraph the word "or" is removed. The third element adds "or the payment of the tax." Defendant has proposed his instruction at **Defendant's Instruction # 16**

Defendant objects to Government's # 24. Defendant objects for the same reasons the Defendant objected to the Government's proposed # 20. This instruction simply attempts to ignore the Cheek decision, the Bryan decision and the Seventh Circuit Pattern Instructions. The last sentence in Government's # 20 is not appropriate. It should read "The Defendant did not act "willfully" unless you find all these propositions are met." See **Defendant's Instruction #** 17

Defendant has no objection to Government's # 25.

Defendant has no objection to Government's # 26.

Defendant has no objection to Government's # 27

Defendant has no objection to Government's # 28.

Defendant has no objection to Government's # 29..

Defendant objects to Government's # 30. It fails to describe what the Jury must find is the schemes intended effect. It must be an illegal purpose. Tax evasion. Defendant has proposed **Defendant's Instruction # 18** to fix this issue.

Defendant objects to Government's # 31. It should be more specific to the

actual alleged illegal purpose. That being tax evasion as the motive. See **Defendant's Instruction # 19.**

Defendant objects to Government's # 32 as it is inconsistent with the theory of this case. The Government claims the Defendant willfully evaded the payment of taxes on income due and owing to the United States. The United States being the intended victim and the loss being the amount of taxes owed and due. This instruction should not be given.

Defendant has no objection to Government's Instruction # 33.

Defendant has a minor objection to Government's # 34. This objection is reflected in **Defendant's Instruction # 20.** There is no way for the Jury to find that the proceeds of specified unlawful activity in Counts Six and Seven exist without first finding that a wire fraud occurred as alleged within both Counts Four and Five.

Defendant objects to Government's # 35. The Third element here avoids what the specifics of the proceeds from some form of illegal activity were. The Fourth element clearly states this proposition which also needed to be stated in the third element. The indictment claims that the property involved in the "financial transaction" was derived from an evasion of the payment of income taxes due and owing by the Defendant for calender year 1996 and 1997. Thus, the third

element's instruction should read "...represented the proceeds of attempted income tax evasion of the payment of taxes owed by the Defendant for calender year 1996 and 1997."   If the court wishes for an instruction on this Defendant will provide it.

    Defendant has no objection to Government's # 36.

    Defendant totally objects to Government's # 37.    The problem with this instruction is that it is double talk.   On the one hand the Jury is asked to find that the money Defendant used to make the financial transaction in Counts Six and Seven must have derived from prohibited illegal activity, which the indictment claims is tax evasion of the payment of taxes for calender year 1996 and 1997 and then states that the Government does not have to prove the Defendant knew the money he used in this transaction was derived from his own alleged tax evasion of the payment of taxes owed for calender year 1996 and 1997.  See **Defendant's Instruction # 22.**

                                  Respectfully Submitted

                                  /s/ Jerold Barringer
                                  Jerold Barringer
                                  Attorney at Law
                                  P.O. Box 213
                                  Nokomis Illinois 62075
                                  217-563-2646

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of Defendant's Objections to the Government's Proposed Jury Instructions was electronically delivered through the Court's ECF system on April 1, 2005 to:

Hilary W. Frooman
U.S. Assistant Attorney
201 South Vine
Urbana, Illinois 61801
217-373-5875

/s/ Jerold Barringer