**E-FILED**
Friday, 01 April, 2005  03:55:24 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

UNITED STATES OF AMERICA,


v.                                            Case No.   CR 04-20031

DENNY R. PATRIDGE



Defendant, Denny Patridge, by and through his attorney, Jerold Barringer,

files his proposed Jury Instructions # 1 through # 23.   The Defendant filed his

objections to the Government's Instructions simultaneously herewith.   The

Certificate of Service is attached at the end of these proposed instructions.




Respectfully Submitted

/s/ Jerold Barringer
Jerold Barringer
Attorney at Law
P.O. Box 213
Nokomis Illinois 62075
217-563-2646

The superceding indictment in this case is the formal method of accusing the Defendant or an Offense and Placing the Defendant on Trial.   It is not evidence against the Defendant and does not create any inference of guilt.

The Defendant is charged with Filing a single  False Income Tax Return in Count One. Count Two charges evasion of the payment of income taxes assessed in 2000  for 1996 and 1997 income activity. Count Three charges evasion of the assessment of income taxes for 1999.  Count Four and Five charges two separate wires in connection with the same fraud of tax evasion.  Count Six charges money laundering by attempting to hide $ 100,000 from  IRS and Count Seven charges money laundering by attempting to evade the determination the IRS made in 2000 that Defendant owed more than $ 100,000.00 in income taxes for the 1996 and 1997 income tax year.

Defendant's Instruction No. 1 (opposed to Gov't # 9)

Seventh Pattern Jury Instruction No. 2.01 (Pattern has _____ line for offense)

If you find the Defendant not guilty of the offense of attempting to evade the

assessment of the income taxes he earned in the calender year 1999 from the

Internal Revenue Service as alleged in Count Three, then you must go on to

consider whether the Government has proved the offense of willful failure to file an

income tax return for the calender year 1999 in violation of 26 U.S.C. § 7203.

Defendant's Instruction # 2 (lessor included offense in Count Three)

Seventh Circuit Pattern Jury Instruction # 2.02

You have heard evidence about the character and reputation of the Defendant within the community in which he lives.   You should consider character evidence with and in the same way as all the other evidence in the case.

Defendant's Instruction # 3

Seventh Circuit Patter Instruction No. 3.06

You have heard some witnesses give opinions about _____.    The fact that a witness has stated an opinion does not mean you are required to accept it. Give the opinion whatever weight you think it deserves, considering the witness's reasons for the opinion and all of the other evidence in the case.

Defendant's Instruction # 4

Seventh Circuit Pattern Instruction 3.07 (alternative)

You have heard evidence that before the trial certain government witness made statements that may be inconsistent with the witnesses testimony here in court. If you find that testimony of a witness is inconsistent, you may then consider earlier statements in deciding the truthfulness and accuracy of that witnesses testimony in this trial.

Defendant's Instruction # 5

Seventh Circuit Pattern Instruction 3.09 (modified as permitted)(see Comment)

You have heard evidence that _____has been

convicted of a crime involving the same government agents that testified in this trial

against the Defendant.    You may consider this evidence only in deciding whether

_____ testimony is truthful in whole, in part, or not at all.

You may not consider this evidence for any other purpose.

Defendant's Instruction # 6.

Seventh Circuit Pattern Jury Instruction 3.11 (to be modified)

You have heard evidence about the character trait of _____ for untruthfulness.   You should consider this evidence in the deciding the weight that you will give to _____ testimony.

Defendant's Instruction # 7

Seventh Circuit Patter Instruction 3.12 (to be modified)

You have heard testimony from _____ who:

(a) received immunity from further prosecution in exchange for his testimony;

(b) received benefits from the government in this case; i.e. charges dropped of other crimes;

(c) has admitted and been convicted of lying under the penalty of perjury;

(d) has pleaded guilty to an offense arising out of the same occurrence for which the defendant is now on trial.   His guilty plea is not to be considered as evidence against the Defendant.

You may give his testimony such weight as you fell it deserves, keeping in mind that it must be considered with caution and great care.

Defendant's Instruction # 8

Seventh Circuit Pattern Instruction 3.13 (modified)

You have heard recorded conversations.   These recorded conversations are proper evidence and you may consider them, just as any other evidence.

When the recordings were played during the trial, you were furnished transcripts of the recorded conversations prepared by Defendant's agents.

The recordings are the evidence, and the transcripts were provided to you only as a guide to help you follow as you listen to the recordings.   The transcripts are not evidence of what was actually said or who said it.   It is up to you to decide whether the transcripts correctly reflect what was said and who said it.   If you noticed any difference between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.   And if after careful listening, you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are converned.

I am providing you with the recordings and a player.   You are not required to play the tapes, in part of in whole.    You may rely, instead, on your recollection of these recordings as you heard them at trial.    If you do decide to list to a tape recording or watch a video tape recording and wish to have the transcript corresponding to that recording, ask the Marshal in writing and the transcript will be given to you.    You may choose to listen to the audio tape or watch the video without the transcript.

