E-FILED
Thursday, 14 April, 2005 02:52:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 04-20031 |
| ) | |
| DENNY PATRIDGE, ) | |
| ) | |
| Defendant. ) | |

GOVERNMENT RESPONSE TO DEFENDANT'S
PROPOSED INSTRUCTIONS

Comes now, the United States of America, through Jan Paul Miller, United States Attorney for the Central District of Illinois, by and through Hilary W. Frooman, Assistant United States Attorney, and in response to the defendant's proposed jury instructions states as follows:

GOVERNMENT OBJECTIONS TO DEFENDANT'S INSTRUCTIONS

Defendant's Instruction No. 1, Seventh Circuit Pattern Jury Instruction 2.01

The defendant presents his version of Instruction 2.01 because he objects to Government Instruction No. 9. The purpose of the instruction is to advise the jury that the formal charge is not evidence against the defendant. As noted in the Committee Comment, the very fact that a defendant has been indicted by a grand jury may weigh against the defendant. This instruction is to emphasize and instruct that the indictment itself is not evidence and should not be considered as such. The government believes that the instruction the government presented in its Instruction No. 9 is correct.

The government objects to the defendant's Instruction No. 1 because it includes information other than the charges against the defendant. The purpose of the instruction is to prevent the indictment itself from being viewed as evidence against the defendant. Specific information about the charges is provided in other instructions specifically structured for the individual counts.

1

Defendant's Instruction No. 2, Seventh Circuit Pattern Jury Instruction 2.02

The defendant desires to have the jury instructed that 26 U.S.C. § 7203 is a lesser included of § 7201. It is not. *United States v. Davenport*, 824 F.2d 1511, 1519 (7th Cir. 1987); *United States v. Foster*, 789 F.2d 457, 460 (7th Cir. 1986). The government objects.

Character Evidence

Defendant's Instructions No.'s 3, 6, 7, and 8

The instructions the defendant proposes in his numbers 3, 6, 7, and 8, all deal with character traits of either the defendant or witnesses. While some of the instructions are correct viewed solely as Seventh Circuit Pattern Jury Instructions, at present, the government objects to all of them as there most likely will be no basis for the instructions. If the evidence establishes a basis for the instructions in defendant's No. 7 and No. 8, the government may waive its objection.

Defendant's Instruction No. 3, Seventh Circuit Pattern Jury Instruction 3.06

The defendant has provided a version of Instruction 3.06 which is improper and to which the government will not agree. Rule 404(a) permits evidence of a pertinent character trait (e.g. honesty, temperance or peacefulness) offered by the accused or by the prosecution or offered to rebut the evidence of the same. (*see, e.g., United States v. Hewitt,* 634 F.2d 277 (5th Cir. 1981); *United States v. Darland,* 626 F.2d 1235 (5th Cir. 1980); *United States v. Angelini*, 678 F.2d 380 (1st Cir. 1982) "Pertinent" has been interpreted as being synonymous with "relevant." *United States v. Staggs*, 553 F.2d 1073, 1076-76 (7th Cir. 1977). "Character traits" as used in Rule 404(a)(1), refers to elements of disposition, such as honesty, temperance, or peacefulness. *United States v. West*, 670 F.2d 675, 682 (7th Cir. 1982)(distinguishing Staggs, *Id.*) The government objects to the defendant's instruction because he has not named the relevant character trait about which he will put on evidence.

Defendant's Instruction No. 6, Seventh Circuit Pattern Jury Instruction 3.11

The government objects.

The defendant has included language in Instruction 3.11 which is completely irrelevant to both the case and the instruction. The comment that the witness has been convicted of a ". . .crime involving the same government agents that testified in this trial against the defendant," is irrelevant and will confuse the point of focus.

When probative value exceeds prejudicial effect, prior criminal convictions may be admitted. Fed.R.Ev. 609(a)(1). Crimes of dishonesty are relevant. *United States v. Wilson*, 985 F.2d 348, 351 (7th Cir. 1993). A conviction is relevant; who investigated the case is not relevant. The defendant cites no legal basis for including such information in his instruction.

