COUNTS 2, 3, 4, AND 5, OF THE SUPERSEDING INDICTMENT, ALLEGE THAT THE DEFENDANT COMMITTED CERTAIN SPECIFIC ACTS.  THE GOVERNMENT NEED NOT PROVE THAT EACH AND EVERY SPECIFIC ACT ALLEGED IN EACH COUNT WAS COMMITTED BY THE DEFENDANT.  HOWEVER, THE GOVERNMENT MUST PROVE THAT THE DEFENDANT COMMITTED AT LEAST ONE OF THE SPECIFIC ACTS ALLEGED IN EACH COUNT.  IN ORDER TO FIND THAT THE GOVERNMENT HAS PROVED THE DEFENDANT COMMITTED A SPECIFIC ACT, THE JURY MUST UNANIMOUSLY AGREE ON WHICH SPECIFIC ACT THAT DEFENDANT COMMITTED.

FOR EXAMPLE, IN COUNT TWO, IF SOME OF YOU FIND THE DEFENDANT LIQUIDATED INVESTMENTS HE OWNED AND DEPOSITED THOSE FUNDS TO THE CLAY CITY BANK ACCOUNT OF PATRIDGE ASSET MANAGEMENT TRUST AND HE THEN MOVED THOSE FUNDS TO A "HIDDEN" OFFSHORE ACCOUNT, AND THE REST OF YOU FIND THE DEFENDANT TRANSFERRED ALL DOCUMENTS ASSOCIATED WITH EXEMPT SERVICES COMPANY, LTD., TRUSTEE FOR BOTH EBBA INTERNATIONAL TRUST AND CONVENTUS GLOBAL TRUST, TO BELMOPAN, BELIZE, THEREBY PLACING THE DOCUMENTS OUTSIDE THE REACH OF THE IRS AND INSURING THAT THE DOCUMENTS WERE UNAVAILABLE FOR IRS REVIEW, THEN THERE IS NO UNANIMOUS AGREEMENT ON WHICH ACT HAS BEEN PROVED. ON THE OTHER HAND, IF ALL JURORS FIND THE DEFENDANT EXERCISED HIS OPTION AND REQUESTED A COLLECTION DUE PROCESS HEARING TO DELAY AND PREVENT ENFORCED COLLECTION ACTION, TO GAIN TIME TO SPEND THE MONEY HE HAD PLACED IN SKNA NATIONAL BANK, AND TO DELAY AND PREVENT IRS

DISCOVERY THAT THE MORTGAGE FILED ON OCTOBER 4, 2000 ON 108 W. SOUTH FIRST STREET, STRASBURG, ILLINOIS, WAS, IN FACT, CONTROLLED BY HIMSELF, THE DEFENDANT, THEN THERE IS UNANIMOUS AGREEMENT.

GOVERNMENT INSTRUCTION NO.  16 , 1st Amendment

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION NO. 4.03