E-FILED
Monday, 18 April, 2005  10:52:07 AM
Clerk, U.S. District Court, ILCD

**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,**     ) | |
| ) | |
| **Plaintiff,**     ) | |
| v.     ) | Case No. 04-CR-20031 |
| ) | |
| **DENNY R. PATRIDGE,**     ) | |
| ) | |
| **Defendant.**     ) | |

## **ORDER**

This case is before the court for ruling on various pending motions prior to the date set for jury trial. Following this court's careful review of the arguments of the parties, this court rules as follows: (1) Defendant's Second Motion to Dismiss Counts Two and Three (#63) is DENIED; (2) Defendant's Second Motion to Dismiss Counts Four through Seven (#71) is DENIED; (3) Defendant's Motion to Reconsider Order Regarding Jury Trial on All Facts (#68) is DENIED; and (4) the Government's Motion to Amend First Amended Witness List (#75) is GRANTED. This case remains scheduled for a final pretrial conference on May 27, 2005, and a jury trial to commence on June 13, 2005.

### I. MOTIONS TO DISMISS

#### A. BACKGROUND

In this case, this court has already ruled on numerous motions attacking the sufficiency of the indictment. On July 28, 2004, Defendant filed a Motion for Bill of Particulars (#13). This court entered an Order (#17) on August 17, 2004. This court rejected Defendant's argument that more information was needed and concluded that "the 20-page indictment filed in this case is clearly adequate to apprise Defendant of the charges against him so that he can prepare for trial."

On September 1, 2004, a 22-page Superseding Indictment (#18) was filed in this case. On

September 28, 2004, Defendant filed a Motion to Dismiss Count Two (#29), a Motion to Dismiss Count Three (#22), a Motion to Dismiss Counts Four and Five (#24), and a Motion to Dismiss Counts Six and Seven (#26). On November 10, 2004, this court entered a 15-page Order (#36) which carefully considered all of Defendant's arguments attacking the sufficiency of the Superseding Indictment. This court carefully reviewed all of the Counts of the Superseding Indictment challenged by Defendant and considered whether they adequately set out the elements of the offenses charged. This court pointed out that, in ruling on a pretrial motion to dismiss, all that was at issue was whether the indictment was sufficient to charge an offense. This court declined to adopt Defendant's hypertechnical arguments regarding the insufficiency of the charges. After this court's careful and thorough review, all of Defendant's Motions to Dismiss (#29, #22, #24, #26) were DENIED.

On November 2, 2004, Defendant filed a Motion to Dismiss Counts One through Seven for Perjury and Prosecutorial Misconduct before Grand Jury (#33) and a Memorandum in Support (#34). Defendant argued that the Superseding Indictment against him should be dismissed because it was obtained by prosecutorial misconduct in that the prosecutor deliberately and intentionally presented perjured testimony, false testimony and misleading testimony to the grand jury. Because of the very serious nature of the charges made in Defendant's Motion, this court allowed the Government until December 3, 2004, to file its Response. The Government subsequently filed its Response, under seal (#49).

On December 7, 2004, this court entered an Order (#51) which, among other things, DENIED Defendant's Motion to Dismiss Counts One through Seven for Perjury and Prosecutorial Misconduct before Grand Jury (#33). This court again concluded that the Superseding Indictment was facially valid and supported by sufficient evidence to sustain the indictment. This court further

found that Defendant had fallen far short of establishing that dismissal of the indictment was warranted in this case. This court further noted that, in its Response, the Government stated that the allegations made by Defendant were "reckless, frivolous and nothing less than insulting" and that Attorney Barringer's "motion is an ad hominem attack that is entirely malicious." This court stated that it tended to agree. This court declined to order any sanctions but noted that sanctions clearly may be warranted if Defendant continued to file documents including unsupported allegations of misconduct.

### B.  CURRENT MOTIONS

Apparently undaunted by this court's repeated denials of his Motions to Dismiss and this court's repeated findings that the Superseding Indictment is facially valid, Defendant filed a Second Motion to Dismiss Counts Two and Three (#63), with a Memorandum in Support (#64), and a Second Motion to Dismiss Counts Four through Seven (#71), with a Memorandum in Support (#67). The Government filed its Response (#74) on March 21, 2005.

