**E-FILED**
Wednesday, 25 May, 2005  11:22:06 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

UNITED STATES OF AMERICA,

v.                                                      Case No.   CR (

DENNY R. PATRIDGE

DEFENDANT'S RESPONSE IN OPPOSITION TO GOVER
MOTION TO EXCLUDE DEFENDANT'S EXHIBIT

Denny Patridge, by and through his attorney, Jerold Barringe

response in opposition to the government's Motion to Exclude Def

Exhibits and responds as follows:

The Government claims that some of the exhibits "violate th

previous ruling on the Government's Motion in Limine®.51) and c

apparent relevancy to the trial issues and the government questions

ability to lay foundation for certain exhibits." *Motion @ 2, para.3*

claim made by the Government is that "some exhibits should be ex

they do not directly violate the Court's ruling." *Motion @ 3, para.*

In its Motion the Government also claims that "Testimony, v

documents relating to alternative interpretations of the tax laws mu

*3, para. 6*   To support this claim the Government directs this Cour

holding in *U.S. v. Willie*, 941 F. 2d 1384, 1392 (10th Cir. 1991) wh

Willie, an Indian Native had attempted at trial to introduce "exhibi

basis for his belief that he was not required to file tax returns."   Th

Willie was for violating section 7203 wherein Willie did not file ta

claimed the law did not apply to him.  The exhibits in question inc

Constitution, a History of Congress dated 1792, pages of the sessic

Navajo Treaty, the Coinage Act of 1965, and letters from the defer

Departments of Justice and the Treasury setting forth Willie's cont

tax laws do not apply to him."

In the instant case against Mr. Patridge there is no issue or d

Mr. Patridge's beliefs that the law did not apply to him or that he v

to file a tax return because of his beliefs that the law did not apply

With regard to relevancy all that should be showed is that th

proper purpose for the Jury to decide the dispute of the matter rega

elements of the crime.

Defendant would agree that when a person claimed he omitt

returns, and that claim is based upon a misunderstanding of the tax

test for the jury to decide.  Each of the cases the government cites

willful failure to file tax returns under section 7203 and not the inn

invention the Government alleges through the Grand Jury's superc

indictment.

The Government seems to be arguing that on the one hand if

what the Defendant truly relied upon then this evidence should be

introducing "whole tracts, books and videotapes which discuss the

beliefs" should not be allowed simply because "it would be terribly

consuming, confusing to a jury and would still not indicate exactly

defendant himself believed."  *Motion @ 6, paragraph 12*

Defendant does not object generally to the Government's un

what is Good Faith as a defense.  The only aside  to that is that the

by the Government involve the willful omission of not filing tax re

case against Defendant it is a commission crime of willfully filing

return, willfully evading the payment of taxes in the year  2000 for

and 1997 and willful evasion of the tax imposed for calender year

three of these charges, the government claims the Defendant took s

willfully failed to take steps.  The closest the Government gets is i

tax return.

The Government makes the startling statement on page 13 th

defendant obviously disagrees the tax laws." *Paragraph 29* What

laws is the Government referring?

The first items the Government wishes excluded are the FOI

"submitted by attorneys and by himself." If the FOIA were submi

"attorney" on behalf of the "attorney's" client then such evidence g

of the matter asserted and should be allowed in under the Governm

of the reliance defense explained at length in their own Motion. A

evidence comes in for Counts One, Two, or Three and if Two, ther

and Seven, this depends on which theory the Government intends t

case in chief to the trial jury.

Under its "Agency Relationship" the Government argues tha

made by the attorney for the Defendant are "hearsay" and "self-ser

where a Defendant had an attorney-client relationship with an atto

representing him. Other than this point made by the Government,

confused as to what value the issue has for the Court to consider w

directly to a specific letter or statement made by an attorney. Witl

which may be needed to be  introduced to the Jury at trial.   If the G

going to ask for a specific showing then they must come forward w

evidence they claim fits within their arguments or objections regar

statements.

Rule 16 requires "disclosure" only of those issues listed wit

The Government does not direct to any violation of this rule by De

counsel.   If the Government is looking for foundation regarding th

the Defendant then it must wait until after it has put on its case in c

Nothing under rule 16 or any other rule requires the Defendant to g

Government notice as to how the Defendant intends to defend the

contained within the indictment.

So, as to those documents not given to the Government beca

obviously already have them, there is no rule violation and thus the

the Defendant's counsel is meritless.

As to the claim that any of the Discovery given to the Gover

"violates" the Court's Limine Order on points 1, 3 and 4, the Gove

to no specific tendered exhibit that directly or indirectly would vio

they were presented before the jury.   There is not any chance the D

As to the third issue whether the evidence is relevant but les

more prejudicial, the Government only explains that the Court is th

law and the jury should not hear what someone told, or did to, or fo

Defendant because that claim of the law may be different than the

Court instructs.   How does the Government know what the Court

the law is or is not?   How does the Court know whether the advice

taken for and given to the Defendant are erroneous conclusions?

matters for trial and whether something is or is not probative will b

what the Government raises.  It is premature for the Government to

Court to order the Defendant to tell the  Government what the Defe

in multiple situations at trial.   If the Government is still unaware o

to call its "case in chief" then it is only speculating as to what defe

Defendant will present.    Fortunately, the Defendant is not require

Government as to his defenses.

The Government has not made any claim in its "motion" tha

is in violation of any part of Rule 16 nor have they filed any "mem

support of the claim they did not make.  If this Court chooses to lo

substance instead of the form only, the Defendant would request th

Defendant's Exhibits" until a specific time where that specific issu

adjudged as to having a supportable foundation or relevance.   Oth

be putting the cart before the horse.

WHEREFORE, the Defendant respectfully requests this Cou

Government's multiple requests in their Motion to Exclude Defend

or in the alternative, hold in abeyance ruling on the matter until suc

issues related to each exhibit arise at trial.


Respectfully Submitted

/s/ Jerold Barringer
Jerold Barringer
Attorney at Law
P.O. Box 213
Nokomis Illinois 62075
217-563-2646

CERTIFICATE OF SERVICE


I HEREBY CERTIFY THAT a true and correct copy of Def

Response in Opposition to the Government's Motion to Exclude E

electronically emailed on May 25, 2005 through the Court's Electr

Notification System to:


Hilary W. Frooman
hilary.frooman@usdoj.gov
U.S. Assistant Attorney
201 South Vine
Urbana, Illinois 61801
217-373-5875


/s/ Jerold Barringer