# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CR04-20031 |
| DENNY R. PATRIDGE, | ) |
| Defendant. | ) |

### UNITED STATES' MOTION IN LIMINE REGARDING DEFENSE ARGUMENT TO CHALLENGE INTERNAL REVENUE SERVICE AUTHORITY

The United States of America by its attorneys, Jan Paul Miller, United States Attorney, Central District of Illinois, Hilary W. Frooman, Assistant United States Attorney for the Central District of Illinois, and Lea A. Carlisle, Trial Attorney for the Department of Justice, Tax Division, files the within Motion In Limine and hereby respectfully requests that the Court preclude the defendant from presenting at trial legal arguments, as described below, which are irrelevant, and/or would invade the Court's province in instructing the jury with regard to the law.

In support of its position, the United States offers the following points and authorities.

### POINTS AND AUTHORITIES

I.  THE INDICTMENT

In brief sum, the indictment is based upon facts discovered in an investigation which revealed and included the following actions taken by the defendant: The defendant established entities he termed "trusts." The defendant filed tax returns for 1996, 1997 and 1998 which purported to distribute income earned by the defendant to the "trust" entities. Funds the defendant earned were ultimately placed under the name of a "trust" in an account in Antigua; no taxes were paid on these funds. The defendant failed to file a tax return for his personal earnings for the 1999 tax year.

The defendant established a nominee corporation, Minetta, Inc. After the IRS notified the defendant that the IRS might place a lien on his property if he failed to pay taxes due and owing, the defendant made it appear that he had obtained a loan from Minetta, Inc. and collateral for the loan was the defendant's home. The money the defendant obtained from Minetta, Inc. in the form of a "loan" was actually the defendant's own money. The lien on the defendant's property was filed after the IRS informed the defendant it might place a lien on his property if he did not pay taxes due and owing. The defendant caused Minetta to place a lien on his property before the IRS could act to place a lien on his property. Minetta therefore appeared to have a first lien. The defendant transferred funds out of the United States by wire and the defendant caused funds to be transferred back to the United States by wire. Some of the wired funds were those "loaned" by Minetta, Inc. to the defendant and thus were those establishing the basis for the lien on the defendant's home.

The "trusts" the defendant established were used to confuse the IRS and make it difficult to trace his income. The nominee corporation was established to confuse the IRS, make it difficult to trace defendant's income, and make it appear that a lien prior to the IRS lien existed on defendant's home and vehicles.

II.     DEFENDANT SHOULD BE PRECLUDED FROM OFFERING LEGAL ARGUMENT WHICH IS IRRELEVANT AND WOULD INVADE THE COURT'S PROVINCE OF INSTRUCTING THE JURY REGARDING THE LAW

It is anticipated, from a trial subpoena the defendant issued to a former low-level IRS employee[1] and from a review of the case as it has developed, that the defendant may attempt to present a defense challenging the IRS' authority to levy taxes.

---

[1] The government will file a Motion to Quash Subpoenas Deuces Tecum based on the unreasonable and oppressive nature of the defendant's subpoenas.

Under the Federal Rules of Criminal Procedure, the court must act as the jury's sole source of the law. Fed. R. Crim P. 30. In addition, relevant statutes and regulations demonstrate that the Secretary of the Treasury has the power to levy taxes, and that such power can be delegated to local IRS agents. Under 26 U.S.C. § 6301, "[t]he Secretary shall collect the taxes imposed by the Internal Revenue Laws." The actual task of collecting the taxes is delegated to local IRS directors under 26 C.F.R. § 301.6301-1. District directors are then authorized to "redelegate the levy power to lower level officials such as collection officers." *Hughes v. United States*, 953, F.2d 531, 536 (9th Cir. 1992). *See also* IRS Delegation Order 191. "The delegation of authority down the chain of command, from the Secretary, to the Commissioner of Internal Revenue, to local IRS employees constitutes a valid delegation by the Secretary to the Commissioner, and a redelegation by the Commissioner to the delegated officers and employees." *Hughes,* at 536. *See also* 26 C.F.R. § 301.7701-9.

