**E-FILED**
Thursday, 26 May, 2005  06:07:22 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

UNITED STATES OF AMERICA,

v.                                    Case No.   CR 04-20031

DENNY R. PATRIDGE

## **DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO EXCLUDE DEFENDANT'S EXHIBITS**

Denny Patridge, by and through his attorney, Jerold Barringer, files his response in opposition to the government's Motion to Exclude Defendant's Exhibits and responds as follows:

The Government claims that some of the exhibits "violate the Court's previous ruling on the Government's Motion in Limine®.51) and others "have no apparent relevancy to the trial issues and the government questions the defendant's ability to lay foundation for certain exhibits." *Motion @ 2, para.3*   The final claim made by the Government is that "some exhibits should be excluded even i[t] they do not directly violate the Court's ruling." *Motion @ 3, para. 6*

In its Motion the Government also claims that "Testimony, videotapes, or documents relating to alternative interpretations of the tax laws must be carefully analyzed to determine the purpose for which they are being offered." *Motion @*

1

*3, para. 6*   To support this claim the Government directs this Court to consider the holding in *U.S. v. Willie*, 941 F. 2d 1384, 1392 (10th Cir. 1991) wherein Mr. Willie, an Indian Native had attempted at trial to introduce "exhibits to show the basis for his belief that he was not required to file tax returns."   The case against Willie was for violating section 7203 wherein Willie did not file tax returns and claimed the law did not apply to him.  The exhibits in question included " the Constitution, a History of Congress dated 1792, pages of the session laws, a Navajo Treaty, the Coinage Act of 1965, and letters from the defendant to the Departments of Justice and the Treasury setting forth Willie's contentions that the tax laws do not apply to him."

In the instant case against Mr. Patridge there is no issue or dispute regarding Mr. Patridge's beliefs that the law did not apply to him or that he willfully failed to file a tax return because of his beliefs that the law did not apply to him.

With regard to relevancy all that should be showed is that the evidence has a proper purpose for the Jury to decide the dispute of the matter regarding the elements of the crime.

Defendant would agree that when a person claimed he omitted to file tax returns, and that claim is based upon a misunderstanding of the tax laws, the five part test announced in Powell, Barnett and Willie would begin the crucial question

test for the jury to decide.  Each of the cases the government cites  regard the willful failure to file tax returns under section 7203 and not the innovative invention the Government alleges through the Grand Jury's superceding indictment.

The Government seems to be arguing that on the one hand if the evidence is what the Defendant truly relied upon then this evidence should be admitted.  BUT introducing "whole tracts, books and videotapes which discuss the basis for his beliefs" should not be allowed simply because "it would be terribly time-consuming, confusing to a jury and would still not indicate exactly what the defendant himself believed."  *Motion @ 6, paragraph 12*

Defendant does not object generally to the Government's understanding of what is Good Faith as a defense.   The only aside  to that is that the cases quoted by the Government involve the willful omission of not filing tax returns, and in the case against Defendant it is a commission crime of willfully filing a false tax return, willfully evading the payment of taxes in the year  2000 for tax year 1996 and 1997 and willful evasion of the tax imposed for calender year 1999.   In all three of these charges, the government claims the Defendant took steps and not willfully failed to take steps.   The closest the Government gets is in Count Three where part of the evasion theory is alleged to include the failure to file the 1999

tax return.

The Government makes the startling statement on page 13 that "The defendant obviously disagrees the tax laws."  *Paragraph 29* What specific tax laws is the Government referring?

The first items the Government wishes excluded are the FOIA requests "submitted by attorneys and by himself."   If the FOIA were submitted by the "attorney" on behalf of the "attorney's" client then such evidence goes to the fact of the matter asserted and should be allowed in under the Government's analysis of the reliance defense explained at length in their own Motion.  As to whether the evidence comes in for Counts One, Two, or Three and if Two, then Four, Five, Six and Seven, this depends on which theory the Government intends to offer in their case in chief to the trial jury.

Under its "Agency Relationship" the Government argues that statements made by the attorney for the Defendant are "hearsay" and "self-serving" in cases where a Defendant had an attorney-client relationship with an attorney representing him.   Other than this point made by the Government, Defendant is confused as to what value the issue has for the Court to consider without pointing directly to a specific letter or statement made by an attorney.   Without this identification the Defendant is unable to argue in favor of the particular evidence

4

which may be needed to be introduced to the Jury at trial. If the Government is going to ask for a specific showing then they must come forward with the specific evidence they claim fits within their arguments or objections regarding attorney statements.

Rule 16 requires "disclosure" only of those issues listed within rule 16. The Government does not direct to any violation of this rule by Defendant's counsel. If the Government is looking for foundation regarding the Defense of the Defendant then it must wait until after it has put on its case in chief at trial. Nothing under rule 16 or any other rule requires the Defendant to give the Government notice as to how the Defendant intends to defend the charges contained within the indictment.

So, as to those documents not given to the Government because they obviously already have them, there is no rule violation and thus the claim against the Defendant's counsel is meritless.

As to the claim that any of the Discovery given to the Government "violates" the Court's Limine Order on points 1, 3 and 4, the Government points to no specific tendered exhibit that directly or indirectly would violate this Order if they were presented before the jury. There is not any chance the Defendant will ever advance any of the issues in 1, 3 and 4.

As to the third issue whether the evidence is relevant but less probative and more prejudicial, the Government only explains that the Court is the ruler of the law and the jury should not hear what someone told, or did to, or for, the Defendant because that claim of the law may be different than the law that the Court instructs.   How does the Government know what the Court is going to say the law is or is not?   How does the Court know whether the advice and actions taken for and given to the Defendant are erroneous conclusions?    These are matters for trial and whether something is or is not probative will be based upon what the Government raises.  It is premature for the Government to even ask the Court to order the Defendant to tell the  Government what the Defendant would do in multiple situations at trial.   If the Government is still unaware of what it intends to call its "case in chief" then it is only speculating as to what defense the Defendant will present.    Fortunately, the Defendant is not required to inform the Government as to his defenses.

The Government has not made any claim in its "motion" that the Defendant is in violation of any part of Rule 16 nor have they filed any "memorandum" in support of the claim they did not make.  If this Court chooses to look at the substance instead of the form only, the Defendant would request the Court to hold in abeyance ruling on the issues raised in the Government's "Motion to Exclude

6

Defendant's Exhibits" until a specific time where that specific issue may be adjudged as to having a supportable foundation or relevance.   Otherwise, it would be putting the cart before the horse.

WHEREFORE, the Defendant respectfully requests this Court deny the Government's multiple requests in their Motion to Exclude Defendant's Exhibits, or in the alternative, hold in abeyance ruling on the matter until such time as the issues related to each exhibit arise at trial.


Respectfully Submitted

/s/ Jerold Barringer
Jerold Barringer
Ill. Bar # 06185092
Attorney at Law
P.O. Box 213
Nokomis Illinois 62075
217-563-2646 (fax also)
jwbarringer@consolidated.net

CERTIFICATE OF SERVICE


I HEREBY CERTIFY THAT a true and correct copy of Defendant's

Response in Opposition to the Government's Motion to Exclude Exhibits has been

electronically emailed on May 26, 2005 through the Court's Electronic

Notification System to:


Hilary W. Frooman
hilary.frooman@usdoj.gov
U.S. Assistant Attorney
201 South Vine
Urbana, Illinois 61801
217-373-5875


/s/ Jerold Barringer