E-FILED
Sunday, 05 June, 2005  10:55:17 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

UNITED STATES OF AMERICA,

v.                                    Case No.   CR 04-20031

DENNY R. PATRIDGE

DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED
THROUGH COMPELLED CIRCUMSTANCES

The Defendant, Denny Patridge, by and through his attorney, Jerold Barringer, files his Motion to Suppress Evidence obtained from him through compelled circumstances.

In many instances the evidence being given to the Defendant regarding the Government's case in chief initially appeared through the Government seeking and obtaining said evidence from the Defendant, after the Defendant claimed he had a fifth amendment right not to be compelled to turn over such documents. This was the advice given to the Defendant by his counsel at the time.   The Court, at the Government's request, threatened the Defendant with criminal contempt and contempt if the Defendant did not turn over evidence the Government sought. The Government claimed the Defendant did not have a fifth amendment right

1

regarding the documents they sought because those documents belonged to Trusts and other entities controlled by the Defendant.

The Fifth Amendment says that no person can be compelled to be a witness against himself in any criminal case. "[t]he phrase "in any criminal case" in the text of the Fifth Amendment might have been read to limit its coverage to compelled testimony that is used against the defendant in the trial itself. It has, however, long been settled that its protection encompasses compelled statements that lead to the discovery of incriminating evidence even though the statements themselves are not incriminating and are not introduced into evidence. Thus, a half century ago we held that a trial judge had erroneously rejected a defendant's claim of privilege on the ground that his answer to the pending question would not it-self constitute evidence of the charged offense." *U.S. v. Hubbell*, 530 U.S. 27, 37-38 (2000)

The Supreme Court went on to say:

> "The privilege afforded not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." See *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

A defendant may also be entitled to a *Kastigar* hearing when he provides

evidence that is compelled, for example, under a threat of contempt after the witness invokes the privilege against self-incrimination. Testimony given under compulsion invokes a defendant's constitutional rights against self-incrimination. See *Murphy v. Waterfront Commission*, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964); see also *U.S. v. Eliason*, 3 F.3d 1149 (7th Cir. 1993)

The privilege prohibits "the use of compelled testimony, as well as evidence derived directly and indirectly therefrom." *Kastigar v. United States*, 406 U.S. 441 (1972)406 U.S., at 453.[1] The prohibition of derivative use is an implementation of the "link in the chain of evidence" theory for invocation of the privilege, pursuant to which the "compelled testimony" need not itself be incriminating if it would lead to the discovery of incriminating evidence. See *Hoffman v. United States*, 341 U.S. 479, 486 (1951). See also *Murphy v. Waterfront Comm'n of New York Harbor*, 378 U.S. 52, 79 (1964); *8 J. Wigmore, Evidence* § 2260 (McNaughton rev. 1961) (Wigmore); quoted from *Doe v. U.S.*, 487 U.S. 201, 219 (1988)

Recently, the Government provided evidence that a "specialist" is going to

---

[1] In Kastigar, the Supreme Court held that the federal immunity statute, 18 U.S.C. § 6002, provides a witness protection from prosecution that "is coextensive with the scope of the privilege against self incrimination" under the Fifth Amendment. See *U.S. v. Eliason*, 3 F.3d 1149 (7th Cir. 1993)

testify against the Defendant regarding Trusts claiming that the IRS does not consider the Trusts as a business entity but actually treats the Trust as that of the person to whom controls the Trust. This theory is contrary to the theory the Government advanced in obtaining several of the documents they now claim they intend to introduce by summary with this specialist regarding Trusts.

The only reason the specialist, or any other person, could review the documents regarding the Trust is because the Defendant was compelled to turn those documents over despite the Defendant's fifth amendment claims to the contrary. The Court, over the objection of the Defendant, directed the Defendant to turn over the documents or go to jail during show cause hearings brought by the Government. The basis for this was that since the documents sought by the Grand Jury were from a trust, and not the Defendant, the Defendant did not have any fifth amendment claim of protection.

Now the Government intends to take those very documents compelled from the hands and lips of the Defendant and present them to a summary specialist for her opinion on them. The Government claims the specialist will testify that Trusts cannot own businesses and thus the business would then belong to the individual controlling the trust. This is an improper circumvention of the Fifth Amendment.

Either Trusts are persons and are considered a separate business entity by

the United States Government or they are not.  If they are, they are always and for every instance or matter that arises.   If they are not, then they never were, and the documents compelled by the Government and the Court regarding the show cause hearings held prior to the indictment of the Defendant, if presented at the Defendant's trial, would violate the fifth amendment directly by using evidence compelled from the Defendant against the Defendant in his own trial.

Because the Government cannot have it both ways, but because they have demonstrated they wish for both, this Court should at minimum hold a hearing to determine which evidence the Government intends to use at trial which was either obtained from the Defendant under compelled circumstances, or evidence furnished as a link in the chain of evidence intended to be relied upon by the Government against the Defendant in their case in chief.

                Respectfully Submitted

                /s/ Jerold Barringer
                Jerold Barringer
                Attorney at Law
                Bar # 06185092
                P.O. Box 213
                Nokomis, Illinois 62075
                jwbarringer@consolidated.net
                217-563-2646 (fax also)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of Defendant's Motino to Suppress Evidence has been electronically emailed on June 5, 2005 through the Court's Electronic Notification System to:

Hilary W. Frooman
hilary.frooman@usdoj.gov
U.S. Assistant Attorney
201 South Vine
Urbana, Illinois 61801
217-373-5875

/s/ Jerold Barringer