**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR 04-20031 |
| | ) | |
| DENNY PATRIDGE, | ) | **UNDER SEAL** |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S EX PARTE**
**MOTION FOR PERMISSION TO FILE UNDER SEAL**
**WITH RESPECT TO WITNESS AND COUNSEL**

NOW COMES the United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Hilary W. Frooman, Assistant United States Attorney, and Lea Carlisle, Trial Attorney, Department of Justice, Tax Division, and hereby requests permission to file the attached motion, informing the Court *ex parte* of certain facts regarding a defense witness and the government requests that the Court review the facts *in camera* before determining an appropriate course of action.

1. In support of this motion, the government states that the defense has subpoenaed IRS employees and IRS former employees and has sought discovery directly from these individuals.

2. Title 26 U.S.C. §6103 provides:

    (A) General rule. –Returns and return information shall be
    confidential, and except as authorized by this Title–


     (1) no officer or employee of the United States...
    Shall disclose any return or return information obtained by him in

> any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

    3.  The information held by the former IRS employee may not be discoverable. The information may possibly reveal a violation of 26 U.S.C. §6103. To bring the facts to the Court's attention, the government will have to reveal the witness's name and her attorney's name and the government will have to reveal certain communications between witness, her counsel and the United States Attorney's Office. While the facts must be brought to the Court's attention, it is inappropriate to have them in the public record. Until the Court rules which, if any, facts should be made known to the defense, the Court should review the facts *ex parte*.

    4.  The Seventh Circuit has approved *in camera* review of disputed evidence in various cases. *See, e.g., United States v. Hach,* 162 F.3d 937, 947 (7th Cir. 1998) (*in camera* review of witness's psychiatric records); *United States v. Tucker,* 773 F.2d 136, 141-42 (7th Cir. 1985) (approving *in camera* submission by government); *United States v. Navarro,* 737 F.2d 625, 630-31 (7th Cir. 1984) (noting that *in camera* review by trial court may have solved appellate issue). Furthermore, the Seventh Circuit has permitted a district court to review such allegations *ex parte. United States v. Rodriguez,* 62 F.3d 948, 954 (7th Cir. 1995).

WHEREFORE, the government seeks permission to file the request for *in camera* review UNDER SEAL and have the facts reviewed *ex parte* without revealing those facts to defense unless the Court deems it necessary and appropriate.

>Respectfully submitted,
>
>JAN PAUL MILLER
>UNITED STATES ATTORNEY
>
>s/ Hilary W. Frooman
>HILARY W. FROOMAN, IL Bar. 6180241
>Assistant United States Attorney
>United States Attorney
>201 S. Vine St., Suite 226
>Urbana, IL 61802
>217/373-5875
>FAX: 217-373-5891
>hilary.frooman@usdoj.gov