E-FILED
Tuesday, 07 June, 2005  09:44:02 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. CR 04-20031 |
| DENNY PATRIDGE, | ) ) | **UNDER SEAL** |
| Defendant. | ) ) | |

**GOVERNMENT REQUEST FOR *IN CAMERA*
REVIEW OF IRS DOCUMENTS**

NOW COMES the United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Hilary W. Frooman, Assistant United States Attorney, and Lea A. Carlisle, Trial Attorney, Department of Justice, Tax Division, and hereby provide the Court with certain IRS documents for *in camera* review to determine discoverability of said documents pursuant to Federal Rule of Criminal Procedure 16. As a certain document may be protected under attorney client privilege and may also involve possible violation of Title 26 U.S.C. § 6103, the government has requested *in camera, ex parte* review.

FACTUAL BACKGROUND

Vernita Boyd has been served with a subpoena to testify as a defense witness in *United States v. Denny Patridge*. Her attorney, Charles Reynolds, contacted AUSA Hilary Frooman and stated that, as Boyd was no longer employed with the IRS, she could not have access to any IRS documents. As the Court is aware, release of any IRS documents must be in accordance with 26 U.S.C. § 6103.

Based on information initially transmitted by both Vernita Boyd and her counsel, the

government represented in its Motion to Quash (R. 96) that Boyd was not employed by the IRS and had no IRS records; based on that representation, the Court quashed the portion of the subpoena which requested records.

In subsequent communications with both Vernita Boyd and her counsel, the government has learned that Vernita Boyd did have access to some records related to the defendant in this case. The government is not fully cognizant of Boyd's precise position with the IRS at the present time. It is possible she is in a non-pay status, but still "on the rolls," according to her attorney.

The government does not wish to raise the possibility of a violation of § 6103, if there was no such violation. Further, whatever records existed should have been among those documents provided by the various IRS divisions to IRS Special Agent Bernard Coleman. Because IRS counsel has not yet determined Boyd's exact status, but knowing that the Court quashed the subpoena for records based on representations of government counsel, the government is presenting this information to the Court and asks that the documents be reviewed *in camera* to determine whether they are discoverable.

The government apologizes for any misstatements; at the time such representations were made, counsel believed the representations were accurate.

DOCUMENTS TO WHICH BOYD HAD ACCESS

The government has requested that the documents relating to the named defendant and to which Boyd had access be forwarded to the United States Attorney's Office, Urbana, Illinois; they should be at the U.S. Attorney's Office on June 6, 2005.

The records in question, as described by Boyd's attorney:

    A. District Counsel advice on original statutory notice letter
    B. Original statutory notice letter drafted before review by counsel
    C. Unsigned statutory notice letter never sent
    D. Statutory notice letter sent to defendant
    E. Printout of template for statutory notice letter; bears defendant's name and ID number
    E. Database list of cases in process 11/99 - one page lists defendant's name
    F. Monthly overage response; includes defendant's name

At this time, the government has no further information on the documents.

The government believes that advice of IRS District Counsel is a privileged communication and not subject to Rule 16 discovery. The defendant has the statutory notice letter provided to him by the IRS; the draft prior to counsel's approval would not be discoverable. An unsigned copy of a letter the defendant received and a printout from the template used for such a letter is relevant to neither the government nor the defense and, while they might be turned over in discovery, it would only be because the government was being unusually lenient in its application of the discovery rules and not because the information was necessary to the defendant's defense.

Finally, the monthly overage response and the database list of cases in process are both internal IRS administrative documents not relevant in any way to the defendant's criminal case. They are an internal means by which the IRS tracks taxpayer matters, and should not be

discoverable.

    Again, the government apologizes for any misstatements and will produce the documents for review by the Court as soon as received.

    Respectfully submitted,

    JAN PAUL MILLER
    UNITED STATES ATTORNEY


    s/ Hilary W. Frooman
    HILARY W. FROOMAN, IL Bar 6180241
    Assistant United States Attorney
    United States Attorney
    201 S. Vine St., Suite 226
    Urbana, IL 61802
    217/373-5875
    FAX: 217-373-5891
    hilary.frooman@usdoj.gov