UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR 04-20031 |
| ) | |
| DENNY PATRIDGE, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT OBJECTION TO DEFENSE EXHIBITS 38 AND 39**

NOW COMES the United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, Hilary W. Frooman, Assistant United States Attorney, and Lea A. Carlisle, Trial Attorney for the Department of Justice, and hereby presents argument as to why Defense Exhibit 39, referred to as "1/28/03 Tape of Phillips/Winters Govt. has tape, Grand Jury" and the transcript of this tape, numbered as Defense Exhibit 38, is not admissible as evidence before the jury and should be denied. In brief, the Court should deny admission of this tape and transcript because it is unduly prejudicial to the government and to the witness. The exhibit cuts off the pertinent statement of the witness mid-sentence, and because the recording is incomplete, the recorded portion may be taken out of context without any guidance to correct the interpreter. The government requests the Court to note that all argument related to Defense Exhibit 39, the partially recorded conversation, also applies to Defense Exhibit 38.

I.      DEFENDANT SHOULD BE PRECLUDED FROM OFFERING A PARTIAL RECORDING OF A TAPED CONVERSATION BETWEEN TWO WITNESSES INTO EVIDENCE

There exists no all-encompassing rule regarding recorded conversations, which are partially unintelligible or incomplete. The Seventh Circuit has held:

> No all embracing rule on admissibility should flow from partial inaudibility or incompleteness. * * * Unless the unintelligible portions are so substantial as to render the recording as a whole untrustworthy the recording is admissible, and the decision should be left to the sound discretion of the trial judge. This is especially so when the witness who heard the statements recorded also testifies, so that the recordings give independent support to his testimony."

*U.S. v. Madda*, 345 F.2d 400, 403 (7th Cir. 1965). In this case, the government believes that missing portions of the conversation are, in fact, "so substantial as to render the recording as a whole untrustworthy." *Id*.

The majority of the recorded conversation is that of Brent Winters asking Larry Phillips to find documents for the defendant and to take responsibility for the defendant sending documents to Belize. We are provided with only one complete statement of any substance by Mr. Phillips, in which he talks about obtaining documents for the defendant, interspersed between Mr. Winters' requests. The next statement made by Mr. Phillips is in response to Mr. Winters' comment: "Oh, well, that would be helpful if there were documentation like that. What we would request would be a couple of things. Would you be willing to fax him an affidavit stating that you told Denny to bail out and to uh, return, cut all ties and return all documents?" Unfortunately, Mr. Phillips' reply, cut off mid-sentence, arguably is the most pertinent statement in the

provided conversation:

> Um, yeah, basically what I told Denny. I, I recommend it anyway. I mean like, I don't like to use the word "told" because I, I'm not uh, I'm not king here. I don't mean it that way at all. But I thought it'd be the best...uh, way to go would be to uh, ------------ about the trust and track everything out and put all the numbers on the form that'd be uh, would have been put at the time, -unintelligible- -unintelligible- particular trusts involved and uh, events which I tried to do with, you know get these numbers together, that's a little bit of help. I [sudden end of tape].

Transcript, Defense Exhibit 38.

Based on the first sentence, the audience might believe Mr. Phillips is taking responsibility for instructing defendant to return documents to Belize. However, as the statement progresses it appears that Mr. Phillips is talking about substantiating documents for defendant's tax returns. The fact is that we can only guess at what else Mr. Phillips' response to Mr. Winters' requests might have been from this conversation. We can only guess as to the meaning of Mr. Phillips' partial response to the request that he take responsibility for the instruction, unless we hear the rest of his reply within the proper context. In other words, from only this partial conversation and in actuality only a fragmented statement, the listener has no true idea what Mr. Phillips said or meant.

II. <u>DEFENDANT SHOULD BE PRECLUDED FROM USING A PARTIAL RECORDING OF A TAPED CONVERSATION BETWEEN TWO WITNESSES TO IMPROPERLY IMPEACH ONE OF THE PARTICIPANTS</u>

This unreliability and doubt is exactly what the Seventh Circuit meant when it referred to a partial conversation "as a whole untrustworthy." As the recorded conversation constitutes inadmissible hearsay, the government believes that defendant

3

must intend to use this partial statement to impeach Mr. Phillips. However, such a use would be totally inappropriate as neither counsel nor the jury is provided enough information from the fragmented statement to reliably interpret Mr. Phillip's statement on the recording, nor to determine that it might be a prior inconsistent statement with his testimony at trial. The result of exposing the jury to this partially-recorded conversation is overwhelming and unduly prejudicial to both the government and the witness, Mr. Phillips. In actuality, proper impeachment of Mr. Phillips using this conversation would be rebuttal testimony of Mr. Winters.

Rule of Completeness

The common law rule of completeness was codified into the Federal Rules of Evidence as the following: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed. R. Evid. 106. The adverse party has a right to request that additional parts of a recording be offered when needed to explain parts previously offered. To determine if additional material from the recording is necessary, the court considers "whether 1) it explains the admitted evidence, 2) places the admitted evidence in context, 3) avoids misleading the jury, and 4) insures fair and impartial understanding of the evidence." *U.S. v. Li*, 55 F.3d 325, 330 (7th Cir. 1995).

The problem here is that only a portion of the conversation is available. Neither the judge, nor the parties, are even able to determine the appropriate context of what is

said because such a limited portion was taped and cut off in mid-sentence.  As such, the government is precluded from even invoking the Rule of Completeness because the rest of the conversation was not recorded.  We cannot even know if the part which was recorded made up the majority of the conversation between Mr. Winters and Mr. Phillips, or only a very small part of it.   Thus, it is prejudicial to the government to allow just a portion of this conversation to be put before the jury, who may interpret the statements outside their proper context, as the proper context and intended meaning is impossible to determine.

## **CONCLUSION**

WHEREFORE, because allowing the jury to hear the partial conversation between Mr. Winters and Mr. Phillips would cause undue prejudice to the government and the witness, the conversation is inadmissible hearsay, and its use would be improper impeachment, the Court must deny Defendant's Exhibits 38 and 39.

Respectfully submitted,

JAN PAUL MILLER
UNITED STATES ATTORNEY

s/ Hilary W. Frooman
HILARY W. FROOMAN
Assistant United States Attorney
United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
FAX: 217-373-5891
hilary.frooman@usdoj.gov

s/Lea Carlisle
LEA CARLISLE
Trial Attorney, Department of Justice
lea.carlisle@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Jerold Barringer
    Attorney at Law
    P.O. Box 213
    Nakomis, iL 62705

    s/ Hilary W. Frooman
    HILARY W. FROOMAN
    Assistant United States Attorney
    United States Attorney
    201 S. Vine, Suite 226
    Urbana, Illinois 61802
    217/373-5875
    FAX: 217/373-5891
    hilary.frooman@usdoj.gov