E-FILED
Saturday, 11 June, 2005   12:53:48 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

UNITED STATES OF AMERICA,

v.                                                                Case No.   CR 04-20031

DENNY R. PATRIDGE

DEFENDANT'S OPPOSITION TO GOVERNMENT'S OBJECTION
REGARDING DEFENSE EXHIBIT # 38 AND 39

Denny Patridge, by and through his attorney Jerold Barringer, files this response in opposition to the Government's Objection to Defendant's Exhibit 38 and 39.

Background

The government objects to Defense introducing evidence of a statement made by Larry Phillips then of J.K. Harris and Company, [1] wherein Larry Phillips clearly and without doubt stated in response to the question:

> "Just the way the questions are, possibly it's the order in which they appear, the attorney's statement then your answer, were you attempting to state yes, you agree, that you had told Denny Patridge to send the documents back to Belize?"

---

[1] And a former IRS Revenue Agent; Grand Jury Trans. June 4, 2003, pg. 18, ln. 25

1

Grand Jury Trans, June 4, 2003, Phillips, page 39, ln. 17-21 **OBJECTION EXHIBIT A**

He said:

" No, I never told Denny that."

Grand Jury Trans, June 4, 2003, Phillips, page 39, ln. 22

This statement is in direction contradiction to what Mr. Phillips stated when prompted by Denny's attorney which, the Government, in relying upon part of the transcript from the taped conversation had Mr. Phillips read portions of to the Grand Jury which selectively favored the Government's motive to prosecute[2]:

The Government had Mr. Phillips read from a transcript the Government had made directly from the tape made by Mr. Winters and at issue in the Government's objection which said:

> "Okay. Well, you know that's an attorney, right? There's a suggestion in there just as you happened to use the words in your answer, the way Brent Winters asked the question, he says that now, Denny shipped those documents back because you at that time said well, the best thing to do is to collapse all this, get rid of it and just do what they want to do, which was good advice I agree and you apparently -- he followed your advice, closed everything, shipped all the documents back to Belize and now they're coming back over two years later saying we want them."

---

[2] And Defendant claims maliciously

Grand Jury Trans, June 4, 2003, Phillips, page 37-38,

Instead of allowing Mr. Phillips to read his response to Mr. Winters appearing on the tape and transcript the Government prepared, the Government skipped over it and simply asked Mr. Phillips whether he ever would have directed Mr. Patridge to do "that". The taped conversation says differently and is directly relevant to whether Mr. Patridge relied upon others in justifying his actions. Keeping in mind there is some distinctive difference between Trust creation documents and transaction records participated by the Trust, the Government seems to play fast and loose with the difference.

What the Government did not read out loud to the Grand Jury[3] is that portion of the tape directly after the question stated by Mr. Winters where Mr. Phillips stated:

> "Um, yeah, that's basically what I told Denny. I, I recommended it anyway. I mean like, I don't like to use the word told because I, I'm not uh, I'm not king here. I don't mean it that way at all. But I thought it'd be the best...uh, way to go would be to uh, to forget about the trust and back everything out and put all the numbers on the form that'd be uh, , would have been put at the time, - in the particular trust involved and uh, events which I tried to do with, you know get these numbers together, that's a little bit of help, I"

---

[3] Which was clearly intentional because it opposed the answer the Government directed Mr. Phillips to give.

The Government clearly was aware that this entire paragraph was relevant to what Mr. Phillips told Mr. Patridge to do. Even if you take out the term "forget" and replace it with the government's "----------" (Objection @ 3, quote) which is clearly erroneous to do, as well as take out the "that's" before the term "basically," which is also clearly erroneous, the paragraph continues to have probative value in that it shows what Mr. Phillips was responding to Mr. Winters question [4] and that there was even some sort of response to Mr. Winter's questions. The key word which no dispute exists is the word "told".

