**E-FILED**
Tuesday, 14 June, 2005  10:22:56 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CASE NO. CR 04-20031 |
| | ) | |
| VS. | ) | VIOLATION: |
| | ) | TITLE 18, UNITED STATES CODE, |
| DENNY R. PATRIDGE, | ) | SECTIONS 1343, AND 1956; |
| | ) | TITLE 26, UNITED STATES CODE, |
| DEFENDANT. | ) | SECTIONS 7201, 7206(1) |

## SUPERSEDING INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES:**

### FILING A FALSE TAX RETURN

**BACKGROUND**

**THE DEFENDANT'S SOURCE OF INCOME AND REPORTED INCOME**

1. THROUGHOUT THE ENTIRETY OF CALENDAR YEAR 1998:

A. DENNY R. PATRIDGE (PATRIDGE) WAS A REGISTERED INSURANCE AGENT WHO OPERATED AN INSURANCE BUSINESS FROM AN OFFICE IN HIS HOME IN STRASBURG, ILLINOIS.

B. PATRIDGE OPERATED HIS INSURANCE BUSINESS AS A CORPORATION CALLED PATRIDGE INSURANCE SERVICES, INC., WHICH HE INCORPORATED IN THE STATE OF ILLINOIS ON OR ABOUT MARCH 18, 1997.

C. IN 1998, PATRIDGE INSURANCE SERVICES, INC. GENERATED GROSS REVENUE OF APPROXIMATELY $149,776.

D.  PATRIDGE WAS REQUIRED TO REPORT ON HIS PERSONAL TAX RETURN THE PERSONAL INCOME HE EARNED FROM HIS INSURANCE BUSINESS. ON HIS 1998 PERSONAL TAX RETURN, HOWEVER, PATRIDGE CLAIMED INCOME OF ONLY $2,846 FROM HIS BUSINESS.

**THE DEFENDANT'S ESTABLISHMENT OF "TRUSTS"**

2.  PATRIDGE OBTAINED ENTITIES WHICH HE REFERRED TO AS "TRUSTS" THROUGH THE AEGIS COMPANY, PALOS HILLS, ILLINOIS.

3.  THE "TRUSTS" PATRIDGE ESTABLISHED WERE: (A) PATRIDGE ASSET MANAGEMENT TRUST, A/K/A PATRIDGE ASSET MANAGEMENT COMPANY, A/K/A PATRIDGE FAMILY ASSET MANAGEMENT TRUST CO., ("PATRIDGE ASSET MANAGEMENT TRUST"); (B) EBBA INTERNATIONAL TRUST; AND (C) CONVENTUS GLOBAL TRUST.  THE NAMED TRUSTEE FOR EBBA INTERNATIONAL TRUST AND CONVENTUS GLOBAL TRUST WAS THE EXEMPT SERVICES COMPANY, LTD.  THE OFFICIAL LOCATION FOR EXEMPT SERVICES COMPANY, LTD. WAS BELMOPAN, BELIZE.

**THE DEFENDANT'S TRANSFER AND CONCEALMENT OF INCOME**

4.  PATRIDGE USED THE "TRUSTS" HE HAD ESTABLISHED TO CONCEAL EARNINGS, HIDE THE ORIGIN OF HIS INCOME, DECEIVE THE INTERNAL REVENUE SERVICE (IRS) AND CIRCUMVENT PERSONAL INCOME TAXES.  SPECIFICALLY, DURING 1998, PATRIDGE CAUSED $81,600 OF THE MONEY RECEIVED BY PATRIDGE INSURANCE SERVICES, INC., TO BE DIVERTED TO PATRIDGE ASSET MANAGEMENT TRUST.

2

5.  PATRIDGE PLACED AND CAUSED FUNDS TO BE PLACED IN BANK ACCOUNTS WHICH BORE THE NAMES OF HIS "TRUSTS."  PATRIDGE CLAIMED ON TRUST TAX RETURNS THAT THE FUNDS HAD BEEN "DISTRIBUTED" TO AN "OFFSHORE TRUST."  AT ALL TIMES, HOWEVER, PATRIDGE RETAINED FULL CONTROL OVER FUNDS IN "TRUST" BANK ACCOUNTS AND ENJOYED THE BENEFICIAL USE OF THOSE FUNDS, WHICH MADE THE INCOME TAXABLE TO HIM PERSONALLY.

**THE DEFENDANT'S FALSE TAX RETURN**

6.  ON OR ABOUT APRIL 12, 1999, IN THE CENTRAL DISTRICT OF ILLINOIS,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, DID WILLFULLY MAKE AND SUBSCRIBE A JOINT U.S. INDIVIDUAL INCOME TAX RETURN FORM 1040, FOR THE CALENDAR YEAR 1998, WHICH WAS VERIFIED BY A WRITTEN DECLARATION THAT IT WAS MADE UNDER THE PENALTIES OF PERJURY AND WAS FILED WITH THE IRS, WHICH SAID INCOME TAX RETURN HE DID NOT BELIEVE TO BE TRUE AND CORRECT AS TO EVERY MATERIAL MATTER, IN THAT THE ADJUSTED GROSS INCOME REPORTED ON LINE 33 WAS $6,667, WHEN, AS HE THEN AND THERE WELL KNEW AND BELIEVED, THE TOTAL INCOME HE RECEIVED AND SHOULD HAVE REPORTED ON LINE 33 OF HIS FORM 1040 WAS APPROXIMATELY $86,845.

IN VIOLATION OF TITLE 26, UNITED STATES CODE, SECTION 7206(1).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES:**

### TAX EVASION

1. FROM ABOUT JULY 2000, THE EXACT DATE BEING UNKNOWN, UNTIL THE DATE OF THE RETURN OF THIS INDICTMENT, IN THE CENTRAL DISTRICT OF ILLINOIS AND ELSEWHERE,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, A RESIDENT OF STRASBURG, ILLINOIS, DID UNLAWFULLY AND WILLFULLY EVADE AND DEFEAT, AND ATTEMPT TO EVADE AND DEFEAT, AND CAUSE EVASION, DEFEAT, AND ATTEMPTED EVASION AND DEFEAT OF THE PAYMENT OF PERSONAL INCOME TAX DUE AND OWING TO THE UNITED STATES OF AMERICA FOR THE 1996 AND 1997 CALENDAR YEARS, SPECIFICALLY, APPROXIMATELY $85,608 FOR THE 1996 CALENDAR YEAR AND APPROXIMATELY $62,062 FOR THE 1997 CALENDAR YEAR, BY, AMONG OTHER THINGS, LIQUIDATING PERSONAL INVESTMENTS WORTH MORE THAN $170,000 AFTER THE INTERNAL REVENUE SERVICE (IRS) SENT HIM NOTICES OF TAX DEFICIENCY, BY TRANSFERRING THAT MONEY TO A FOREIGN BANK ACCOUNT, AND BY TRANSFERRING RELEVANT DOCUMENTS AND RECORDS TO A FOREIGN COUNTRY SO THEY WOULD BE BEYOND THE REACH OF THE IRS.

### BACKGROUND

2. DURING EACH OF THE YEARS 1996 AND 1997, DENNY R. PATRIDGE (PATRIDGE) OPERATED AN INSURANCE BUSINESS OUT OF AN OFFICE IN HIS

HOME IN STRASBURG, ILLINOIS.  IN EACH OF THOSE YEARS HE EARNED
PERSONAL INCOME AND WAS REQUIRED TO REPORT THAT INCOME ON A TAX
RETURN FOR EACH YEAR.

3.  PATRIDGE DID NOT REPORT A SUBSTANTIAL AMOUNT OF HIS INCOME
ON THE JOINT U.S. INDIVIDUAL INCOME TAX RETURN THAT HE FILED FOR 1996.
PATRIDGE ALSO DID NOT REPORT A SUBSTANTIAL AMOUNT OF HIS INCOME ON
THE JOINT U.S. INDIVIDUAL INCOME TAX RETURN THAT HE FILED FOR 1997.

4.  ON OR ABOUT JANUARY 27, 2000, THE IRS ISSUED A NOTICE OF
DEFICIENCY TO DENNY PATRIDGE PERSONALLY; THE NOTICE OF DEFICIENCY
STATED A PROPOSED INCREASE IN TAX OF $85,608 FOR TAX YEAR ENDED
DECEMBER 31, 1996 AND A PROPOSED INCREASE IN TAX OF $62,062 FOR TAX
YEAR ENDED DECEMBER 31, 1997.

5.  ON OR ABOUT JANUARY 27, 2000, THE IRS ISSUED A NOTICE OF
DEFICIENCY TO DENNY R. PATRIDGE, AS TRUSTEE FOR PARTRIDGE (SIC) ASSET
MANAGEMENT TRUST; THE NOTICE OF DEFICIENCY STATED A PROPOSED
INCREASE IN TAX OF $45,179 FOR TAX YEAR ENDED DECEMBER 31, 1996, AND A
PROPOSED INCREASE IN TAX OF $43,216 FOR TAX YEAR ENDED DECEMBER 31,
1997.

6.  EACH OF THE NOTICES OF DEFICIENCY ISSUED JANUARY 27, 2000,
PROVIDED THAT A PETITION TO CHALLENGE THE INCREASE HAD TO BE FILED IN
THE UNITED STATES TAX COURT NO LATER THAN MAY 11, 2000.

7.  ON OR ABOUT JULY 31, 2000, PATRIDGE ASSET MANAGEMENT TRUST,

WITH PATRIDGE AS TRUSTEE, RECEIVED NOTICE THAT A TAX ASSESSMENT HAD BEEN MADE AND THE BALANCE OF TAX DUE FOR TAX PERIOD DECEMBER 31, 1996, WAS $45,179 AND FOR TAX PERIOD DECEMBER 31, 1997, WAS $43,216.

8.  ON OR ABOUT AUGUST 7, 2000, DENNY R. PATRIDGE, IN HIS PERSONAL CAPACITY, RECEIVED NOTICE THAT A TAX ASSESSMENT HAD BEEN MADE AND THE BALANCE OF TAX DUE FOR TAX PERIOD DECEMBER 31, 1996, WAS $81,400 AND FOR TAX PERIOD DECEMBER 31, 1997, WAS $59,564.

9.  ON OR ABOUT SEPTEMBER 4, 2000, PATRIDGE, AS TRUSTEE OF PATRIDGE ASSET MANAGEMENT TRUST, RECEIVED NOTICE THAT ANNOUNCED THE IRS INTENT TO LEVY ("TAKE") ASSETS OF PATRIDGE ASSET MANAGEMENT TRUST, AND WHICH STATED: "TO PREVENT COLLECTION ACTION, PLEASE PAY THE CURRENT BALANCE NOW."

10.  ON OR ABOUT OCTOBER 16, 2000, PATRIDGE RECEIVED A NOTICE THAT ANNOUNCED THE IRS INTENT TO LEVY ("TAKE") ASSETS OF DENNY AND JUDY PATRIDGE, AND WHICH STATED: "TO PREVENT COLLECTION ACTION, PLEASE PAY THE CURRENT BALANCE NOW."

11.  PATRIDGE PERSONALLY AND PATRIDGE ASSET MANAGEMENT TRUST DID NOT PETITION THE UNITED STATES TAX COURT FOR REVIEW OF 1996 AND 1997 TAX DEFICIENCIES; NEITHER DID THEY PAY "THE CURRENT BALANCE."

