UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR04-20031 |
| ) | |
| ) | **UNDER SEAL** |
| DENNY R. PATRIDGE, ) | **EX PARTE** |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S NOTICE TO THE COURT CONCERNING DEFENDANT'S
WITNESSES AND ADDITIONAL FIFTH AMENDMENT ISSUES**

To protect the secrecy of the grand jury process, as mandated by Federal Rule of Criminal Procedure 6(e), the government submits the following information to the Court, UNDER SEAL, *in camera* to be reviewed *ex parte*. Not only does this notice present information protected under Rule 6(e), which government counsel has no authority from the United States of America to release, but this notice also presents statements made by counsel and not intended for public dissemination.

In addition to the four witnesses previously discussed, a fifth individual on defendant's witness list, Brent Winters, is currently the target of a grand jury investigation, of which Winters is aware. Kenton Tylman, a sixth individual, is the target of a grand jury investigation, of which he may be aware, though this is uncertain. A seventh individual, Arnold Goldstein, an attorney who represented defendant at some point during the time period at issue in this matter, has been subpoenaed and, according to defense counsel's opening statement, may play a large part in defendant's reliance defense. According to a statement made by defense counsel during the Final Pretrial Conference, Mr. Goldstein's attorney is wary of him testifying.

With regard to Mr. Winters, the government spoke with Mr. Winters' attorney, Donald

MacPherson, on May 31, 2005. While Mr. MacPherson did not confirm that the defendant had subpoenaed Mr. Winters, he informed the government that Mr. Winters had been contacted by the defendant about testifying. Mr. MacPherson also indicated that Mr. Winters may testify about some matters related to the defendant, but assert his Fifth Amendment privilege in response to other questions, such as those related to Mr. Winters' personal tax situation.[1] The government asserts that based on the on-going criminal investigation, Mr. Winters has a valid Fifth Amendment privilege against self-incrimination in the current matter. However, were Mr. Winters to testify on behalf of the defendant, the government is entitled to a full opportunity to thoroughly cross-examine Mr. Winters about relevant matters. Based on the statement from Mr. Winters' attorney, the government expects Mr. Winters to assert the Fifth Amendment only during the government's cross-examination of him. This Court should preclude Mr. Winters, or any defense witness, from asserting his Fifth Amendment right simply to obstruct the government's cross-examination.

Specifically, the government believes that Mr. Winters' testimony will fall into two general areas: his advice to defendant regarding the use of the "trusts" while engaged as defendant's counsel - as a basis for a reliance defense - and Mr. Winters' opinion of whether defendant believed the "trusts" were legal. Any area involving defendant and the "trusts" or other entities defendant utilized to avoid taxes implicates Mr. Winters' own experience with the "trusts" and methods to avoid income taxes. As such, if Mr. Winters chooses to provide such testimony, the government should be allowed to fully cross-examine Mr. Winters regarding his own use of these "trusts" or own tax avoidance history, and he should not be permitted to avoid these questions by misusing the Fifth Amendment privilege.

Furthermore, as the Court is fully cognizant, it found Mr. Winters' testimony to be "deceptive and contradictory" and "conflicting and impeached in many ways" in its Order, dated July 13, 2000, *In the Matter of the Search of The Office of Ken Tylman, Worldwide Financial*

---

[1] For the Court's information, the grand jury investigation refers to Mr. Winters' personal tax situation.

*Services, 913 17th Street, Charleston, IL 61920*, Nos. 00-U-13, 00-U-14, and 00-U-15.  As such, it is particularly important that the government be permitted to cross-examine Mr. Winters regarding any statements he might make in trial.  Mr. Winters should not be allowed to hide behind the Fifth Amendment in order to shield himself from the prosecutor's legitimate effort to question his knowledge and credibility as to the matters he just testified to for the defense, for it is the truth which is at the heart of the prosecutor's interrogation of a witness under oath before the jury.

   As for Mr. Goldstein, on June 6, 2005, defense counsel commented in open court that Mr. Goldstein's attorney was not eager for him to come testify, but had not specifically stated that Mr. Goldstein would assert the Fifth Amendment.  The government believes that, based on Mr. Goldstein's involvement in the defendant's affairs and defense counsel's statement of Mr. Goldstein's attorney's reservations about Mr. Goldstein testifying in the current matter, it would be most appropriate for the Court to conduct an interview with Mr. Goldstein outside the presence of the jury to advise him of his Fifth Amendment rights and determine if he will invoke them during his testimony.

**CONCLUSION**

THEREFORE, the government respectfully requests that this Court take appropriate action in advising these defense witnesses of their Fifth Amendment Rights.

Respectfully submitted,

JAN PAUL MILLER
UNITED STATES ATTORNEY

s/ Hilary W. Frooman
HILARY W. FROOMAN, IL Bar. 6180241
Assistant United States Attorney
United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
FAX: 217-373-5891
hilary.frooman@usdoj.gov

s/Lea A. Carlisle
LEA A. CARLISLE, TX Bar# 24031793
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 972
Washington, DC 20044
202/514-5762
FAX: 202-514-9623
lea.a.carlisle@usdoj.gov