E-FILED
Wednesday, 15 June, 2005  09:04:13 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

UNITED STATES OF AMERICA

    Plaintiff,                                             Case No. CR 20031

DENNY PATRIDGE

    Defendant.

DEFENDANT'S RESPONSE IN OPPOSITION TO
EDWARD BARTOLI

    Defendant, by and through his attorney, files their response in opposition to Edward Bartoli's Motion to Quash the subpoena issued commanding his presence and testimony at trial herein.

    Mr. Bartoli claims his subpoena should be quashed for two reasons. First he states that if he is called he will claim the fifth amendment. He states he is a criminal defendant in a sister case in Chicago with other Aegis principals. He also claims that if he is granted immunity he would be willing to testify. In addition he claims that he should not be forced to appear at trial simply to state "fifth amendment."

1

Second, he claims that his "D.O."doctor has written him a note that states he is unable to travel due to pending Urology surgery in the near future.

As to the issue of the witness claiming the fifth amendment. There is no doubt that Mr. Bartoli can claim the fifth amendment. There are several foundation questions demonstrating that Mr. Patridge and Mr. Bartoli communicated allowing the jury to infer that Mr. Patridge was in a position to rely upon the advice Mr. Bartoli sold him prior to any issue arising his fifth amendment rights.

Mr. Patridge has a 6th Amendment Rights to call any witness which he believes would benefit his defense in this case. The main defense in this case is that Mr. Patridge relied upon others for what the Government claims he did.

As to the issue regarding surgery. The note clearly reads "illegal" when printed from the document saved and attached in the Court file and is signed by a D.O and not any Doctor performing surgery. Defendant understands a D.O. cannot perform Urological surgery.

Sue, the nurse for Mr. Bartoli, stated that the only reason why she obtained this note for Mr. Bartoli was because Mr. Bartoli came in and asked for it so he would not have to answer the subpoena. Sue was also asked when the surgery would be performed which she replied she did not know because the Doctor she

worked for was not performing the surgery.   Asked when Mr. Bartoli would be ready to travel and she responded she did not know.

Defendant does not believe that Mr. Bartoli is unable to travel.   There is no evidence from any professional involved in the surgery that Mr. Bartoli is either unable to travel or has been directed not to travel pending the surgery.

Therefore, Defendant respectfully request this Court deny the Motion to Quash Mr. Bartoli's Subpoena and compel him to appear and give testimony as Mr. Patridge has a sixth amendment right to his appearance and testimony and there is no good faith reason to allow Mr. Bartoli to escape his duty under the law.

Respectfully Submitted

By:   /s/ Jerold W. Barringer
Jerold W. Barringer
Attorney at Law
Bar # 06185192
102 S. Pine St.
P.O. Box 213
Nokomis, IL 62075
(217) 563-2646
Jwbarringer@consolidated.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy Defendant's Opposition to Mr. Bartoli's Motion to Quash Subpoena was electronically delivered through the Clerk's ECF system on June 15, 2005 to:

Hilary W. Frooman
201 S. Vine, Suite 226
Urbana, Illinois 61802
hilary.frooman@usdoj.gov

/s/ Jerold W. Barringer
Server