E-FILED
Thursday, 16 June, 2005  09:48:04 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR04-20031 |
| ) | |
| ) | |
| DENNY R. PATRIDGE, ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' MOTION TO SEAL GRAND JURY TESTIMONY

The United States of America by its attorneys, Jan Paul Miller, United States Attorney, Central District of Illinois, Hilary W. Frooman, Assistant United States Attorney for the Central District of Illinois, and Lea A. Carlisle, Trial Attorney for the Department of Justice, Tax Division, files the within Motion To Seal Grand Jury Testimony, which defendant attached as an exhibit to Defendant's Objection to Government's Objection Regarding Defense Exhibit #38 and 39, (R.112).

In support of its position, the United States offers the following points and authorities.

### POINTS AND AUTHORITIES

I.    Defense counsel has violated the protective order issued by this Court.

On June 2, 2005, the Government filed a motion with this Court for protection of documents released to the defense in discovery. (R.97). Specifically, the motion referred to "all information which the government has provided to the defense and which was obtained through the use of the grand jury process," which is protected by Federal Rule of Criminal Procedure 6(e). The motion also referred to the names and statements of witnesses who may or may not testify at the case in chief, also provided to the defense in discovery, and the Government identified the protection of witnesses as a principal concern. (R.97).

The Court granted that motion on June 7, 2005. Subsequent to this date, on June 11, 2005, the defendant filed an Objection to Government's Objection Regarding Defense Exhibit #38 and 39 with an unsealed attachment, which consisted of a grand jury transcript turned over by the government in discovery, in direct violation of the Court's June 7, 2005 Order. (R.112). As an unsealed electronic filing, the attached grand jury transcript is available to the general public via the internet, which places the secrecy of the proceedings and the privacy of those involved in the grand jury process in jeopardy. Thus, the Government moves this Court to seal the attachment to Defendant's Objection to Government's Objection Regarding Defense Exhibit #38 and 39, as filed in docket number 112.

II.    <u>Secrecy of grand jury proceedings is essential to the preservation of the system.</u>

Courts have long accorded the protection of secrecy to grand jury information, in recognition of the potential dangers of allowing such information to be made public. <u>See, e.g., Douglas Oil Co. of California v. Petrol Stops Northwest</u>, 441 U.S. 211, 218 (1979); <u>Markarian v. Alloian</u>, 836 F.Supp. 529, 531 (N.D. Ill. 1993) ("The secrecy of grand jury proceedings is so important that it cannot be broken absent the showing of particularized need for the material in order to avoid injustice that is commensurate with both the need for continued secrecy and the policy reason that justifies protecting that secrecy.").

In <u>Douglas Oil</u>, the Supreme Court noted the important interests served through the provision of grand jury secrecy. <u>Douglas Oil</u>, 441 U.S. at 218-19; <u>see also United States v. Procter & Gamble Company</u>, 356 U.S. 677, 681-82 (1958) (noting the important reasons for the "long-established policy that maintains the secrecy of grand jury proceedings in the federal courts"). Perhaps most relevant to the case at bar, the Court noted in <u>Douglas</u> that if proceedings were made public, "witnesses who appeared before the grand jury would be less likely to testify fully and frankly," and "many prospective witnesses would be hesitant to come forward voluntarily." <u>Douglas</u>

Oil, 441 U.S. at 219. Furthermore, grand juries would be more easily influenced, those learning of potential indictments would be likely to flee, and those under investigation who were not eventually indicted could "be held up to public ridicule." Id. Because of the important policy considerations, the "interest in grand jury secrecy is not eliminated simply because the grand jury proceeding is completed." United States v. Duff, 529 F.Supp. 148, 155 (N.D. Ill. 1981).

Given the existence of Rule 6(e) of the Federal Rules of Criminal Procedure, in addition to the consistent rulings of the Supreme Court concerning grand jury testimony, defense counsel's violation of this Court's protective order is particularly problematic. To preserve the integrity of the grand jury system, the Government asks this Court to seal the attachment to docket number 112, Defendant's Objection to Government's Objection Regarding Defense Exhibit #38 and 39.

## CONCLUSION

This Court recognized the importance of conforming with the tradition of according secrecy to grand jury proceedings when it granted the Government's Motion For Protection of Discovered Material on June 7, 2005. (R.97). Defense counsel's electronic filing of the unsealed motion, (R.112), is in direct violation of this Court's Order. For the foregoing reasons, the Government moves this Court to seal the grand jury transcript attached to Defendant's Objection to Government's Objection Regarding Defense Exhibit #38 and 39. (R.112).

Respectfully submitted,

JAN PAUL MILLER
United States Attorney

s/ Hilary W. Frooman
HILARY W. FROOMAN
Assistant United States Attorney
United States Attorney
201 S. Vine, Suite 226
Urbana, Illinois 61802
217/373-5875
FAX: 217/373-5891
hilary.frooman@usdoj.gov

s/Lea A. Carlisle
LEA A. CARLISLE, TX Bar# 24031793
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 972
Washington, DC 20044
202/514-5762
FAX: 202/514-9623
lea.a.carlisle@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2005, I electronically filed the foregoing United States' Motion in Limine Regarding Defense Witnesses and Fifth Amendment Privilege with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jerold Barringer, P.O. Box 213, Nokomis, IL 62705, jwbarringer@consolidated.net.

s/ Hilary W. Frooman  
HILARY W. FROOMAN  
Assistant United States Attorney  
United States Attorney  
201 S. Vine, Suite 226  
Urbana, Illinois 61802  
217/373-5875  
FAX: 217/373-5891  
hilary.frooman@usdoj.gov
