E-FILED
Wednesday, 22 June, 2005 04:22:59 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**FILED**

JUN 2 2 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 04 - 20031 |
| ) | Honorable Michael P. McCuskey |
| DENNY R. PATRIDGE ) | |

### WITNESS KAREN RITTER'S MEMORANDUM IN SUPPORT OF INVOCATION OF FIFTH AMENDMENT RIGHTS

NOW COMES KAREN RITTER, a witness subpoenaed to testify in the above-captioned trial, by and through her attorney, Robert A. Loeb, and submits the following Memorandum in support of her invocation of her Fifth Amendment privilege.

In support of this Memorandum, Mr. Loeb makes the following statements, based on information learned from various sources, and nothing herein is to be considered a statement of Ms. Ritter.

Karen Ritter has been subpoenaed by the Defendant, Denny R. Patridge, to testify in the trial of the above-captioned matter. She is invoking her rights, pursuant to the Fifth Amendment of the United States Constitution, to refuse to answer any questions.

Ms. Ritter has a valid basis for the invocation of the Fifth Amendment privilege. A parallel (or perhaps, the same) investigation was conducted in the Northern District of Illinois. Ms. Ritter was subpoenaed before the grand jury in Chicago and invoked her 5th Amendment privilege at that time. She was informed that she was a target of that investigation. Further, during the investigation, her attorney was told by agents working on the case (Michael Priess,

1

Debra Carr, or possibly another agent) that charges would be brought and she would be indicted for her participation in what they called fraudulent investment; they invited her to cooperate in the investigation in order to minimize her exposure at that time.

Ms. Ritter worked at Heritage Management Services in the capacity of administrative assistant. She had various duties, some of which were ministerial, some of which were more substantively involved in the operations of Heritage and the various companies, including Aegis Financial Group, which were operated at that location.

More specifically, it has been indicated that the area of inquiry sought by the defense in this case concerns Ms. Ritter's employment at Heritage, and the particular tasks she performed there, including serving as a notary public. The proper focus at this time is not only whether or not Ms. Ritter is guilty of any crime, but also whether or not her testimony could be used in a prosecution against her. The government has already expressed its belief that she could be prosecuted for her activities at Heritage/Aegis. If in fact she notarized a document which the government might claim was in furtherance of illegal activity, her testimony, even on the narrow issue of notarization, could provide a link in the chain of evidence which might tend to incriminate her. See *Hoffman v. United States*, 341 U.S. 470, 71 S.Ct. 814 (1951).

However, direct examination, even on the narrow issue of notarization, would also result in a cross-examination by the government. Cross-examination could be used by the government to develop evidence against her in many ways. Her bias for or against any defendants against the government could be probed. The context of her activities at work might be relevant to her testimony. Her memory of events at work could be tested. Her specific knowledge concerning the business might also be part of cross. All of these areas could result in the development of

2

evidence against her.

Even more specifically, the government has indicated in the investigation that she was involved in activities which the government considers illegal. She was present on three marketing trips, and according to the government, is even on recordings which were made on one of the trips. The government considers these trips to be in furtherance of an illegal scheme, and that her activities in the office were also in furtherance of that scheme. As such, even a narrow inquiry concerning notarization would subject her to the risk of self-incrimination.

The legal standards in this area are discussed in *United States v. Mabrook*, 301 F.3d 503, 506-507 (7th Cir. 2002).

> When a potential witness indicates that he will likely invoke his privilege against self-incrimination, the district court should ensure that the witness *cannot possibly incriminate himself*. (emphasis added). If a witness's testimony may make him vulnerable to prosecution, the trial court may allow him to invoke his privilege and refuse to testify. *Gleason v. Welborn*, 42 F.3d 1107, 1109 (7th Cir.1994). In deciding whether the district court abused its discretion in denying Mabrook's request to call Paneras as a witness and allowing Paneras to invoke the Fifth Amendment, we must remain mindful that Mabrook's Sixth Amendment right to the compulsory process does not trump Paneras's Fifth Amendment right against self-incrimination. Id. ... However, after conducting a hearing, the district court found that Paneras would not be insulated from state or federal prosecution if he testified. In fact, the very real possibility existed that Paneras would expose himself to conspiracy, RICO, or 18 U.S.C. § 1001 charges if he testified at Mabrook's trial. Thus, even though Paneras had already been prosecuted for mail and wire fraud, the possibility that other charges, like conspiracy, could be brought against Paneras based on his testimony weighs heavily in determining whether the court abused its discretion. Cf. *United States v. Pardo*, 636 F.2d 535, 544 n. 24 (D.C.Cir.1980).

The testimony sought from Karen Ritter would be on a subject which the government believes is a part of a criminal scheme, a criminal scheme in which, the government believes, Karen Ritter participated. To compel her testimony in the trial of Mr. Patridge would be a violation of her fundamental Constitutional rights.

3

For the above reasons, Karen Ritter would invoke her privilege against self-incrimnation under the Fifth Amendment to the United States Constitution.

Respectfully submitted,

Robert A. Loeb
Attorney for Karen Ritter

Robert A. Loeb
221 N. LaSalle St.
Suite 1938
Chicago, IL 60601
312-368-0611

4