E-FILED
Thursday, 23 June, 2005  12:17:03 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR 04-20031 |
| ) | |
| DENNY R. PATRIDGE, ) | |
| ) | |
| Defendant. ) | |

### WITNESS ROBERT W. HOPPER'S MOTION AND MEMORANDUM IN SUPPORT OF HIS INVOCATION OF FIFTH AMENDMENT

Now comes ROBERT W. HOPPER, a witness subpoenaed to testify in the above-captioned trial, by and through his attorney, Tiffani D. Johnson, Assistant Federal Defender for the Central District of Illinois, Urbana Division, and submits the following information in support of his invocation of his Fifth Amendment privilege:

*Background*

1.  Mr. Hopper has been subpoenaed by the Defendant, Denny R. Patridge, to testify in the trial of the above-captioned matter. He is invoking his rights, pursuant to the Fifth Amendment of the United States Constitution, to refuse to answer any questions.

2.  Mr. Hopper has a valid basis for the invocation of the Fifth Amendment privilege. A parallel (or perhaps, the same) investigation was conducted in the United States District Court, Northern District of Illinois, and Mr. Hopper is currently a defendant before the Honorable Charles Norgle in the case of *United States v. Michael Vallone*, et at, 04 CR 372-2, which is scheduled for trial on February 1, 2006.

3. Mr. Hopper, along with his co-defendants, is charged with engaging in a scheme and conspiring to defraud the United States government of tax revenues through the use of common law trusts.

4. The United States Attorney for the Northern District of Illinois and the Internal Revenue Service are in possession of the majority of the documents requested in Mr. Hopper's Subpoena, which they obtained when they executed a search warrant of the Offices of Aegis Co., 11018-11022 S.W. Highway, Palos Hills, IL, seized all files and computers, and closed the office on or about March 30, 2000. As a result of this and several other searches, Mr. Hopper is unable to produce the files and computers subpoenaed by the Defendant, as they are currently being used as evidence against him in the related proceeding. Additionally, Mr. Hopper resigned from Aegis Co. in January 17, 2000, and did not take any documents with him.

*Proposed Direct Examination*

5. The following questions proposed to be asked by the Defendant do not violate Mr. Hopper's Fifth Amendment rights, but are irrelevant background questions immaterial to the issues involved in the case: (1) "What is your Education Background;" (2) "Have you ever received any licences [sic] for any profession;" (3) What are the General areas in which you have experience in;" and (4) "Have you ever written any published book or treatise regarding tax laws of the United States."

6. The remaining questions to be asked of Mr. Hopper by the defendant involve relevant information that, during cross-examination, will tread into the area of Mr. Hopper's Fifth Amendment privilege, thereby requiring a ruling that Mr. Hopper not be allowed to testify. *United States v. Harris*, 542 1283 (7th Cir. 1976); *United States v. Taylor*, 154 F.3d 675, 684 (7th Cir. 1998). Direct examination, even on narrow issues, will result in problematic cross-

examination by the Government.

7.  Specifically, cross-examination will be used by the Government to develop evidence against Mr. Hopper through: (1) the probing of bias for or against the Government for bringing related-charges against Mr. Hopper; (2) the context of Mr. Hopper's activities at work; (3) Mr. Hopper's memory of events at work; and (4) Mr. Hopper's specific knowledge concerning his business. All of these areas will result in the development of evidence against him in the related case charging Mr. Hopper with using his business to defraud the government through the use of common law trusts. When a Fifth Amendment witness voluntarily takes the stand, "his credibility may be impeached and his testimony assailed like that of any other witness, and breath of his waiver is determined by the scope of relevant cross-examination." *United States v. Hearst*, 412 F.Supp. 885, 887 (N.D. Cal. 1976); *See also Brown*, 356 U.S. at 157. The proper focus, therefore, should be on the scope of the relevant inquiry on cross-examination as defined by the matters raised by defense counsel on direct examination.

8.  "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. The trial judge in appraising the claim 'must be governed as much by his personal perception of the particularities of the case as by the facts actually in evidence.'" *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

9.  In *United States v. Mabrook*, 301 F.3d 503, 506-507 (7th Cir. 2002) the Court stated:

> When a potential witness indicates that he will likely invoke his privilege against self-incrimination, the district court should ensure that the witness cannot possibly incriminate himself. (emphasis added). If a witness's testimony may make him vulnerable to prosecution, the trial court may allow him to invoke his privilege and refuse to testify.

*United States v. Mabrook*, 301 F.3d 503, 506-507 (7th Cir. 2002) citing *Gleason v. Welborn*, 42 F.3d 1107, 1109 (7th Cir. 1994). "The possibility that other charges, like conspiracy, could be brought against [the witness] based on his testimony weighs heavily in determining whether the Court abused its discretion" in denying the defendant's request to call a witness *Id.*

10. The testimony sought from Mr. Hopper involves a topic that the Government believes is part of a criminal scheme in which Mr. Hopper is currently charged. Therefore, to compel Mr. Hopper to testify would be a violation of his fundamental Constitutional Rights.

11. In determining whether a claim of privilege is valid, a hearing is not always necessary where validity of the privilege is not an issue. *See United States v. Martin*, 526 F.3d 485, 487 (10th Cir. 1975). If, however, this Court deems that a hearing is necessary, then Mr. Hopper asks that it be conducted via telephone conference.

12. In addition to the information from the Department of Veterans Affairs provided in his Motion for a Protective Order, Mr. Hopper asserts that as a defendant in the Northern District of Illinois, Case Number 04 CR 372-2, the Minute Orders of September 17, 2004 and May 12, 2005 indicate that the Honorable Charles R. Norgle Sr. excused Mr. Hopper's appearance.

WHEREFORE, Mr. Hopper requests that this Honorable Court allow him to invoke his Fifth Amendment privilege not to testify, to quash the subpeona for his presence, and to do so without hearing, or with a hearing conducted via telephone conference.

Respectfully Submitted,

ROBERT W HOPPER, Defendant

RICHARD H. PARSONS
Federal Public Defender

BY: _____s/Tiffani D. Johnson_____
TIFFANI D. JOHNSON, Bar No. 6278909
Assistant Federal Defender
300 West Main Street
Urbana, Illinois 61801
Phone: (217) 373-0666
Fax: (217) 373-0667
Email: tiffani_johnson@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all of the parties in this matter.

s/Tiffani D. Johnson
_____
TIFFANI D. JOHNSON, Bar No. 6278909
Assistant Federal Defender
300 West Main Street
Urbana, Illinois 61801
Phone: (217) 373-0666
Fax: (217) 373-0667
Email:tiffani_johnson@fd.org

I:\Johnson\CLIENTS\Hooper\quash.wpd