E-FILED
Thursday, 23 June, 2005  02:24:12 PM
Clerk, U.S. District Court, ILCD

Brent Winters
6 Kickapoo Valley Drive
Charleston, IL 61920-8086
217-549-4050

Pro Se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS (URBANA)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:04-CR-20031-MPM-DGB-1 |
| | ) | |
| Petitioner, | ) | BRENT WINTERS' MOTION |
| | ) | FOR ORDER OF PROTECTION |
| v. | ) | RE FIFTH AMENDMENT |
| | ) | |
| DENNY R. PATRIDGE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Brent Winters (Winters), pro se, respectfully moves this court for an order of protection re Fifth Amendment as follows:

1. Granting Winters immunity under 18 U.S.C. §§6002 and 6003; or in the alternative;

2. Ordering that Winters has protection of the Fifth Amendment with respect to any questioning of Winters regarding Aegis, tax matters, Winters' trust, and tax clients, etc.; or in the alternative;

3. Grant Winters an in camera hearing for purpose of Winters demonstrating in camera/ex parte that he is entitled to Fifth Amendment protection.

This motion is supported by the Memorandum of Points and Authorities below.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   FACTS OF THE CASE

The salient facts are as follows:

1. Winters is an attorney licensed to practice law in Illinois, and the U.S. Government (government) alleges that he has represented several clients concerning Aegis and trust issues, including clients who have been indicted in federal court: Palmer, Patridge, Larsen, and Niemeyer.

2. In addition to Patridge, Larsen, and Niemeyer, the government has indicted numerous other individuals alleging Aegis involvement; e.g., attorney Bartoli, et al (the Chicago Six), and Ring.

3. The government is conducting a grand jury investigation with respect to Winters and his connection, if any, to Aegis. Thus, Winters stands at a "real and appreciable danger."

4. In this case, Winters has been subpoenaed by the defense to testify and has informed the defense that he intends to stand on his <u>Fifth Amendment</u> right against self incrimination with respect to any questions concerning Aegis, taxes, tax returns, trusts, etc.

5. The subpoena requests not only Winters' testimony but that he produce his tax returns.

6. Having so informed the defense, Winters in turn was informed by the defense that (a) this Court was made aware of Winters' position by the defense, and (b) this Court wants from Winters a motion for order of protection.

7. If Winters, despite his <u>Fifth Amendment</u> claim, is ordered by this court to testify, he will do so under compulsion and threat of: being held in contempt of court and jailed for contempt until such time as he purges himself of the contempt by testifying as ordered.

8. In other words, Winters is not some "recalcitrant witness" or "obstructionist;" rather, he merely stands on the protections afforded by the Fifth Amendment privilege against self incrimination.

9. Winters believes that if he does testify as requested by Patridge that the government will cross examine Winters extensively with respect to Winters' involvement, if any, with Aegis, etc.

10. By this motion Winters has no intention of waiving his Fifth Amendment rights or any other rights; he merely intends to comply with the court's request or order and advise the court frankly of his position.

11. Winters believes that the government and the defense will not oppose his position respecting his right to the Fifth, but at this point has no certainty regarding the positions of the government and the defense.

**II.   FIFTH AMENDMENT ANALYSIS**

    A.   Real and appreciable danger

A taxpayer is afforded Fifth Amendment protection so long as he stands at a real and appreciable danger. See Bellis v. U.S., 417 U.S. 85, 87-88 (1974); Schmerber v. California, 384 U.S. 757 (1966); Hoffman v. U.S., 341 U.S. 479 (1951). See also, U.S. v. Drollinger, 80 F.3d 389 (9th Cir. 1996) (district court must undertake particularized inquiry into merits of his claim).

    B.   Testimony

The Fifth Amendment protects testimony with respect to both personal and corporate matters but for testimony from a corporate officer with respect to identifying and authenticating corporate books and records. See Braswell v. U.S., 487 U.S. 99 (1988).

    C.   Personal Books and Records

The act of production is protected with respect to personal books and records. Doe v. U.S., 104 S.Ct. 1237 (1984).

```
D.    Link in the chain of evidence
```
.

A witness can claim the Fifth where the testimony would provide a link in the chain of evidence needed to prosecute him for a crime. Bellis v. U.S., 417 U.S. 85 (1974); Schmerber v. California, 384 U.S. 757 (1966); Hoffman v. U.S., 341 U.S. 479 (1951) (act of production doctrine).

```
E.    The contents of personal books and record are not protected, but
      the act of production is.
```

Doe v. U.S., 104 S.Ct. 1237 (1984) overruling Boyd v. U.S., 116 U.S. 616 (1886) and Bellis v. U.S., 417 U.S. 85, 87-88 (1974) (dicta).

```
F.    Testimonial act analysis
```
.

The Fifth applies where act of producing sole proprietor's personal or business records is testimonial and incriminating because the person authenticates and acknowledges existence and possession. Fisher v. U.S., 96 S.Ct. 1569 (1976); U.S. v. Fox, 721 F.2d 32 (2nd Cir. 1893); In re Grand Jury Proceedings, 41 F.2d 377 (8th Cir. 1994); In re Cats, 623 F.2d 122 (2nd Cir. 1980); compare, U.S. v. Schlansky, 709 F.2d 1079

```
G.    In camera review
```
.

In camera review available where taxpayer wants to make a particular showing. U.S. v. Wujkowski, 929 F.2d 981 (4th Cir. 1991) (determination of whether records are personal); U.S. v. Rendahl, 567 F.Supp. 515 (D. Mont. 1983) reversed 746 F.2d 553 (9th Cir. 2984) (determination of real and accusatory danger).

**III.   SUMMARY AND CONCLUSION**

It should be obvious to this court that Winters stands at a "real and appreciable danger" and, is thus entitled the protection of the Fifth Amendment.  Winters requests from this court as stated above:

1. Grant Winters immunity under 18 U.S.C. §§6002 and 6003; or in the alternative;

2.  Enter an order finding that Winters has a valid claim of privilege;

3. Grant an in camera hearing in which Winters will demonstrate to the court ex parte that he has a valid Fifth Amendment claim;[1] i.e., he stands at a real and appreciable danger.

RESPECTFULLY SUBMITTED this date: 23 June 2005

s/Brent Winters_____
BRENT WINTERS
Attorney Bar Number:  6239670
Law Office of Brent Winters
6 Kickapoo Valley Drive
Charleston, IL 61920-8086
Ph. 217-549-4050;
Fax 530-265-6564
E-mail: commonlawyer@infostations.net

---

[1]  As to testimony, Winters does not intend a claim of "blanket" Fifth Amendment protection; that is to say, Winters will listen to each and every question posed and assert the Fifth where applicable.  In other words, Winters recognizes that assertion of the Fifth is on a "question-by-question basis."  As to documents, any files sought are protected (act of production).

Copy of the foregoing will be hand delivered to counsel 24th day of June, 2005, to:

Hilary W. Frooman
U.S. Attorney
201 South Vine
Urbana, IL 61801
217-373-5875; fax 5891
email: hilary.frooman@usdoj.gov
Attorney for Plaintiff Government

Tiffani D. Johnson
Federal Public Defender
300 W. Main St.
Urbana, IL 61801
217-373-0666; fax 0667
email: TDJECF@aol.com

Jerold W. Barringer
P.O. Box 213
Nokomis, IL 62075
217-563-2646
email: jwbarringer@consolidated.net
Attorney for Denny Patridge

---

u:\deb\Brent\MtnProtect5th