E-FILED
Sunday, 26 June, 2005 12:09:38 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

UNITED STATES OF AMERICA

    Plaintiff,                      Case No. CR 20031

DENNY PATRIDGE

    Defendant.

DEFENDANT'S OPPOSITION TO COURT'S
CURRENT JURY INSTRUCTIONS PROPOSAL

Defendant, by and through his attorney, files certain objections and suggestions to remedy those objections regarding the current set of proposed jury instructions the Court tendered at 4:30 Friday, June 24, 2005 in which said objections were to be filed no later than 12:00 midnight on Saturday, June 25, 2005. As the Court recognized, Defendant reserves the right to amend these objections after his case in chief has concluded. Defendant renews his previous instructions submitted and the objections to the Government's Proposed instruction as if they are stated word for word.

**No. 8** - This instruction should read "...return, tax evasion of payment for 1996 and 1997, tax evasion of the assessment for 1999, wire..."

1

**No. 14** - Counts Two and Three should be amended by removing "Four and Five" and after "certain specific acts" the Court should write before "acts" the word "affirmative". Before each word "act" the word "affirmative" should be appear through out the instruction.

Also, in Count Two the Jury should be directed to find paragraphs 12, 13, 14, 15 as one affirmative act of transferring assets instead of only one of these acts in one paragraph as the Court's current # 14 appears to read. Also, the Jury should be directed to find that paragraph 23 cannot be found unless the jury finds paragraphs 12 through 22. Also, if the Jury is to find the creation of the false mortgage, the jury should be directed to find each of the acts in paragraph 16 through 22 as one affirmative act and not separate acts in separate paragraphs. If the Jury was to find paragraph 23, without paragraphs 12 through 22, then paragraph 23 would not be an act in furtherance of the evasion of any payment of any taxes owed and due.

Count Three's "affirmative acts" are paragraphs 3, 4, 5,6, 7 and 8 all of which must be found in order for the "acts" of evasion to be consistent as alleged in the indictment. Defendant has maintained all along that the affirmative acts in Count Three do not allege any attempt to evade the tax assessment for calender

year 1999 because the tax assessment would not be due until April 15, 2000.   All of the acts alleged occurred are alleged to have occurred in 1999, prior to any assessment being due by the Defendant, as well as the Defendant clearly had returns prepared which Agent Pogue testified the IRS liked.  There are no stand alone claims in Count Three which could serve as the "affirmative act" the Jury must find beyond a reasonable doubt without finding each of them together notwithstanding the Defendant's previous objections.

In Addition to - Then the Court should give a separate instruction regarding Counts Four and Five which in Count Four the Court should instruct the Jury that it must find the "act" in Count Four must be paragraph 7, 8 and 9 of that Count of the Indictment and not just one of these three.   It must find all of these three and no other as no other acts are alleged in Count Four which are actions the Defendant is alleged to have taken.

Count Five should also be instructed separately from Counts Two, Three and Four as Count Five re-alleges paragraph 7 and 8 of Count Four regarding the "acts" and in addition to claims paragraphs 9, 10 and 11 which all regarding the creation of mortgage the government claims was "false."

In order for the Jury to find the acts in Count Four and Five in furtherance of a "fraud" they must find the Defendant committed these acts for the sole

purpose of evading the payment of taxes due and owing as alleged in Count Two of the Superceding Indictment.

In order for the Jury to find the acts in Count Five in furtherance of a "fraud" they must find the mortgage the IRS claims was placed upon the Defendant's home "false" as to a material matter.

No listed acts in Count Five and be relied upon to find the Defendant guilty of Count Four.

If you find the Defendant not guilty of Count Two, then you must find him not Guilty as to Count Four, Five, Six and Seven.

Instructions for all four charges should also include the phrase "... each Count along with all the other elements of each Count".

**No. 15** - Count Three claims from early 1999 to October 15, 2000, as the date of the allege crime of tax evasion of the assessment of income taxes for the duties imposed upon the Defendant by the Internal Revenue Code for calender year 1999.  Defendant claims that the offense alleged in Count Three could not have been complete until after a certain date and not before a certain date because the act involves the omission of the filing of a tax return "required by law".  In addition, Defendant would state that evidence entered by the Government shows

that the Defendant filed for two extensions which would have ascertained the "date" the return was "required" to be after the extension ended.

**No. 18** - Definition of willful # 18 should read from Cheek at page 201 and not the definition which existed and rejected at issue giving rise to the Court's Cheek decision.  It should have three separate parts.  It should read that "in order to find the Defendant acted "willfully" the government must prove (1) the Defendant had a duty under the law, (2) that he knew of that duty and (3) that he intentionally and voluntarily disregarded that duty.

