UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR 04-20031 |
| ) | |
| DENNY PATRIDGE, ) | |
| ) | |
| Defendant. ) | |

GOVERNMENT RESPONSE TO DEFENDANT'S OBJECTIONS
TO COURT'S PROPOSED JURY INSTRUCTIONS

NOW COMES the United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Hilary W. Frooman, Assistant United States Attorney, and Lea A. Carlisle, Trial Attorney, Department of Justice, Tax Division, and provides the Court with responses to Defendant's Objections to the Court's Proposed Jury Instructions.

1. The defendant objects to Court's Instruction number 8; however, the government believes that the instruction follows Seventh Circuit Jury Instruction (Criminal) ("7th Circuit Instruction) §2.01.

2. The government believes that the Court has properly stated Instruction No. 14. The instruction simply provides an example to assist the jury and need not be all-encompassing as the defendant seems to suggest.

3. The government believes that the Court's Instruction No. 15 is properly formed. The instruction follows the language in the indictment.

4. The defendant's opposition to the government's objections to the Court's Instructions would appear to be at odds with his comments on Court's Instruction No. 18, but the government believes that the Court's Instructions No. 22 and 24 properly define "willfully" for this case.

5. Court's Instruction No. 19 is properly worded, as it follows the language in the 7th Circuit Instruction as presented.

6. The government disagrees with the defendant's objection to Court's Instruction No. 20. The instruction as written clearly identifies the Counts to which it applies and the tax years to which it applies. The instruction is as suggested by the Seventh Circuit.

7. The government disagrees with the defendant's objection to Court's Instruction No. 21. The defendant would, apparently, remove the required element of intent. Such elimination would be improper. The instruction as written is proper and follows the suggested pattern in the Seventh Circuit.

8. The government disagrees with the defendant's objection to Court's Instruction No. 22. The Court has accurately presented the definition of willfully suggested both by Cheek and the Seventh Circuit.

9. The government disagrees with the defendant's objection to Court's Instruction No. 23. The instruction properly presents the definition of good faith suggested by the Seventh Circuit.

10. The defendant is incorrect with his suggested wording for the wire fraud charge suggested in Court's Instructions No. 28 and 29. The Court has correctly worded both instructions.

11. The defendant is incorrect in his understanding of proof of a scheme to defraud. The only requirement for meeting the definition of "scheme to defraud" is that it " include a material misrepresentation or concealment." *United States v. Gee*, 226 F.3d 885, 893 (7th Cir.2000). The number of examples which must be proved is not stated. Further, it is typical to charge in the conjunctive and prove in the disjunctive. The Court's wording is correct.

12. The Court's wording in Instruction No. 31 follows the suggested wording in the Seventh Circuit and is proper.

13. The defendant is incorrect in his understanding of the wire fraud charged in Counts Four and Five of the Superseding Indictment. The Court's jury instruction is correct in Instruction No. 32.

14. The Court's Instruction No. 34 follows the language of the Superseding Indictment and is proper.

15. The money laundering statute does not require the underlying criminal activity be completed prior to the money laundering transactions. *United States v. Butler*,

211 F.3d 826, 829 (4th Cir.2000) ("Funds are criminally derived if they are derived from an already completed offense, or a completed phase of an ongoing offense.").

Therefore, the defendant's objection to Court's Instruction No. 37 is incorrect.

    Respectfully submitted,

    JAN PAUL MILLER
    UNITED STATES ATTORNEY

    s/ Hilary W. Frooman
    HILARY W. FROOMAN
    Assistant United States Attorney
    United States Attorney
    201 S. Vine St., Suite 226
    Urbana, IL 61802
    217/373-5875
    FAX: 217-373-5891
    hilary.frooman@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Mr. Jerold W. Barringer
>Attorney at Law
>P.O. Box 213
>Nokomis, IL 62075
>E-mail: jwbarringer@consolidated.net

>s/ Hilary W. Frooman
>HILARY W. FROOMAN, Reg # 6180241
>Assistant United States Attorney
>United States Attorney
>201 S. Vine, Suite 226
>Urbana, Illinois 61802
>217/373-5875
>FAX: 217/373-5891
>hilary.frooman@usdoj.gov