**E-FILED**
Thursday, 30 June, 2005 02:56:30 PM
Clerk, U.S. District Court, ILCD

MEMBERS OF THE JURY, YOU HAVE SEEN AND HEARD ALL THE EVIDENCE AND WILL SHORTLY HEAR THE ARGUMENTS OF THE ATTORNEYS. NOW I WILL INSTRUCT YOU ON THE LAW.

YOU HAVE TWO DUTIES AS A JURY. YOUR FIRST DUTY IS TO DECIDE THE FACTS FROM THE EVIDENCE IN THE CASE. THIS IS YOUR JOB, AND YOURS ALONE.

YOUR SECOND DUTY IS TO APPLY THE LAW THAT I GIVE YOU TO THE FACTS. YOU MUST FOLLOW THESE INSTRUCTIONS, EVEN IF YOU DISAGREE WITH THEM. EACH OF THE INSTRUCTIONS IS IMPORTANT, AND YOU MUST FOLLOW ALL OF THEM.

PERFORM THESE DUTIES FAIRLY AND IMPARTIALLY. DO NOT ALLOW SYMPATHY, PREJUDICE, FEAR, OR PUBLIC OPINION TO INFLUENCE YOU. YOU SHOULD NOT BE INFLUENCED BY ANY PERSON'S RACE, COLOR, RELIGION, NATIONAL ANCESTRY, OR SEX.

NOTHING I SAY NOW, AND NOTHING I SAID OR DID DURING THE TRIAL, IS MEANT TO INDICATE ANY OPINION ON MY PART ABOUT WHAT THE FACTS ARE OR ABOUT WHAT YOUR VERDICT SHOULD BE.

**FILED**

JUN 2 9 2005

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

THE EVIDENCE CONSISTS OF THE TESTIMONY OF THE WITNESSES AND THE

EXHIBITS ADMITTED IN EVIDENCE.

YOU ARE TO DECIDE WHETHER THE TESTIMONY OF EACH OF THE WITNESSES

IS TRUTHFUL AND ACCURATE, IN PART, IN WHOLE, OR NOT AT ALL, AS WELL AS

WHAT WEIGHT, IF ANY, YOU GIVE TO THE TESTIMONY OF EACH WITNESS.

IN EVALUATING THE TESTIMONY OF ANY WITNESS, YOU MAY

CONSIDER, AMONG OTHER THINGS:

- THE WITNESS'S INTELLIGENCE;

- THE ABILITY AND OPPORTUNITY THE WITNESS HAD TO SEE, HEAR, OR KNOW THE THINGS THAT THE WITNESS TESTIFIED ABOUT;

- THE WITNESS'S MEMORY;

- ANY INTEREST, BIAS, OR PREJUDICE THE WITNESS MAY HAVE;

- THE MANNER OF THE WITNESS WHILE TESTIFYING; AND

- THE REASONABLENESS OF THE WITNESS'S TESTIMONY IN LIGHT OF ALL THE EVIDENCE IN THE CASE.

YOU SHOULD JUDGE THE DEFENDANT'S TESTIMONY IN THE SAME WAY THAT

YOU JUDGE THE TESTIMONY OF ANY OTHER WITNESS.

-3-

YOU SHOULD USE COMMON SENSE IN WEIGHING THE EVIDENCE AND CONSIDER THE EVIDENCE IN LIGHT OF YOUR OWN OBSERVATIONS IN LIFE.

IN OUR LIVES, WE OFTEN LOOK AT ONE FACT AND CONCLUDE FROM IT THAT ANOTHER FACT EXISTS. IN LAW WE CALL THIS "INFERENCE." A JURY IS ALLOWED TO MAKE REASONABLE INFERENCES. ANY INFERENCES YOU MAKE MUST BE REASONABLE AND MUST BE BASED ON THE EVIDENCE IN THE CASE.

SOME OF YOU HAVE HEARD THE PHRASES "CIRCUMSTANTIAL EVIDENCE" AND "DIRECT EVIDENCE." DIRECT EVIDENCE IS THE TESTIMONY OF SOMEONE WHO CLAIMS TO HAVE PERSONAL KNOWLEDGE OF THE COMMISSION OF THE CRIME WHICH HAS BEEN CHARGED, SUCH AS AN EYEWITNESS. CIRCUMSTANTIAL EVIDENCE IS THE PROOF OF A SERIES OF FACTS WHICH TEND TO SHOW WHETHER THE DEFENDANT IS GUILTY OR NOT GUILTY. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. YOU SHOULD DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE. ALL THE EVIDENCE IN THE CASE, INCLUDING THE CIRCUMSTANTIAL EVIDENCE, SHOULD BE CONSIDERED BY YOU IN REACHING YOUR VERDICT.

CERTAIN THINGS ARE NOT EVIDENCE. I WILL LIST THEM FOR YOU:

*FIRST*, TESTIMONY AND EXHIBITS THAT I STRUCK FROM THE RECORD, OR THAT I TOLD YOU TO DISREGARD, ARE NOT EVIDENCE AND MUST NOT BE CONSIDERED.

*SECOND*, ANYTHING THAT YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED. THIS INCLUDES ANY PRESS, RADIO, OR TELEVISION REPORTS YOU MAY HAVE SEEN OR HEARD. SUCH REPORTS ARE NOT EVIDENCE AND YOUR VERDICT MUST NOT BE INFLUENCED IN ANY WAY BY SUCH PUBLICITY.

*THIRD*, QUESTIONS AND OBJECTIONS BY THE LAWYERS ARE NOT EVIDENCE. ATTORNEYS HAVE A DUTY TO OBJECT WHEN THEY BELIEVE A QUESTION IS IMPROPER. YOU SHOULD NOT BE INFLUENCED BY ANY OBJECTION OR BY MY RULING ON IT.

*FOURTH*, THE LAWYERS' STATEMENTS TO YOU ARE NOT EVIDENCE. THE PURPOSE OF THESE STATEMENTS IS TO DISCUSS THE ISSUES AND THE EVIDENCE. IF THE EVIDENCE AS YOU REMEMBER IT DIFFERS FROM WHAT THE LAWYERS SAID, YOUR MEMORY IS WHAT COUNTS.

YOU MAY FIND THE TESTIMONY OF ONE WITNESS OR A FEW WITNESSES MORE PERSUASIVE THAN THE TESTIMONY OF A LARGER NUMBER. YOU NEED NOT ACCEPT THE TESTIMONY OF THE LARGER NUMBER OF WITNESSES.

THE SUPERSEDING INDICTMENT IN THIS CASE IS THE FORMAL METHOD OF
ACCUSING THE DEFENDANT OF AN OFFENSE AND PLACING THE DEFENDANT ON
TRIAL. IT IS NOT EVIDENCE AGAINST THE DEFENDANT AND DOES NOT CREATE ANY
INFERENCE OF GUILT.

THE DEFENDANT IS CHARGED WITH THE OFFENSES OF FILING A FALSE
INCOME TAX RETURN, TAX EVASION, WIRE FRAUD AND MONEY LAUNDERING. THE
DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGES.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| PLAINTIFF, | ) CASE NO. CR 04-20031 |
| | ) |
| VS. | ) VIOLATION: |
| | ) TITLE 18, UNITED STATES CODE, |
| DENNY R. PATRIDGE, | ) SECTIONS 1343, AND 1956; |
| | ) TITLE 26, UNITED STATES CODE, |
| DEFENDANT. | ) SECTIONS 7201, 7206(1) |

## SUPERSEDING INDICTMENT

## COUNT ONE

### THE GRAND JURY CHARGES:

### FILING A FALSE TAX RETURN

#### BACKGROUND

#### THE DEFENDANT'S SOURCE OF INCOME AND REPORTED INCOME

1. THROUGHOUT THE ENTIRETY OF CALENDAR YEAR 1998:

A. DENNY R. PATRIDGE (PATRIDGE) WAS A REGISTERED INSURANCE

AGENT WHO OPERATED AN INSURANCE BUSINESS FROM AN OFFICE IN HIS HOME

IN STRASBURG, ILLINOIS.

B. PATRIDGE OPERATED HIS INSURANCE BUSINESS AS A

CORPORATION CALLED PATRIDGE INSURANCE SERVICES, INC., WHICH HE

INCORPORATED IN THE STATE OF ILLINOIS ON OR ABOUT MARCH 18, 1997.

C. IN 1998, PATRIDGE INSURANCE SERVICES, INC. GENERATED GROSS

-9-

REVENUE OF APPROXIMATELY $149,776.

D. PATRIDGE WAS REQUIRED TO REPORT ON HIS PERSONAL TAX
RETURN THE PERSONAL INCOME HE EARNED FROM HIS INSURANCE BUSINESS.
ON HIS 1998 PERSONAL TAX RETURN, HOWEVER, PATRIDGE CLAIMED INCOME OF
ONLY $2,846 FROM HIS BUSINESS.

**THE DEFENDANT'S ESTABLISHMENT OF "TRUSTS"**

2. PATRIDGE OBTAINED ENTITIES WHICH HE REFERRED TO AS "TRUSTS"
THROUGH THE AEGIS COMPANY, PALOS HILLS, ILLINOIS.

3. THE "TRUSTS" PATRIDGE ESTABLISHED WERE: (A) PATRIDGE ASSET
MANAGEMENT TRUST, A/K/A PATRIDGE ASSET MANAGEMENT COMPANY, A/K/A
PATRIDGE FAMILY ASSET MANAGEMENT TRUST CO., ("PATRIDGE ASSET
MANAGEMENT TRUST"); (B) EBBA INTERNATIONAL TRUST; AND (C) CONVENTUS
GLOBAL TRUST. THE NAMED TRUSTEE FOR EBBA INTERNATIONAL TRUST AND
CONVENTUS GLOBAL TRUST WAS THE EXEMPT SERVICES COMPANY, LTD. THE
OFFICIAL LOCATION FOR EXEMPT SERVICES COMPANY, LTD. WAS BELMOPAN,
BELIZE.

