**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 04-CR-20031 |
| ) | |
| **DENNY R. PATRIDGE,** ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

A jury trial commenced in this case on June 13, 2005. On June 30, 2005, the jury returned a verdict and found Defendant, Denny R. Patridge, not guilty of the offense charged in Count 1 of the Superseding Indictment and guilty of the offenses charged in Counts 2, 3, 4, 5, 6, and 7 of the Superseding Indictment. On July 12, 2005, Defendant filed a "Motion for Order of Dismissal of Indictment in Counts 2, 3, 4, 5, 6, and 7 Pursuant to 26 U.S.C. § 7201 for Violating Constitution, and in the Alternative, Motion for Judgment of Acquittal, and in the Alternative, to set aside the Verdict as to Counts 2, 3, 4, 5, 6, and 7 for Insufficient Evidence, and in the Alternative, Motion for Order of New Trial, and Finally, for Order Dismissal of Indictment and Verdict Upon Rule of Lenity Grounds" (#154). In support of his Motion, Defendant filed a 48-page Memorandum (#155).

This court first notes that the Memorandum filed by Defendant includes lengthy, rambling arguments. Many of these arguments are the same as, or at least very similar to, arguments already raised by Defendant and rejected by this court in ruling on Defendant's numerous pre-trial motions to dismiss. This court further notes that Defendant spends many pages of the Memorandum discussing the question the jury had during its deliberations and this court's response to the question. This court notes that Defendant did not object when the court informed him of the answer it intended to give to the jury, which included definitions from Black's Law Dictionary, Seventh Edition. In

addition, Defendant did not propose any alternate response. Therefore, to the extent that Defendant is arguing that this court erred in its response to the jury's question (which is difficult to discern from the rambling, stream-of-consciousness argument presented), that argument is clearly waived.

As far as Defendant's remaining arguments, this court concludes: (1) that the Superseding Indictment in this case was sufficient and did not violate the Constitution; (2) the evidence presented at trial was clearly sufficient to support the jury's determination that Defendant is guilty of Counts 2, 3, 4, 5, 6, and 7 of the Superseding Indictment; (3) the jury was properly instructed in this case and there is no basis for a new trial; and (4) the "rule of lenity" has no application in this case.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's post-trial Motion (#154) is DENIED.

(2) This case remains scheduled for a sentencing hearing on November 21, 2005, at 10:00 a.m.

ENTERED this 22nd day of July, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE