**E-FILED**
Thursday, 18 August, 2005  03:01:58 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 04-20031 |
| | ) | |
| DENNY PATRIDGE, | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF SPECIAL AGENT BERNARD COLEMAN

I, Bernard Coleman, being first duly sworn, do hereby depose and say:

1.      I am a Special Agent for the Internal Revenue Service.  As part of my duties I have been involved in the investigation and prosecution of Denny R. Patridge.

2.      The information contained in this affidavit is based on my knowledge of the case, my own investigation, including review of interviews and testimony of Larry Phillips and Bobbie Mickie of J. K. Harris, grand jury testimony, review of interviews of persons who worked for Offshore Consulting Services, Inc. (OCS), and my recollection of testimony at the trial of Denny R. Patridge, 04-CR-20031, following which, on June 30, 2005, the defendant was convicted of two counts of tax evasion under 26 U.S.C. §7201, two counts of wire fraud under 18 U.S.C. §1343, and two counts of money laundering, one under 18 U.S.C. §1956(1)(1)(B)(i)and one under §1956 (a)(1)(B)(ii).

3.      Based upon written summaries of witnesses interview and my recollection of evidence presented at the trial of Denny R. Patridge, the defendant, I believe that the

- 2 -

defendat, Denny R. Patridge intended to evade the payment of taxes for 1996 and 1997 and there is a strong probability that he intends to dissipate his assets so that the IRS cannot get them now.  On January 27, 2000, the IRS issued a Notice of Deficiency for the tax year 1996 and 1997, given the defendant until May 11, 2000 to file a petition with the United States Tax Court.  On April 20, 2000, the defendant hired J. K. Harris to assist him with negotiations with the IRS.  J. K. Harris were not attorneys and did not represents clients in tax court.  Notes of J. K. Harris indicate that the defendant did not want to go to tax court.  Meanwhile, on May 10, 2000, the IRS notified the defendant that IRS would perform an audit of the defendant's 1998 taxes.  The final date to file a petition with the United States Tax Court passed.  On July 10, 2000, the defendant sold his stock and removed $21,255.17 from his Raymond James account; that same date, he issued a check to Arnold Goldstein, an attorney in Florida who assisted with setting up offshore accounts.  On July 17, 2000, the defendant cashed his Safeco annuity contract and received $12,641.78.  On July 18, 2000, the defendat terminated his Hartford account in the amount of $11,894.09.  On July 19, 2000, the defendant purchased a cashiers check in the amount of $30,000 at Clay City Bank.

On July 20, 2000, the defendant and Judy Patridge resigned as Directors of Exempt Services Company, Ltd., an entity with an address in Belmopan, Belize.  The defendant returned the trust documents for Ebba International Trust and Conventus Global Trust and the defendant failed to retain copies of these documents.  Between

- 3 -

July 10, 2000 and July 24, 2000, the defendant cashed in five Keyport accounts.  On July 25, 2000, the defendant cashed in his Hartford account.

On August 7, 2000, the IRS issued tax assessments to Denny and Judy Patridge in the amount of $130,736.35 for 1996 and $88,675.47 for 1997.  Immediately thereafter, on August 8, 2000, Arnold Goldstein notified Lee Morgan of Offshore Consulting Services, Ltd, (OCS) that a Nevada Corporatin for Denny Patridge should be established.  This corporation was named Minetta, Inc.   Actual articles of incorporation for Minetta, Inc. were filed August 9, 2000, with Lee Morgan listed as every officer.  August 11, 2000, Lee Morgan established a bank account for Minetta, Inc.   On August 15, 2000, Nellie McCullough sent Patidge a letter to inform him that OCS had been retained by Arnold Goldstein to provide Nominee Officer/Director, Registered Agent and Bank Account Management for Patridge's Nevada Corporation.  The articles of incorporation were sent to the defendant.

On September 4, 2000, the IRS sent Patridge, as representative of Patridge Asset Management Trust, Notice of Intent to Levy.  September 11, 2000, the defendant deposited $171,391.47 from his Patridge Asset Management Trust retirement account in Clay City Bank and then transferred $171,391.47 into a personal account at Clay City Bank.  Also on September 11, 2000, The Patridge Asset Management Company filed a Quitclaim deed transferring the Patridge residence to Denny and Judy Patridge.

