Internal Revenue Service
Appeals Office
300 Hamilton Blvd.
Suite 231
Peoria, IL 61602

Department of the Treasury

Person to Contact:
  CURTIS M. MEGYESI
  Employee ID Number: 36-09555
  Tel: 309-999-7353
  Fax: 309-999-7310

Date: July 18, 2005

Refer Reply to:
  AP:FW:IL:PEO:CMM

In Re:
  Collection Due Process - Levy

DENNY & JUDY PARTRIDGE
P.O. BOX 206
STRASBURG IL 62465

Social Security or Employer
Identification Number:
  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

Tax Period(s) Ended:
  12/1996 12/1997

Appeals Received Your Request for a Collection Due Process Hearing

Denny & Judy Patridge:

Appeals received your request for a Collection Due Process (CDP) Hearing. I
have scheduled a telephone conference call for you on August 17, 2005 at 9:30
AM. This call will be your CDP hearing.

Please call me at 309-999-7353 at the date and time indicated above.

If this time is not convenient for you, or you would prefer your CDP hearing to be
held by face-to-face conference at the Appeals office closest to your current
residence or, if you are a business, your business address, or by
correspondence, please let me know within fourteen (14) days from the date of
this letter.

Your CDP hearing request regarding proposed levy action on the following tax
periods was timely: Form 1040, for tax periods 12/1996 and 12/1997. During
your hearing, and until any appeals become final for these tax and periods, the
legal collection period is suspended and no levy action may be taken.

During the hearing, I must consider:

* Whether the IRS met all the requirements of any applicable law or
  administrative procedure

* Any relevant issues you wish to discuss. These can include:

    1. Collection alternatives to levy such as full payment of the liability,
       installment agreement, offer in compromise or temporary delay of

collection action. Although they may not be considered an "alternative" to a notice of lien filing, these collection options may also be discussed at a lien hearing.

2. Challenges to the appropriateness of collection action. If this is a lien hearing, you may ask us to determine if the notice of lien filing was appropriate and if you qualify for a lien withdrawal or other lien options, such as subordination.

3. Spousal defenses, when applicable.

- We may also consider whether you owe the amount due, but **only if** you have not otherwise had an opportunity to dispute it with Appeals or did not receive a statutory notice of deficiency.

- We will balance the IRS' need for efficient tax collection and your legitimate concern that the collection action be no more intrusive than necessary.

You are entitled to have your conference with an Appeals employee who has had **no prior involvement** with the tax periods at issue, either in Appeals or in the Compliance division. I do not recall any previous involvement with these tax periods, however, if you believe I have, please notify me immediately. If I have been involved but you would still like me to conduct your hearing, you may waive this right.

Regarding the liability you are raising:

You are not able to dispute the liability because you have previously had the opportunity to dispute the liability.

For me to consider alternative collection methods such as an installment agreement or offer in compromise, you must provide any items listed below. In addition, you must have filed all federal tax returns due.

- A completed Collection Information Statement (Form 433-A for individuals and/or Form 433-B for businesses.)

- Signed tax return(s) for the following tax periods. Our records indicate they have not been filed:
  Type of Tax: Form 1040
  Period or Periods: 1998, 2000, 2001, & 2004

- Proof of estimated tax payments for the period(s) listed below:
  2005

Please send me the items above within 14 days from the date of this letter. I cannot consider collection alternatives in your hearing without the information requested above. I am enclosing the applicable forms and a return envelope for your convenience.

After the hearing, we will issue a **determination letter** as required by law **for the tax and periods for which your CDP hearing request was received timely.** If you do not agree with our determination you may appeal the case to the appropriate court. We will provide information about the appropriate court in your determination letter.

Similarly, as appropriate, we will issue a **decision letter for the tax and periods for which your CDP hearing request was determined not to be** timely. There is no right to challenge Appeals' decision in court. However, you may appeal to the appropriate court if you disagree with our decision that your hearing request was late. You may also be entitled to appeal a spousal defense issue and/or denial of an interest abatement claim, provided you timely file an appeal.

If you do not participate in the conference or respond to this letter, the determination and/or decision letter that we issue will be based on your CDP request, any information you previously provided to this office about the applicable tax periods, and the Service's administrative file and records.

Please contact me with any questions or concerns you have regarding this letter or the CDP procedures. My telephone number is listed above.

Sincerely,

CURTIS M. MEGYESI
Settlement Officer

cc: Brent Winters