E-FILED
Wednesday, 24 August, 2005 03:22:52 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 04-20031 |
| DENNY PATRIDGE, | ) |
| Defendant. | ) |

**GOVERNMENT RESPONSE TO DEFENDANT'S OBJECTION
TO MOTION TO RESTRAIN**

The United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Hilary W. Frooman, Assistant United States Attorney, respond to the defendant's objections to government's Motion to Restrain as follows:

Without making the issue of restraint a never-ending argument, the government provides a brief response to the defendant:

1. The government apologizes to the Court and the defendant for certain typographical errors n its prior Memorandum

   A. The affidavit attached to the memorandum was of S/A Bernard Coleman, not AUSA Hilary Frooman.

   B. The government did not attach the defendant's civil lawsuit to its memorandum; the government cited to the lawsuit and provided the case name and number on page six of its memorandum.

   C. The defendant is correct that a press release issued by the Department of Justice Tax Division incorrectly states that the defendant was ordered to pay restitution. However, to the best of the government's knowledge, the only way to obtain that press release was through the Department of Justice Tax Division web site. The government finds it difficult to believe that the defendant's client insurance companies all did that. The government was "watching" and noticed no written press

1

coverage of the Patridge case in Central Illinois.

    2. Through its motion, the government seeks to do what is already within the Court's power and jurisdiction, as the defendant is a convicted felon. The government previously provided the authority for the Court to order restitution; if the defendant disagrees, he can argue his points at the sentencing hearing. In the meantime, the government simply seeks to maintain the defendant's assets and prevent deliberate dissipation of such assets prior to sentencing. The presentence report must contain information on the defendant's financial condition; therefore, the United States Probation Office has the right to full information regarding the defendant's finances. See: Fed. R. Crim. Pro. 32 (d)(2)(A)(ii).

    3. The government does not seek to obtain restitution to the Internal Revenue Service more than once. In fact, 18 U.S.C. §3664(j)(2) anticipates that both a criminal and a civil order for reimbursement may exist and the statute prevents such "double reimbursement."

    4. Neither S/A Coleman nor any other government representative "persuaded" any company to cancel a contract with the defendant nor did they cause a bank to close the defendant's accounts. In the investigation and preparation for trial, the government was forced to contact numerous businesses with which the defendant had contact, but the government never "persuaded" any business to sever ties with the defendant.

> Respectfully submitted,
>
> JAN PAUL MILLER
> United States Attorney
>
> s/ Hilary W. Frooman
> HILARY W. FROOMAN, Reg # 6180241
> Assistant United States Attorney
> United States Attorney
> 201 S. Vine, Suite 226
> Urbana, Illinois 61802
> 217/373-5875
> FAX: 217/373-5891
> hilary.frooman@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on August 24, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jerold W. Barringer, Attorney at Law, P.O. Box 213, Nakomis, IL 62075, jwbarringer@consolidated.net

s/ Hilary W. Frooman<br>
HILARY W. FROOMAN, Reg # 6180241<br>
Assistant United States Attorney<br>
United States Attorney<br>
201 S. Vine, Suite 226<br>
Urbana, Illinois 61802<br>
217/373-5875<br>
FAX: 217/373-5891<br>
hilary.frooman@usdoj.gov