UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. CR 04-20031 |
| DENNY PATRIDGE, | ) ) ) | |
| Defendant. | ) | |

**GOVERNMENT RESPONSE TO DEFENDANT'S MOTIONS
FOR DISCOVERY, TO DISMISS SUPERSEDING INDICTMENT, and
<u>EXTENSION OF TIME TO FILE OBJECTIONS TO THE PRE-SENTENCE REPORT</u>**

NOW COMES the United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Hilary W. Frooman, Assistant United States Attorney, and answers the defendant's motions as follows:

1. The defendant moves to continue his sentencing hearing currently set for September 25-27, 2006.

2. The defendant not only provides several legal reasons for his motion, but also asserts that Probation Officer Vincent Kistner ("Kistner") "suggested" a continuance. The term "suggests" indicates Kistner proposed and agreed with a continuance. This AUSA has learned that during a meeting with the defendant, Kistner inquired whether Patridge intended to request a continuance. Such inquiry is not a "suggestion."

MOTION TO DISMISS SUPERSEDING INDICTMENT

3. The defendant moves to dismiss the superseding indictment. The government requests that this motion be dismissed. The defendant has been convicted; the time to dismiss the superseding indictment was prior to trial, as the defendant knew, for he filed several motions to dismiss the indictment.

4. On November 2, 2004, the defendant filed a Motion to Dismiss Counts One through Seven for Perjury and Prosecutorial Misconduct Before the Grand Jury; March 1, 2005, the defendant filed a Second Motion to Dismiss Counts Two and Three of the superseding indictment; March 1, 2005, the defendant filed a Second Motion to Dismiss Counts Four through Seven of the superseding indictment. The Court denied all of these motions.

5. On November 10, 2004, the Court denied the defendant's motions to dismiss. The Court has already determined that the indictment should not be dismissed.

6. The defendant now files a Motion to Dismiss the Superseding Indictment. The defendant supports his current motion with trial evidence. The defendant has already been convicted; the defendant cites no case law to support his position that an indictment can be dismissed following conviction.

7. In fact, the time to dismiss the superseding indictment was prior to trial. The defendant now has other avenues by which to file his criticism of the charges and proof.

MOTION FOR DISCOVERY

8.	The defendant seeks discovery regarding tax loss. The defendant has had access to all documents on which the government bases its loss analysis. The government's tax loss figure is simply an analysis of the documents previously produced. Should the defendant wish to submit his own analysis of loss based upon the records, the Court will, no doubt, consider the defendant's figures.

MOTION TO CONTINUE SENTENCING HEARING

9.	The defendant argues that, as he has been waiting for the Pre-sentence Report for over a year, he therefore is entitled to additional time to file objections. The defendant has not identified any objections for which he requires additional time.

10.	The defendant also argues that a decision in a pending tax court case may provide information relevant to this sentencing. He asserts it would be best to wait until the case in tax court is completed. The defendant fails to state why he is appealing the district court decision; he could easily have provided the district court decision.

11.	Further, on August 28, 2006, in the defendant's appeal of the Collection Due Process hearing decision, the tax court granted summary judgment for the respondent IRS. Further, the Tax Court commented that the documents submitted by respondent, Commissioner of Internal Revenue ("IRS"), established that the IRS issued notices of balances due and other required notices. With reference to the "whipsaw" tax, the Court stated that documents presented by the IRS "…show that respondent

[IRS] did not make any duplicate collection with respect to petitioners' trusts." (Exhibit 1)

  12. The whipsaw tax is a civil, not a criminal issue; it is currently not even a civil issue following the decision in tax court. The whipsaw tax does not and has never entered into loss calculations with respect to this defendant. The loss calculations, as presented in the Pre-sentence Report, do not include taxes that have been whipsawed.

  Wherefore, the Court should dismiss the defendant's motions.

  For the reasons stated, the government urges the Court to deny the Motion to Continue Sentencing Hearing.

        Respectfully submitted,

        RODGER A. HEATON
        United States Attorney

BY: s/ Hilary W. Frooman
    HILARY W. FROOMAN, Bar No. IL 6180241
    Assistant United States Attorney
    United States Attorney
    201 S. Vine St., Suite 226
    Urbana, IL 61802
    217/373-5875
    FAX: 217-373-5891
    hilary.frooman@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Mr. Jerold W. Barringer
>Attorney at Law
>P. O. Box 213
>Nokomis, IL 62075

>BY:  s/ Hilary W. Frooman
>HILARY W. FROOMAN, Bar No. IL 6180241
>Assistant United States Attorney
>United States Attorney
>201 S. Vine St., Suite 226
>Urbana, IL 61802
>217/373-5875
>FAX: 217-373-5891
>hilary.frooman@usdoj.gov