UNITED STATES TAX COURT
WASHINGTON, DC 20217

DENNY & JUDY PATRIDGE,  )
                        )
           Petitioners  )
                        )
    v.                  )    Docket No. 1551-06L.
                        )
COMMISSIONER OF INTERNAL REVENUE,  )
                        )
           Respondent   )

### ORDER AND DECISION

    This matter is before the Court on respondent's Motion for Summary Judgment filed on May 26, 2006. There is no genuine issue as to any material fact in this case, and we conclude that respondent is entitled to judgment as a matter of law.

### Background

    Petitioners filed their income tax returns for tax years 1996 and 1997. Respondent examined those returns and, on January 27, 2000, mailed petitioner's a notice of deficiency for 1996 and 1997. Respondent determined that petitioners had deficiencies of $85,608 for 1996 and $62,062 for 1997 and were liable for the accuracy-related penalty under section 6662(a)[1] in the amounts of $17,121.60 for 1996 and $12,412.40 for 1997. Respondent determined that petitioners' family trusts were shams and must be disregarded. Petitioners received the notice of deficiency but did not challenge it by filing a petition for redetermination with this Court.

    On November 23, 2000, respondent mailed to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing with regard to their unpaid taxes for 1996 and 1997. On November 28, 2000, petitioners filed with respondent a Request for a Collection Due Process Hearing, in which petitioners challenged respondent's notice of intent to levy on the grounds that there was no underlying tax liability and the requirements

---

[1] Section references are to the Internal Revenue Code as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.



DENNY & JUDY PATRIDGE    - 2 -
Docket No. 1551-06L

of all applicable laws and administrative procedures were not met.

Petitioners had a face-to-face hearing in which they disputed the underlying tax liability as a "whipsaw tax" and double tax. They also disputed the authority of respondent's employees to act in this case. In correspondence from petitioners' representative, petitioners disputes the form of verification upon which respondent relies to satisfy the requirements of section 6330(c)(1).

On August 24, 2005, respondent mailed to petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 which stated that respondent would proceed with the proposed levy.

On September 23, 2005, petitioners filed their complaint with the District Court for the Central District of Illinois in response to respondent's notice of determination.[2] On December 23, 2005, the District Court issued an opinion stating that it must dismiss the case for lack of jurisdiction on grounds that the Tax Court has exclusive jurisdiction over the collection action involving income tax.

Petitioners timely filed their petition with this Court on January 20, 2006. In it, petitioners assert the underlying tax liability was a whipsaw tax and double tax not authorized under the Internal Revenue Code.

As indicated, respondent's Motion for Summary Judgment was filed. It was supplemented on June 13, 2006, with Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, with regard to petitioners' account for 1996 and 1997 and on August 21, 2006 with Forms 4340 with regard to the accounts of petitioners' trusts for 1996 and 1997.

Petitioner's Response in Opposition to Respondent's Motion for Summary Judgment was filed on July 12, 2006. In it, petitioners contend that they may dispute the underlying tax liability because it is a whipsaw tax and double tax and the notice of deficiency is invalid. Petitioners also contend that there is no showing of verification from the Secretary that all applicable law and administrative procedures have been met.

---

[2] On Jan. 12, 2005, petitioners filed a notice of appeal with respect to the dismissal by the District Court for the Central District of Illinois, and petitioners' appeal to the U.S. Court of Appeals for the Seventh Circuit is pending.

DENNY & JUDY PATRIDGE           - 3 -
Docket No. 1551-06L

  This case was called for a hearing at the Court's motions session held in Washington, D.C. on July 19, 2006. Counsel for respondent appeared at the hearing and offered argument in support of respondent's motion. There was no appearance by or on behalf of petitioner at the hearing. However, the Court had before it petitioners' Rule 50(c) statement. In it, petitioners continue to assert that the District Court for the Central District of Illinois, and not the Tax Court, has jurisdiction to decide this case and that the notice of deficiency is invalid. Petitioners again make their whipsaw tax and double tax argument, as well as assert violations of the Paperwork Reduction Act of 1995 and the lack of authority by respondent's employees to act in this case.

Discussion

  The record shows that respondent issued to petitioners a notice of deficiency for 1996 and 1997, and, although petitioners received the notice, they did not file a petition for redetermination with the Court. It follows that petitioners may not challenge the validity of the notice of deficiency in this case or challenge the existence or amount of their underlying tax liability for 1996 and 1997 as determined in that notice. See sec. 6330(c)(2)(B); Goza v. Commissioner, 114 T.C. 176 (2000).

  It is well settled that no particular form of verification is required, that no particular document need be provided to taxpayers at a hearing conducted under section 6330, and that Forms 4340 (such as the ones included in this record) and other transcripts of account may be used to satisfy the requirements of section 6330(c)(1). Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Lunsford v. Commissioner, 117 T.C. 183 (2001). The Forms 4340 that supplemented respondent's motion for summary judgment shows that respondent issued to petitioners notices of balances due and other required collection notices. They also show that respondent did not make any duplicate collection with respect to petitioners' trusts.

  Petitioners have failed to raise any spousal defense, make any valid challenges to the appropriateness of respondent's intended collection action, or offer any alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4). Under the circumstances, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination.

DENNY & JUDY PATRIDGE  - 4 -
Docket No. 1551-06L

Accordingly, upon due consideration and for cause, it is

ORDERED that respondent's Motion for Summary Judgment filed on May 26, 2006, and supplemented on June 13, 2006 and August 21, 2006, is granted. It is further

ORDERED AND DECIDED that respondent may proceed with collection as determined in the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for taxable years 1996 and 1997, dated August 24, 2005, upon which this case is based.

Peter J. Panuthos
Chief Special Trial Judge

ENTERED: AUG 28 2006

DECISION IS ENTERED
AND IN ACCORD WITH
S. . . . . . . , OPINION
OR RULE 155 COMPUTATION.

ATTORNEY
DATE: 8/29/06