IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

UNITED STATES OF AMERICA,

v.                                          Case No.  CR 04-20031

DENNY R. PATRIDGE

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS COUNTS II THROUGH VII
INVOLVING GOVERNMENT'S FAILURE TO PROVE DEFENDANT
WAS AWARE OF 26 U.S.C. § 7201 AS REQUIRED BY
SUPREME COURT HOLDING *Bryan v. U.S.* 524 U.S. 184, 194 (1998).

Defendant files his memorandum of law in support of his Post Trial Motion to Dismiss Counts II through VII regarding the element of willfulness.

QUESTIONS PRESENTED

1. DID THE GOVERNMENT ALLEGE THE PROPER ELEMENT OF WILLFUL IN THE INDICTMENT?

2. DID THE GOVERNMENT PROVE THE DEFENDANT HAD SPECIFIC KNOWLEDGE OF SECTIONS 7201, 7206?

3. DID THE GOVERNMENT PROVE THE DEFENDANT WAS AWARE OF HOW STATE LAW GOVERNED THE TAX CONSEQUENCES OF HIS ACTIONS?

1

ARGUMENT AND AUTHORITY

1. **There are two different willfulness elements involving federal crimes**.

   A. <u>Willful as specifically shown to know the facts that violated the law</u>.

   "The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice." *Estelle v. Williams*, 425 U.S. 501, 503 (1976); see also *Cool v. United States*, 409 U.S. 100, 104 (1972)("constitutionally rooted presumption of innocence"). The presumption serves as a reminder to the jury [and the court] that the United States has the burden of proving every element of the offense beyond a reasonable doubt. See *Delo v. Lashley*, 507 U.S. 272, 278 (1993).

   The traditional rule provides that "ignorance of the law" is no defense to a criminal prosecution. *Cheek v. United States*, 498 U.S. 192, 199 (1991); see also *Bryan v. United States*, 524 U.S. 184, 195 (1998). "Ignorance of the law" as a rule was based on the notion that the law is definite and knowable; the common law presumed that every person knew the law. This common law rule has been applied by the Court in numerous cases construing criminal statutes. See, e.g., *United States v. International Minerals & Chemical Corp.*, 402 U.S. 558 (1971); *Hamling v. United States*, 418 U.S. 87, 119-124 (1974); *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337 (1952). Thus, a specific intent crime "normally does not necessitate proof that the defendant was specifically

aware of the law penalizing his conduct." *United States v. Scanio*, 900 F.2d 485, 489 (2d Cir. 1990); accord *United States v. Shirk*, 981 F.2d 1382, 1390 (3d Cir. 1992), cert. denied, ___ U.S. ___, 114 S.Ct. 873 (1994).  See *also U.S. v. Blair*, 54 F.3d 639 (10th Cir. 1995)

### B. Willful as specifically shown to know the law the facts violated

Thus, Congress enacted an exception to this "general rule" involving "Tax Crimes" and "Bank Secrecy" Crimes. See *Cheek*, 498 U.S. at 199. This was because the "proliferation of statutes and regulations has sometimes made it difficult for the average citizen to know and comprehend the extent of the duties and obligations imposed by the tax laws. Congress has accordingly softened the impact of the common law presumption **by making specific intent to violate the law an element of certain federal criminal tax offenses**." Id. at 200.  (Emphasis added).

Because only willful conduct is criminal under section 7201 and because willfulness requires a voluntary intentional violation of a known duty, "the duty involved must [first] be knowable." *U.S. v. Pirro*, 212 F.3d 86, 90 (2d Cir. 2000)(emphasis added). "In criminal cases, actual **knowledge of illegality** is required for a willful violation of a criminal statute." *Reynolds v. Hartford*, 435 F.3d 1081, 1098 (9th Cir.2006). The Seventh Circuit has held that an indictment must be dismissed where a defendant is provided "no fair warning that her conduct was criminal," and because "new points of tax law may not be the basis of criminal convictions." *United States v. Harris*, 942 F.2d 1125, 1131 (7th

Cir.1991). The court referred to a civil case discussing the distinction between income and gifts, and stated, "[C]riminal prosecutions are a different story. These must rest on a violation of a clear rule of law. . . . If 'defendants in a tax case could not have ascertained the legal standards applicable to their conduct, criminal proceedings may not be used to define and punish an alleged failure to conform to those standards.'" *Id., citing United States v. Mallas*, 762 F.2d 361, 361 (4th Cir. 1985).

