IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. CR 04-20031

DENNY R. PATRIDGE

MOTION TO DISMISS
REGARDING VIOLATIONS OF THE PAPERWORK REDUCTION ACT
OF 1995

The Defendant, Denny Patridge, by and through his attorney, Jerold Barringer, moves the Court to Dismiss Counts II through VII of the Superceding Indictment on grounds Counts II and III involve the requirement of the Defendant to make an individual income tax return for calender years 1996, 1997 and 1999 that complies with the Internal Revenue Service Form 1040, identified by OMB # 1545-0074, and that 44 U.S.C. § 3512 mandates that **no person shall be subject to any penalty** for failing **to comply with a collection** of information that is subject to the Paperwork Reduction Act of 1995 ("PRA")("1980" or "1995") if it fails to (1) display a valid control number assigned by the Director in accordance with the PRA of 1995; or (2) fails to inform the person who is to respond to the collection of information that such person is not required to respond to the collection of information unless it displays a valid control number. (Emphasis added).

Furthermore, the PRA of 1995, for clarification, added subparagraph (b) which

provides "The protection provided by this section may be raised in the form of a complete defense, bar, or otherwise at any time during the agency administrative process or judicial action applicable thereto."

The Form 1040 for 1996, 1997 and 1999 ("tax forms") fails to comply with the PRA of 1995 in at least four different specific violations.

First, the tax forms contain a purported approval number that has been displayed upon the Form 1040 since 1981, in violation of 44 U.S.C. § 3507(g). *See Exhibit 8a (1990), 9a (1994), 10a (1996), 11a (1997), 12a (1999)*.

Second, for tax forms 1996 and 1997, the IRS never ever filed an 83-I (application) for 1995 in compliance to the then recently enacted 1995 Paperwork Reduction Act. Without any 83-I for 1995, there would be no application to amend for 1996 and 1997, and nothing that using the 83-C form would accomplish. This makes the OMB number 1545-0074 for 1996 and 1997 outlaw and bootleg. As the Supreme Court has stated, when an agency uses these "outlaw forms," an individual may "refus[e] to answer these information collection requests." *Dole v. Steelworkers*, 494 U.S. 26, 40 fn6 (1990).

Third, the tax form for 1999 contains changes made to the request for information that was neither presented to OMB for approval on form 83-I for 1998, or was presented after approval for re-approval in violation of 44 U.S.C. § 3507(h)(3). See Exhibit 13a.

Fourth the tax forms fails to inform the person who is to respond to the collection

of information that such person is not required to respond to the collection of information unless it displays a valid control number in violation of 44 U.S.C. § 3512(a)(ii). *See Exhibits 10a, 11a and 12a*.

    THEREFORE, Defendant respectfully request this Court Dismiss the Superceding Indictment for the reasons stated herein and as more fully set forth in the Memorandum filed in supporter thereof filed simultaneously herewith.

    Respectfully Submitted

/s/ Jerold Barringer
Jerold Barringer
Attorney at Law
P.O. Box 213
Nokomis Illinois 62075
217-563-2646
IL Bar # 06185092
Jwbarringer@dtnspeed.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of Defendant's Motion to Dismiss the Superceding Indictment for violations of the Paperwork Reduction Act of 1995, has been electronically delivered through the Court's ECF system on September 5, 2006 to:

Hilary W. Frooman
U.S. Assistant Attorney
201 South Vine
Urbana, Illinois 61801
217-373-5875

/s/ Jerold Barringer
Jerold Barringer
Attorney at Law
P.O. Box 213
Nokomis Illinois 62075
217-563-2646
IL Bar # 06185092
Jwbarringer@dtnspeed.net