Defendant's Instruction # 9
<u>Seventh Circuit Pattern Instruction 3.17 (slightly modified to include video)</u>

There are certain specific acts the superceding indictment alleges regarding Counts Two, Three, Four and Five independently of each other.   These are acts the superceding indictment claims the Defendant specifically committed and for the purpose therein described in each Count.   The Government need not prove that each and every specific alleged act, in each Count,  was committed by the Defendant.   However, the government must prove that the Defendant committed a sufficient amount of the alleged acts in each Count for you to find the Government has proved the Defendant sufficiently did what the superceding indictment claims the Defendant did in each count.

For example, you could not unanimously find that in Count Two, the Defendant did liquidated investments he owned but did not do so for the prospective purpose that he was trying to evade the payment of personal income taxes due and owing to the United States of America.   In each Count you must find that the act happened and that it happened for the purpose of either evading the payment of taxes finally owed in Count Two, evading the imposition of an income tax in Count Three, and evading the payment of taxes finally owed in Counts Four and Five. You may find that each of the acts alleged did happen yet find that none of the acts alleged were intended to evade the payment or assessment of income taxes finally owed.

If you unanimously find the Defendant finally owed taxes to the United

States, then and only then,  you must each be unanimous in your decision regarding

the act or acts which you find were the steps the Defendant took to further either the

evasion of the payment of taxes finally owed per Counts Two, Four and Five, or

evasion of the tax imposed by the Internal Revenue Code per

Count Three.

You may not find that an act the law allowed the Defendant to take qualifies

as an  act to either evade the payment of taxes finally owed or evade the imposition

of any income taxes.

Defendant's Instruction # 10

Seventh Circuit Pattern Jury Instruction # 4.03 (modified)

As to Counts One, Four, Five, Six and Seven the superceding indictment charges that the offense was committed "on or about" certain specific dates.   The Government must prove that each element of these alleged offenses had been completed reasonably close to that date alleged in each Count  but is not required to prove that the alleged offenses happened on that exact date.

As to Count  Two you must find each element of this crime had been competed on or by July 1, 2000.

As to Count Three you must find each element of this crime had been completed on or by January, 1 1999.

Defendant's Instruction # 11

Seventh Circuit Pattern Instruction 4.04 (modified to fit indictment as charged)

The word "willfully," as used in the law at issue in Count One of the

Superceding Indictment, means or requires proof beyond a reasonable doubt

involving three distinct parts.

First, you must find the Government proved that the law imposed a duty on

the defendant.

Second, you must then find the Government proved that the defendant was

aware of or knew of this duty.

Third, you must find the Government proved  that the Defendant voluntarily

and intentionally violated that duty.

The Defendant did not act willfully unless you find each of these propositions

has been established to you  beyond any reasonable doubt.

Defendant's Instruction # 12

Seventh Circuit Pattern Instruction 4.09 (modified as instructed in notes by
Committee) See *Cheek v. United States*, 498 U.S. 192, 201 (1991);  *Bryan v. U.S.*
524 U.S. 184, 194 (1998)

"Good Faith" is a complete defense to the charge the Defendant acted willfully.   The burden is not on the Defendant to prove his good faith; rather, the government must prove beyond a reasonable doubt that the Defendant acted willfully or in other words without Good Faith.

A Defendant does not act willfully if he believes in good faith that he is acting within the law, or that his actions comply with the law.   Therefore, if the Defendant actually believed that what he was doing was in accord with the tax statutes, he cannot be said to have had the criminal intent to willfully make a false statement on a tax return.   This is so even if the Defendant's belief was not objectively reasonable, as long as he held the belief in good faith.  However, you may consider the reasonableness of the Defendant's belief together with all the other evidence in the case in determining whether the Defendant held the belief in good faith.

Defendant's Instruction # 13

Seventh Circuit Pattern Instruction 6.10 and 6.11 (slightly modified)

A line on a tax return is a material matter if the information required to be reported on that line is capable of influencing the correct computation of the amount of tax liability of the individual or the verification of the accuracy of the return.

If you find that the Defendant's statement on line 33 of his 1998 Individual Income Tax Return which reported "adjusted gross income" on line 33 to be $ 6,667.00 is understated, and you find that amount on line 33 should have been approximately $ 86,845.00, and if you find that the amount of adjusted gross income is essential to a correct computation of the amount of taxable income or tax or to the verification of that return, then you may find that the false and fraudulent statement were false as to a material matter.

Defendant's Instruction # 14

Seventh Circuit Pattern Instruction 26 U.S.C. § 7206 (Materiality)(Alternative by Committee) Page 362 of Pattern Instructions

To sustain a charge of willfully attempting to evade or defeat the payment of the Defendant's Individual Tax, as Charged in Count Two of the Superceding Indictment, the Government must prove the following:

First, on April 15, 1997 income tax payments were due and owed by the Defendant for calender year 1996 and in addition to 1996 you must find that on April 15, 1998, income tax payments were due and owed by the Defendant for the calender year 1997; and

Second, that the Defendant acted willfully in not paying the taxes the Internal Revenue Service claims was  due and owing for both 1996 and 1997 together; and

Third, the Defendant intended to evade or defeat the payment of the income taxes due and owing for the calender year 1996 and 1997; and

Fourth, the Defendant willfully did some act in furtherance of the intent to evade the payment of those taxes for both years 1996 and 1997;

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the Defendant Guilty.