Defendant's Instruction No. 9, Seventh Circuit Pattern Instruction 3.17

The defendant provides Seventh Circuit Pattern Jury Instruction 3.17 to instruct a jury on recorded conversations and transcripts to be used with those recorded conversations. The instruction is basically accurate, but for certain typographical errors. If proper foundation is laid and a recording is admitted, then such an instruction, although perhaps not this precise instruction, should be provided to the jury.

Defendant's Instruction No. 10, Seventh Circuit Pattern Jury Instruction 4.03

The defendant objects to the government's version of Instruction 4.03, regarding unanimity. (Government Instruction No. 16) The defendant does not believe that the government's instruction is sufficiently specific and the defendant may have a point. However, the government objects to the defendant's instruction because it is wrong. The defendant's instruction provides in part:

> The Government need not prove that each and every specific alleged act, in each Count, was committed by the Defendant. However, the government must prove that the Defendant committed a sufficient amount of the alleged acts in each Count for you to find the Government has proved the Defendant sufficiently did what the superseding indictment

claims the Defendant did in each count.

The Committee Comment to 4.03, Unanimity on Specific Acts, provides: "This instruction explains the necessity for unanimity and the nature of unanimity when the government alleges multiple acts but need prove only one." Thus, the defendant's suggestion that the jury must find that the government prove a sufficient "amount" of the alleged acts in each count is incorrect. The government must prove only one specific or overt act. The instruction as presented in the pattern jury instructions, seeks to assure that the jury agrees on at least one specific or overt act to support the crime of which they convict a defendant. The instruction is not intended to direct the jury on the order in which it must review the evidence, as the defendant insists:

> If you unanimously find the defendant finally owed taxes to the United States, then and only then, you must each be unanimous in your decision regarding the act or acts which you find were the steps the defendant took to further either the evasion of the payment of taxes finally owed per Count Two, Four and Five, or evasion of the tax imposed by the Internal Revenue Code per Count Three.

The defendant seeks to direct the jury in its review of the evidence so that the jury only reviews specific acts after a unanimous decision that the defendant owed certain taxes. The Seventh Circuit is not so exacting in its oversight of jury deliberations.

To both compromise and clarify, the government has provided an amended version of Government Instruction No. 16, attached.

<u>Defendant's Instruction No. 11, Seventh Circuit Pattern Jury Instruction 4.04</u>

Defendant's Instruction No. 11 is a version of Seventh Circuit Pattern Jury Instruction 4.04. The instruction provides incorrect information and the government objects.

The Committee Comments to Instruction 4.04 indicate that the instruction is "unnecessary in the average case where no discrepancy exists between the date charged in the indictment and the date suggested by the evidence at trial." Quite possibly, the

4

evidence presented at trial will make this instruction completely unnecessary and irrelevant. Possibly, the government will withdraw the instruction after presentation of evidence is complete. In any case, the defendant's version of the instruction is unrelated to the superseding indictment. Count Two and Count Three cover an expanse of time and neither was complete or alleged to have been completed by the date suggested by the defendant. Both counts include overt acts after the dates on which the defendant asserts the elements of the crime must have been completed. There is no basis for the defendant's assertions.

Further, as the government noted in its trial brief:

> For the offense of tax evasion, the statute of limitations begins to run from the date of the latest act of evasion, not the due date of the taxes. United States v. Ferris, 807 F.2d 269, 271 (1st Cir.1986) citing United States v. Trownsell, 367 F.2d 815 (7th Cir.1966).

The defendant chose a date on which the elements of each crime had to be complete which is apparently a date entirely of his own choosing and unrelated to the charges or the overt acts alleged.

<u>Willfully</u>

<u>Defendant's Instruction No. 12 and Instruction No. 17, Seventh Circuit Pattern Jury Instruction 4.09</u>

Defendant's Instruction No. 12 and Instruction No. 17 both provide a version of Seventh Circuit Pattern Jury Instruction 4.09. The government objects to the defendant's definitions of the word "willfully."