This court has again carefully reviewed the Superseding Indictment and, again, concludes that it is sufficient and facially valid. This court agrees with the Government that the fact that Count Two alleges that Defendant attempted to evade, or did evade, payment of taxes due for the calendar years of 1996 and 1997 does not require dismissal. This court agrees that, as long as two or more acts can be characterized as part of a single continuing scheme, they may be charged in a single count in an indictment. See United States v. Pavloski, 574 F.2d 933, 936 (7th Cir. 1978); see also United States v. Brimberry, 961 F.2d 1286, 1289 (7th Cir. 1992) (charging the defendant with evasion of payment of over $19 million in federal income taxes assessed against her for the years 1975 through 1981 in a single count). This court also concludes that Defendant's remaining arguments are similar to arguments already rejected by this court and agrees with the Government

that the arguments are completely without merit. Accordingly, Defendant's Second Motion to Dismiss Counts Two and Three (#63) and Second Motion to Dismiss Counts Four through Seven (#71) are DENIED.

## II. MOTION TO RECONSIDER ORDER

On March 1, 2005, Defendant filed a Motion to Reconsider Order Regarding Jury Trial on All Facts (#68) and a Memorandum in Support (#69). The Government filed its Response (#74) to this Motion on March 21, 2005.

In his Motion and Memorandum, Defendant argues that this court should reconsider its ruling which, in response to a request from the Government, struck the "special findings" included in the Superseding Indictment and its ruling that, pursuant to United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), the United States Sentencing Guidelines are advisory rather than mandatory. This court notes that Defendant's argument is extremely convoluted and hard to follow. Defendant seems to be arguing that Booker should not be applied to his case because this would amount to a violation of the ex post facto clause of the United States Constitution. According to Defendant, the law applicable to his case requires that the Sentencing Guidelines are mandatory and that all facts which could increase the length of his sentence must be alleged in the indictment and found by the jury at trial beyond a reasonable doubt. Defendant then reaches the rather astounding conclusion that no sentence longer than six months could be constitutionally imposed on him.

This court concludes that, in essence, Defendant is arguing that the first part of the Booker decision applies to him, the part that held that the decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), applies to the United States Sentencing Guidelines, but the second part, the part that held that the Sentencing Guidelines are advisory and not mandatory, does not. Obviously, Defendant cannot have it both ways.

4

This court agrees with the Government that Booker clearly applies to this case, in its entirety. A decision of the United States Supreme Court regarding the Sentencing Guidelines clearly applies to cases currently pending before this court. See Booker, 125 S. Ct. at 769 (district court should impose a sentence in accordance with today's opinions). In McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005), the Seventh Circuit determined that Booker does not apply retroactively to cases which became final before its release on January 12, 2005. McReynolds, 397 F.3d at 481. In making this determination, the Seventh Circuit set out its understanding of how Booker should be applied. The Seventh Circuit stated:

> Booker does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has become flexible in application.

McReynolds, 397 F.3d at 281.

If Defendant is found guilty of any of the charges against him following his jury trial, this court will impose a sentence in a manner consistent with the Booker and McReynolds decisions. Accordingly, Defendant's Motion to Reconsider Order Regarding Jury Trial on All Facts (#68) is DENIED.

### III. MOTION TO AMEND FIRST AMENDED WITNESS LIST

On March 22, 2005, the Government filed a Motion to Amend First Amended Witness List (#75). The Government stated that it wanted to add one possible additional witness, Richard

Bressler, IRS, Champaign, to its Amended Witness List (#62). Defendant has not filed a Response to this Motion, so this court presumes Defendant has no objection. Accordingly, the Government's Motion to Amend First Amended Witness List (#75) is GRANTED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Second Motion to Dismiss Counts Two and Three (#63) is DENIED.

(2) Defendant's Second Motion to Dismiss Counts Four through Seven (#71) is DENIED.

(3) Defendant's Motion to Reconsider Order Regarding Jury Trial on All Facts (#68) is DENIED.

(4) The Government's Motion to Amend First Amended Witness List (#75) is GRANTED.

(5) This case remains scheduled for a final pretrial conference on May 27, 2005, and a jury trial to commence on June 13, 2005.

ENTERED this 18th day of April, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF JUDGE