On May 23, 2005, defendant served V. Boyd, a former low-level IRS employee, with a Trial Subpoena commanding her to appear to testify at defendant's trial. The subpoena also commanded Ms. Boyd to bring with her the following:

(1) Any and all documents, papers, notes, records, recordings, held in either printed original form, by you, reprinted from your computer, or otherwise held in you [sic] possession in any other readable, legible or other format, regarding your participating and involvement in the matter of the federal tax liability and other Internal Revenue Service issues related to Denny R. Patridge, individually and as trustee. The time period for this request is from 1-1-1996 through 6-13-2005; the tax years involved are 1996, 1997, 1998 and 1999;

(2) Any documents authorizing you to participate as a revenue agent involving the federal tax matters of Denny R. Patridge [sic] while a criminal investigation was ongoing involving Denny R. Patridge and

3

those same federal tax matters from 1-1-96 through 12-31-04;

(3) Any and all documents you relied upon in your examination that resulted in your issuance of the two Notice [sic] of Deficiencies to Denny R. Patridge and Patridge Asset Management Trust dated January 27, 2000 for years 1996 and 1997 SS # . . . and EIN # . . . .

Based on defendant's requested documents, it is evident that defendant intends to question Ms. Boyd regarding her authority to perform her job duties with regard to the actions she took in defendant's case. Ms. Boyd is not on the government's witness list and played a *de minimus* part in defendant's case. Essentially, her only involvement arises from the appearance of her name as "V. Boyd" listed in the top right-hand corner under the caption "Person to Contact" on two letters entitled "Notice of Deficiency" sent to defendant on January 27, 2000 regarding both his personal tax liability and the tax liability of Patridge Asset Management Trust for the tax years 1996 and 1997.

Both Notices of Deficiency describe to defendant how to properly protest the deficiencies by petitioning the U.S. Tax Court within 90 days of the letter and other procedural information. In addition, both Notices state on page 3: "The contact person can access your tax information and help you get answers." Furthermore, the Notice regarding the deficiency of Patridge Asset Management Trust states on page 2: "If you have questions about this letter, you may write or call the contact person whose name, telephone number, and IRS address are shown on the front of this letter [referring to V. Boyd]." Ms. Boyd did not purport to sign these Notices; rather they are signed on behalf of Charles O. Rossotti, IRS Commissioner, by William L. Thompson, IRS District Director. Her sole duty was to provide defendant information were he to have questions about these Notices. Using Ms. Boyd in defendant's quest to harass the IRS and go on a discovery or fishing expedition within two weeks of trial is improper and ridiculous. Not only has defendant already received all appropriate and relevant

4

documents in discovery, but furthermore, as described above, defendant's overtures that Ms. Boyd or any other IRS employee does not have authority to perform their job duty is patently frivolous.

Courts in cases too numerous to cite have recognized the IRS' collection authority, as well as the delegation authority given to the Secretary of the Treasury; these authorities are well-established and have been repeatedly accepted. As such, defendant's attempt to present a defense that the IRS lacks authority to levy and assess taxes upon him is frivolous and irrelevant, and the government respectfully requests this Court bar defendant from such an argument so blatantly designed to unduly harass the IRS and mislead the jury.

The defendant also appears to be intending to burden the jury with legal arguments that should have been presented to this Court in the form of motions to suppress or dismiss prior to trial. The defendant's subpoena to S/A Bernard Coleman requesting documentation of his misuse of civil revenue agents in the criminal investigation suggests where the defendant is headed.

The government's Motion to Quash quotes several paragraphs from the subpoenas issued to the persons who performed the IRS audits of the defendant's taxes. Based on such requests as the following from the subpoena served upon Revenue Agent Miller:

> (2) Any documents authorizing you to participate as a revenue agent involving the federal tax matters of Denny R. Patridge while a criminal investigation was ongoing involving Denny R. Patridge and those same federal tax matters from 1-1-96 through 12-31-04;
> (3) Any and all documents regarding your transfer of your investigation results to--- Boyd,[2] for years 1996 and 1996 on SS # --- and EIN # 37-633449.
> (4) Any documents which specifically assigned you to the matters involving internal revenue taxes of Denny

---

[2] To protect the witness, the government is not using her full name or employee ID number. Neither is the government including the defendant's social security number.