The phrase "I told Denny", " recommended it anyway", " thought it would be best", and "back everything out and put all..." are all statements which are directed towards the reliance Mr. Patridge had with J.K. Harris employee and former IRS revenue agent and teacher, Larry Phillips.

The Government left out any comments before the Grand Jury regarding what Mr. Phillips said in response to Mr. Winter's questions, a place where no cross examination can occur by the Defendant. Now faced with having to argue around the solicitation of false statements made directly to the Grand Jury by Mr. Phillips and with the cooperation of this act with the Government, the Government seeks an Order from the Court prohibiting the tape or the transcript from being

---

[4] Of which the Government takes no objection to.

presented before the Jury.

The Government argues that neither "counsel or the jury is provided enough information from the fragmented statements to reliably interpret Mr. Phillip's statements on the recording..." The Problem with this is that the Grand Jury was allowed to hear the Government's questions and Mr. Phillips response to questions arising from the Government regarding the tape and specifically the Government's transcribed version without the word "that's" following "basically" and the "-------" in place of the word "forget". The Government argues the Grand Jury could hear it but the trial jury should not. This is illogical.

The Government even listed the tape as evidence in the exhibit list as # 57 "Winter's tape" and # 57A as "transcript of Winter's tape" on January, 19 2005. The Government begins on page 4 by speaking of the "rule of completeness" and connecting that rule to the Federal Rules of Evidence 106 by saying "When a writing or recording is introduced by a party..." The part that introduced # 38 and # 39 was the United States Government and they introduced it to the Grand Jury in the first instance.

The government's burden in supporting a conviction under § 7201 requires proof beyond a reasonable doubt of three elements: (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an attempt to

evade the payment of taxes. *U.S. v. Jungles*, 903 F.2d 468 (7th Cir. 1990); quoting *Sansone*, 380 U.S. at 351, 85 S.Ct. at 1010.

In the indictment the Government alleges that sending documents out of the Country is an act that the Jury could rely upon to find the third element beyond a reasonable doubt for Counts Two, Three, and as acts supporting fraud for Counts Four, Five, Six and Seven. As such, any evidence that would go directly to the truth of that matter is material and must be allowed to be examined and even cross examined by all parties if they wish. Any thing the Government claims is not on the tape which they believe supports their omission of what Mr. Phillips told to Mr. Winters and Mr. Patridge could easily be remedied by the Government asking both Mr. Winters or Mr. Phillips whatever they desired. The truth is for the Jury to decide.

In Summary, the Government relied upon the purported "fragmented" statement to obtain the Grand Jury Indictment. They provided Defendant with notice they intended to use the tape and their version of the transcript at trial. The taped conversation shows that Mr. Phillips had something to do with Mr. Patridge stopping usage of the Aegis Trust package and that he directed Mr. Patridge to do something. The tape says he "told" and his testimony before the Grand Jury says he never told Denny to send anything back to where the Trust documents

originated.  The Government is aware that the Defendant, by having to disclose his entire defense to the Government's potential case, which appears even the Government does not know yet what that is, has claimed a reliance defense in good faith.  The conversation taped is certainly more probative to the fact of the matter and has no prejudicial value against the Government because it would tend to support the truth of the matter asserted by Mr. Patridge in his reliance defense.

For the foregoing reasons this Court should overrule the Government's objection to defense evidence # 38 and # 39.

Respectfully Submitted

/s/ Jerold Barringer
Jerold Barringer
Attorney at Law
Bar # 06185092
P.O. Box 213
Nokomis, Illinois 62075
jwbarringer@consolidated.net
217-563-2646 (fax also)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of Defendant's Opposition to the Government's Objection to Defense Exhibit # 38 and 39 has been electronically emailed on June 10, 2005 through the Court's Electronic Notification System to:

Hilary W. Frooman
hilary.frooman@usdoj.gov
U.S. Assistant Attorney
201 South Vine
Urbana, Illinois 61801
217-373-5875

/s/ Jerold Barringer