**AFFIRMATIVE ACTS OF EVASION**

**TRANSFER OF ASSETS**

12.  BEGINNING IN APPROXIMATELY JULY 2000, THE DEFENDANT

LIQUIDATED INVESTMENTS HE OWNED, SOME OF WHICH REQUIRED PAYMENT

OF SURRENDER CHARGES, AND DEPOSITED THOSE FUNDS TO THE CLAY CITY

BANK ACCOUNT OF PATRIDGE ASSET MANAGEMENT TRUST.  HE THEN MOVED

THOSE FUNDS TO A "HIDDEN" OFFSHORE ACCOUNT.  THE FUNDS AND DATES ON

WHICH THEY WERE LIQUIDATED INCLUDED:

| | |
|---|---|
| 7/13/00: | RAYMOND JAMES STOCK ACCOUNT #42867021: $21,255.17 |
| 7/18/00: | HARTFORD LIFE AND ANNUITY ACCOUNT #8006 710704703: $11,894.09 |
| 7/20/00: | KEYPORT ANNUITY ACCOUNT #0200905641: $22,509.11 |
| 7/24/00: | KEYPORT ACCOUNT KA00709253: $16,913.68 |
| 7/24/00: | KEYPORT ACCOUNT KA00723749: $13,477.61 |
| 7/24/00: | KEYPORT ACCOUNT KA00770077: $10,084.28 |
| 7/25/00: | HARTFORD LIFE AND ANNUITY ACCOUNT #8006 710688863: $62,615.75 |
| 8/02/00: | SAFECO ANNUITY ACCOUNT #AN2012715: $12,641.78 |

**TOTAL**: $171,391.47

13.  ON OR ABOUT SEPTEMBER 11, 2000, THE DEFENDANT CAUSED FUNDS

FROM HIS RECENTLY LIQUIDATED ACCOUNTS TO BE DEPOSITED TO AN

ACCOUNT HELD IN THE NAME OF PATRIDGE ASSET MANAGEMENT COMPANY AT

CLAY CITY BANK AND, ON THAT SAME DATE, TRANSFERRED THE FUNDS TO HIS

PERSONAL ACCOUNT AT CLAY CITY BANK, CLAY CITY, ILLINOIS.

14.  ON OR ABOUT SEPTEMBER 14, 2000, PATRIDGE ESTABLISHED A

PERSONAL ACCOUNT, # 403-286-9, AT EDGAR COUNTY BANK AND TRUST, (EDGAR

COUNTY BANK), PARIS, ILLINOIS.  FOUR DAYS LATER, SEPTEMBER 18, 2000,

PATRIDGE REMOVED APPROXIMATELY $171,350 IN LIQUIDATED ANNUITY AND

INVESTMENT FUNDS FROM HIS PERSONAL ACCOUNT AT CLAY CITY BANK AND

DEPOSITED THOSE FUNDS INTO ACCOUNT # 403-286-9 AT EDGAR COUNTY BANK.

15.  ON APPROXIMATELY OCTOBER 3, 2000, THE DEFENDANT CAUSED $200,000 TO BE TRANSFERRED FROM ACCOUNT # 403-286-9 AT EDGAR COUNTY BANK AND CREDITED TO ACCOUNT # 18153, SKNA NATIONAL BANK, LTD., ST. KITTS-NEVIS-ANGUILLA (SKNA NATIONAL BANK).

**CREATION OF A FALSE MORTGAGE**

16.  ON OR ABOUT AUGUST 9, 2000, PATRIDGE CAUSED AN ENTITY KNOWN AS MINETTA, INC., TO BE INCORPORATED IN THE STATE OF NEVADA.  ALTHOUGH PATRIDGE CONTROLLED MINETTA, INC., NOWHERE ON ANY OF THE INCORPORATION DOCUMENTS DID PATRIDGE'S NAME APPEAR.

17.  ON OR ABOUT AUGUST 11, 2000, PATRIDGE CAUSED AN ACCOUNT, # 0049-6165-2276, TO BE OPENED WITH BANK OF AMERICA, RENO, NEVADA UNDER THE NAME "MINETTA, INC."

18.  APPROXIMATELY OCTOBER 4, 2000, THE DEFENDANT CAUSED A LIEN TO BE FILED WITH THE CLERK OF SHELBY COUNTY, SHELBYVILLE, ILLINOIS, WHICH ESTABLISHED THAT MINETTA, INC. HELD THE PROPERTY AT 108 W. SOUTH FIRST STREET, STRASBURG, ILLINOIS, AS SECURITY FOR $100,000 IT HAD LOANED TO DENNY R. PATRIDGE, WHEN IN FACT, ON OCTOBER 4, 2000, NO SUCH LOAN HAD BEEN DOCUMENTED.

19.  ON OR ABOUT OCTOBER 23, 2000, PATRIDGE CAUSED $100,000 TO BE WIRED FROM SKNA NATIONAL BANK, TO ACCOUNT # 0049-6165-2276 AT BANK OF AMERICA, RENO, NEVADA, IN THE NAME OF MINETTA, INC., AN ENTITY PATRIDGE CONTROLLED, WHICH WIRE TRANSFER WAS MADE TO PROVIDE

8

MINETTA, INC. WITH SUFFICIENT FUNDS TO APPEAR TO MAKE A $100,000 LOAN
TO PATRIDGE.

20.  ON OR ABOUT OCTOBER 25, 2000, APPROXIMATELY TWO WEEKS AFTER
THE LIEN WHICH RECORDED THE $100,000 MORTGAGE HAD BEEN FILED WITH
THE SHELBY COUNTY CLERK, $100,000 WAS TRANSFERRED FROM MINETTA, INC.
TO THE PERSONAL ACCOUNT OF DENNY PATRIDGE AT EDGAR COUNTY BANK.
THE $100,000 WHICH THE DEFENDANT "BORROWED" FROM MINETTA, INC. HAD
BEEN PLACED IN THE MINETTA, INC. BANK ACCOUNT WITH BANK OF AMERICA
RENO, NEVADA, BY THE DEFENDANT HIMSELF.

21.  ON OR ABOUT OCTOBER 25, 2000, $100,000, WHICH WAS DEPOSITED TO
DENNY PATRIDGE'S PERSONAL ACCOUNT AT EDGAR COUNTY BANK FROM THE
MINETTA, INC. ACCOUNT, WAS TRANSFERRED BACK TO ACCOUNT # 18153 IN
SKNA NATIONAL BANK, WHERE THE FUNDS REMAINED AVAILABLE TO THE
DEFENDANT FOR PERSONAL PURPOSES.

22.  TO DELAY AND PREVENT ENFORCED COLLECTION ACTION, TO GAIN
TIME TO SPEND THE MONEY HE HAD PLACED IN SKNA NATIONAL BANK, AND TO
DELAY AND PREVENT IRS DISCOVERY THAT THE MORTGAGE FILED ON OCTOBER
4, 2000 ON 108 W. SOUTH FIRST STREET, STRASBURG, ILLINOIS, WAS, IN FACT,
CONTROLLED BY HIMSELF, THE DEFENDANT EXERCISED HIS OPTION AND
REQUESTED A COLLECTION DUE PROCESS HEARING.

**TRANSFER OF RECORDS**

23.  ON OR ABOUT JULY 22, 2000, PATRIDGE TRANSFERRED ALL
DOCUMENTS ASSOCIATED WITH EXEMPT SERVICES COMPANY, LTD., TRUSTEE
FOR BOTH EBBA INTERNATIONAL TRUST AND CONVENTUS GLOBAL TRUST, TO
BELMOPAN, BELIZE, THEREBY PLACING THE DOCUMENTS OUTSIDE THE REACH
OF THE IRS AND INSURING THAT THE DOCUMENTS WERE UNAVAILABLE FOR IRS
REVIEW.

IN VIOLATION OF TITLE 26, UNITED STATES CODE, SECTION 7201.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES:**

### TAX EVASION

1.  FROM EARLY 1999, THE EXACT DATE BEING UNKNOWN, TO APPROXIMATELY OCTOBER 15, 2000, IN THE CENTRAL DISTRICT OF ILLINOIS AND ELSEWHERE,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, A RESIDENT OF STRASBURG, ILLINOIS, DID UNLAWFULLY AND WILLFULLY EVADE AND DEFEAT, AND ATTEMPT TO EVADE AND DEFEAT, AND CAUSE EVASION, DEFEAT, AND ATTEMPTED EVASION AND DEFEAT OF A LARGE PART OF HIS PERSONAL INCOME TAX DUE AND OWING TO THE UNITED STATES OF AMERICA FOR THE 1999 CALENDAR YEAR, SPECIFICALLY, APPROXIMATELY $19,523 DUE AND OWING ON TAXABLE INCOME OF APPROXIMATELY $76,796; HE DID SO BY, AMONG OTHER THINGS, TRANSFERRING MONEY HE EARNED AS INCOME TO A FOREIGN ACCOUNT, CONCEALING THAT MONEY FROM THE IRS, USING THE MONEY TO PAY PERSONAL EXPENSES, AND FAILING TO FILE AN INDIVIDUAL INCOME TAX RETURN, AS REQUIRED BY LAW.

2.  THE DEFENDANT EARNED BUSINESS AND PERSONAL INCOME DURING 1999 AND WAS RESPONSIBLE FOR FILING AN INDIVIDUAL INCOME TAX RETURN THAT ACCURATELY REPORTED HIS INCOME.

### AFFIRMATIVE ACTS OF EVASION

3.  DURING 1999, THE DEFENDANT CAUSED A PORTION OF HIS EARNED

INCOME TO BE TRANSFERRED TO VARIOUS BANK ACCOUNTS, INCLUDING BANK

ACCOUNTS WHICH BORE HIS NAME, HIS BUSINESS NAME, PATRIDGE INSURANCES

SERVICES, INC., AND THE NAMES OF THE "TRUSTS" HE HAD ESTABLISHED.  AT

LEAST ONE OF THESE ACCOUNTS WAS AN "OFF-SHORE ACCOUNT."  THE FACT

THAT THE DEFENDANT MOVED A PORTION OF HIS EARNED INCOME TO THESE

VARIOUS ACCOUNTS AND TO AN OFFSHORE LOCATION DID NOT RELIEVE HIM OF

THE RESPONSIBILITY TO REPORT ALL OF HIS INCOME.

 4.  ON OR ABOUT MARCH 17, 2000, THE DEFENDANT CAUSED A U.S.

CORPORATE INCOME TAX RETURN, FORM 1120, FOR PATRIDGE INSURANCE

SERVICES, INC.**,** TO BE PREPARED AND FILED WITH THE IRS.  THE CORPORATE

RETURN INCLUDED EXPENSES OF APPROXIMATELY $46,000 FOR FUNDS DIVERTED

TO THE PATRIDGE ASSET MANAGEMENT TRUST BANK ACCOUNT #5006665 AT

CLAY CITY BANK.  THESE FUNDS WERE  INCOME TO PATRIDGE WHICH HE DID

NOT DECLARE ON ANY TAX RETURN.

 5.  BETWEEN ON OR ABOUT JANUARY 29, 1999, AND ON OR ABOUT

NOVEMBER 16, 1999, THE DEFENDANT EVADED TAXES WHEN HE CAUSED THE

TRANSFER OF APPROXIMATELY $29,500 FROM THE PATRIDGE ASSET

MANAGEMENT TRUST ACCOUNT, #5006665 AT CLAY CITY BANK, CLAY CITY,

ILLINOIS, OVER WHICH THE DEFENDANT HAD SIGNATURE AUTHORITY, TO

ACCOUNT # 1552801, HELD IN THE NAME OF EXEMPT SERVICES COMPANY, AS

TRUSTEE OF EBBA INTERNATIONAL TRUST, AT SWISS AMERICAN BANK, LTD.