**No. 19 -** The word "a line" needs to say "line 33" in Court's Instruction 19. It should appear twice.

**No. 20 -**   The First element should read after "by the Defendant" should read "in the amounts alleged in Count Two of the Indictment."  The Second element should be totally replaced as it simply alleges the entire charge. The Second element should read "as a result of the IRS assessments for calender year 1996 and 1997, the Defendant had due and owing to the United States a

substantial amount of income taxes as alleged in Count Two of the Superceding Indictment." The Third element should read "in furtherance of the attempt to evade the payment of taxes due and owing as alleged in Count Two of the Superceding Indictment."

     No. 21 - The First element should read "....1999, the Defendant was required by law to file an individual income tax return, reporting all the information to the IRS regarding his income".   The Second element should be totally eliminated as it is nothing more than restating the entire charge.   The Second element should read that "as a result of the requirement to file a tax return, a substantial deficiency in income tax was due and owing to the United States.   The Third element should read "....did some act in furtherance of the intent to evade the assessment of income taxes for calender year 1999".

     No. 22 - The Court's instruction derives from page 200 of Cheek which said meaning should find its roots in Cheek at page 201.   It should have three separate parts.  It should read that "in order to find the Defendant acted "willfully" the government must prove (1) the Defendant had a duty under the law to do something other than what he did, (2) that he knew of that duty and (3) that he intentionally and voluntarily disregarded that duty.

**No. 23** - This instruction should read "...acted in bad faith. Good faith reliance. . . . requires that the defendant honestly and reasonably believe the advice he was given and that actions taken by those advisors on his behalf he believed was in his best interest. " Defendant reserves the right to amend this instruction at the close of trial.

**No. 28** - It should begin "If you find the Defendant guilty of evading the payment of taxes due and owing as alleged in Count Two of this indictment, then to sustain the charge of... First element, you must find the scheme alleged in Count Four was to defraud the United States out of income taxes due and owing as alleged in Count Two of the Superceding Indictment". Second element should read as the First element of the Courts and should be amended to read the "Defendant knowingly devised said scheme to defraud..." Third element should be the Court's "second" element. The Fourth element should be the Court's "third" element.

**No. 29** - It should begin "If you find the Defendant guilty of evading the payment of taxes due and owing as alleged in Count Two of this indictment, then to sustain the charge of..." . First element, you must find the scheme alleged in

Count Five was to defraud the United States out of income taxes due and owing as alleged in Count Two of the Superceding Indictment". Second element should read as the First element of the Courts and should be amended to read the "Defendant knowingly devised said scheme to defraud..." Third element should be the Court's "second" element. The Fourth element should be the Court's "third" element.

**No. 30** - Defendant objects to the entire second paragraph of the Court's instruction. It is entirely inconsistent to say to the Jury that all of the acts in Counts Four and Five involve a scheme that any one act proves. Each of the acts in Four and each of the acts in Five must be all found as it would be inconsistent to not find all but one in each Count.

**No. 31** This charge should read after to "cheat the United States in order to cause an unlawful gain of money or property to the Defendant".

**No. 32** - This instruction is inconsistent with the tax evasion theory Count Two plays regarding Counts Four and Five. There must be an evasion of income taxes due and owing to the United States in order for the "wire fraud statute" to be

violated.

**No. 34** - The Second element should read that the "...property involved the proceeds of a wire fraud as alleged in Counts Four and Five and in connection with the tax evasion of taxes due and owing as alleged in Count Two". The Third element should read "...proceeds of tax evasion of the payment of taxes due and owing as alleged in Count Two".

**No. - 35** - The Second element should read that the "...property involved the proceeds of a wire fraud as alleged in Counts Four and Five and in connection with the tax evasion of taxes due and owing as alleged in Count Two". The Third element should read "...proceeds of tax evasion of the payment of taxes due and owing as alleged in Count Two". Fourth element should read "... tax evasion of the payment of income taxes due and owing as alleged in Count Two".

**No. 37** - If the Government is not required to prove the proceeds involved in the transaction represented the proceeds of a wire fraud then what other felony under state or federal law was the property involved in? The indictment does not allege this nor has the Government proved any to fill in this blank question.

The Court's proposed verdict form should be reversed to "Not Guilty/Guilty" as the Defendant is innocent till proven guilty.

Respectfully Submitted

By: /s/ <u>Jerold W. Barringer</u>
Jerold W. Barringer
Attorney at Law
Bar # 06185192
102 S. Pine St.
P.O. Box 213
Nokomis, IL 62075
(217) 563-2646
Jwbarringer@consolidated.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy Defendant's Opposition to the Court's proposed Jury Instructions was electronically delivered through the Clerk's ECF system on June 25, 2005 to:

Hilary W. Frooman
201 S. Vine, Suite 226
Urbana, Illinois 61802
hilary.frooman@usdoj.gov

                                                  /s/ Jerold W. Barringer
                                                  Server