**THE DEFENDANT'S TRANSFER AND CONCEALMENT OF INCOME**

4. PATRIDGE USED THE "TRUSTS" HE HAD ESTABLISHED TO CONCEAL
EARNINGS, HIDE THE ORIGIN OF HIS INCOME, DECEIVE THE INTERNAL REVENUE
SERVICE (IRS) AND CIRCUMVENT PERSONAL INCOME TAXES. SPECIFICALLY,
DURING 1998, PATRIDGE CAUSED $81,600 OF THE MONEY RECEIVED BY PATRIDGE
INSURANCE SERVICES, INC., TO BE DIVERTED TO PATRIDGE ASSET

-10-

MANAGEMENT TRUST.

5. PATRIDGE PLACED AND CAUSED FUNDS TO BE PLACED IN BANK ACCOUNTS WHICH BORE THE NAMES OF HIS "TRUSTS." PATRIDGE CLAIMED ON TRUST TAX RETURNS THAT THE FUNDS HAD BEEN "DISTRIBUTED" TO AN "OFFSHORE TRUST." AT ALL TIMES, HOWEVER, PATRIDGE RETAINED FULL CONTROL OVER FUNDS IN "TRUST" BANK ACCOUNTS AND ENJOYED THE BENEFICIAL USE OF THOSE FUNDS, WHICH MADE THE INCOME TAXABLE TO HIM PERSONALLY.

**THE DEFENDANT'S FALSE TAX RETURN**

6. ON OR ABOUT APRIL 12, 1999, IN THE CENTRAL DISTRICT OF ILLINOIS,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, DID WILLFULLY MAKE AND SUBSCRIBE A JOINT U.S. INDIVIDUAL INCOME TAX RETURN FORM 1040, FOR THE CALENDAR YEAR 1998, WHICH WAS VERIFIED BY A WRITTEN DECLARATION THAT IT WAS MADE UNDER THE PENALTIES OF PERJURY AND WAS FILED WITH THE IRS, WHICH SAID INCOME TAX RETURN HE DID NOT BELIEVE TO BE TRUE AND CORRECT AS TO EVERY MATERIAL MATTER, IN THAT THE ADJUSTED GROSS INCOME REPORTED ON LINE 33 WAS $6,667, WHEN, AS HE THEN AND THERE WELL KNEW AND BELIEVED, THE TOTAL INCOME HE RECEIVED AND SHOULD HAVE REPORTED ON LINE 33 OF HIS FORM 1040 WAS APPROXIMATELY $86,845.

IN VIOLATION OF TITLE 26, UNITED STATES CODE, SECTION 7206(1).

-11-

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES:**

### TAX EVASION

1. FROM ABOUT JULY 2000, THE EXACT DATE BEING UNKNOWN, UNTIL THE DATE OF THE RETURN OF THIS INDICTMENT, IN THE CENTRAL DISTRICT OF ILLINOIS AND ELSEWHERE,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, A RESIDENT OF STRASBURG, ILLINOIS, DID UNLAWFULLY AND WILLFULLY EVADE AND DEFEAT, AND ATTEMPT TO EVADE AND DEFEAT, AND CAUSE EVASION, DEFEAT, AND ATTEMPTED EVASION AND DEFEAT OF THE PAYMENT OF PERSONAL INCOME TAX DUE AND OWING TO THE UNITED STATES OF AMERICA FOR THE 1996 AND 1997 CALENDAR YEARS, SPECIFICALLY, APPROXIMATELY $85,608 FOR THE 1996 CALENDAR YEAR AND APPROXIMATELY $62,062 FOR THE 1997 CALENDAR YEAR, BY, AMONG OTHER THINGS, LIQUIDATING PERSONAL INVESTMENTS WORTH MORE THAN $170,000 AFTER THE INTERNAL REVENUE SERVICE (IRS) SENT HIM NOTICES OF TAX DEFICIENCY, BY TRANSFERRING THAT MONEY TO A FOREIGN BANK ACCOUNT, AND BY TRANSFERRING RELEVANT DOCUMENTS AND RECORDS TO A FOREIGN COUNTRY SO THEY WOULD BE BEYOND THE REACH OF THE IRS.

### BACKGROUND

2. DURING EACH OF THE YEARS 1996 AND 1997, DENNY R. PATRIDGE (PATRIDGE) OPERATED AN INSURANCE BUSINESS OUT OF AN OFFICE IN HIS

HOME IN STRASBURG, ILLINOIS. IN EACH OF THOSE YEARS HE EARNED
PERSONAL INCOME AND WAS REQUIRED TO REPORT THAT INCOME ON A TAX
RETURN FOR EACH YEAR.

3. PATRIDGE DID NOT REPORT A SUBSTANTIAL AMOUNT OF HIS INCOME
ON THE JOINT U.S. INDIVIDUAL INCOME TAX RETURN THAT HE FILED FOR 1996.
PATRIDGE ALSO DID NOT REPORT A SUBSTANTIAL AMOUNT OF HIS INCOME ON
THE JOINT U.S. INDIVIDUAL INCOME TAX RETURN THAT HE FILED FOR 1997.

4. ON OR ABOUT JANUARY 27, 2000, THE IRS ISSUED A NOTICE OF
DEFICIENCY TO DENNY PATRIDGE PERSONALLY; THE NOTICE OF DEFICIENCY
STATED A PROPOSED INCREASE IN TAX OF $85,608 FOR TAX YEAR ENDED
DECEMBER 31, 1996 AND A PROPOSED INCREASE IN TAX OF $62,062 FOR TAX
YEAR ENDED DECEMBER 31, 1997.

5. ON OR ABOUT JANUARY 27, 2000, THE IRS ISSUED A NOTICE OF
DEFICIENCY TO DENNY R. PATRIDGE, AS TRUSTEE FOR PARTRIDGE (SIC) ASSET
MANAGEMENT TRUST; THE NOTICE OF DEFICIENCY STATED A PROPOSED
INCREASE IN TAX OF $45,179 FOR TAX YEAR ENDED DECEMBER 31, 1996, AND A
PROPOSED INCREASE IN TAX OF $43,216 FOR TAX YEAR ENDED DECEMBER 31,
1997.

6. EACH OF THE NOTICES OF DEFICIENCY ISSUED JANUARY 27, 2000,
PROVIDED THAT A PETITION TO CHALLENGE THE INCREASE HAD TO BE FILED IN
THE UNITED STATES TAX COURT NO LATER THAN MAY 11, 2000.

7. ON OR ABOUT JULY 31, 2000, PATRIDGE ASSET MANAGEMENT TRUST,

-13-

WITH PATRIDGE AS TRUSTEE, RECEIVED NOTICE THAT A TAX ASSESSMENT HAD BEEN MADE AND THE BALANCE OF TAX DUE FOR TAX PERIOD DECEMBER 31, 1996, WAS $45,179 AND FOR TAX PERIOD DECEMBER 31, 1997, WAS $43,216.

8. ON OR ABOUT AUGUST 7, 2000, DENNY R. PATRIDGE, IN HIS PERSONAL CAPACITY, RECEIVED NOTICE THAT A TAX ASSESSMENT HAD BEEN MADE AND THE BALANCE OF TAX DUE FOR TAX PERIOD DECEMBER 31, 1996, WAS $81,400 AND FOR TAX PERIOD DECEMBER 31, 1997, WAS $59,564.

9. ON OR ABOUT SEPTEMBER 4, 2000, PATRIDGE, AS TRUSTEE OF PATRIDGE ASSET MANAGEMENT TRUST, RECEIVED NOTICE THAT ANNOUNCED THE IRS INTENT TO LEVY ("TAKE") ASSETS OF PATRIDGE ASSET MANAGEMENT TRUST, AND WHICH STATED: "TO PREVENT COLLECTION ACTION, PLEASE PAY THE CURRENT BALANCE NOW."

10. ON OR ABOUT OCTOBER 16, 2000, PATRIDGE RECEIVED A NOTICE THAT ANNOUNCED THE IRS INTENT TO LEVY ("TAKE") ASSETS OF DENNY AND JUDY PATRIDGE, AND WHICH STATED: "TO PREVENT COLLECTION ACTION, PLEASE PAY THE CURRENT BALANCE NOW."

11. PATRIDGE PERSONALLY AND PATRIDGE ASSET MANAGEMENT TRUST DID NOT PETITION THE UNITED STATES TAX COURT FOR REVIEW OF 1996 AND 1997 TAX DEFICIENCIES; NEITHER DID THEY PAY "THE CURRENT BALANCE."

### AFFIRMATIVE ACTS OF EVASION

#### TRANSFER OF ASSETS

12. BEGINNING IN APPROXIMATELY JULY 2000, THE DEFENDANT

-14-

LIQUIDATED INVESTMENTS HE OWNED, SOME OF WHICH REQUIRED PAYMENT

OF SURRENDER CHARGES, AND DEPOSITED THOSE FUNDS TO THE CLAY CITY

BANK ACCOUNT OF PATRIDGE ASSET MANAGEMENT TRUST. HE THEN MOVED

THOSE FUNDS TO A "HIDDEN" OFFSHORE ACCOUNT. THE FUNDS AND DATES ON

WHICH THEY WERE LIQUIDATED INCLUDED:

| | | |
|---|---|---|
| 7/13/00: | RAYMOND JAMES STOCK ACCOUNT # | : $21,255.17 |
| 7/18/00: | HARTFORD LIFE AND ANNUITY ACCOUNT # | |
| | $11,894.09 | |
| 7/20/00: | KEYPORT ANNUITY ACCOUNT # | : $22,509.11 |
| 7/24/00: | KEYPORT ACCOUNT | $16,913.68 |
| 7/24/00: | KEYPORT ACCOUNT | : $13,477.61 |
| 7/24/00: | KEYPORT ACCOUNT | $10,084.28 |
| 7/25/00: | HARTFORD LIFE AND ANNUITY ACCOUNT # | |
| | $62,615.75 | |
| 8/02/00: | SAFECO ANNUITY ACCOUNT #. | $12,641.78 |

**TOTAL**: $171,391.47

13. ON OR ABOUT SEPTEMBER 11, 2000, THE DEFENDANT CAUSED FUNDS

FROM HIS RECENTLY LIQUIDATED ACCOUNTS TO BE DEPOSITED TO AN

ACCOUNT HELD IN THE NAME OF PATRIDGE ASSET MANAGEMENT COMPANY AT

CLAY CITY BANK AND, ON THAT SAME DATE, TRANSFERRED THE FUNDS TO HIS

PERSONAL ACCOUNT AT CLAY CITY BANK, CLAY CITY, ILLINOIS.