On September 12, 2000, Nellie McCullough, OCS, notified Patridge that Arnold Goldstein would handle the offshore accounts.  On September 13, 2000, the defendant

- 4 -

obtained cashiers checks from three local banks, Fairfield National Bank, Peoples

National Bank and the Trust Bank in Olney, Illinois.  The next day, the defendant

opened a bank account at Edgar County Bank with a deposit of $4,533.71.   On

September 15, 2000 the defendant set up a Private Annuity contract with himself as

transferor and Sultan Services , Ltd as transferee.   Face amount of the annuity was

listed as $300,000.  On September 29, 2000, the defendant removed $171,350 from Clay

City Bank and caused a total of $196,350 to be deposited to Edgar County Bank.

On October 3, 2000, the defendant wired $200,000 to the account of Sultan

Services at SKNA Bank in St. Kitts.  On October 5, 2000 the defendant warranted his

personal residence to Minetta, Inc. to secure payment of a $100,000 promissory note.

The promissory note was signed October 4, 2000.  On October 16, 2000, the IRS issued to

the defendant in his personal capacity the same Notice of Intent to Levy which it had

previously issued to the defendant as representative of Patridge Asset Management

Trust.

The defendant proceeded to remove his funds and his real estate from any

possible IRS lien.  On October 23, 2000, Sultan Services wired $100,000 to the account of

Minetta, Inc., and October 24, 2000, $100,000 was wired from Minetta, Inc. to the

defendant's account at Edgar County Bank.  That same day, the defendant informed a

representative of Edgar Conty Bank that the $100,000 just wired was money from

Minetta, Inc. for a mortgage on his home.  On October 25, 2000, the defendant caused

- 5 -

$100,000 to be wired from his account at Edgar County Bank to the account of Sultan Services, St. Kitts.

On November 23, 2000, the IRS sent the defendant a Final Notice of Intent to Levy.  On December 1, 2000, the defendant and Judy Patridge filed a quitclaim deed transferring their home to Blue Mountain, LLC.  Thereafter, on December 6, 2000, a copy of a Notice of federal tax lien dated November 17, 2000 was filed in Shelby County.   The IRS lien is listed as the second lien on the Patridge real estate, as Minetta, Inc. has a first lien.

Trial testimony demonstrated that the defendant made use of the funds in the Sultan Services account in St. Kitts for various purchases, specifically the purchase of a vehicle form Diepholtz Chevrolet in January, 2002.  The defendant arranged the purchase so the lien holder was Minetta, Inc., although the funds to purchase the vehicle were wired from Sultan Services to Minetta, Inc. and from there to Diepholtz Chevrolet.

The date of the actual transaction is unclear, but at some point, $180,000 from Sultan Services was deposited to The Trust Company of America–Big Apple Program, Inc.  The date on the annuity agreement between Patridge as transferor and Sultan Services which supports this transfer is September 20, 2000.  Acknowledgment of the $180,000 transfer is dated April 5, 2001.  There is some record of $180,000 being debited from the Sultan Services account on March 21, 2001 and going to the Big Apple Program.   The government's investigation has shown an association between Boston

- 6 -

Life and Annuity Company, San Jose, Costa Rica and the Big Apple Annuity. The government has been unable to reliably trace the defendant's funds in the Big Apple Program.

During cross examination, the defendant was asked what happened to the money that had been in the account in Nevis (St. Kitts). The defendant answered that it was still there. The last bank statement obtained from Nevis for Sultan Services shows a zero balance on August 20, 2002. Only the defendant knows where the Nevis money is today.

The defendant has filed a lawsuit against a government witness, Larry Phillips, and against a defense witness, Bobbie Mickie. Bobbie Mickie was subpoenaed by the defendant, and government agents spoke to Bobbie Mickie before he testified in the defendant's behalf. Mickie indicated at that time, that although the defendant was bringing him to Illinois, the defense had not interviewed him to learn what he would say when questioned in the trial. Phillips and Mickie are now both accused of perjury in the defendant's civil suit. Apparently, the defendant did little to learn Mickie's testimony before putting him on the witness stand.

- 7 -

As an investigator, I fear that the defendant will dissipate his assets in prosecution of his civil suit against trial witnesses and in other ways prior to sentencing. The defendant has not been forthright with monetary and financial information.  The defendant has deliberately prevented the IRS from obtaining a first lien on his residence and the defendant transferred funds to Nevis rather than pay taxes owed to the IRS.

FURTHER AFFIANT SAYETH NOT.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on August 18, 2005.

s/Bernard J. Coleman
Bernard Coleman, Special Agent
Internal Revenue Service