The Supreme Court has repeatedly discussed what willfulness requires in the criminal context;

> The word "willfully" is sometimes said to be "a word of many meanings" whose construction is often dependent on the context in which it appears. See, e.g., *Spies v. United States*, 317 U.S. 492, 497 (1943). Most obviously it differentiates between deliberate and unwitting conduct, but in the criminal law it also typically refers to a culpable state of mind. As explained in *United States v. Murdock*, 290 U.S. 389 (1933), a variety of phrases have been used to describe that concept. As a general matter, when used in the criminal context, a "willful" act is one undertaken with a "bad purpose." In other words, in order to establish a "willful" violation of a statute, "the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Ratzlaf v. United States*, 510 U.S. 135, 137 (1994).

*Bryan*, 524 U.S. at 191-192.

In *Cheek*, the Court defined willfulness—"Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Cheek*, 498 U.S. at 201. The Court explained this rule more fully, "in certain cases involving **willful violations of the tax laws**, we have

concluded that the jury must find that the **defendant was aware of the specific provision of the tax code** that [s]he was charged with violating." *Bryan*, 524 U.S. at 194, *citing Cheek*, 498 U.S. at 201, (emphasis added). The Court continued, "Both the tax cases and [banking cases] involved highly technical statutes that presented the danger of ensnaring individuals engaged in apparently innocent conduct. As a result, we **held** that these statutes 'carve out an exception to the traditional rule' that ignorance of the law is no excuse and require that the **defendant have knowledge of the law**." *Id.* at 194-195 (emphasis added).

Thus, the rule of law as set forth by the Supreme Court is that in tax cases, the government must prove that "THE DEFENDANT WAS AWARE OF THE SPECIFIC PROVISION OF THE TAX CODE THAT SHE WAS CHARGED WITH VIOLATING." *Id.* The Ninth Circuit, in citing *Bryan* at 194-195, acknowledged "the cases to which *Bryan* refers are cases in which the Supreme Court read the element of 'actual knowledge of the law' into complex statutes that punished 'willful' failures to perform statutory duties." *United States v. Hancock*, 231 F.3d 557, 562 (9th Cir.2000), *citing Ratzlaf*, 510 U.S. at 149, and *Cheek*, 498 U.S. at 201.

There is no doubt the tax laws are a complicated mess. The proliferation of statutes and regulations has sometimes made it difficult for the average citizen to know and comprehend the extent of the duties and obligations imposed by the tax laws. Congress has accordingly softened the impact of the common law presumption by making

specific intent to violate the law an element of certain federal criminal tax offenses. *Cheek v. United States*, 498 U.S. @ 199-200 (1991)

Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty.   *Cheek v. United States*, 498 U.S. @ 201 (1991)

It is not enough for the Government simply to allege the Defendant acted "willfully" with respect to Counts II through VII.  This is because there are two types of willfulness.  The term "knowingly" does not necessarily have any reference to a culpable state of mind or to knowledge of the law. As Justice Jackson correctly observed, "the knowledge requisite to knowing violation of a statute is factual knowledge as distinguished from knowledge of the law." Thus, in *United States v. Bailey*, 444 U.S. 394 (1980), the Supreme Court held that the prosecution fulfills its burden of proving a knowing violation of the escape statute "if it demonstrates that an escapee knew his actions would result in his leaving physical confinement without permission." Id., at 408. And in *Staples v. United States*, 511 U.S. 600 (1994), the Supreme Court held that a charge that the defendant's possession of an unregistered machine gun was unlawful required proof "that he knew the weapon he possessed had the characteristics that brought it within the statutory definition of a machine gun." Id., at 602. It was not, however, necessary to prove that the defendant knew that his possession was unlawful. See *Rogers*

*v. United States*, 522 U.S. 252, 254-255 (1998) (plurality opinion). Thus, **unless the text of the statute dictates a different result, the term "knowingly" merely requires proof of knowledge of the facts that constitute the offense.**

Similarly, in order to satisfy a willful violation in Ratzlaf, the Supreme Court concluded that the jury had to find that the **defendant knew that his structuring of cash transactions to avoid a reporting requirement was unlawful**. (Emphasis added). See 510 U.S., at 138, 149. "Both the tax cases and Ratzlaf involved highly technical statutes that presented the danger of ensnaring individuals engaged in apparently innocent conduct." *Bryan v. U.S.*, 524 U.S. 184, 194 (1998)  As a result, we held that these statutes "carv[e] out an exception to the traditional rule" that ignorance of the law is no excuse and require that the defendant have knowledge of the law. *Bryan* at 195

Though the indictment alleged the Defendant acted willfully, it did not allege the Defendant had knowledge of the specific law nor did it list out what if any other laws were involved in the theory the Government advanced through the Grand Jury in its superceding indictment.