However, if, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you must find the Defendant Not Guilty.

If you find the Defendant had due and owing tax payments for one year but

not the second or other year then you must find the Defendant Not Gulity.

Defendant's Instruction # 15

Seventh Circuit Pattern Instruction 26 U.S.C. § 7201 (modified)

To sustain a charge of willfully attempting to evade or defeat the assessment of the Defendant's Individual Income Tax, as Charged in Count Three of the Superceding Indictment, the Government must prove the following:

First, on or about October 16, 2000 the Defendant was required by law to make or file a 1040 U.S. Individual Income Tax Return information request form with the IRS; and

Second, the Defendant's failure to file the 1040 U.S. Individual Income Tax Return information request form with the IRS for calender year 1999 was willfully not done; and

Third, there was due and owing by the Defendant to the United States Federal Income Taxes on October 16, 2000 with that information request form; and

Fourth, the Defendant intended to evade or defeat the assessment of taxes on his income earned during the calender year 1999; and

Fifth,  the Defendant willfully did some act in furtherance of the intent to evade the assessment of income taxes due and owed for the 1999 calender year to the Internal Revenue Service;

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the Defendant Guilty.

However, if, on the other hand, you find from your consideration of all the

evidence that any of these propositions has not been proved beyond a reasonable

doubt, then you must find the Defendant Not Guilty.

Defendant's Instruction # 16

Seventh Circuit Pattern Instruction 26 U.S.C. § 7201 (modified)

The word "willfully," as used in the law at issue in Count Two and Count Three of the Superceding Indictment, means or requires proof beyond a reasonable doubt involving three distinct parts.

First, you must find the Government proved that the law imposed a duty on the defendant.

Second, you must then find the Government proved that the defendant was aware of or knew of this duty.

Third, you must find the Government proved that the Defendant voluntarily and intentionally violated that duty.

The Defendant did not act willfully unless you find each of these propositions has been established to you beyond any reasonable doubt.

Defendant's Instruction # 17

Seventh Circuit Pattern Instruction 4.09 (modified as instructed in notes by Committee) See *Cheek v. United States*, 498 U.S. 192, 201 (1991); *Bryan v. U.S.* 524 U.S. 184, 194 (1998)

A scheme is a plan or course of action formed with the intent to accomplish the illegal purpose of income tax evasion.

In considering whether the government has proven a scheme to defraud the United States out of taxes due and owing by the Defendant for calender year 1996 and 1997 together, it is essential that one or more of the acts listed under the "scheme" portion alleged in Count Four be proved establishing the existence of the scheme beyond a reasonable doubt.   However, the Government is not required to prove all of them.

As to Count Five, the listed acts you may find are those acts listed in Count Four, paragraphs 5, 6, 7 and 8 along with paragraphs 9, 10 and 11 contained within Count Five.   No listed acts in Count Five may be relied upon for your decision regarding Count Four.

The scheme to defraud alleged in Count Four and Five is a scheme that is intended to evade the payment of income taxes due and owing to the United States by the Defendant for the calender year 1996 and 1997 together.

Defendant's Instruction # 18

Seventh Circuit Pattern Instruction 18 U.S.C. § 1341 & 1343(page 215)

The phrase "intent to Defraud" means that the acts charged in Counts Four and Five were done knowingly with the intent to evade the payment of income taxes due and owing the United States for calender year 1996 and 1997.

Defendant's Instruction # 19

Seventh Circuit Pattern Instruction 18 U.S.C. § 1343 (Intent to Defraud)(modified as allowed)

In addition to the instruction on Count Six, if you find that the money being laundered represented the proceeds of a wire, in order for you to decide that it represented a wire fraud you must also find that money contained in the wire was derived in whole from the Defendant's attempt to evade the payment of income taxes due and owing the United States by the Defendant for calender year 1996 and 1997.

Defendant's Instruction # 20

Seventh Circuit Pattern Instruction 18 U.S.C. § 1956(a)(1)(B)(i)(Modified as allowed)

If you find the Defendant Not Guilty in Counts Four or Five then you must

return a Not Guilty verdict as to Counts Six and Seven.

Defendant's Instruction # 21

Logical

The Government must prove that the Defendant knew that the property in

contained within the financial transaction represented the proceeds of tax evasion

of the payment of income taxes due and owing by the Defendant for calender year

1996 and 1997.

Defendant's Instruction # 23

Seventh Circuit Pattern Instruction 18 U.S.C. § 1956 Knowledge (modified as

allowed)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of Defendant's

Proposed Jury Instructions  was electronically delivered through the Court's ECF

system  on April 1, 2005 to:

Hilary W. Frooman
U.S. Assistant Attorney
201 South Vine
Urbana, Illinois 61801
217-373-5875

/s/ Jerold Barringer