At the time Instruction 4.09 was written, the Seventh Circuit did not provide pattern instructions for tax charges. The Seventh Circuit now provides pattern instructions for Title 26 charges and they are acceptable for both § 7201 and § 7206 charges. For Title 26 U.S.C. § 7201, the Seventh Circuit provides a definition of the word "willfully" at page 409. (Government Instruction No. 24) For 26 U.S.C. § 7206, the

5

Seventh Circuit provides a definition of the word "willfully" at page 421. (Government Instruction No. 21)  The government believes that these definitions should be used by the Court.  The defendant's definitions of the word "willfully" are not the versions suggested by the Seventh Circuit, and the defendant has provided no reason his definitions are more appropriate for this case.  There is no reason under the facts of this case to adopt the defendant's versions of the term, "Willfully".

Good Faith

Defendant's Instruction No. 13, Seventh Circuit Pattern Jury Instruction 6.10 and 6.11

     The government objects to the defendant's version of a "good faith instruction." The defendant's instruction is overly specific.  The defendant in this case is not charged solely with making a false statement on a tax return.  The Seventh Circuit Pattern Jury Instructions provide a good faith instruction more appropriate for tax cases.  This instruction is provided specifically for charges under 26 U.S.C. § 7212, but the instruction cites to *Cheek v. United States*, 498 U.S. 192, 202, 204-06 (1991) and to *United States v. Becker*, 965 F.2d 383 (7th Cir. 1992), both of which include charges under 26 U.S.C. § 7201, as does this case.

     The government would suggest that if the defendant is entitled to a good faith instruction, that the one provided for § 7212 be modified to provide: ". . .he cannot be said to have had the criminal intent to evade tax or the payment of tax. . . ."  Such an instruction is not necessary for a charge under § 7206, for the instruction on the elements of that crime provides: "Fifth, when the defendant made and signed the tax return, the defendant did so willfully and did not believe that the tax return was true, correct and complete as to every material matter."

Defendant's Instruction No. 14 Seventh Circuit Pattern Jury Instruction 26 U.S.C. § 7206 (Materiality)

     The government objects to the defendant's version of materiality for 26 U.S.C. § 7206.  The defendant includes specifics which are unnecessary in such an instruction.

The Seventh Circuit's suggested version of a "materiality" instruction is appropriate and should not be altered for this case.

Defendant's Instruction No. 15, Seventh Circuit Pattern Jury Instruction, 26 U.S.C. § 7201

The government objects to Defendant's Instruction No.15. The instruction includes a fourth and a fifth element for a charge under § 7201 which are not part of the Seventh Circuit Instruction and not required under the statute. The defendant has also inserted language which repeats the requirement of unanimity, already included in the pattern instruction.

The jury instructions as a whole make it clear that any jury decision must be unanimous. However, the government suggests, in compromise, that in government Jury Instruction No. 22, the second element read: "Second, the defendant intended to evade or defeat the ascertainment, assessment, computation or payment of taxes for 1996, and 1997; and..." This version of the instruction will require that the jury find the defendant evaded his taxes for both years, on which point the defendant is correct, but not include an additional element in the offense and thus make the instruction inaccurate. The government attaches an amended version of the Government Instruction No. 22.

Defendant's Instruction No. 16, Seventh Circuit Pattern Jury Instruction 26 U.S.C. § 7201

The government objects to the defendant's version of this instruction on tax evasion for Count Three. The instruction includes a fourth and a fifth element which are not part of the Seventh Circuit Instruction and not required under the statute.