R. Patridge and Patridge Asset Management Trust.

It is clear the defendant will attack the authority of the IRS. The defendant has also clearly determined that the IRS acted improperly and misused civil investigative process in a criminal case. There is no evidence of such impropriety and it never occurred.

A civil IRS summons issued solely for criminal purposes is not issued in good faith. *United States v. LaSalle National Bank*, 554 F.2d 302 305 (7th Cir. 1977) However, civil and criminal investigations may go forward side by side before a determination of the ultimate focus of the investigation is made. *Id*.

The defendant has never alleged that he was misled by the "apparent" nature of the IRS investigation into making statements or providing evidence. The defendant has never made a motion to suppress based on certain misunderstandings of the nature of the investigation. The defendant has never made a motion to dismiss the entire indictment or even one count of the charges against him due to his misunderstanding of the investigation. The defendant must show "affirmative misleading" before the Court would be required to exclude evidence. *United States v. Kontny,* 238 F.3d 815, 819 (7th Cir. 2001); *United States v. Peters*, 153 F.3d 445, 456-57(7th Cir. 1998).

There is no basis for the defendant's insinuation that the criminal agent misused civil revenue agents to gather information. Even had the defendant a basis for his allegation, the failure of an IRS agent to terminate a civil investigation when the agent has obtained firm indications of fraud, as required by IRS regulations, does not, without more, establish inadmissibility of evidence. *United States v. Kontny*, 238 F.3d 815, 819 (7th Cir. 2001). For that reason, either the defendant should produce firm evidence to show an impropriety so the Court can review the evidence in a Motion to Suppress, or the defendant should not be allowed to question witnesses on the point before the jury.

The defendant hopes to attack the IRS despite a lack of evidence to support his claims and allegations. If evidence existed to support such claims as the defendant makes, the government would have been required under *Brady* to turn such information over. The parties would then, no doubt, have had a hearing on a motion to suppress. The defendant did not wish the Court to rule on his motion. The defendant desires, instead, to confuse the jury with unfounded allegations against the IRS. Further, the defendant has waited until the week of the final pretrial conference to reveal his "suspicions" to the government. Had there been a basis for such claims, there is no doubt that both the Court and the government would have been aware of the claims before now. It is possible that the defendant simply wants to divert the government from its own final preparation. Certainly, the defendant is aware of the government's attempts to be cooperative and provide everything to which the defendant was entitled, and more. The government has provided discovery throughout. Both the case agent and government attorney met with the defendant and defense counsel to answer questions and make certain the defendant had the records he believed he wanted.

WHEREFORE, evidence of the following frivolous arguments should be carefully scrutinized by the Court to insure that jury confusion does not occur.

1. The IRS had no authority to issue notices which acted as warnings of its intent to levy on the defendant's property if the defendant failed to pay taxes assessed.

2. The criminal agent improperly used a civil revenue agent to obtain evidence in the criminal case.

      3.  The revenue agents who performed audits on the defendant's taxes had no authority to perform audits.

                                            Respectfully submitted,

                                            JAN PAUL MILLER
                                            United States Attorney

                                            s/ Hilary W. Frooman
                                            HILARY W. FROOMAN
                                            Assistant United States Attorney
                                            United States Attorney
                                            201 S. Vine, Suite 226
                                            Urbana, Illinois 61802
                                            217/373-5875
                                            FAX: 217/373-5891
                                            hilary.frooman@usdoj.gov

                                            s/Lea A. Carlisle
                                            LEA A. CARLISLE, TX Bar# 24031793
                                            Trial Attorney, Tax Division
                                            United States Department of Justice
                                            lea.carlisle@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on November 12, 2004, I electronically filed the foregoing United States' Motion in Limine Regarding Defense "Evidence" and Argument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Carol Dison, 508 S. Broadway, Urbana, Illinois 61801 and Jerold Barringer , 102 S. Pine, P.O. Box 213, Nokomis, IL 62075.

                                              s/ Hilary W. Frooman
                                              HILARY W. FROOMAN
Assistant United States Attorney
United States Attorney
201 S. Vine, Suite 226
Urbana, Illinois 61802
217/373-5875
FAX: 217/373-5891
hilary.frooman@usdoj.gov