(SWISS AMERICAN BANK) IN ANTIGUA.  THE DEFENDANT CONTROLLED THE EBBA

INTERNATIONAL TRUST ACCOUNT.

6.  BETWEEN ON OR ABOUT FEBRUARY 1, 1999, AND ON OR ABOUT SEPTEMBER 30, 1999, THE DEFENDANT CAUSED THE TRANSFER OF APPROXIMATELY $29,408 FROM ACCOUNT # 1552801 AT SWISS AMERICAN BANK, IN THE NAME OF EXEMPT SERVICES COMPANY, LTD., TRUSTEE FOR EBBA INTERNATIONAL TRUST, TO ACCOUNT # 1552901 AT SWISS AMERICAN BANK, IN THE NAME OF EXEMPT SERVICES COMPANY, LTD., TRUSTEE FOR CONVENTUS GLOBAL TRUST.  THE DEFENDANT CONTROLLED THE CONVENTUS GLOBAL TRUST ACCOUNT.

7.  PATRIDGE PAID NO TAX ON THE MONEY IN ACCOUNT #1552901, CONVENTUS GLOBAL TRUST, WHICH HE HAD TRANSFERRED FROM PATRIDGE INSURANCES, INC., THROUGH PATRIDGE ASSET MANAGEMENT TRUST AND EBBA INTERNATIONAL TRUST.  ON THE DATES SET FORTH BELOW, THE DEFENDANT USED FUNDS IN SWISS AMERICAN BANK ACCOUNT # 1552901, CONVENTUS GLOBAL TRUST, TO PAY CREDIT CARD CHARGES WHICH INCLUDED CHARGES FOR PERSONAL EXPENSES, AS FOLLOWS:

| DATE (ON OR ABOUT) | | AMOUNT | PURPOSE |
|---|---|---|---|
| A. | 01/19/99 | $1,537.55 | CREDIT CARD PAYMENT |
| B. | 02/15/99 | $3,850.05 | CREDIT CARD PAYMENT |
| C. | 03/16/99 | $3,089.99 | CREDIT CARD PAYMENT |
| D. | 04/13/99 | $3,396.52 | CREDIT CARD PAYMENT |
| E. | 06/04/99 | $3,517.91 | CREDIT CARD PAYMENT |

13

| | | | |
|---|---|---|---|
| F. | 07/14/99 | $3,764.90 | CREDIT CARD PAYMENT |
| G. | 09/14/99 | $4,852.46 | CREDIT CARD PAYMENT |
| H. | 10/15/99 | $2,989.86 | CREDIT CARD PAYMENT |
| I. | 11/15/99 | $2,576.21 | CREDIT CARD PAYMENT |
| J. | 12/15/99 | $2,180.67 | CREDIT CARD PAYMENT |

**TOTAL:** $31,756.12

8.  ON OR ABOUT JULY 22, 2000, THE DEFENDANT TRANSFERRED ALL DOCUMENTS ASSOCIATED WITH EXEMPT SERVICES COMPANY, LTD., AS TRUSTEE FOR BOTH EBBA INTERNATIONAL TRUST AND CONVENTUS GLOBAL TRUST, TO BELMOPAN, BELIZE, THEREBY PLACING THE DOCUMENTS OUTSIDE THE REACH OF THE IRS AND MAKING THE DOCUMENTS UNAVAILABLE FOR REVIEW.

IN VIOLATION OF TITLE 26, UNITED STATES CODE, SECTION 7201.

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES:**

### WIRE FRAUD

1.  BETWEEN APPROXIMATELY JULY 2000, TO AND INCLUDING OCTOBER 25, 2000, IN THE CENTRAL DISTRICT OF ILLINOIS AND ELSEWHERE,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, KNOWINGLY DEVISED AND INTENDED TO DEVISE A SCHEME AND ARTIFICE TO DEFRAUD THE IRS, IN THAT HE TRANSMITTED AND CAUSED TO BE TRANSMITTED BY MEANS OF WIRE IN INTERSTATE OR FOREIGN COMMERCE, SIGNS, SIGNALS, PICTURES AND SOUNDS FOR THE PURPOSE OF EXECUTING SUCH SCHEME OR ARTIFICE.  THE PURPOSE OF THE SCHEME WAS TO:

A.  REMOVE THE DEFENDANT'S LIQUID FUNDS TO A HIDDEN OFFSHORE LOCATION AND THEREBY CONCEAL THEM FROM THE IRS SO THE IRS COULD NOT FIND THE FUNDS AND SEIZE THE FUNDS TO SATISFY ASSESSED TAXES OWED TO THE UNITED STATES GOVERNMENT, AND

B.  PROTECT THE DEFENDANT'S PERSONAL FUNDS BY MAKING IT APPEAR THAT THE FUNDS AVAILABLE TO HIM WERE BORROWED FUNDS, AND

C.  PROTECT THE DEFENDANT'S PERSONAL REAL ESTATE BY MAKING IT APPEAR THAT THERE WAS AN UNSATISFIED MORTGAGE ON HIS HOME.

2.  THE DEFENDANT WAS AWARE THAT THE IRS HAD AUDITED BOTH HIS PERSONAL AND HIS "TRUST" TAX RETURNS FOR 1996 AND 1997.  THE IRS PROVIDED THE DEFENDANT AN OPPORTUNITY TO ARGUE THE AMOUNT HE OWED FOR 1996 AND 1997 WHEN, ON OR ABOUT JANUARY 27, 2000, IT ISSUED A NOTICE

OF DEFICIENCY TO DENNY R. PATRIDGE, RESIDENT OF STRASBURG, ILLINOIS, IN

THE CENTRAL DISTRICT OF ILLINOIS, AS TRUSTEE FOR PARTRIDGE (SIC) ASSET

MANAGEMENT TRUST, FOR THE TAX YEARS 1996 AND 1997.  THE NOTICE OF

DEFICIENCY STATED A PROPOSED INCREASE IN TAX OF $45,179 FOR THE "TAX

YEAR ENDED DECEMBER 31, 1996," AND $43,216 FOR THE "TAX YEAR ENDED

DECEMBER 31, 1997."  ALSO ON OR ABOUT JANUARY 27, 2000, THE DEFENDANT

WAS NOTIFIED OF A PROPOSED INCREASE IN HIS PERSONAL TAX OF $85,608 FOR

THE "TAX YEAR ENDED DECEMBER 31, 1996" AND $62,062 FOR THE "TAX YEAR

ENDED DECEMBER 31, 1997."  THE NOTICE TO BOTH PATRIDGE PERSONALLY AND

TO PATRIDGE ASSET MANAGEMENT TRUST CLEARLY PROVIDED THAT ANY

PETITION WITH THE UNITED STATES TAX COURT HAD TO BE FILED NO LATER

THAN MAY 11, 2000.  THE DEFENDANT FAILED TO FILE A PETITION IN UNITED

STATES TAX COURT.

    3.  THE DEFENDANT KNEW THAT THE IRS WOULD CONTINUE TO AUDIT HIS

TAXES.  ON OR ABOUT MAY 10, 2000, THE DEFENDANT RECEIVED APPOINTMENT

LETTERS INFORMING HIM OF THE IRS INTENT TO AUDIT BOTH HIS PERSONAL 1998

TAX RETURN AND THE 1998 PATRIDGE ASSET MANAGEMENT TRUST TAX RETURN.

    4.  THE DEFENDANT SUBSEQUENTLY RECEIVED NOTICE THAT THE

DETERMINATION OF AMOUNT DUE AND OWING IN BACK TAXES FOR 1996 AND

1997 WAS FINAL AS TO HIS "TRUST" TAX RETURNS WHEN, ON OR ABOUT JULY 31,

2000, HE RECEIVED NOTICE THAT PATRIDGE ASSET MANAGEMENT TRUST, DENNY

(SIC) R. PATRIDGE TRUSTEE, OWED $45,179 FOR THE "TAX PERIOD DECEMBER 31,

1996," AND $43,216 FOR THE "TAX PERIOD DECEMBER 31, 1997."  ON OR ABOUT

AUGUST 7, 2000, THE DEFENDANT RECEIVED NOTICE THAT THE AMOUNT DUE

AND OWING IN BACK TAXES FOR 1996 AND 1997 WAS FINAL AS TO HIS PERSONAL

TAXES.  THE ADDITIONAL TAX OWED FOR "TAX PERIOD DECEMBER 31, 1996" WAS

$81,400 AND FOR "TAX PERIOD DECEMBER 31, 1997," THE ADDITIONAL TAX OWED

WAS $59,564.

**THE SCHEME:**

5.  BEGINNING IN APPROXIMATELY JULY 2000, THE DEFENDANT

LIQUIDATED INVESTMENTS HE OWNED, INCLUDING INVESTMENTS WHICH

REQUIRED PAYMENT OF SURRENDER CHARGES, AND DEPOSITED THOSE FUNDS

TO THE CLAY CITY BANK ACCOUNT OF PATRIDGE ASSET MANAGEMENT TRUST

BEFORE BEING MOVED TO A "HIDDEN" OFFSHORE ACCOUNT.  THE FUNDS AND

DATES ON WHICH THEY WERE LIQUIDATED INCLUDED:

| | |
|---|---|
| 7/13/00: | RAYMOND JAMES STOCK ACCOUNT #42867021: $21,255.17 |
| 7/18/00: | HARTFORD LIFE AND ANNUITY ACCOUNT #8006 710704703: $11,894.09 |
| 7/20/00: | KEYPORT ANNUITY ACCOUNT #0200905641: $22,509.11 |
| 7/24/00: | KEYPORT ACCOUNT KA00709253: $16,913.68 |
| 7/24/00: | KEYPORT ACCOUNT KA00723749: $13,477.61 |
| 7/24/00: | KEYPORT ACCOUNT KA00770077: $10,084.28 |
| 7/25/00: | HARTFORD LIFE AND ANNUITY ACCOUNT #8006 710688863: $62,615.75 |
| 8/02/00: | SAFECO ANNUITY ACCOUNT #AN2012715: $12,641.78 |

**TOTAL**: $171,391.47

6.  ON OR ABOUT SEPTEMBER 4, 2000, THE IRS NOTIFIED PATRIDGE, AS

TRUSTEE OF PATRIDGE ASSET MANAGEMENT TRUST, THAT IT WOULD BEGIN

COLLECTION OF $72,144.28 FOR 1996 AND $63,114.37 FOR 1997 OWED BY PATRIDGE

ASSET MANAGEMENT TRUST.  THE DEFENDANT IGNORED THE OPPORTUNITY TO

PAY TAXES OWED AND PREVENT COLLECTION BY MEANS OF IRS LEVY.

7.  ON OR ABOUT SEPTEMBER 14, 2000, THE DEFENDANT BEGAN TO SET UP A SYSTEM BY WHICH TO HIDE HIS ASSETS FROM THE IRS BY MOVING HIS MONEY OFFSHORE TO AN ACCOUNT UNDER HIS CONTROL BUT NOT UNDER HIS NAME. THE DEFENDANT ALSO ESTABLISHED A NEW ACCOUNT, # 403-286-9 AT EDGAR COUNTY BANK AND TRUST, PARIS, ILLINOIS (EDGAR COUNTY BANK), IN HIS OWN NAME, THROUGH WHICH FUNDS COULD BE DIRECTED OFFSHORE.