14. ON OR ABOUT SEPTEMBER 14, 2000, PATRIDGE ESTABLISHED A

PERSONAL ACCOUNT, #        . AT EDGAR COUNTY BANK AND TRUST, (EDGAR

COUNTY BANK), PARIS, ILLINOIS. FOUR DAYS LATER, SEPTEMBER 18, 2000,

PATRIDGE REMOVED APPROXIMATELY $171,350 IN LIQUIDATED ANNUITY AND

INVESTMENT FUNDS FROM HIS PERSONAL ACCOUNT AT CLAY CITY BANK AND

-15-

DEPOSITED THOSE FUNDS INTO ACCOUNT # AT EDGAR COUNTY BANK.

15. ON APPROXIMATELY OCTOBER 3, 2000, THE DEFENDANT CAUSED $200,000 TO BE TRANSFERRED FROM ACCOUNT # AT EDGAR COUNTY BANK AND CREDITED TO ACCOUNT # , SKNA NATIONAL BANK, LTD., ST. KITTS-NEVIS-ANGUILLA (SKNA NATIONAL BANK).

**CREATION OF A FALSE MORTGAGE**

16. ON OR ABOUT AUGUST 9, 2000, PATRIDGE CAUSED AN ENTITY KNOWN AS MINETTA, INC., TO BE INCORPORATED IN THE STATE OF NEVADA. ALTHOUGH PATRIDGE CONTROLLED MINETTA, INC., NOWHERE ON ANY OF THE INCORPORATION DOCUMENTS DID PATRIDGE'S NAME APPEAR.

17. ON OR ABOUT AUGUST 11, 2000, PATRIDGE CAUSED AN ACCOUNT,

# , TO BE OPENED WITH BANK OF AMERICA, RENO, NEVADA UNDER THE NAME "MINETTA, INC."

18. APPROXIMATELY OCTOBER 4, 2000, THE DEFENDANT CAUSED A LIEN TO BE FILED WITH THE CLERK OF SHELBY COUNTY, SHELBYVILLE, ILLINOIS, WHICH ESTABLISHED THAT MINETTA, INC. HELD THE PROPERTY AT 108 W. SOUTH FIRST STREET, STRASBURG, ILLINOIS, AS SECURITY FOR $100,000 IT HAD LOANED TO DENNY R. PATRIDGE, WHEN IN FACT, ON OCTOBER 4, 2000, NO SUCH LOAN HAD BEEN DOCUMENTED.

19. ON OR ABOUT OCTOBER 23, 2000, PATRIDGE CAUSED $100,000 TO BE WIRED FROM SKNA NATIONAL BANK, TO ACCOUNT # AT BANK OF AMERICA, RENO, NEVADA, IN THE NAME OF MINETTA, INC., AN ENTITY

-16-

PATRIDGE CONTROLLED, WHICH WIRE TRANSFER WAS MADE TO PROVIDE MINETTA, INC. WITH SUFFICIENT FUNDS TO APPEAR TO MAKE A $100,000 LOAN TO PATRIDGE.

20. ON OR ABOUT OCTOBER 25, 2000, APPROXIMATELY TWO WEEKS AFTER THE LIEN WHICH RECORDED THE $100,000 MORTGAGE HAD BEEN FILED WITH THE SHELBY COUNTY CLERK, $100,000 WAS TRANSFERRED FROM MINETTA, INC. TO THE PERSONAL ACCOUNT OF DENNY PATRIDGE AT EDGAR COUNTY BANK. THE $100,000 WHICH THE DEFENDANT "BORROWED" FROM MINETTA, INC. HAD BEEN PLACED IN THE MINETTA, INC. BANK ACCOUNT WITH BANK OF AMERICA RENO, NEVADA, BY THE DEFENDANT HIMSELF.

21. ON OR ABOUT OCTOBER 25, 2000, $100,000, WHICH WAS DEPOSITED TO DENNY PATRIDGE'S PERSONAL ACCOUNT AT EDGAR COUNTY BANK FROM THE MINETTA, INC. ACCOUNT, WAS TRANSFERRED BACK TO ACCOUNT #        IN SKNA NATIONAL BANK, WHERE THE FUNDS REMAINED AVAILABLE TO THE DEFENDANT FOR PERSONAL PURPOSES.

22. TO DELAY AND PREVENT ENFORCED COLLECTION ACTION, TO GAIN TIME TO SPEND THE MONEY HE HAD PLACED IN SKNA NATIONAL BANK, AND TO DELAY AND PREVENT IRS DISCOVERY THAT THE MORTGAGE FILED ON OCTOBER 4, 2000 ON 108 W. SOUTH FIRST STREET, STRASBURG, ILLINOIS, WAS, IN FACT, CONTROLLED BY HIMSELF, THE DEFENDANT EXERCISED HIS OPTION AND REQUESTED A COLLECTION DUE PROCESS HEARING.

**TRANSFER OF RECORDS**

-17-

23. ON OR ABOUT JULY 22, 2000, PATRIDGE TRANSFERRED ALL

DOCUMENTS ASSOCIATED WITH EXEMPT SERVICES COMPANY, LTD., TRUSTEE

FOR BOTH EBBA INTERNATIONAL TRUST AND CONVENTUS GLOBAL TRUST, TO

BELMOPAN, BELIZE, THEREBY PLACING THE DOCUMENTS OUTSIDE THE REACH

OF THE IRS AND INSURING THAT THE DOCUMENTS WERE UNAVAILABLE FOR IRS

REVIEW.

IN VIOLATION OF TITLE 26, UNITED STATES CODE, SECTION 7201.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES:**

### TAX EVASION

1. FROM EARLY 1999, THE EXACT DATE BEING UNKNOWN, TO

APPROXIMATELY OCTOBER 15, 2000, IN THE CENTRAL DISTRICT OF ILLINOIS AND

ELSEWHERE,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, A RESIDENT OF STRASBURG, ILLINOIS, DID UNLAWFULLY

AND WILLFULLY EVADE AND DEFEAT, AND ATTEMPT TO EVADE AND DEFEAT,

AND CAUSE EVASION, DEFEAT, AND ATTEMPTED EVASION AND DEFEAT OF A

LARGE PART OF HIS PERSONAL INCOME TAX DUE AND OWING TO THE UNITED

STATES OF AMERICA FOR THE 1999 CALENDAR YEAR, SPECIFICALLY,

APPROXIMATELY $19,523 DUE AND OWING ON TAXABLE INCOME OF

APPROXIMATELY $76,796; HE DID SO BY, AMONG OTHER THINGS, TRANSFERRING

MONEY HE EARNED AS INCOME TO A FOREIGN ACCOUNT, CONCEALING THAT

-18-

MONEY FROM THE IRS, USING THE MONEY TO PAY PERSONAL EXPENSES, AND
FAILING TO FILE AN INDIVIDUAL INCOME TAX RETURN, AS REQUIRED BY LAW.

2. THE DEFENDANT EARNED BUSINESS AND PERSONAL INCOME DURING
1999 AND WAS RESPONSIBLE FOR FILING AN INDIVIDUAL INCOME TAX RETURN
THAT ACCURATELY REPORTED HIS INCOME.

**AFFIRMATIVE ACTS OF EVASION**

3. DURING 1999, THE DEFENDANT CAUSED A PORTION OF HIS EARNED
INCOME TO BE TRANSFERRED TO VARIOUS BANK ACCOUNTS, INCLUDING BANK
ACCOUNTS WHICH BORE HIS NAME, HIS BUSINESS NAME, PATRIDGE INSURANCES
SERVICES, INC., AND THE NAMES OF THE "TRUSTS" HE HAD ESTABLISHED. AT
LEAST ONE OF THESE ACCOUNTS WAS AN "OFF-SHORE ACCOUNT." THE FACT
THAT THE DEFENDANT MOVED A PORTION OF HIS EARNED INCOME TO THESE
VARIOUS ACCOUNTS AND TO AN OFFSHORE LOCATION DID NOT RELIEVE HIM OF
THE RESPONSIBILITY TO REPORT ALL OF HIS INCOME.

4. ON OR ABOUT MARCH 17, 2000, THE DEFENDANT CAUSED A U.S.
CORPORATE INCOME TAX RETURN, FORM 1120, FOR PATRIDGE INSURANCE
SERVICES, INC., TO BE PREPARED AND FILED WITH THE IRS. THE CORPORATE
RETURN INCLUDED EXPENSES OF APPROXIMATELY $46,000 FOR FUNDS DIVERTED
TO THE PATRIDGE ASSET MANAGEMENT TRUST BANK ACCOUNT #     AT
CLAY CITY BANK. THESE FUNDS WERE INCOME TO PATRIDGE WHICH HE DID
NOT DECLARE ON ANY TAX RETURN.

5. BETWEEN ON OR ABOUT JANUARY 29, 1999, AND ON OR ABOUT

-19-


NOVEMBER 16, 1999, THE DEFENDANT EVADED TAXES WHEN HE CAUSED THE
TRANSFER OF APPROXIMATELY $29,500 FROM THE PATRIDGE ASSET
MANAGEMENT TRUST ACCOUNT, #        AT CLAY CITY BANK, CLAY CITY,
ILLINOIS, OVER WHICH THE DEFENDANT HAD SIGNATURE AUTHORITY, TO
ACCOUNT #       HELD IN THE NAME OF EXEMPT SERVICES COMPANY, AS
TRUSTEE OF EBBA INTERNATIONAL TRUST, AT SWISS AMERICAN BANK, LTD.
(SWISS AMERICAN BANK) IN ANTIGUA. THE DEFENDANT CONTROLLED THE EBBA
INTERNATIONAL TRUST ACCOUNT.