At no time did the Government allege or prove that the Defendant was aware of 26 U.S.C. § 7201.   Nor did the Government prove the Defendant was aware of the judicial interpretations establishing the elements to a section 7201 violation.  Not one single shred of evidence was tendered in which the Jury could determine the Defendant knew or was aware of section 7201 or its judicial interpretations.

To decide whether a resulting trust arose, we apply the law of the State of Illinois. See *Estate of Young v. Commissioner*, 110 T.C. 297, 300 (1998) (citing *Fernandez v. Wiener*, 326 U.S. 340, 355-57 (1945)) ("[W]hat constitutes an interest in property held by a person within a State is a matter of State law."). *Scott v. CIR*, 226 F.3d 871, 874 (7th Cir. 2000)

In its pretrial Opposition to Defendant's Motion to Dismiss, the Government responded to Defendant's deficient claims of the indictment as follows:

> "The Government agrees with the premises, but does not agree with the defendant's application of the law to the factual circumstances set forth in Count Two."

Just what was the Government agreeing with in its pretrial opposition to Defendant's Motion to Dismiss? In its opposition dated October 13, 2004, the Government was addressing the assertion by Defendant that "he cannot have violated an evasion of payment statute because he must have acted willfully and to act willfully, he must have been 'aware of the specific provision of the tax code that he was charged with violating.'" *Paragraph 26, page 11, Gov't Opp. Motion to Dismiss dated 10-13-2004*

Next, the Government qualifies its opposition in response to the holding by this Supreme Court twice, once in *Cheek v. U.S.*, 498 U.S. 192, 201 (1991) and once again in 1998 in *Bryan v. U.S.* 524 U.S. 184, 191 (1998).[1] So, twice in the last 15 years, the

---

[1] In its opposition to Defendant's Pretrial Motion to Dismiss the Government says that the Bryan decision was announced by the Supreme Court in 1988 (page 11, paragraph 26) but that is simply false. The Supreme Court announced its Bryan decision in ***1998***.

Supreme Court informed the entire Country, including the U.S. Department of Justice, what the Government must prove to a Jury beyond a reasonable doubt in this case, and at no time did the Government, in this case, ever enter any evidence from which a jury could have found the defendant was specifically aware of 26 U.S.C. § 7201 or for that matter any of the provisions alleged in the superceding indictment.

The Government may try to overcome this brick wall by arguing "circumstantial evidence", but the Supreme Court said the jury must find the defendant was aware of the "specific" provision of the tax code he is charged with violating and there is no way the Government can overcome the willfulness burden by converting willfulness to circumstantial evidence attempting to establish a particular state of mind.   In order for the Government to prove the Defendant was aware of 26 U.S.C. § 7201, they must be required to show direct evidence that Defendant actually read section 7201 and understood what the words in section 7201 intended to reach or cover, and that what he did violated those words and that was what he intended.

The Government never entered any evidence Defendant read or was directed to read section 7201.  The Government never directed Defendant to section 7201 in their illegal notices of deficiencies.  The Government never entered any testimony that Defendant was made aware of section 7201 prior to the original indictment being handed down.  Not one single document was entered in the trial that presented code section 7201 upon its inscription.  No explanation, nothing.  Without such factual evidence proving

that Defendant was aware of Section 7201, the conviction cannot stand as a matter of law.

## CONCLUSION

THEREFORE, Defendant respectfully requests this Honorable Court dismiss the superceding indictment and set aside the convictions because the Government neither alleged, nor did the Government tender and prove any evidence that a jury could conclude established beyond a reasonable doubt Defendant was aware of 26 U.S.C. § 7201, on either theory concerning the evasion of the tax imposed, or the evasion on the payment thereof with respect to Counts II and III, and without those convictions, Counts IV through VII have no factual basis to support their convictions and must also be dismissed and the convictions set aside.

Respectfully Submitted

/s/ Jerold Barringer
Jerold Barringer
Attorney at Law
P.O. Box 213
Nokomis Illinois 62075
217-563-2646
IL Bar # 06185092
Jwbarringer@dtnspeed.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of this Memorandum in Support of Motion to Dismiss the Superceding Indictment, have been electronically delivered through the Court's ECF system on September 5, 2006 to:

Hilary W. Frooman
U.S. Assistant Attorney
201 South Vine
Urbana, Illinois 61801
217-373-5875

        /s/ Jerold Barringer
        Jerold Barringer
        Attorney at Law
        P.O. Box 213
        Nokomis Illinois 62075
        217-563-2646
        IL Bar # 06185092
        Jwbarringer@dtnspeed.net