Defendant's Instruction No. 18, Seventh Circuit Pattern Jury Instruction 18 U.S.C. § 1341 &1343

The government objects to the defendant's definition of "scheme," as it is overtly wrong. A scheme is not a "plan or course of action formed with the intent to accomplish the illegal purpose of income tax evasion." A scheme is defined as "a plan or course of action formed with the intent to accomplish some purpose." (Seventh Circuit Pattern

Jury Instruction, 18 U.S.C. § 1341 & § 1343)  As the government is aware that this Court provides a copy of the indictment to the jury, there is no need to constantly inform the jury that they must not consider facts alleged in one count for determination of another count.  Seventh Circuit Pattern Jury Instruction 4.03 is intended to prevent reliance on overt acts from one count to determine another count.  It is also intended to insure unanimity as to at least one overt act.  The government attaches a revised version of the instruction that will, perhaps, allay some of the defendant's fears.  However, it is improper to constantly note in instruction after instruction exactly how the jurors should consider the evidence.  The jurors should be free to consider the evidence and the Seventh Circuit Pattern Jury Instructions are intended to assist in the process.

<u>Defendant's Instruction No. 19, Seventh Circuit Pattern Jury Instruction 18 U.S.C. § 1343, Intent to Defraud</u>

The government objects to the defendant's version of "intent to defraud."  The definition the defendant provides is not in the pattern instructions.  The pattern instruction provide definitions that cover this issue and have been found acceptable in this circuit.  (See: Government Instructions No. 23 and 24)

<u>Defendant's Instruction #20, Seventh Circuit Pattern Jury Instruction 18 U.S.C. § 1956(a)(1)(B)(i)</u>

The government objects to the defendant's instruction.  The defendant's instruction is not a pattern jury instruction.  The defendant's point that the funds in question had to be derived from the defendant's attempt to evade the payment of income taxes is not accurate.  The funds in question have to be derived from a wire fraud, as is stated in Government Instruction No. 34 and No. 35 and as is charged in the superseding indictment in Counts Six and Seven.

<u>Money Laundering</u>

<u>Defendant's Instruction No. 21 and 23</u>

The government objects to both of the defendant's instructions numbers 21 and

23.[1] The defendant's instructions are incorrect. The defendant does not have to know that he was laundering funds from a particular illegal activity, only that the funds involved proceeds from some illegal activity. *United States v. Marzano*, 160 F.3d 399, 400-01 (7th Cir. 1998) (did not matter whether defendant thought funds came from illegal drug dealing or embezzlement). *See also: United States v. Smith*, 223 F.3d 554, 576 (7th Cir. 2000).

The illegal activity giving rise to the money laundering is separate from the money laundering offense; put differently, the government must show action separate from the criminal acts that produced the proceeds. Because the government does not have to trace the proceeds to a particular sale or link the proceeds to a particular act, *United States v. Mankarious*, 151 F.3d 694, 702 (7th Cir. 1998), United States v. Jackson, 983 F.2d 757 (7th Cir. 1993), it may convict a defendant even if the jury acquits him of the underlying crime. See: *United States v. Mankarious*, 151 F.3d at 702 (jury can find that a different mailing from the one charged was the source of the illegal proceeds); *United States v. Jackson*, 983 F.2d at 766-67 (circumstantial evidence and reasonable inferences can satisfy predicate act element of money laundering.)

        Respectfully submitted,

        JAN PAUL MILLER
        United States Attorney

        s/ Hilary W. Frooman
        HILARY W. FROOMAN
        Assistant United States Attorney
        United States Attorney
        201 S. Vine, Suite 226
        Urbana, Illinois 61802
        217/373-5875
        FAX: 217/373-5891
        hilary.frooman@usdoj.gov

---

[1]The defendant did not submit an instruction number 22.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 14, 2005 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jerold W. Barringer, Attorney at Law, P.O. Box 213, Nakomis, IL 62705 jwbarringer@consolidated.net

s/ Hilary W. Frooman
HILARY W. FROOMAN
Assistant United States Attorney
United States Attorney
201 S. Vine, Suite 226
Urbana, Illinois 61802
217/373-5875
FAX: 217/373-5891
hilary.frooman@usdoj.gov