8.  ON OR ABOUT SEPTEMBER 18, 2000, PATRIDGE REMOVED FUNDS IN THE AMOUNT OF APPROXIMATELY $171,350 FROM CLAY CITY BANK, WHERE THEY WERE HELD IN THE ACCOUNT OF PATRIDGE PERSONALLY, AND CAUSED THOSE FUNDS TO BE DEPOSITED TO ACCOUNT # 403-286-9 AT EDGAR COUNTY BANK.

9.  TO EXECUTE THE SCHEME SET FORTH, ON OR ABOUT OCTOBER 3, 2000,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, WIRED AND CAUSED TO BE WIRED APPROXIMATELY $200,000 IN FUNDS FROM ACCOUNT # 403-286-9 AT EDGAR COUNTY BANK, EDGAR COUNTY, ILLINOIS, THROUGH BANK OF AMERICA, N.A., NEW YORK, FOR TRANSFER TO SKNA NATIONAL BANK, WHERE THE FUNDS WERE CREDITED TO ACCOUNT # 18153, AN ACCOUNT HELD IN THE NAME OF SULTAN SERVICES, LTD., AN ENTITY WHICH WAS DIRECTED BY DENNY PATRIDGE.

IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1343.

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES:**

### WIRE FRAUD

1.  PARAGRAPHS 1 THROUGH 8 OF COUNT FOUR ARE INCORPORATED BY REFERENCE HEREIN.

**THE SCHEME, CONTINUED:**

9.  HAVING TRANSFERRED $200,000 TO SKNA NATIONAL BANK, ON OCTOBER 3, 2000, ON OR ABOUT OCTOBER 4, 2000, PATRIDGE TOOK STEPS TO FRAUDULENTLY PREVENT THE IRS FROM OBTAINING A FIRST LIEN ON HIS REAL ESTATE.

10.  ON OR ABOUT OCTOBER 4, 2000, PATRIDGE CAUSED A MORTGAGE ON HIS HOME AT 108 W. SOUTH FIRST STREET, STRASBURG, ILLINOIS, TO BE RECORDED WITH THE CLERK OF SHELBY COUNTY, ILLINOIS.  THE MORTGAGE RECORDED A $100,000 "LOAN" FROM MINETTA, INC. TO PATRIDGE WHEN, IN FACT, ON OCTOBER 4, 2000, MINETTA, INC. HAD NOT LOANED PATRIDGE $100,000.

11.  ON OR ABOUT OCTOBER 23, 2000, PATRIDGE CAUSED $100,000 TO BE WIRED FROM SKNA NATIONAL BANK, TO ACCOUNT # 0049-6165-2276 AT BANK OF AMERICA, RENO, NEVADA, IN THE NAME OF MINETTA, INC., AN ENTITY PATRIDGE CONTROLLED, WHICH WIRE TRANSFER WAS MADE TO PROVIDE MINETTA, INC. WITH SUFFICIENT FUNDS TO APPEAR TO MAKE A $100,000 LOAN TO PATRIDGE.

12.  ON OR ABOUT OCTOBER 25, 2000, TO EXECUTE THE SCHEME SET FORTH,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, CAUSED $100,000 TO BE WIRED FROM THE MINETTA, INC.,

ACCOUNT # 0049-6165-2276, AT BANK OF AMERICA BANK, RENO, NEVADA, TO THE

PERSONAL ACCOUNT OF PATRIDGE, # 403-286-9, EDGAR COUNTY BANK AND

TRUST, PARIS ILLINOIS, WHICH TRANSFER SUPPORTED THE FICTION OF A "LOAN"

FROM MINETTA, INC. TO PATRIDGE, ON WHICH "LOAN," A MORTGAGE ON 108 W.

SOUTH FIRST STREET, STRASBURG, ILLINOIS WAS RECORDED AS SECURITY.

IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1343.

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES:**

### MONEY LAUNDERING

1. THAT ON OR ABOUT THE DATE HEREINAFTER SET FORTH, IN THE CENTRAL DISTRICT OF ILLINOIS AND ELSEWHERE,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, A RESIDENT OF STRASBURG, ILLINOIS, IN THE CENTRAL DISTRICT OF ILLINOIS, DID KNOWINGLY CONDUCT AND ATTEMPT TO CONDUCT A FINANCIAL TRANSACTION AFFECTING INTERSTATE AND FOREIGN COMMERCE, TO WIT, A TRANSFER OF FUNDS BY WIRE IN THAT ON OR ABOUT OCTOBER 25, 2000, THE DEFENDANT CAUSED $100,000 TO BE WIRED FROM EDGAR COUNTY BANK AND THE ACCOUNT OF PATRIDGE, TO AN ACCOUNT AT SKNA NATIONAL BANK, WHICH ACCOUNT, # 18153, WAS ASSOCIATED WITH SULTAN SERVICES, LTD., OVER WHICH PATRIDGE HAD AUTHORITY AND CONTROL;

2. THE TRANSFER SET FORTH ABOVE WAS THE PROCEEDS OF A SPECIFIED UNLAWFUL ACTIVITY, THAT IS WIRE FRAUD, UNDER TITLE 18, UNITED STATES CODE, SECTION 1343, WHICH TRANSACTION INVOLVED THE PROCEEDS OF A SPECIFIED UNLAWFUL ACTIVITY, AS MORE FULLY DESCRIBED IN COUNT FOUR AND COUNT FIVE OF THIS INDICTMENT, AND THE DEFENDANT KNEW THAT THE TRANSACTION WAS DESIGNED IN WHOLE AND IN PART TO CONCEAL AND DISGUISE THE NATURE, LOCATION, SOURCE, OWNERSHIP AND CONTROL OF THE PROCEEDS OF SAID SPECIFIED UNLAWFUL ACTIVITY AND THAT WHILE CONDUCTING AND ATTEMPTING TO CONDUCT SUCH FINANCIAL TRANSACTION, KNEW THAT THE PROPERTY INVOLVED IN THE FINANCIAL TRANSACTION, THAT

IS, FUNDS, IN THE AMOUNT OF APPROXIMATELY $100,000, REPRESENTED THE PROCEEDS OF SOME FORM OF UNLAWFUL ACTIVITY.

3. THE PURPOSE OF THE TRANSFER OF FUNDS TO SKNA NATIONAL BANK, WAS TO HIDE $100,000 FROM THE IRS AND YET MAKE THE FUNDS AVAILABLE TO THE DEFENDANT FOR USE AT HIS DIRECTION.

ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1956(A)(1)(B)(I).

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES:**

### MONEY LAUNDERING

1.  THAT ON OR ABOUT THE DATE HEREINAFTER SET FORTH, IN THE CENTRAL DISTRICT OF ILLINOIS AND ELSEWHERE,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, A RESIDENT OF STRASBURG, ILLINOIS, IN THE CENTRAL DISTRICT OF ILLINOIS, DID KNOWINGLY CONDUCT AND ATTEMPT TO CONDUCT A FINANCIAL TRANSACTION AFFECTING INTERSTATE AND FOREIGN COMMERCE, TO WIT, A TRANSFER OF FUNDS BY WIRE, IN THAT ON OR ABOUT OCTOBER 25, 2000, THE DEFENDANT CAUSED $100,000 TO BE WIRED FROM EDGAR COUNTY BANK AND THE ACCOUNT OF PATRIDGE, TO AN ACCOUNT AT SKNA NATIONAL BANK, WHICH ACCOUNT, # 18153, WAS ASSOCIATED WITH SULTAN SERVICES, LTD., OVER WHICH PATRIDGE HAD AUTHORITY AND CONTROL;

2.  THE TRANSFER SET FORTH ABOVE WAS THE PROCEEDS OF A SPECIFIED UNLAWFUL ACTIVITY, THAT IS WIRE FRAUD, UNDER TITLE 18, UNITED STATES CODE, SECTION 1343, AS MORE FULLY SET FORTH IN COUNT FOUR AND COUNT FIVE OF THIS INDICTMENT, AND THE DEFENDANT KNEW THAT THE TRANSACTION WAS DESIGNED IN WHOLE AND IN PART TO CONCEAL AND DISGUISE THE NATURE, LOCATION, SOURCE, OWNERSHIP AND CONTROL OF THE PROCEEDS OF SAID SPECIFIED UNLAWFUL ACTIVITY AND THAT WHILE CONDUCTING AND ATTEMPTING TO CONDUCT SUCH FINANCIAL TRANSACTION, KNEW THAT THE PROPERTY INVOLVED IN THE FINANCIAL TRANSACTION, THAT IS, FUNDS, IN THE AMOUNT OF APPROXIMATELY $100,000, REPRESENTED THE

PROCEEDS OF SOME FORM OF UNLAWFUL ACTIVITY, AS THE TRANSACTION WAS

COMMITTED WITH INTENT TO ENGAGE IN CONDUCT CONSTITUTING THE

EVASION OF PAYMENT OF TAXES IN VIOLATION OF SECTION 7201 OF THE

INTERNAL REVENUE CODE OF 1986, FOR THE DEFENDANT BOTH KNEW THE IRS

HAD DETERMINED HE OWED MORE THAN $100,000 IN TAXES FOR 1996 AND 1997

TAX YEARS AND THE DEFENDANT HAD DETERMINED TO HIDE HIS FUNDS FROM

THE IRS.

ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION

1956(A)(1)(A)(II).

GOVERNMENT INSTRUCTION NO. 38

UPON RETIRING TO THE JURY ROOM, SELECT ONE OF YOUR NUMBER AS YOUR FOREPERSON.  THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR REPRESENTATIVE HERE IN COURT.

FORMS OF VERDICT HAVE BEEN PREPARED FOR YOU.

TAKE THESE FORMS TO THE JURY ROOM, AND WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT ON THE VERDICT, YOUR FOREPERSON WILL FILL IN AND DATE THE APPROPRIATE FORM, AND EACH OF YOU WILL SIGN IT.

GOVERNMENT INSTRUCTION NO. 39

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION NO. 7.01

I DO NOT ANTICIPATE THAT YOU WILL NEED TO COMMUNICATE WITH ME. IF YOU DO, HOWEVER, THE ONLY PROPER WAY IS IN WRITING, SIGNED BY THE FOREPERSON, OR IF HE OR SHE IS UNWILLING TO DO SO, BY SOME OTHER JUROR, AND GIVEN TO THE MARSHAL.

GOVERNMENT INSTRUCTION NO. 40

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION NO. 7.05

THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.  YOUR VERDICT, WHETHER IT BE GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

YOU SHOULD MAKE EVERY REASONABLE EFFORT TO REACH A VERDICT.  IN DOING SO, YOU SHOULD CONSULT WITH ONE ANOTHER, EXPRESS YOUR OWN VIEWS, AND LISTEN TO THE OPINIONS OF YOUR FELLOW JURORS.  DISCUSS YOUR DIFFERENCES WITH AN OPEN MIND.  DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS AND CHANGE YOUR OPINION IF YOU COME TO BELIEVE IT IS WRONG.  BUT YOU SHOULD NOT SURRENDER YOUR HONEST BELIEFS ABOUT THE WEIGHT OR EFFECT OF EVIDENCE SOLELY BECAUSE OF THE OPINIONS OF YOUR FELLOW JURORS OR FOR THE PURPOSE OF RETURNING A UNANIMOUS VERDICT.

THE TWELVE OF YOU SHOULD GIVE FAIR AND EQUAL CONSIDERATION TO ALL THE EVIDENCE AND DELIBERATE WITH THE GOAL OF REACHING AN AGREEMENT WHICH IS CONSISTENT WITH THE INDIVIDUAL JUDGMENT OF EACH JUROR.