6. BETWEEN ON OR ABOUT FEBRUARY 1, 1999, AND ON OR ABOUT
SEPTEMBER 30, 1999, THE DEFENDANT CAUSED THE TRANSFER OF
APPROXIMATELY $29,408 FROM ACCOUNT #       AT SWISS AMERICAN BANK,
IN THE NAME OF EXEMPT SERVICES COMPANY, LTD., TRUSTEE FOR EBBA
INTERNATIONAL TRUST, TO ACCOUNT #       AT SWISS AMERICAN BANK, IN
THE NAME OF EXEMPT SERVICES COMPANY, LTD., TRUSTEE FOR CONVENTUS
GLOBAL TRUST. THE DEFENDANT CONTROLLED THE CONVENTUS GLOBAL TRUST
ACCOUNT.

7. PATRIDGE PAID NO TAX ON THE MONEY IN ACCOUNT #
CONVENTUS GLOBAL TRUST, WHICH HE HAD TRANSFERRED FROM PATRIDGE
INSURANCES, INC., THROUGH PATRIDGE ASSET MANAGEMENT TRUST AND EBBA
INTERNATIONAL TRUST. ON THE DATES SET FORTH BELOW, THE DEFENDANT
USED FUNDS IN SWISS AMERICAN BANK ACCOUNT #       , CONVENTUS
GLOBAL TRUST, TO PAY CREDIT CARD CHARGES WHICH INCLUDED CHARGES FOR

PERSONAL EXPENSES, AS FOLLOWS:

| | DATE (ON OR ABOUT) | AMOUNT | PURPOSE |
|---|---|---|---|
| A. | 01/19/99 | $1,537.55 | CREDIT CARD PAYMENT |
| B. | 02/15/99 | $3,850.05 | CREDIT CARD PAYMENT |
| C. | 03/16/99 | $3,089.99 | CREDIT CARD PAYMENT |
| D. | 04/13/99 | $3,396.52 | CREDIT CARD PAYMENT |
| E. | 06/04/99 | $3,517.91 | CREDIT CARD PAYMENT |
| F. | 07/14/99 | $3,764.90 | CREDIT CARD PAYMENT |
| G. | 09/14/99 | $4,852.46 | CREDIT CARD PAYMENT |
| H. | 10/15/99 | $2,989.86 | CREDIT CARD PAYMENT |
| I. | 11/15/99 | $2,576.21 | CREDIT CARD PAYMENT |
| J. | 12/15/99 | $2,180.67 | CREDIT CARD PAYMENT |

**TOTAL:** $31,756.12

8. ON OR ABOUT JULY 22, 2000, THE DEFENDANT TRANSFERRED ALL

DOCUMENTS ASSOCIATED WITH EXEMPT SERVICES COMPANY, LTD., AS TRUSTEE

FOR BOTH EBBA INTERNATIONAL TRUST AND CONVENTUS GLOBAL TRUST, TO

BELMOPAN, BELIZE, THEREBY PLACING THE DOCUMENTS OUTSIDE THE REACH

OF THE IRS AND MAKING THE DOCUMENTS UNAVAILABLE FOR REVIEW.

IN VIOLATION OF TITLE 26, UNITED STATES CODE, SECTION 7201.

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES:**

-21-

## WIRE FRAUD

1. BETWEEN APPROXIMATELY JULY 2000, TO AND INCLUDING OCTOBER 25, 2000, IN THE CENTRAL DISTRICT OF ILLINOIS AND ELSEWHERE,

### DENNY R. PATRIDGE,

DEFENDANT HEREIN, KNOWINGLY DEVISED AND INTENDED TO DEVISE A SCHEME AND ARTIFICE TO DEFRAUD THE IRS, IN THAT HE TRANSMITTED AND CAUSED TO BE TRANSMITTED BY MEANS OF WIRE IN INTERSTATE OR FOREIGN COMMERCE, SIGNS, SIGNALS, PICTURES AND SOUNDS FOR THE PURPOSE OF EXECUTING SUCH SCHEME OR ARTIFICE. THE PURPOSE OF THE SCHEME WAS TO:

A. REMOVE THE DEFENDANT'S LIQUID FUNDS TO A HIDDEN OFFSHORE LOCATION AND THEREBY CONCEAL THEM FROM THE IRS SO THE IRS COULD NOT FIND THE FUNDS AND SEIZE THE FUNDS TO SATISFY ASSESSED TAXES OWED TO THE UNITED STATES GOVERNMENT, AND

B. PROTECT THE DEFENDANT'S PERSONAL FUNDS BY MAKING IT APPEAR THAT THE FUNDS AVAILABLE TO HIM WERE BORROWED FUNDS, AND

C. PROTECT THE DEFENDANT'S PERSONAL REAL ESTATE BY MAKING IT APPEAR THAT THERE WAS AN UNSATISFIED MORTGAGE ON HIS HOME.

2. THE DEFENDANT WAS AWARE THAT THE IRS HAD AUDITED BOTH HIS PERSONAL AND HIS "TRUST" TAX RETURNS FOR 1996 AND 1997. THE IRS PROVIDED THE DEFENDANT AN OPPORTUNITY TO ARGUE THE AMOUNT HE OWED FOR 1996 AND 1997 WHEN, ON OR ABOUT JANUARY 27, 2000, IT ISSUED A NOTICE OF DEFICIENCY TO DENNY R. PATRIDGE, RESIDENT OF STRASBURG, ILLINOIS, IN

-22-

THE CENTRAL DISTRICT OF ILLINOIS, AS TRUSTEE FOR PARTRIDGE (SIC) ASSET MANAGEMENT TRUST, FOR THE TAX YEARS 1996 AND 1997. THE NOTICE OF DEFICIENCY STATED A PROPOSED INCREASE IN TAX OF \$45,179 FOR THE "TAX YEAR ENDED DECEMBER 31, 1996," AND \$43,216 FOR THE "TAX YEAR ENDED DECEMBER 31, 1997." ALSO ON OR ABOUT JANUARY 27, 2000, THE DEFENDANT WAS NOTIFIED OF A PROPOSED INCREASE IN HIS PERSONAL TAX OF \$85,608 FOR THE "TAX YEAR ENDED DECEMBER 31, 1996" AND \$62,062 FOR THE "TAX YEAR ENDED DECEMBER 31, 1997." THE NOTICE TO BOTH PATRIDGE PERSONALLY AND TO PATRIDGE ASSET MANAGEMENT TRUST CLEARLY PROVIDED THAT ANY PETITION WITH THE UNITED STATES TAX COURT HAD TO BE FILED NO LATER THAN MAY 11, 2000. THE DEFENDANT FAILED TO FILE A PETITION IN UNITED STATES TAX COURT.

3. THE DEFENDANT KNEW THAT THE IRS WOULD CONTINUE TO AUDIT HIS TAXES. ON OR ABOUT MAY 10, 2000, THE DEFENDANT RECEIVED APPOINTMENT LETTERS INFORMING HIM OF THE IRS INTENT TO AUDIT BOTH HIS PERSONAL 1998 TAX RETURN AND THE 1998 PATRIDGE ASSET MANAGEMENT TRUST TAX RETURN.

4. THE DEFENDANT SUBSEQUENTLY RECEIVED NOTICE THAT THE DETERMINATION OF AMOUNT DUE AND OWING IN BACK TAXES FOR 1996 AND 1997 WAS FINAL AS TO HIS "TRUST" TAX RETURNS WHEN, ON OR ABOUT JULY 31, 2000, HE RECEIVED NOTICE THAT PATRIDGE ASSET MANAGEMENT TRUST, DENNY (SIC) R. PATRIDGE TRUSTEE, OWED \$45,179 FOR THE "TAX PERIOD DECEMBER 31, 1996," AND \$43,216 FOR THE "TAX PERIOD DECEMBER 31, 1997." ON OR ABOUT

-23-

AUGUST 7, 2000, THE DEFENDANT RECEIVED NOTICE THAT THE AMOUNT DUE

AND OWING IN BACK TAXES FOR 1996 AND 1997 WAS FINAL AS TO HIS PERSONAL

TAXES. THE ADDITIONAL TAX OWED FOR "TAX PERIOD DECEMBER 31, 1996" WAS

$81,400 AND FOR "TAX PERIOD DECEMBER 31, 1997," THE ADDITIONAL TAX OWED

WAS $59,564.

**THE SCHEME:**

5. BEGINNING IN APPROXIMATELY JULY 2000, THE DEFENDANT

LIQUIDATED INVESTMENTS HE OWNED, INCLUDING INVESTMENTS WHICH

REQUIRED PAYMENT OF SURRENDER CHARGES, AND DEPOSITED THOSE FUNDS

TO THE CLAY CITY BANK ACCOUNT OF PATRIDGE ASSET MANAGEMENT TRUST

BEFORE BEING MOVED TO A "HIDDEN" OFFSHORE ACCOUNT. THE FUNDS AND

DATES ON WHICH THEY WERE LIQUIDATED INCLUDED:

| 7/13/00: | RAYMOND JAMES STOCK ACCOUNT # _ _ _ | | : $21,255.17 |
| 7/18/00: | HARTFORD LIFE AND ANNUITY ACCOUNT # | | |
| | $11,894.09 | | |
| 7/20/00: | KEYPORT ANNUITY ACCOUNT # | | : $22,509.11 |
| 7/24/00: | KEYPORT ACCOUNT | $16,913.68 | |
| 7/24/00: | KEYPORT ACCOUNT | : $13,477.61 | |
| 7/24/00: | KEYPORT ACCOUNT | $10,084.28 | |
| 7/25/00: | HARTFORD LIFE AND ANNUITY ACCOUNT # | | |
| | $62,615.75 | | |
| 8/02/00: | SAFECO ANNUITY ACCOUNT # | | $12,641.78 |

**TOTAL:** $171,391.47

6. ON OR ABOUT SEPTEMBER 4, 2000, THE IRS NOTIFIED PATRIDGE, AS

TRUSTEE OF PATRIDGE ASSET MANAGEMENT TRUST, THAT IT WOULD BEGIN

COLLECTION OF $72,144.28 FOR 1996 AND $63,114.37 FOR 1997 OWED BY PATRIDGE

-24-

ASSET MANAGEMENT TRUST. THE DEFENDANT IGNORED THE OPPORTUNITY TO

PAY TAXES OWED AND PREVENT COLLECTION BY MEANS OF IRS LEVY.