YOU ARE IMPARTIAL JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS TO DETERMINE WHETHER THE GOVERNMENT HAS PROVED ITS CASE BEYOND A REASONABLE DOUBT.

GOVERNMENT INSTRUCTION NO. 41

SEVENTH CIRCUIT PATTERN JURY INSTRUCTION NO. 7.06

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CASE NO. CR 04-20031 |
| | ) | |
| VS. | ) | VIOLATION: |
| | ) | TITLE 18, UNITED STATES CODE, |
| DENNY R. PATRIDGE, | ) | SECTIONS 1343, AND 1956; |
| | ) | TITLE 26, UNITED STATES CODE, |
| DEFENDANT. | ) | SECTIONS 7201, 7206(1) |

## SUPERSEDING INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES:**

## FILING A FALSE TAX RETURN

**BACKGROUND**

**THE DEFENDANT'S SOURCE OF INCOME AND REPORTED INCOME**

1.  THROUGHOUT THE ENTIRETY OF CALENDAR YEAR 1998:

A.  DENNY R. PATRIDGE (PATRIDGE) WAS A REGISTERED INSURANCE AGENT WHO OPERATED AN INSURANCE BUSINESS FROM AN OFFICE IN HIS HOME IN STRASBURG, ILLINOIS.

B.  PATRIDGE OPERATED HIS INSURANCE BUSINESS AS A CORPORATION CALLED PATRIDGE INSURANCE SERVICES, INC., WHICH HE INCORPORATED IN THE STATE OF ILLINOIS ON OR ABOUT MARCH 18, 1997.

C.  IN 1998, PATRIDGE INSURANCE SERVICES, INC. GENERATED GROSS REVENUE OF APPROXIMATELY $149,776.

D.  PATRIDGE WAS REQUIRED TO REPORT ON HIS PERSONAL TAX RETURN THE PERSONAL INCOME HE EARNED FROM HIS INSURANCE BUSINESS. ON HIS 1998 PERSONAL TAX RETURN, HOWEVER, PATRIDGE CLAIMED INCOME OF ONLY $2,846 FROM HIS BUSINESS.

### THE DEFENDANT'S ESTABLISHMENT OF "TRUSTS"

2.  PATRIDGE OBTAINED ENTITIES WHICH HE REFERRED TO AS "TRUSTS" THROUGH THE AEGIS COMPANY, PALOS HILLS, ILLINOIS.

3.  THE "TRUSTS" PATRIDGE ESTABLISHED WERE: (A) PATRIDGE ASSET MANAGEMENT TRUST, A/K/A PATRIDGE ASSET MANAGEMENT COMPANY, A/K/A PATRIDGE FAMILY ASSET MANAGEMENT TRUST CO., ("PATRIDGE ASSET MANAGEMENT TRUST"); (B) EBBA INTERNATIONAL TRUST; AND (C) CONVENTUS GLOBAL TRUST.  THE NAMED TRUSTEE FOR EBBA INTERNATIONAL TRUST AND CONVENTUS GLOBAL TRUST WAS THE EXEMPT SERVICES COMPANY, LTD.  THE OFFICIAL LOCATION FOR EXEMPT SERVICES COMPANY, LTD. WAS BELMOPAN, BELIZE.

### THE DEFENDANT'S TRANSFER AND CONCEALMENT OF INCOME

4.  PATRIDGE USED THE "TRUSTS" HE HAD ESTABLISHED TO CONCEAL EARNINGS, HIDE THE ORIGIN OF HIS INCOME, DECEIVE THE INTERNAL REVENUE SERVICE (IRS) AND CIRCUMVENT PERSONAL INCOME TAXES.  SPECIFICALLY, DURING 1998, PATRIDGE CAUSED $81,600 OF THE MONEY RECEIVED BY PATRIDGE INSURANCE SERVICES, INC., TO BE DIVERTED TO PATRIDGE ASSET MANAGEMENT TRUST.

5.  PATRIDGE PLACED AND CAUSED FUNDS TO BE PLACED IN BANK ACCOUNTS WHICH BORE THE NAMES OF HIS "TRUSTS."  PATRIDGE CLAIMED ON

TRUST TAX RETURNS THAT THE FUNDS HAD BEEN "DISTRIBUTED" TO AN

"OFFSHORE TRUST." AT ALL TIMES, HOWEVER, PATRIDGE RETAINED FULL

CONTROL OVER FUNDS IN "TRUST" BANK ACCOUNTS AND ENJOYED THE

BENEFICIAL USE OF THOSE FUNDS, WHICH MADE THE INCOME TAXABLE TO HIM

PERSONALLY.

**THE DEFENDANT'S FALSE TAX RETURN**

6.  ON OR ABOUT APRIL 12, 1999, IN THE CENTRAL DISTRICT OF ILLINOIS,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, DID WILLFULLY MAKE AND SUBSCRIBE A JOINT U.S.

INDIVIDUAL INCOME TAX RETURN FORM 1040, FOR THE CALENDAR YEAR 1998,

WHICH WAS VERIFIED BY A WRITTEN DECLARATION THAT IT WAS MADE UNDER

THE PENALTIES OF PERJURY AND WAS FILED WITH THE IRS, WHICH SAID INCOME

TAX RETURN HE DID NOT BELIEVE TO BE TRUE AND CORRECT AS TO EVERY

MATERIAL MATTER, IN THAT THE ADJUSTED GROSS INCOME REPORTED ON LINE

33 WAS $6,667, WHEN, AS HE THEN AND THERE WELL KNEW AND BELIEVED, THE

TOTAL INCOME HE RECEIVED AND SHOULD HAVE REPORTED ON LINE 33 OF HIS

FORM 1040 WAS APPROXIMATELY $86,845.

IN VIOLATION OF TITLE 26, UNITED STATES CODE, SECTION 7206(1).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES:**

### TAX EVASION

1.  FROM ABOUT JULY 2000, THE EXACT DATE BEING UNKNOWN, UNTIL THE DATE OF THE RETURN OF THIS INDICTMENT, IN THE CENTRAL DISTRICT OF ILLINOIS AND ELSEWHERE,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, A RESIDENT OF STRASBURG, ILLINOIS, DID UNLAWFULLY AND WILLFULLY EVADE AND DEFEAT, AND ATTEMPT TO EVADE AND DEFEAT, AND CAUSE EVASION, DEFEAT, AND ATTEMPTED EVASION AND DEFEAT OF THE PAYMENT OF PERSONAL INCOME TAX DUE AND OWING TO THE UNITED STATES OF AMERICA FOR THE 1996 AND 1997 CALENDAR YEARS, SPECIFICALLY, APPROXIMATELY $85,608 FOR THE 1996 CALENDAR YEAR AND APPROXIMATELY $62,062 FOR THE 1997 CALENDAR YEAR, BY, AMONG OTHER THINGS, LIQUIDATING PERSONAL INVESTMENTS WORTH MORE THAN $170,000 AFTER THE INTERNAL REVENUE SERVICE (IRS) SENT HIM NOTICES OF TAX DEFICIENCY, BY TRANSFERRING THAT MONEY TO A FOREIGN BANK ACCOUNT, AND BY TRANSFERRING RELEVANT DOCUMENTS AND RECORDS TO A FOREIGN COUNTRY SO THEY WOULD BE BEYOND THE REACH OF THE IRS.

### BACKGROUND

2.  DURING EACH OF THE YEARS 1996 AND 1997, DENNY R. PATRIDGE (PATRIDGE) OPERATED AN INSURANCE BUSINESS OUT OF AN OFFICE IN HIS HOME IN STRASBURG, ILLINOIS.  IN EACH OF THOSE YEARS HE EARNED PERSONAL INCOME AND WAS REQUIRED TO REPORT THAT INCOME ON A TAX RETURN FOR

EACH YEAR.

3.  PATRIDGE DID NOT REPORT A SUBSTANTIAL AMOUNT OF HIS INCOME ON THE JOINT U.S. INDIVIDUAL INCOME TAX RETURN THAT HE FILED FOR 1996. PATRIDGE ALSO DID NOT REPORT A SUBSTANTIAL AMOUNT OF HIS INCOME ON THE JOINT U.S. INDIVIDUAL INCOME TAX RETURN THAT HE FILED FOR 1997.

4.  ON OR ABOUT JANUARY 27, 2000, THE IRS ISSUED A NOTICE OF DEFICIENCY TO DENNY PATRIDGE PERSONALLY; THE NOTICE OF DEFICIENCY STATED A PROPOSED INCREASE IN TAX OF $85,608 FOR TAX YEAR ENDED DECEMBER 31, 1996 AND A PROPOSED INCREASE IN TAX OF $62,062 FOR TAX YEAR ENDED DECEMBER 31, 1997.

5.  ON OR ABOUT JANUARY 27, 2000, THE IRS ISSUED A NOTICE OF DEFICIENCY TO DENNY R. PATRIDGE, AS TRUSTEE FOR PARTRIDGE (SIC) ASSET MANAGEMENT TRUST; THE NOTICE OF DEFICIENCY STATED A PROPOSED INCREASE IN TAX OF $45,179 FOR TAX YEAR ENDED DECEMBER 31, 1996, AND A PROPOSED INCREASE IN TAX OF $43,216 FOR TAX YEAR ENDED DECEMBER 31, 1997.

6.  EACH OF THE NOTICES OF DEFICIENCY ISSUED JANUARY 27, 2000, PROVIDED THAT A PETITION TO CHALLENGE THE INCREASE HAD TO BE FILED IN THE UNITED STATES TAX COURT NO LATER THAN MAY 11, 2000.

7.  ON OR ABOUT JULY 31, 2000, PATRIDGE ASSET MANAGEMENT TRUST, WITH PATRIDGE AS TRUSTEE, RECEIVED NOTICE THAT A TAX ASSESSMENT HAD BEEN MADE AND THE BALANCE OF TAX DUE FOR TAX PERIOD DECEMBER 31, 1996, WAS $45,179 AND FOR TAX PERIOD DECEMBER 31, 1997, WAS $43,216.

8.  ON OR ABOUT AUGUST 7, 2000, DENNY R. PATRIDGE, IN HIS PERSONAL CAPACITY, RECEIVED NOTICE THAT A TAX ASSESSMENT HAD BEEN MADE AND

THE BALANCE OF TAX DUE FOR TAX PERIOD DECEMBER 31, 1996, WAS $81,400

AND FOR TAX PERIOD DECEMBER 31, 1997, WAS $59,564.

     9.  ON OR ABOUT SEPTEMBER 4, 2000, PATRIDGE, AS TRUSTEE OF PATRIDGE

ASSET MANAGEMENT TRUST, RECEIVED NOTICE THAT ANNOUNCED THE IRS

INTENT TO LEVY ("TAKE") ASSETS OF PATRIDGE ASSET MANAGEMENT TRUST,

AND WHICH STATED: "TO PREVENT COLLECTION ACTION, PLEASE PAY THE

CURRENT BALANCE NOW."

     10.  ON OR ABOUT OCTOBER 16, 2000, PATRIDGE RECEIVED A NOTICE THAT

ANNOUNCED THE IRS INTENT TO LEVY ("TAKE") ASSETS OF DENNY AND JUDY

PATRIDGE, AND WHICH STATED: "TO PREVENT COLLECTION ACTION, PLEASE PAY

THE CURRENT BALANCE NOW."