7. ON OR ABOUT SEPTEMBER 14, 2000, THE DEFENDANT BEGAN TO SET UP A

SYSTEM BY WHICH TO HIDE HIS ASSETS FROM THE IRS BY MOVING HIS MONEY

OFFSHORE TO AN ACCOUNT UNDER HIS CONTROL BUT NOT UNDER HIS NAME.

THE DEFENDANT ALSO ESTABLISHED A NEW ACCOUNT, #         AT EDGAR

COUNTY BANK AND TRUST, PARIS, ILLINOIS (EDGAR COUNTY BANK), IN HIS OWN

NAME, THROUGH WHICH FUNDS COULD BE DIRECTED OFFSHORE.

8. ON OR ABOUT SEPTEMBER 18, 2000, PATRIDGE REMOVED FUNDS IN THE

AMOUNT OF APPROXIMATELY $171,350 FROM CLAY CITY BANK, WHERE THEY

WERE HELD IN THE ACCOUNT OF PATRIDGE PERSONALLY, AND CAUSED THOSE

FUNDS TO BE DEPOSITED TO ACCOUNT #         AT EDGAR COUNTY BANK.

9. TO EXECUTE THE SCHEME SET FORTH, ON OR ABOUT OCTOBER 3, 2000,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, WIRED AND CAUSED TO BE WIRED APPROXIMATELY

$200,000 IN FUNDS FROM ACCOUNT #         AT EDGAR COUNTY BANK, EDGAR

COUNTY, ILLINOIS, THROUGH BANK OF AMERICA, N.A., NEW YORK, FOR

TRANSFER TO SKNA NATIONAL BANK, WHERE THE FUNDS WERE CREDITED TO

ACCOUNT #      , AN ACCOUNT HELD IN THE NAME OF SULTAN SERVICES, LTD.,

AN ENTITY WHICH WAS DIRECTED BY DENNY PATRIDGE.

IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1343.

-25-

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES:**

### WIRE FRAUD

1. PARAGRAPHS 1 THROUGH 8 OF COUNT FOUR ARE INCORPORATED BY REFERENCE HEREIN.

**THE SCHEME, CONTINUED:**

9. HAVING TRANSFERRED $200,000 TO SKNA NATIONAL BANK, ON OCTOBER 3, 2000, ON OR ABOUT OCTOBER 4, 2000, PATRIDGE TOOK STEPS TO FRAUDULENTLY PREVENT THE IRS FROM OBTAINING A FIRST LIEN ON HIS REAL ESTATE.

10. ON OR ABOUT OCTOBER 4, 2000, PATRIDGE CAUSED A MORTGAGE ON HIS HOME AT 108 W. SOUTH FIRST STREET, STRASBURG, ILLINOIS, TO BE RECORDED WITH THE CLERK OF SHELBY COUNTY, ILLINOIS. THE MORTGAGE RECORDED A $100,000 "LOAN" FROM MINETTA, INC. TO PATRIDGE WHEN, IN FACT, ON OCTOBER 4, 2000, MINETTA, INC. HAD NOT LOANED PATRIDGE $100,000.

11. ON OR ABOUT OCTOBER 23, 2000, PATRIDGE CAUSED $100,000 TO BE WIRED FROM SKNA NATIONAL BANK, TO ACCOUNT #            AT BANK OF AMERICA, RENO, NEVADA, IN THE NAME OF MINETTA, INC., AN ENTITY PATRIDGE CONTROLLED, WHICH WIRE TRANSFER WAS MADE TO PROVIDE MINETTA, INC. WITH SUFFICIENT FUNDS TO APPEAR TO MAKE A $100,000 LOAN TO PATRIDGE.

12. ON OR ABOUT OCTOBER 25, 2000, TO EXECUTE THE SCHEME SET FORTH,

DENNY R. PATRIDGE,

-26-

DEFENDANT HEREIN, CAUSED $100,000 TO BE WIRED FROM THE MINETTA, INC.,

ACCOUNT # , AT BANK OF AMERICA BANK, RENO, NEVADA, TO THE

PERSONAL ACCOUNT OF PATRIDGE, # , EDGAR COUNTY BANK AND

TRUST, PARIS ILLINOIS, WHICH TRANSFER SUPPORTED THE FICTION OF A "LOAN"

FROM MINETTA, INC. TO PATRIDGE, ON WHICH "LOAN," A MORTGAGE ON 108 W.

SOUTH FIRST STREET, STRASBURG, ILLINOIS WAS RECORDED AS SECURITY.

IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1343.

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES:**

### MONEY LAUNDERING

1. THAT ON OR ABOUT THE DATE HEREINAFTER SET FORTH, IN THE
CENTRAL DISTRICT OF ILLINOIS AND ELSEWHERE,

DENNY R. PATRIDGE,

DEFENDANT HEREIN, A RESIDENT OF STRASBURG, ILLINOIS, IN THE CENTRAL

DISTRICT OF ILLINOIS, DID KNOWINGLY CONDUCT AND ATTEMPT TO CONDUCT A

FINANCIAL TRANSACTION AFFECTING INTERSTATE AND FOREIGN COMMERCE, TO

WIT, A TRANSFER OF FUNDS BY WIRE IN THAT ON OR ABOUT OCTOBER 25, 2000,

THE DEFENDANT CAUSED $100,000 TO BE WIRED FROM EDGAR COUNTY BANK

AND THE ACCOUNT OF PATRIDGE, TO AN ACCOUNT AT SKNA NATIONAL BANK,

WHICH ACCOUNT, # , WAS ASSOCIATED WITH SULTAN SERVICES, LTD., OVER

WHICH PATRIDGE HAD AUTHORITY AND CONTROL;

2. THE TRANSFER SET FORTH ABOVE WAS THE PROCEEDS OF A SPECIFIED

-27-

UNLAWFUL ACTIVITY, THAT IS WIRE FRAUD, UNDER TITLE 18, UNITED STATES CODE, SECTION 1343, WHICH TRANSACTION INVOLVED THE PROCEEDS OF A SPECIFIED UNLAWFUL ACTIVITY, AS MORE FULLY DESCRIBED IN COUNT FOUR AND COUNT FIVE OF THIS INDICTMENT, AND THE DEFENDANT KNEW THAT THE TRANSACTION WAS DESIGNED IN WHOLE AND IN PART TO CONCEAL AND DISGUISE THE NATURE, LOCATION, SOURCE, OWNERSHIP AND CONTROL OF THE PROCEEDS OF SAID SPECIFIED UNLAWFUL ACTIVITY AND THAT WHILE CONDUCTING AND ATTEMPTING TO CONDUCT SUCH FINANCIAL TRANSACTION, KNEW THAT THE PROPERTY INVOLVED IN THE FINANCIAL TRANSACTION, THAT IS, FUNDS, IN THE AMOUNT OF APPROXIMATELY $100,000, REPRESENTED THE PROCEEDS OF SOME FORM OF UNLAWFUL ACTIVITY.

3. THE PURPOSE OF THE TRANSFER OF FUNDS TO SKNA NATIONAL BANK, WAS TO HIDE $100,000 FROM THE IRS AND YET MAKE THE FUNDS AVAILABLE TO THE DEFENDANT FOR USE AT HIS DIRECTION.

ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1956(A)(1)(B)(I).

-28-

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES:**

### MONEY LAUNDERING

1. THAT ON OR ABOUT THE DATE HEREINAFTER SET FORTH, IN THE
CENTRAL DISTRICT OF ILLINOIS AND ELSEWHERE,

### DENNY R. PATRIDGE,

DEFENDANT HEREIN, A RESIDENT OF STRASBURG, ILLINOIS, IN THE CENTRAL
DISTRICT OF ILLINOIS, DID KNOWINGLY CONDUCT AND ATTEMPT TO CONDUCT A
FINANCIAL TRANSACTION AFFECTING INTERSTATE AND FOREIGN COMMERCE, TO
WIT, A TRANSFER OF FUNDS BY WIRE, IN THAT ON OR ABOUT OCTOBER 25, 2000,
THE DEFENDANT CAUSED $100,000 TO BE WIRED FROM EDGAR COUNTY BANK
AND THE ACCOUNT OF PATRIDGE, TO AN ACCOUNT AT SKNA NATIONAL BANK,
WHICH ACCOUNT, # 18153, WAS ASSOCIATED WITH SULTAN SERVICES, LTD., OVER
WHICH PATRIDGE HAD AUTHORITY AND CONTROL;

2. THE TRANSFER SET FORTH ABOVE WAS THE PROCEEDS OF A SPECIFIED
UNLAWFUL ACTIVITY, THAT IS WIRE FRAUD, UNDER TITLE 18, UNITED STATES
CODE, SECTION 1343, AS MORE FULLY SET FORTH IN COUNT FOUR AND COUNT
FIVE OF THIS INDICTMENT, AND THE DEFENDANT KNEW THAT THE TRANSACTION
WAS DESIGNED IN WHOLE AND IN PART TO CONCEAL AND DISGUISE THE
NATURE, LOCATION, SOURCE, OWNERSHIP AND CONTROL OF THE PROCEEDS OF
SAID SPECIFIED UNLAWFUL ACTIVITY AND THAT WHILE CONDUCTING AND
ATTEMPTING TO CONDUCT SUCH FINANCIAL TRANSACTION, KNEW THAT THE

-29-

PROPERTY INVOLVED IN THE FINANCIAL TRANSACTION, THAT IS, FUNDS, IN THE AMOUNT OF APPROXIMATELY $100,000, REPRESENTED THE PROCEEDS OF SOME FORM OF UNLAWFUL ACTIVITY, AS THE TRANSACTION WAS COMMITTED WITH INTENT TO ENGAGE IN CONDUCT CONSTITUTING THE EVASION OF PAYMENT OF TAXES IN VIOLATION OF SECTION 7201 OF THE INTERNAL REVENUE CODE OF 1986, FOR THE DEFENDANT BOTH KNEW THE IRS HAD DETERMINED HE OWED MORE THAN $100,000 IN TAXES FOR 1996 AND 1997 TAX YEARS AND THE DEFENDANT HAD DETERMINED TO HIDE HIS FUNDS FROM THE IRS.

ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1956(A)(1)(A)(II).

2:04-cr-20031-MPM-DGB # 148 Page 31 of 65

THE DEFENDANT IS PRESUMED TO BE INNOCENT OF EACH OF THE CHARGES. THIS PRESUMPTION CONTINUES DURING EVERY STAGE OF THE TRIAL AND YOUR DELIBERATIONS ON THE VERDICT. IT IS NOT OVERCOME UNLESS FROM ALL THE EVIDENCE IN THE CASE YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY AS CHARGED. THE GOVERNMENT HAS THE BURDEN OF PROVING THE GUILT OF THE DEFENDANT BEYOND A REASONABLE DOUBT.

THIS BURDEN OF PROOF STAYS WITH THE GOVERNMENT THROUGHOUT THE CASE. THE DEFENDANT IS NEVER REQUIRED TO PROVE HIS INNOCENCE OR TO PRODUCE ANY EVIDENCE AT ALL.

-31-

YOU HAVE HEARD A WITNESS GIVE OPINIONS ABOUT MATTERS REQUIRING SPECIAL KNOWLEDGE OR SKILL. YOU SHOULD JUDGE THIS TESTIMONY IN THE SAME WAY THAT YOU JUDGE THE TESTIMONY OF ANY OTHER WITNESS. THE FACT THAT SUCH A PERSON HAS GIVEN AN OPINION DOES NOT MEAN THAT YOU ARE REQUIRED TO ACCEPT IT. GIVE THE TESTIMONY WHATEVER WEIGHT YOU THINK IT DESERVES, CONSIDERING THE REASONS GIVEN FOR THE OPINION, THE WITNESS' QUALIFICATIONS, AND ALL OF THE OTHER EVIDENCE IN THE CASE.

CERTAIN SUMMARIES ARE IN EVIDENCE. THE ACCURACY OF THE GOVERNMENT'S SUMMARIES HAS BEEN CHALLENGED BY THE DEFENDANT. THUS, THE ORIGINAL MATERIALS UPON WHICH THE EXHIBITS ARE BASED HAVE ALSO BEEN ADMITTED INTO EVIDENCE SO THAT YOU MAY DETERMINE WHETHER THE SUMMARIES ARE ACCURATE.

YOU HAVE HEARD A RECORDED CONVERSATION. THE RECORDED CONVERSATION IS PROPER EVIDENCE AND YOU MAY CONSIDER IT JUST AS ANY OTHER EVIDENCE.

WHEN THE RECORDING WAS PLAYED DURING THE TRIAL, YOU WERE FURNISHED A TRANSCRIPT OF THE RECORDED CONVERSATION PREPARED BY GOVERNMENT AGENTS.

THE RECORDING IS THE EVIDENCE, AND THE TRANSCRIPT WAS PROVIDED TO YOU ONLY AS A GUIDE TO HELP YOU FOLLOW AS YOU LISTEN TO THE RECORDING. THE TRANSCRIPT IS NOT EVIDENCE OF WHAT WAS ACTUALLY SAID OR WHO SAID IT. IT IS UP TO YOU TO DECIDE WHETHER THE TRANSCRIPT CORRECTLY REFLECTS WHAT WAS SAID AND WHO SAID IT. IF YOU NOTICED ANY DIFFERENCE BETWEEN WHAT YOU HEARD ON THE RECORDING AND WHAT YOU READ IN THE TRANSCRIPT, YOU MUST RELY ON WHAT YOU HEARD, NOT WHAT YOU READ. AND IF AFTER CAREFUL LISTENING, YOU COULD NOT HEAR OR UNDERSTAND CERTAIN PARTS OF THE RECORDING, YOU MUST IGNORE THE TRANSCRIPT AS FAR AS THOSE PARTS ARE CONCERNED.

AS YOU DELIBERATE, IF YOU DECIDE THAT YOU WOULD LIKE TO HEAR THE RECORDED CONVERSATION, ASK THE MARSHAL IN WRITING, AND YOU WILL BE BROUGHT INTO THE COURTROOM WHERE THE TAPE WILL BE PLAYED FOR YOU. YOU ARE NOT REQUIRED TO HEAR THE RECORDED CONVERSATION, IN PART OR IN WHOLE. YOU MAY RELY, INSTEAD, ON YOUR RECOLLECTION OF THE RECORDED CONVERSATION AS YOU HEARD IT AT TRIAL.

YOU HAVE SEEN A VIDEO TAPE RECORDING.  THE VIDEO TAPE IS PROPER EVIDENCE AND YOU MAY CONSIDER IT JUST AS ANY OTHER EVIDENCE.

AS YOU DELIBERATE, IF YOU DECIDE THAT YOU WOULD LIKE TO VIEW THE VIDEOTAPE, ASK THE MARSHAL IN WRITING, AND YOU WILL BE BROUGHT INTO THE COURTROOM WHERE THE REQUESTED VIDEO WILL BE PLAYED FOR YOU.  YOU ARE NOT REQUIRED TO VIEW THE VIDEO TAPE RECORDING, IN PART OR IN WHOLE.  YOU MAY RELY, INSTEAD, ON YOUR RECOLLECTION OF THE VIDEO TAPE RECORDING AS YOU VIEWED IT AT TRIAL.

COUNTS TWO, THREE, FOUR, AND FIVE OF THE SUPERSEDING INDICTMENT ALLEGE THAT THE DEFENDANT COMMITTED CERTAIN SPECIFIC ACTS. THE GOVERNMENT NEED NOT PROVE THAT EACH AND EVERY SPECIFIC ALLEGED ACT WAS COMMITTED BY THE DEFENDANT. HOWEVER, THE GOVERNMENT MUST PROVE THAT THE DEFENDANT COMMITTED AT LEAST ONE OF THE SPECIFIC ACTS ALLEGED IN EACH COUNT. IN ORDER TO FIND THAT THE GOVERNMENT HAS PROVED THE DEFENDANT COMMITTED A SPECIFIC ACT AS TO EACH COUNT, THE JURY MUST UNANIMOUSLY AGREE ON WHICH SPECIFIC ACT THAT DEFENDANT COMMITTED.

FOR EXAMPLE, IN COUNT TWO, IF SOME OF YOU FIND THE DEFENDANT LIQUIDATED INVESTMENTS HE OWNED AND DEPOSITED THOSE FUNDS TO THE CLAY CITY BANK ACCOUNT OF PATRIDGE ASSET MANAGEMENT TRUST AND HE THEN MOVED THOSE FUNDS TO A "HIDDEN" OFFSHORE ACCOUNT, AND THE REST OF YOU FIND THE DEFENDANT TRANSFERRED ALL DOCUMENTS ASSOCIATED WITH EXEMPT SERVICES COMPANY, LTD., TRUSTEE FOR BOTH EBBA INTERNATIONAL TRUST AND CONVENTUS GLOBAL TRUST, TO BELMOPAN, BELIZE, THEREBY PLACING THE DOCUMENTS OUTSIDE THE REACH OF THE IRS AND INSURING THAT THE DOCUMENTS WERE UNAVAILABLE FOR IRS REVIEW, THEN THERE IS NO UNANIMOUS AGREEMENT ON WHICH ACT HAS BEEN PROVED. ON THE OTHER HAND, IF ALL JURORS FIND THE DEFENDANT EXERCISED HIS OPTION AND REQUESTED A COLLECTION DUE PROCESS HEARING TO DELAY AND PREVENT ENFORCED COLLECTION ACTION, TO GAIN TIME TO SPEND THE MONEY HE HAD PLACED IN SKNA NATIONAL BANK, AND TO DELAY AND PREVENT IRS DISCOVERY THAT THE MORTGAGE FILED ON OCTOBER 4, 2000 ON 108 W. SOUTH FIRST STREET, STRASBURG, ILLINOIS, WAS, IN FACT, CONTROLLED BY HIMSELF, THE DEFENDANT, THEN THERE IS UNANIMOUS AGREEMENT.

-36-

THE SUPERSEDING INDICTMENT CHARGES THAT THE OFFENSES WERE COMMITTED "ON OR ABOUT" CERTAIN SPECIFIC DATES. THE GOVERNMENT MUST PROVE THAT THE OFFENSES HAPPENED REASONABLY CLOSE TO THOSE DATES BUT IS NOT REQUIRED TO PROVE THAT THE ALLEGED OFFENSE HAPPENED ON THOSE EXACT DATES.

WHEN THE WORD "KNOWINGLY" IS USED IN THESE INSTRUCTIONS, IT MEANS THAT THE DEFENDANT REALIZED WHAT HE WAS DOING AND WAS AWARE OF THE NATURE OF HIS CONDUCT, AND DID NOT ACT THROUGH IGNORANCE, MISTAKE OR ACCIDENT. KNOWLEDGE MAY BE PROVED BY THE DEFENDANT'S CONDUCT, AND BY ALL THE FACTS AND CIRCUMSTANCES SURROUNDING THE CASE.

YOU MAY INFER KNOWLEDGE FROM A COMBINATION OF SUSPICION AND INDIFFERENCE TO THE TRUTH. IF YOU FIND THAT A PERSON HAD A STRONG SUSPICION THAT THINGS WERE NOT WHAT THEY SEEMED OR THAT SOMEONE HAD WITHHELD SOME IMPORTANT FACTS, YET SHUT HIS EYES FOR FEAR OF WHAT HE WOULD LEARN, YOU MAY CONCLUDE THAT HE ACTED KNOWINGLY, AS I HAVE USED THAT WORD. YOU MAY NOT CONCLUDE THAT THE DEFENDANT HAD KNOWLEDGE IF HE WAS MERELY NEGLIGENT IN NOT DISCOVERING THE TRUTH.