     11.  PATRIDGE PERSONALLY AND PATRIDGE ASSET MANAGEMENT TRUST

DID NOT PETITION THE UNITED STATES TAX COURT FOR REVIEW OF 1996 AND

1997 TAX DEFICIENCIES; NEITHER DID THEY PAY "THE CURRENT BALANCE."

**AFFIRMATIVE ACTS OF EVASION**

    **TRANSFER OF ASSETS**

     12.  BEGINNING IN APPROXIMATELY JULY 2000, THE DEFENDANT

LIQUIDATED INVESTMENTS HE OWNED, SOME OF WHICH REQUIRED PAYMENT OF

SURRENDER CHARGES, AND DEPOSITED THOSE FUNDS TO THE CLAY CITY BANK

ACCOUNT OF PATRIDGE ASSET MANAGEMENT TRUST.  HE THEN MOVED THOSE

FUNDS TO A "HIDDEN" OFFSHORE ACCOUNT.  THE FUNDS AND DATES ON WHICH

THEY WERE LIQUIDATED INCLUDED:

    7/13/00:   RAYMOND JAMES STOCK ACCOUNT #42867021: $21,255.17
    7/18/00:   HARTFORD LIFE AND ANNUITY ACCOUNT #8006 710704703:
             $11,894.09
    7/20/00:   KEYPORT ANNUITY ACCOUNT #0200905641: $22,509.11

33

| 7/24/00: | KEYPORT ACCOUNT KA00709253: $16,913.68 |
| 7/24/00: | KEYPORT ACCOUNT KA00723749: $13,477.61 |
| 7/24/00: | KEYPORT ACCOUNT KA00770077: $10,084.28 |
| 7/25/00: | HARTFORD LIFE AND ANNUITY ACCOUNT #8006 710688863: $62,615.75 |
| 8/02/00: | SAFECO ANNUITY ACCOUNT #AN2012715: $12,641.78 |

**TOTAL**: $171,391.47

13.  ON OR ABOUT SEPTEMBER 11, 2000, THE DEFENDANT CAUSED FUNDS FROM HIS RECENTLY LIQUIDATED ACCOUNTS TO BE DEPOSITED TO AN ACCOUNT HELD IN THE NAME OF PATRIDGE ASSET MANAGEMENT COMPANY AT CLAY CITY BANK AND, ON THAT SAME DATE, TRANSFERRED THE FUNDS TO HIS PERSONAL ACCOUNT AT CLAY CITY BANK, CLAY CITY, ILLINOIS.

14.  ON OR ABOUT SEPTEMBER 14, 2000, PATRIDGE ESTABLISHED A PERSONAL ACCOUNT, # 403-286-9, AT EDGAR COUNTY BANK AND TRUST, (EDGAR COUNTY BANK), PARIS, ILLINOIS.  FOUR DAYS LATER, SEPTEMBER 18, 2000, PATRIDGE REMOVED APPROXIMATELY $171,350 IN LIQUIDATED ANNUITY AND INVESTMENT FUNDS FROM HIS PERSONAL ACCOUNT AT CLAY CITY BANK AND DEPOSITED THOSE FUNDS INTO ACCOUNT # 403-286-9 AT EDGAR COUNTY BANK.

15.  ON APPROXIMATELY OCTOBER 3, 2000, THE DEFENDANT CAUSED $200,000 TO BE TRANSFERRED FROM ACCOUNT # 403-286-9 AT EDGAR COUNTY BANK AND CREDITED TO ACCOUNT # 18153, SKNA NATIONAL BANK, LTD., ST. KITTS-NEVIS-ANGUILLA (SKNA NATIONAL BANK).

**CREATION OF A FALSE MORTGAGE**

16.  ON OR ABOUT AUGUST 9, 2000, PATRIDGE CAUSED AN ENTITY KNOWN AS MINETTA, INC., TO BE INCORPORATED IN THE STATE OF NEVADA.  ALTHOUGH PATRIDGE CONTROLLED MINETTA, INC., NOWHERE ON ANY OF THE INCORPORATION DOCUMENTS DID PATRIDGE'S NAME APPEAR.

17.  ON OR ABOUT AUGUST 11, 2000, PATRIDGE CAUSED AN ACCOUNT, # 0049-6165-2276, TO BE OPENED WITH BANK OF AMERICA, RENO, NEVADA UNDER THE NAME "MINETTA, INC."

18.  APPROXIMATELY OCTOBER 4, 2000, THE DEFENDANT CAUSED A LIEN TO BE FILED WITH THE CLERK OF SHELBY COUNTY, SHELBYVILLE, ILLINOIS, WHICH ESTABLISHED THAT MINETTA, INC. HELD THE PROPERTY AT 108 W. SOUTH FIRST STREET, STRASBURG, ILLINOIS, AS SECURITY FOR $100,000 IT HAD LOANED TO DENNY R. PATRIDGE, WHEN IN FACT, ON OCTOBER 4, 2000, NO SUCH LOAN HAD BEEN DOCUMENTED.

19.  ON OR ABOUT OCTOBER 23, 2000, PATRIDGE CAUSED $100,000 TO BE WIRED FROM SKNA NATIONAL BANK, TO ACCOUNT # 0049-6165-2276 AT BANK OF AMERICA, RENO, NEVADA, IN THE NAME OF MINETTA, INC., AN ENTITY PATRIDGE CONTROLLED, WHICH WIRE TRANSFER WAS MADE TO PROVIDE MINETTA, INC. WITH SUFFICIENT FUNDS TO APPEAR TO MAKE A $100,000 LOAN TO PATRIDGE.

20.  ON OR ABOUT OCTOBER 25, 2000, APPROXIMATELY TWO WEEKS AFTER THE LIEN WHICH RECORDED THE $100,000 MORTGAGE HAD BEEN FILED WITH THE SHELBY COUNTY CLERK, $100,000 WAS TRANSFERRED FROM MINETTA, INC. TO THE PERSONAL ACCOUNT OF DENNY PATRIDGE AT EDGAR COUNTY BANK.  THE $100,000 WHICH THE DEFENDANT "BORROWED" FROM MINETTA, INC. HAD BEEN PLACED IN THE MINETTA, INC. BANK ACCOUNT WITH BANK OF AMERICA  RENO, NEVADA, BY THE DEFENDANT HIMSELF.

21.  ON OR ABOUT OCTOBER 25, 2000, $100,000, WHICH WAS DEPOSITED TO DENNY PATRIDGE'S PERSONAL ACCOUNT AT EDGAR COUNTY BANK FROM THE MINETTA, INC. ACCOUNT, WAS TRANSFERRED BACK TO ACCOUNT # 18153 IN SKNA NATIONAL BANK, WHERE THE FUNDS REMAINED AVAILABLE TO THE

DEFENDANT FOR PERSONAL PURPOSES.

22.  TO DELAY AND PREVENT ENFORCED COLLECTION ACTION, TO GAIN TIME TO SPEND THE MONEY HE HAD PLACED IN SKNA NATIONAL BANK, AND TO DELAY AND PREVENT IRS DISCOVERY THAT THE MORTGAGE FILED ON OCTOBER 4, 2000 ON 108 W. SOUTH FIRST STREET, STRASBURG, ILLINOIS, WAS, IN FACT, CONTROLLED BY HIMSELF, THE DEFENDANT EXERCISED HIS OPTION AND REQUESTED A COLLECTION DUE PROCESS HEARING.

**TRANSFER OF RECORDS**

23.  ON OR ABOUT JULY 22, 2000, PATRIDGE TRANSFERRED ALL DOCUMENTS ASSOCIATED WITH EXEMPT SERVICES COMPANY, LTD., TRUSTEE FOR BOTH EBBA INTERNATIONAL TRUST AND CONVENTUS GLOBAL TRUST, TO BELMOPAN, BELIZE, THEREBY PLACING THE DOCUMENTS OUTSIDE THE REACH OF THE IRS AND INSURING THAT THE DOCUMENTS WERE UNAVAILABLE FOR IRS REVIEW.

IN VIOLATION OF TITLE 26, UNITED STATES CODE, SECTION 7201.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES:**

### TAX EVASION

1.  FROM EARLY 1999, THE EXACT DATE BEING UNKNOWN, TO APPROXIMATELY OCTOBER 15, 2000, IN THE CENTRAL DISTRICT OF ILLINOIS AND ELSEWHERE,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, A RESIDENT OF STRASBURG, ILLINOIS, DID UNLAWFULLY AND WILLFULLY EVADE AND DEFEAT, AND ATTEMPT TO EVADE AND DEFEAT, AND CAUSE EVASION, DEFEAT, AND ATTEMPTED EVASION AND DEFEAT OF A LARGE PART OF HIS PERSONAL INCOME TAX DUE AND OWING TO THE UNITED STATES OF AMERICA FOR THE 1999 CALENDAR YEAR, SPECIFICALLY, APPROXIMATELY $19,523 DUE AND OWING ON TAXABLE INCOME OF APPROXIMATELY $76,796; HE DID SO BY, AMONG OTHER THINGS, TRANSFERRING MONEY HE EARNED AS INCOME TO A FOREIGN ACCOUNT, CONCEALING THAT MONEY FROM THE IRS, USING THE MONEY TO PAY PERSONAL EXPENSES, AND FAILING TO FILE AN INDIVIDUAL INCOME TAX RETURN, AS REQUIRED BY LAW.

2.  THE DEFENDANT EARNED BUSINESS AND PERSONAL INCOME DURING 1999 AND WAS RESPONSIBLE FOR FILING AN INDIVIDUAL INCOME TAX RETURN THAT ACCURATELY REPORTED HIS INCOME.

### AFFIRMATIVE ACTS OF EVASION

3.  DURING 1999, THE DEFENDANT CAUSED A PORTION OF HIS EARNED INCOME TO BE TRANSFERRED TO VARIOUS BANK ACCOUNTS, INCLUDING BANK ACCOUNTS WHICH BORE HIS NAME, HIS BUSINESS NAME, PATRIDGE INSURANCES

SERVICES, INC., AND THE NAMES OF THE "TRUSTS" HE HAD ESTABLISHED.  AT

LEAST ONE OF THESE ACCOUNTS WAS AN "OFF-SHORE ACCOUNT."  THE FACT

THAT THE DEFENDANT MOVED A PORTION OF HIS EARNED INCOME TO THESE

VARIOUS ACCOUNTS AND TO AN OFFSHORE LOCATION DID NOT RELIEVE HIM OF

THE RESPONSIBILITY TO REPORT ALL OF HIS INCOME.

4.  ON OR ABOUT MARCH 17, 2000, THE DEFENDANT CAUSED A U.S.

CORPORATE INCOME TAX RETURN, FORM 1120, FOR PATRIDGE INSURANCE

SERVICES, INC.**,** TO BE PREPARED AND FILED WITH THE IRS.  THE CORPORATE

RETURN INCLUDED EXPENSES OF APPROXIMATELY $46,000 FOR FUNDS DIVERTED

TO THE PATRIDGE ASSET MANAGEMENT TRUST BANK ACCOUNT #5006665 AT

CLAY CITY BANK.  THESE FUNDS WERE  INCOME TO PATRIDGE WHICH HE DID

NOT DECLARE ON ANY TAX RETURN.

5.  BETWEEN ON OR ABOUT JANUARY 29, 1999, AND ON OR ABOUT

NOVEMBER 16, 1999, THE DEFENDANT EVADED TAXES WHEN HE CAUSED THE

TRANSFER OF APPROXIMATELY $29,500 FROM THE PATRIDGE ASSET

MANAGEMENT TRUST ACCOUNT, #5006665 AT CLAY CITY BANK, CLAY CITY,

ILLINOIS, OVER WHICH THE DEFENDANT HAD SIGNATURE AUTHORITY, TO

ACCOUNT # 1552801, HELD IN THE NAME OF EXEMPT SERVICES COMPANY, AS

TRUSTEE OF EBBA INTERNATIONAL TRUST, AT SWISS AMERICAN BANK, LTD.