TO SUSTAIN THE CHARGE THAT THE DEFENDANT WILLFULLY MADE A FALSE U.S. INDIVIDUAL INCOME TAX RETURN AS CHARGED IN COUNT ONE OF THE SUPERSEDING INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

*FIRST*, THE DEFENDANT MADE THE 1998 INCOME TAX RETURN;

*SECOND*, THE DEFENDANT SIGNED THE INCOME TAX RETURN, WHICH CONTAINED A WRITTEN DECLARATION THAT IT WAS MADE UNDER PENALTIES OF PERJURY;

*THIRD*, THE DEFENDANT FILED THE INCOME TAX RETURN WITH THE INTERNAL REVENUE SERVICE;

*FOURTH*, THE INCOME TAX RETURN WAS FALSE AS TO A MATERIAL MATTER, AS CHARGED IN COUNT ONE; AND

*FIFTH*, WHEN THE DEFENDANT MADE AND SIGNED THE TAX RETURN, THE DEFENDANT DID SO WILLFULLY AND DID NOT BELIEVE THAT THE TAX RETURN WAS TRUE, CORRECT AND COMPLETE AS TO EVERY MATERIAL MATTER.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT ANY OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

THE WORD WILLFULLY, AS USED IN COUNT ONE OF THE SUPERSEDING INDICTMENT, MEANS THE VOLUNTARY AND INTENTIONAL VIOLATION OF A KNOWN LEGAL DUTY OR THE PURPOSEFUL OMISSION TO DO WHAT THE LAW REQUIRES. THE DEFENDANT ACTED WILLFULLY IF HE KNEW IT WAS HIS LEGAL DUTY TO FILE TRUTHFUL INDIVIDUAL TAX RETURNS, AND INTENTIONALLY FILED A FALSE RETURN.

A LINE ON A TAX RETURN IS A MATERIAL MATTER IF THE INFORMATION REQUIRED TO BE REPORTED ON THAT LINE IS CAPABLE OF INFLUENCING THE CORRECT COMPUTATION OF THE AMOUNT OF TAX LIABILITY OF THE INDIVIDUAL OR THE VERIFICATION OF THE ACCURACY OF THE RETURN.

TO SUSTAIN A CHARGE OF ATTEMPTING TO EVADE OR DEFEAT THE DEFENDANT'S INDIVIDUAL TAX, AS CHARGED IN COUNT TWO OF THE SUPERSEDING INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

*FIRST*, ON APRIL 15 OF THE YEAR FOLLOWING THE TAX YEARS 1996 AND 1997, FEDERAL INCOME TAX WAS DUE AND OWING BY THE DEFENDANT;

*SECOND*, THE DEFENDANT INTENDED TO EVADE OR DEFEAT THE ASCERTAINMENT, ASSESSMENT, COMPUTATION OR PAYMENT OF TAXES FOR 1996 AND 1997; AND

*THIRD*, THE DEFENDANT WILLFULLY DID SOME ACT IN FURTHERANCE OF THE INTENT TO EVADE TAX OR PAYMENT OF THE TAX.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT ANY OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

TO SUSTAIN A CHARGE OF ATTEMPTING TO EVADE OR DEFEAT THE DEFENDANT'S INDIVIDUAL TAX, AS CHARGED IN COUNT THREE OF THE SUPERSEDING INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

*FIRST*, ON APRIL 15 OR DATE OF A LEGAL EXTENSION OF THE YEAR FOLLOWING TAX YEAR 1999, FEDERAL INCOME TAX WAS DUE AND OWING BY THE DEFENDANT;

*SECOND*, THE DEFENDANT INTENDED TO EVADE OR DEFEAT THE ASCERTAINMENT, ASSESSMENT, COMPUTATION OR PAYMENT OF THE TAX; AND

*THIRD*, THE DEFENDANT WILLFULLY DID SOME ACT IN FURTHERANCE OF THE INTENT TO EVADE TAX OR PAYMENT OF THE TAX.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT ANY OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

-43-

THE TERM "WILLFULLY," AS USED IN COUNTS TWO AND THREE OF THE SUPERSEDING INDICTMENT, MEANS THE VOLUNTARY AND INTENTIONAL VIOLATION OF A KNOWN LEGAL DUTY, IN OTHER WORDS, ACTING WITH THE SPECIFIC INTENT TO AVOID PAYING A TAX IMPOSED BY THE INCOME TAX LAWS OR TO AVOID ASSESSMENT OF A TAX THAT IT WAS THE LEGAL DUTY OF THE DEFENDANT TO PAY TO THE GOVERNMENT, AND THAT THE DEFENDANT KNEW IT WAS HIS LEGAL DUTY TO PAY.

GOOD FAITH ON THE PART OF THE DEFENDANT IS INCONSISTENT WITH WILLFULNESS, AN ELEMENT OF THE CHARGES IN COUNTS ONE, TWO AND THREE. THE BURDEN IS NOT ON THE DEFENDANT TO PROVE HIS GOOD FAITH; RATHER, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT ACTED WILLFULLY.

A DEFENDANT DOES NOT ACT WILLFULLY IF HE BELIEVES IN GOOD FAITH THAT HE IS ACTING WITHIN THE LAW, OR THAT HIS ACTIONS COMPLY WITH THE LAW. THEREFORE, IF THE DEFENDANT ACTUALLY BELIEVED THAT WHAT HE WAS DOING WAS IN ACCORD WITH THE TAX STATUTES, HE CANNOT BE SAID TO HAVE HAD THE CRIMINAL INTENT TO WILLFULLY MAKE A FALSE U.S. INDIVIDUAL INCOME TAX RETURN, AS ALLEGED IN COUNT ONE; OR TO WILLFULLY EVADE TAXES OR THE PAYMENT OF TAXES, AS ALLEGED IN COUNTS TWO AND THREE.

THIS IS SO EVEN IF THE DEFENDANT'S BELIEF WAS NOT OBJECTIVELY REASONABLE, AS LONG AS HE HELD THE BELIEF IN GOOD FAITH. HOWEVER, YOU MAY CONSIDER THE REASONABLENESS OF THE DEFENDANT'S BELIEF TOGETHER WITH ALL THE OTHER EVIDENCE IN THE CASE IN DETERMINING WHETHER THE DEFENDANT HELD THE BELIEF IN GOOD FAITH.

IF YOU FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT HAD A
TAX LIABILITY FOR A PARTICULAR YEAR, THEN I INSTRUCT YOU AS A MATTER OF
LAW, THAT TAX WAS DUE AND OWING ON APRIL 15 OR OTHER DATE SET BY LAW
OR LEGAL EXTENSION OF THE FOLLOWING YEAR.

IF THE DEFENDANT HAS INCURRED A TAX LIABILITY, IT EXISTS FROM THE DATE THE RETURN IS DUE. A TAXPAYER'S TAX LIABILITY EXISTS INDEPENDENT OF ANY ADMINISTRATIVE ASSESSMENT. IT IS NOT NECESSARY THAT A TAXPAYER RECEIVE A TAX ASSESSMENT BEFORE HE IS CHARGED WITH A CRIMINAL VIOLATION OF WILLFUL ATTEMPT TO EVADE OR DEFEAT INCOME TAX.

FAILURE TO FILE A TAX RETURN, WITHOUT ANY ADDITIONAL ACT, DOES NOT

ESTABLISH THE CRIME OF WILLFUL ATTEMPT TO EVADE OR DEFEAT INCOME TAX.

TO SUSTAIN THE CHARGE OF WIRE FRAUD, AS CHARGED IN COUNT FOUR OF THE SUPERSEDING INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

*FIRST*, THAT THE DEFENDANT KNOWINGLY DEVISED THE SCHEME TO DEFRAUD, AS DESCRIBED IN COUNT FOUR OF THE SUPERSEDING INDICTMENT;

*SECOND*, THAT THE DEFENDANT DID SO KNOWINGLY AND WITH THE INTENT TO DEFRAUD; AND

*THIRD*, THAT FOR THE PURPOSE OF CARRYING OUT THE SCHEME, THE DEFENDANT CAUSED INTERSTATE WIRE COMMUNICATIONS TO TAKE PLACE IN THE MANNER CHARGED IN COUNT FOUR.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT ANY ONE OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

TO SUSTAIN THE CHARGE OF WIRE FRAUD, AS CHARGED IN COUNT FIVE OF THE SUPERSEDING INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

*FIRST*, THAT THE DEFENDANT KNOWINGLY DEVISED THE SCHEME TO DEFRAUD, AS DESCRIBED IN COUNT FIVE OF THE SUPERSEDING INDICTMENT;

*SECOND*, THAT THE DEFENDANT DID SO KNOWINGLY AND WITH THE INTENT TO DEFRAUD; AND

*THIRD*, THAT FOR THE PURPOSE OF CARRYING OUT THE SCHEME, THE DEFENDANT CAUSED INTERSTATE WIRE COMMUNICATIONS TO TAKE PLACE IN THE MANNER CHARGED IN COUNT FIVE.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT ANY ONE OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

A SCHEME IS A PLAN OR COURSE OF ACTION FORMED WITH THE INTENT TO ACCOMPLISH SOME PURPOSE.

IN CONSIDERING WHETHER THE GOVERNMENT HAS PROVEN A SCHEME TO DEFRAUD, IT IS ESSENTIAL THAT ONE OR MORE OF THE ACTS CHARGED IN THE PORTION OF THE SUPERSEDING INDICTMENT DESCRIBING THE SCHEME BE PROVED ESTABLISHING THE EXISTENCE OF THE SCHEME BEYOND A REASONABLE DOUBT. HOWEVER, THE GOVERNMENT IS NOT REQUIRED TO PROVE ALL OF THEM.

THE PHRASE "INTENT TO DEFRAUD" MEANS THAT THE ACTS CHARGED WERE DONE KNOWINGLY WITH THE INTENT TO DECEIVE OR CHEAT THE VICTIM IN ORDER TO CAUSE A GAIN OF MONEY OR PROPERTY TO THE DEFENDANT.

THE WIRE FRAUD STATUTE CAN BE VIOLATED WHETHER OR NOT THERE IS

ANY LOSS OR DAMAGE TO THE VICTIM OF THE CRIME OR GAIN TO THE DEFENDANT.