(SWISS AMERICAN BANK) IN ANTIGUA.  THE DEFENDANT CONTROLLED THE EBBA

INTERNATIONAL TRUST ACCOUNT.

6.  BETWEEN ON OR ABOUT FEBRUARY 1, 1999, AND ON OR ABOUT

SEPTEMBER 30, 1999, THE DEFENDANT CAUSED THE TRANSFER OF

APPROXIMATELY $29,408 FROM ACCOUNT # 1552801 AT SWISS AMERICAN BANK,

IN THE NAME OF EXEMPT SERVICES COMPANY, LTD., TRUSTEE FOR EBBA INTERNATIONAL TRUST, TO ACCOUNT # 1552901 AT SWISS AMERICAN BANK, IN THE NAME OF EXEMPT SERVICES COMPANY, LTD., TRUSTEE FOR CONVENTUS GLOBAL TRUST.  THE DEFENDANT CONTROLLED THE CONVENTUS GLOBAL TRUST ACCOUNT.

7.  PATRIDGE PAID NO TAX ON THE MONEY IN ACCOUNT #1552901, CONVENTUS GLOBAL TRUST, WHICH HE HAD TRANSFERRED FROM PATRIDGE INSURANCES, INC., THROUGH PATRIDGE ASSET MANAGEMENT TRUST AND EBBA INTERNATIONAL TRUST.  ON THE DATES SET FORTH BELOW, THE DEFENDANT USED FUNDS IN SWISS AMERICAN BANK ACCOUNT # 1552901, CONVENTUS GLOBAL TRUST, TO PAY CREDIT CARD CHARGES WHICH INCLUDED CHARGES FOR PERSONAL EXPENSES, AS FOLLOWS:

| DATE (ON OR ABOUT) | | AMOUNT | PURPOSE |
|---|---|---|---|
| A. | 01/19/99 | $1,537.55 | CREDIT CARD PAYMENT |
| B. | 02/15/99 | $3,850.05 | CREDIT CARD PAYMENT |
| C. | 03/16/99 | $3,089.99 | CREDIT CARD PAYMENT |
| D. | 04/13/99 | $3,396.52 | CREDIT CARD PAYMENT |
| E. | 06/04/99 | $3,517.91 | CREDIT CARD PAYMENT |
| F. | 07/14/99 | $3,764.90 | CREDIT CARD PAYMENT |
| G. | 09/14/99 | $4,852.46 | CREDIT CARD PAYMENT |
| H. | 10/15/99 | $2,989.86 | CREDIT CARD PAYMENT |
| I. | 11/15/99 | $2,576.21 | CREDIT CARD PAYMENT |
| J. | 12/15/99 | $2,180.67 | CREDIT CARD PAYMENT |

**TOTAL:** $31,756.12

8.  ON OR ABOUT JULY 22, 2000, THE DEFENDANT TRANSFERRED ALL DOCUMENTS ASSOCIATED WITH EXEMPT SERVICES COMPANY, LTD., AS TRUSTEE FOR BOTH EBBA INTERNATIONAL TRUST AND CONVENTUS GLOBAL TRUST, TO BELMOPAN, BELIZE, THEREBY PLACING THE DOCUMENTS OUTSIDE THE REACH OF THE IRS AND MAKING THE DOCUMENTS UNAVAILABLE FOR REVIEW.

IN VIOLATION OF TITLE 26, UNITED STATES CODE, SECTION 7201.

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES:**

### WIRE FRAUD

1.  BETWEEN APPROXIMATELY JULY 2000, TO AND INCLUDING OCTOBER 25, 2000, IN THE CENTRAL DISTRICT OF ILLINOIS AND ELSEWHERE,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, KNOWINGLY DEVISED AND INTENDED TO DEVISE A SCHEME AND ARTIFICE TO DEFRAUD THE IRS, IN THAT HE TRANSMITTED AND CAUSED TO BE TRANSMITTED BY MEANS OF WIRE IN INTERSTATE OR FOREIGN COMMERCE, SIGNS, SIGNALS, PICTURES AND SOUNDS FOR THE PURPOSE OF EXECUTING SUCH SCHEME OR ARTIFICE.  THE PURPOSE OF THE SCHEME WAS TO:

A.  REMOVE THE DEFENDANT'S LIQUID FUNDS TO A HIDDEN OFFSHORE LOCATION AND THEREBY CONCEAL THEM FROM THE IRS SO THE IRS COULD NOT FIND THE FUNDS AND SEIZE THE FUNDS TO SATISFY ASSESSED TAXES OWED TO THE UNITED STATES GOVERNMENT, AND

B.  PROTECT THE DEFENDANT'S PERSONAL FUNDS BY MAKING IT APPEAR THAT THE FUNDS AVAILABLE TO HIM WERE BORROWED FUNDS, AND

C.  PROTECT THE DEFENDANT'S PERSONAL REAL ESTATE BY MAKING IT APPEAR THAT THERE WAS AN UNSATISFIED MORTGAGE ON HIS HOME.

2.  THE DEFENDANT WAS AWARE THAT THE IRS HAD AUDITED BOTH HIS PERSONAL AND HIS "TRUST" TAX RETURNS FOR 1996 AND 1997.  THE IRS PROVIDED THE DEFENDANT AN OPPORTUNITY TO ARGUE THE AMOUNT HE OWED FOR 1996 AND 1997 WHEN, ON OR ABOUT JANUARY 27, 2000, IT ISSUED A NOTICE

41

OF DEFICIENCY TO DENNY R. PATRIDGE, RESIDENT OF STRASBURG, ILLINOIS, IN THE CENTRAL DISTRICT OF ILLINOIS, AS TRUSTEE FOR PARTRIDGE (SIC) ASSET MANAGEMENT TRUST, FOR THE TAX YEARS 1996 AND 1997.  THE NOTICE OF DEFICIENCY STATED A PROPOSED INCREASE IN TAX OF $45,179 FOR THE "TAX YEAR ENDED DECEMBER 31, 1996," AND $43,216 FOR THE "TAX YEAR ENDED DECEMBER 31, 1997."  ALSO ON OR ABOUT JANUARY 27, 2000, THE DEFENDANT WAS NOTIFIED OF A PROPOSED INCREASE IN HIS PERSONAL TAX OF $85,608 FOR THE "TAX YEAR ENDED DECEMBER 31, 1996" AND $62,062 FOR THE "TAX YEAR ENDED DECEMBER 31, 1997."  THE NOTICE TO BOTH PATRIDGE PERSONALLY AND TO PATRIDGE ASSET MANAGEMENT TRUST CLEARLY PROVIDED THAT ANY PETITION WITH THE UNITED STATES TAX COURT HAD TO BE FILED NO LATER THAN MAY 11, 2000.  THE DEFENDANT FAILED TO FILE A PETITION IN UNITED STATES TAX COURT.

3.  THE DEFENDANT KNEW THAT THE IRS WOULD CONTINUE TO AUDIT HIS TAXES.  ON OR ABOUT MAY 10, 2000, THE DEFENDANT RECEIVED APPOINTMENT LETTERS INFORMING HIM OF THE IRS INTENT TO AUDIT BOTH HIS PERSONAL 1998 TAX RETURN AND THE 1998 PATRIDGE ASSET MANAGEMENT TRUST TAX RETURN.

4.  THE DEFENDANT SUBSEQUENTLY RECEIVED NOTICE THAT THE DETERMINATION OF AMOUNT DUE AND OWING IN BACK TAXES FOR 1996 AND 1997 WAS FINAL AS TO HIS "TRUST" TAX RETURNS WHEN, ON OR ABOUT JULY 31, 2000, HE RECEIVED NOTICE THAT PATRIDGE ASSET MANAGEMENT TRUST, DENNY (SIC) R. PATRIDGE TRUSTEE, OWED $45,179 FOR THE "TAX PERIOD DECEMBER 31, 1996," AND $43,216 FOR THE "TAX PERIOD DECEMBER 31, 1997."  ON OR ABOUT AUGUST 7, 2000, THE DEFENDANT RECEIVED NOTICE THAT THE AMOUNT DUE

AND OWING IN BACK TAXES FOR 1996 AND 1997 WAS FINAL AS TO HIS PERSONAL

TAXES.  THE ADDITIONAL TAX OWED FOR "TAX PERIOD DECEMBER 31, 1996" WAS

$81,400 AND FOR "TAX PERIOD DECEMBER 31, 1997," THE ADDITIONAL TAX OWED

WAS $59,564.

**THE SCHEME:**

5.  BEGINNING IN APPROXIMATELY JULY 2000, THE DEFENDANT

LIQUIDATED INVESTMENTS HE OWNED, INCLUDING INVESTMENTS WHICH

REQUIRED PAYMENT OF SURRENDER CHARGES, AND DEPOSITED THOSE FUNDS

TO THE CLAY CITY BANK ACCOUNT OF PATRIDGE ASSET MANAGEMENT TRUST

BEFORE BEING MOVED TO A "HIDDEN" OFFSHORE ACCOUNT.  THE FUNDS AND

DATES ON WHICH THEY WERE LIQUIDATED INCLUDED:

| | |
|---|---|
| 7/13/00: | RAYMOND JAMES STOCK ACCOUNT #42867021: $21,255.17 |
| 7/18/00: | HARTFORD LIFE AND ANNUITY ACCOUNT #8006 710704703: $11,894.09 |
| 7/20/00: | KEYPORT ANNUITY ACCOUNT #0200905641: $22,509.11 |
| 7/24/00: | KEYPORT ACCOUNT KA00709253: $16,913.68 |
| 7/24/00: | KEYPORT ACCOUNT KA00723749: $13,477.61 |
| 7/24/00: | KEYPORT ACCOUNT KA00770077: $10,084.28 |
| 7/25/00: | HARTFORD LIFE AND ANNUITY ACCOUNT #8006 710688863: $62,615.75 |
| 8/02/00: | SAFECO ANNUITY ACCOUNT #AN2012715: $12,641.78 |

**TOTAL**: $171,391.47

6.  ON OR ABOUT SEPTEMBER 4, 2000, THE IRS NOTIFIED PATRIDGE, AS

TRUSTEE OF PATRIDGE ASSET MANAGEMENT TRUST, THAT IT WOULD BEGIN

COLLECTION OF $72,144.28 FOR 1996 AND $63,114.37 FOR 1997 OWED BY PATRIDGE

ASSET MANAGEMENT TRUST.  THE DEFENDANT IGNORED THE OPPORTUNITY TO

PAY TAXES OWED AND PREVENT COLLECTION BY MEANS OF IRS LEVY.

7.  ON OR ABOUT SEPTEMBER 14, 2000, THE DEFENDANT BEGAN TO SET UP A

SYSTEM BY WHICH TO HIDE HIS ASSETS FROM THE IRS BY MOVING HIS MONEY

OFFSHORE TO AN ACCOUNT UNDER HIS CONTROL BUT NOT UNDER HIS NAME.

THE DEFENDANT ALSO ESTABLISHED A NEW ACCOUNT, # 403-286-9 AT EDGAR

COUNTY BANK AND TRUST, PARIS, ILLINOIS (EDGAR COUNTY BANK), IN HIS OWN

NAME, THROUGH WHICH FUNDS COULD BE DIRECTED OFFSHORE.