FUNDS WIRED FROM A FINANCIAL INSTITUTION IN THE UNITED STATES TO A FINANCIAL INSTITUTION OR ACCOUNT OUTSIDE THE UNITED STATES OR TO A FINANCIAL INSTITUTION IN THE UNITED STATES FROM A FINANCIAL INSTITUTION OR ACCOUNT OUTSIDE THE UNITED STATES CONSTITUTES A TRANSMISSION BY MEANS OF WIRE COMMUNICATION IN INTERSTATE COMMERCE WITHIN THE MEANING OF THE WIRE FRAUD STATUTE.

TO SUSTAIN THE CHARGE OF MONEY LAUNDERING AS CHARGED IN COUNT SIX OF THE SUPERSEDING INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

*FIRST*, THE DEFENDANT KNOWINGLY CONDUCTED OR ATTEMPTED TO CONDUCT A FINANCIAL TRANSACTION;

*SECOND*, THE PROPERTY INVOLVED IN THE FINANCIAL TRANSACTION IN FACT INVOLVED THE PROCEEDS OF WIRE FRAUD AS DESCRIBED IN COUNT FOUR AND COUNT FIVE;

*THIRD*, THE DEFENDANT KNEW THAT THE PROPERTY INVOLVED IN THE FINANCIAL TRANSACTION REPRESENTED THE PROCEEDS OF SOME FORM OF UNLAWFUL ACTIVITY; AND

*FOURTH*, THE DEFENDANT KNEW THAT THE TRANSACTION WAS DESIGNED IN WHOLE OR IN PART TO CONCEAL OR DISGUISE THE NATURE, THE LOCATION, THE SOURCE, THE OWNERSHIP, OR THE CONTROL OF THE PROCEEDS OF WIRE FRAUD.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT ANY ONE OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

TO SUSTAIN THE CHARGE OF MONEY LAUNDERING AS CHARGED IN COUNT SEVEN OF THE SUPERSEDING INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING PROPOSITIONS:

*FIRST*, THE DEFENDANT KNOWINGLY CONDUCTED OR ATTEMPTED TO CONDUCT A FINANCIAL TRANSACTION;

*SECOND*, THE PROPERTY INVOLVED IN THE FINANCIAL TRANSACTION IN FACT INVOLVED THE PROCEEDS OF WIRE FRAUD AS DESCRIBED IN COUNT FOUR AND COUNT FIVE;

*THIRD*, THE DEFENDANT KNEW THAT THE PROPERTY INVOLVED IN THE FINANCIAL TRANSACTION REPRESENTED THE PROCEEDS OF SOME FORM OF UNLAWFUL ACTIVITY; AND

*FOURTH*, THE DEFENDANT ENGAGED IN THE FINANCIAL TRANSACTION WITH THE INTENT TO ENGAGE IN TAX EVASION.

IF YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT EACH OF THESE PROPOSITIONS HAS BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY.

IF, ON THE OTHER HAND, YOU FIND FROM YOUR CONSIDERATION OF ALL THE EVIDENCE THAT ANY ONE OF THESE PROPOSITIONS HAS NOT BEEN PROVED BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

THE TERM "FINANCIAL TRANSACTION" MEANS A DEPOSIT, WITHDRAWAL, TRANSFER BETWEEN ACCOUNTS, EXCHANGE OF CURRENCY, LOAN, EXTENSION OF CREDIT, PURCHASE OR SALE OF ANY STOCK, BOND, CERTIFICATE OF DEPOSIT, OR USE OF A SAFE DEPOSIT BOX INVOLVING THE USE OF A FINANCIAL INSTITUTION WHICH IS ENGAGED IN OR THE ACTIVITIES OF WHICH AFFECT INTERSTATE OR FOREIGN COMMERCE.

"INTERSTATE COMMERCE" MEANS TRADE, TRANSACTIONS, TRANSPORTATION OR COMMUNICATION BETWEEN ANY POINT IN A STATE AND ANY PLACE OUTSIDE THAT STATE, OR BETWEEN TWO POINTS WITHIN A STATE THROUGH A PLACE OUTSIDE THE STATE. "FOREIGN COMMERCE" MEANS TRADE, TRANSACTIONS, TRANSPORTATION, OR COMMUNICATION BETWEEN A POINT IN ONE COUNTRY AND A PLACE OUTSIDE THAT COUNTRY, OR BETWEEN TWO POINTS WITHIN A COUNTRY THROUGH A PLACE OUTSIDE THAT COUNTRY.

THE GOVERNMENT MUST PROVE THAT THE FORESEEABLE CONSEQUENCES OF THE DEFENDANT'S ACTS WOULD BE TO AFFECT INTERSTATE OR FOREIGN COMMERCE. IT IS NOT NECESSARY FOR YOU TO FIND THAT THE DEFENDANT KNEW OR INTENDED THAT THE DEFENDANT'S ACTIONS WOULD AFFECT INTERSTATE OR FOREIGN COMMERCE.

-58-

THE GOVERNMENT MUST PROVE THAT THE DEFENDANT KNEW THAT THE PROPERTY REPRESENTED THE PROCEEDS OF SOME FORM OF ACTIVITY THAT CONSTITUTES A FELONY UNDER STATE OR FEDERAL LAW.

THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT KNEW THAT THE PROPERTY INVOLVED IN THE TRANSACTION REPRESENTED THE PROCEEDS OF WIRE FRAUD.

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES. YOUR NOTES ARE NOT EVIDENCE. IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND YOU SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

UPON RETIRING TO THE JURY ROOM, SELECT ONE OF YOUR NUMBER AS YOUR FOREPERSON. THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND BE YOUR REPRESENTATIVE HERE IN COURT.

A VERDICT FORM HAS BEEN PREPARED FOR YOU.

TAKE THESE FORMS TO THE JURY ROOM, AND WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT ON THE VERDICTS, YOUR FOREPERSON WILL FILL IN AND DATE THE VERDICT FORM, AND EACH OF YOU WILL SIGN IT.

I DO NOT ANTICIPATE THAT YOU WILL NEED TO COMMUNICATE WITH ME. IF YOU DO, HOWEVER, THE ONLY PROPER WAY IS IN WRITING, SIGNED BY THE FOREPERSON, OR IF HE OR SHE IS UNWILLING TO DO SO, BY SOME OTHER JUROR, AND GIVEN TO THE MARSHAL.

THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. YOUR VERDICT, WHETHER IT BE GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

YOU SHOULD MAKE EVERY REASONABLE EFFORT TO REACH A VERDICT. IN DOING SO, YOU SHOULD CONSULT WITH ONE ANOTHER, EXPRESS YOUR OWN VIEWS, AND LISTEN TO THE OPINIONS OF YOUR FELLOW JURORS. DISCUSS YOUR DIFFERENCES WITH AN OPEN MIND. DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS AND CHANGE YOUR OPINION IF YOU COME TO BELIEVE IT IS WRONG. BUT YOU SHOULD NOT SURRENDER YOUR HONEST BELIEFS ABOUT THE WEIGHT OR EFFECT OF EVIDENCE SOLELY BECAUSE OF THE OPINIONS OF YOUR FELLOW JURORS OR FOR THE PURPOSE OF RETURNING A UNANIMOUS VERDICT.

THE TWELVE OF YOU SHOULD GIVE FAIR AND EQUAL CONSIDERATION TO ALL THE EVIDENCE AND DELIBERATE WITH THE GOAL OF REACHING AN AGREEMENT WHICH IS CONSISTENT WITH THE INDIVIDUAL JUDGMENT OF EACH JUROR.

YOU ARE IMPARTIAL JUDGES OF THE FACTS. YOUR SOLE INTEREST IS TO DETERMINE WHETHER THE GOVERNMENT HAS PROVED ITS CASE BEYOND A REASONABLE DOUBT.

-63-

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | CASE NO. CR 04-20031 |
| | ) | |
| VS. | ) | |
| | ) | |
| DENNY R. PATRIDGE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## **VERDICT FORM**

1.    WE, THE JURY, FIND THE DEFENDANT _____
                                                                  GUILTY/NOT GUILTY

OF THE OFFENSE OF WILLFULLY MAKING A FALSE U.S. INDIVIDUAL INCOME TAX

RETURN, AS CHARGED IN COUNT ONE OF THE SUPERSEDING INDICTMENT.

2.    WE, THE JURY, FIND THE DEFENDANT _____
                                                                  GUILTY/NOT GUILTY

OF THE OFFENSE OF ATTEMPTING TO EVADE OR DEFEAT THE DEFENDANT'S

INDIVIDUAL TAX, AS CHARGED IN COUNT TWO OF THE SUPERSEDING INDICTMENT.

3.    WE, THE JURY, FIND THE DEFENDANT _____
                                                                  GUILTY/NOT GUILTY

OF THE OFFENSE OF ATTEMPTING TO EVADE OR DEFEAT THE DEFENDANT'S

INDIVIDUAL TAX, AS CHARGED IN COUNT THREE OF THE SUPERSEDING
INDICTMENT.

4.    WE, THE JURY, FIND THE DEFENDANT _____
                                                                  GUILTY/NOT GUILTY

OF THE OFFENSE OF WIRE FRAUD, AS CHARGED IN COUNT FOUR OF THE

SUPERSEDING INDICTMENT.

Page 1 of 2

5.    WE, THE JURY, FIND THE DEFENDANT _____
                                                    GUILTY/NOT GUILTY

OF THE OFFENSE OF WIRE FRAUD, AS CHARGED IN COUNT FIVE OF THE

SUPERSEDING INDICTMENT.

6.    WE, THE JURY, FIND THE DEFENDANT _____
                                                    GUILTY/NOT GUILTY

OF THE OFFENSE OF MONEY LAUNDERING, AS CHARGED IN COUNT SIX OF THE

SUPERSEDING INDICTMENT.

7.    WE, THE JURY, FIND THE DEFENDANT _____
                                                    GUILTY/NOT GUILTY

OF THE OFFENSE OF MONEY LAUNDERING, AS CHARGED IN COUNT SEVEN OF THE

SUPERSEDING INDICTMENT.

DATED:_____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____
                                                    FOREPERSON

Page 2 of 2