 8. ON OR ABOUT SEPTEMBER 18, 2000, PATRIDGE REMOVED FUNDS IN THE

AMOUNT OF APPROXIMATELY $171,350 FROM CLAY CITY BANK, WHERE THEY

WERE HELD IN THE ACCOUNT OF PATRIDGE PERSONALLY, AND CAUSED THOSE

FUNDS TO BE DEPOSITED TO ACCOUNT # 403-286-9 AT EDGAR COUNTY BANK.

 9. TO EXECUTE THE SCHEME SET FORTH, ON OR ABOUT OCTOBER 3, 2000,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, WIRED AND CAUSED TO BE WIRED APPROXIMATELY

$200,000 IN FUNDS FROM ACCOUNT # 403-286-9 AT EDGAR COUNTY BANK, EDGAR

COUNTY, ILLINOIS, THROUGH BANK OF AMERICA, N.A., NEW YORK, FOR

TRANSFER TO SKNA NATIONAL BANK, WHERE THE FUNDS WERE CREDITED TO

ACCOUNT # 18153, AN ACCOUNT HELD IN THE NAME OF SULTAN SERVICES, LTD.,

AN ENTITY WHICH WAS DIRECTED BY DENNY PATRIDGE.

 IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1343.

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES:**

### WIRE FRAUD

1.  PARAGRAPHS 1 THROUGH 8 OF COUNT FOUR ARE INCORPORATED BY REFERENCE HEREIN.

**THE SCHEME, CONTINUED:**

9.  HAVING TRANSFERRED $200,000 TO SKNA NATIONAL BANK, ON OCTOBER 3, 2000, ON OR ABOUT OCTOBER 4, 2000, PATRIDGE TOOK STEPS TO FRAUDULENTLY PREVENT THE IRS FROM OBTAINING A FIRST LIEN ON HIS REAL ESTATE.

10.  ON OR ABOUT OCTOBER 4, 2000, PATRIDGE CAUSED A MORTGAGE ON HIS HOME AT 108 W. SOUTH FIRST STREET, STRASBURG, ILLINOIS, TO BE RECORDED WITH THE CLERK OF SHELBY COUNTY, ILLINOIS.  THE MORTGAGE RECORDED A $100,000 "LOAN" FROM MINETTA, INC. TO PATRIDGE WHEN, IN FACT, ON OCTOBER 4, 2000, MINETTA, INC. HAD NOT LOANED PATRIDGE $100,000.

11.  ON OR ABOUT OCTOBER 23, 2000, PATRIDGE CAUSED $100,000 TO BE WIRED FROM SKNA NATIONAL BANK, TO ACCOUNT # 0049-6165-2276 AT BANK OF AMERICA, RENO, NEVADA, IN THE NAME OF MINETTA, INC., AN ENTITY PATRIDGE CONTROLLED, WHICH WIRE TRANSFER WAS MADE TO PROVIDE MINETTA, INC. WITH SUFFICIENT FUNDS TO APPEAR TO MAKE A $100,000 LOAN TO PATRIDGE.

12.  ON OR ABOUT OCTOBER 25, 2000, TO EXECUTE THE SCHEME SET FORTH,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, CAUSED $100,000 TO BE WIRED FROM THE MINETTA, INC., ACCOUNT # 0049-6165-2276, AT BANK OF AMERICA BANK, RENO, NEVADA, TO THE

PERSONAL ACCOUNT OF PATRIDGE, # 403-286-9, EDGAR COUNTY BANK AND

TRUST, PARIS ILLINOIS, WHICH TRANSFER SUPPORTED THE FICTION OF A "LOAN"

FROM MINETTA, INC. TO PATRIDGE, ON WHICH "LOAN," A MORTGAGE ON 108 W.

SOUTH FIRST STREET, STRASBURG, ILLINOIS WAS RECORDED AS SECURITY.

IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1343.

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES:**

### MONEY LAUNDERING

1.  THAT ON OR ABOUT THE DATE HEREINAFTER SET FORTH, IN THE CENTRAL DISTRICT OF ILLINOIS AND ELSEWHERE,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, A RESIDENT OF STRASBURG, ILLINOIS, IN THE CENTRAL DISTRICT OF ILLINOIS, DID KNOWINGLY CONDUCT AND ATTEMPT TO CONDUCT A FINANCIAL TRANSACTION AFFECTING INTERSTATE AND FOREIGN COMMERCE, TO WIT, A TRANSFER OF FUNDS BY WIRE IN THAT ON OR ABOUT OCTOBER 25, 2000, THE DEFENDANT CAUSED $100,000 TO BE WIRED FROM EDGAR COUNTY BANK AND THE ACCOUNT OF PATRIDGE, TO AN ACCOUNT AT SKNA NATIONAL BANK, WHICH ACCOUNT, # 18153, WAS ASSOCIATED WITH SULTAN SERVICES, LTD., OVER WHICH PATRIDGE HAD AUTHORITY AND CONTROL;

2.  THE TRANSFER SET FORTH ABOVE WAS THE PROCEEDS OF A SPECIFIED UNLAWFUL ACTIVITY, THAT IS WIRE FRAUD, UNDER TITLE 18, UNITED STATES CODE, SECTION 1343, WHICH TRANSACTION INVOLVED THE PROCEEDS OF A SPECIFIED UNLAWFUL ACTIVITY, AS MORE FULLY DESCRIBED IN COUNT FOUR AND COUNT FIVE OF THIS INDICTMENT, AND THE DEFENDANT KNEW THAT THE TRANSACTION WAS DESIGNED IN WHOLE AND IN PART TO CONCEAL AND DISGUISE THE NATURE, LOCATION, SOURCE, OWNERSHIP AND CONTROL OF THE PROCEEDS OF SAID SPECIFIED UNLAWFUL ACTIVITY AND THAT WHILE CONDUCTING AND ATTEMPTING TO CONDUCT SUCH FINANCIAL TRANSACTION, KNEW THAT THE PROPERTY INVOLVED IN THE FINANCIAL TRANSACTION, THAT

IS, FUNDS, IN THE AMOUNT OF APPROXIMATELY $100,000, REPRESENTED THE PROCEEDS OF SOME FORM OF UNLAWFUL ACTIVITY.

3. THE PURPOSE OF THE TRANSFER OF FUNDS TO SKNA NATIONAL BANK, WAS TO HIDE $100,000 FROM THE IRS AND YET MAKE THE FUNDS AVAILABLE TO THE DEFENDANT FOR USE AT HIS DIRECTION.

ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1956(A)(1)(B)(I).

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES:**

### MONEY LAUNDERING

1.  THAT ON OR ABOUT THE DATE HEREINAFTER SET FORTH, IN THE
CENTRAL DISTRICT OF ILLINOIS AND ELSEWHERE,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, A RESIDENT OF STRASBURG, ILLINOIS, IN THE CENTRAL
DISTRICT OF ILLINOIS, DID KNOWINGLY CONDUCT AND ATTEMPT TO CONDUCT A
FINANCIAL TRANSACTION AFFECTING INTERSTATE AND FOREIGN COMMERCE,
TO WIT, A TRANSFER OF FUNDS BY WIRE, IN THAT ON OR ABOUT OCTOBER 25,
2000, THE DEFENDANT CAUSED $100,000 TO BE WIRED FROM EDGAR COUNTY
BANK AND THE ACCOUNT OF PATRIDGE, TO AN ACCOUNT AT SKNA NATIONAL
BANK, WHICH ACCOUNT, # 18153, WAS ASSOCIATED WITH SULTAN SERVICES,
LTD., OVER WHICH PATRIDGE HAD AUTHORITY AND CONTROL;

2.  THE TRANSFER SET FORTH ABOVE WAS THE PROCEEDS OF A SPECIFIED
UNLAWFUL ACTIVITY, THAT IS WIRE FRAUD, UNDER TITLE 18, UNITED STATES
CODE, SECTION 1343, AS MORE FULLY SET FORTH IN COUNT FOUR AND COUNT
FIVE OF THIS INDICTMENT, AND THE DEFENDANT KNEW THAT THE
TRANSACTION WAS DESIGNED IN WHOLE AND IN PART TO CONCEAL AND
DISGUISE THE NATURE, LOCATION, SOURCE, OWNERSHIP AND CONTROL OF THE
PROCEEDS OF SAID SPECIFIED UNLAWFUL ACTIVITY AND THAT WHILE
CONDUCTING AND ATTEMPTING TO CONDUCT SUCH FINANCIAL TRANSACTION,
KNEW THAT THE PROPERTY INVOLVED IN THE FINANCIAL TRANSACTION, THAT
IS, FUNDS, IN THE AMOUNT OF APPROXIMATELY $100,000, REPRESENTED THE

PROCEEDS OF SOME FORM OF UNLAWFUL ACTIVITY, AS THE TRANSACTION WAS

COMMITTED WITH INTENT TO ENGAGE IN CONDUCT CONSTITUTING THE

EVASION OF PAYMENT OF TAXES IN VIOLATION OF SECTION 7201 OF THE

INTERNAL REVENUE CODE OF 1986, FOR THE DEFENDANT BOTH KNEW THE IRS

HAD DETERMINED HE OWED MORE THAN $100,000 IN TAXES FOR 1996 AND 1997

TAX YEARS AND THE DEFENDANT HAD DETERMINED TO HIDE HIS FUNDS FROM

THE IRS.

ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION

1956(A)(1)(A)(II).

UPON RETIRING TO THE JURY ROOM, SELECT ONE OF YOUR NUMBER AS YOUR FOREPERSON.  THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR REPRESENTATIVE HERE IN COURT.

FORMS OF VERDICT HAVE BEEN PREPARED FOR YOU.

TAKE THESE FORMS TO THE JURY ROOM, AND WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT ON THE VERDICT, YOUR FOREPERSON WILL FILL IN AND DATE THE APPROPRIATE FORM, AND EACH OF YOU WILL SIGN IT.

I DO NOT ANTICIPATE THAT YOU WILL NEED TO COMMUNICATE WITH ME. IF YOU DO, HOWEVER, THE ONLY PROPER WAY IS IN WRITING, SIGNED BY THE FOREPERSON, OR IF HE OR SHE IS UNWILLING TO DO SO, BY SOME OTHER JUROR, AND GIVEN TO THE MARSHAL.

THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. YOUR VERDICT, WHETHER IT BE GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

YOU SHOULD MAKE EVERY REASONABLE EFFORT TO REACH A VERDICT. IN DOING SO, YOU SHOULD CONSULT WITH ONE ANOTHER, EXPRESS YOUR OWN VIEWS, AND LISTEN TO THE OPINIONS OF YOUR FELLOW JURORS. DISCUSS YOUR DIFFERENCES WITH AN OPEN MIND. DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS AND CHANGE YOUR OPINION IF YOU COME TO BELIEVE IT IS WRONG. BUT YOU SHOULD NOT SURRENDER YOUR HONEST BELIEFS ABOUT THE WEIGHT OR EFFECT OF EVIDENCE SOLELY BECAUSE OF THE OPINIONS OF YOUR FELLOW JURORS OR FOR THE PURPOSE OF RETURNING A UNANIMOUS VERDICT.

THE TWELVE OF YOU SHOULD GIVE FAIR AND EQUAL CONSIDERATION TO ALL THE EVIDENCE AND DELIBERATE WITH THE GOAL OF REACHING AN AGREEMENT WHICH IS CONSISTENT WITH THE INDIVIDUAL JUDGMENT OF EACH JUROR.

YOU ARE IMPARTIAL JUDGES OF THE FACTS. YOUR SOLE INTEREST IS TO DETERMINE WHETHER THE GOVERNMENT HAS PROVED ITS CASE BEYOND A REASONABLE DOUBT.