IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

UNITED STATES OF AMERICA,

v.                                      Case No.   CR 04-20031

DENNY R. PATRIDGE

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
REGARDING VIOLATIONS OF THE PAPERWORK REDUCTION ACT
OF 1995

Notwithstanding the error that no evidence was submitted establishing the Defendant had knowledge of section 7201 or that what he was doing violated section 7201 or 7206,[1] Counts Two and Three involve the requirement of the Defendant to make an individual income tax return for calender years 1996, 1997 and 1999 that complies with the Internal Revenue Service Form 1040, identified by OMB # 1545-0074.  44 U.S.C. § 3512 mandates that **no person shall be subject to any penalty** for failing **to comply with a collection** of information that is subject to the Paperwork Reduction Act of 1995 ("PRA")("1980" or "1995") if it fails to (1) display a valid control number assigned by the Director in accordance with the PRA of 1995; or (2) fails to inform the person who is to respond to the collection of information that such person is not required to respond to the collection of information unless it displays a valid control number.

---

[1] Of which Defendant was acquitted.

1

(Emphasis added).

Furthermore, the PRA of 1995, for clarification, added subparagraph (b) which provides "The protection provided by this section may be raised in the form of a complete defense, bar, or otherwise at any time during the agency administrative process or judicial action applicable thereto."

The Form 1040 for 1996, 1997 and 1999 ("tax forms") fails to comply with the PRA of 1995 in at least four different specific violations.

First, the tax forms contain a purported approval number that has been displayed upon the Form 1040 since 1981, in violation of 44 U.S.C. § 3507(g). *See Exhibit 8a (1990), 9a (1994), 10a (1996), 11a (1997), 12a (1999)*.

Second, for tax forms 1996 and 1997, the IRS never ever filed an 83-I (application) for 1995 in compliance to the then recently enacted 1995 Paperwork Reduction Act. Without any 83-I for 1995, there would be no application to amend for 1996 and 1997, and nothing that using the 83-C form would accomplish. This makes the OMB number 1545-0074 for 1996 and 1997 outlaw and bootleg. As the Supreme Court has stated, when an agency uses these "outlaw forms," an individual may "refus[e] to answer these information collection requests." *Dole v. Steelworkers*, 494 U.S. 26, 40 fn6 (1990).

Third, the tax form for 1999 contains changes made to the request for information that was neither presented to OMB for approval on form 83-I for 1998, or was presented

2

after approval for re-approval in violation of 44 U.S.C. § 3507(h)(3). See Exhibit 13a.

Fourth the tax forms fails to inform the person who is to respond to the collection of information that such person is not required to respond to the collection of information unless it displays a valid control number in violation of 44 U.S.C. § 3512(a)(ii). *See Exhibits 10a, 11a and 12a*.

PAPERWORK REDUCTION OF ACT OF 1980 AND 1995

In 1980, Congress enacted the Paperwork Reduction Act of 1980, P.L 96-511 which purpose, in part, was to both "Minimize the public burden of Federal paperwork", Maximize usefulness" and to "Ensure that the collection ....of information is consistent with applicable laws relating to privacy, security, and confidentiality." *House Report, P.L. 104-13 [page 8][ page 171]*. 44 U.S.C. § 3512 (1980) required all information collection request forms to display a current OMB control number or STATE ON THE FORM THAT THE REQUEST WAS NOT SUBJECT TO THE 1980 PRA. (Emphasis added). Since the IRS chose to seek and display a number, this Court must conclude that the IRS believed their request Form 1040 was subject to the PRA of 1980.

One law governing this request for information is the Privacy Act of 1974 of which the IRS states to the public in its "instruction" booklets and **not on any Forms at issue in this case**, that when the IRS asks you for information we must first tell you our legal right to ask for the information, why we are asking for it and how it will be used. We must also tell you what could happen if we do not receive it and whether your

response is voluntary, required to obtain a benefit, or mandatory under the law." Since 1996, the IRS has purposefully referred to the PRA of 1980, in stead of the PRA of 1995, in all its publications and statements.

On this same page, the IRS states "Our legal right to ask for the information is section 6001, 6011, and 6012(a) AND THEIR REGULATIONS.". *(Emphasis added).*

If the 1040 Form does not display a valid OMB number, displays a number that is expired, appearing for over 3 years, or contains changes that were not submitted to OMB for approval, the form is bootleg and "no person shall be subject to any penalty." See 44 U.S.C. § 3512(a).

The Legislative History of the 1995 PRA was enacted to clarify that the 1980 PRA was originally enacted to among other things, "eliminate exemptions" for the "Internal Revenue Service". *House Report, 104-13, [page 8] at 171 (1995*)   This Report also directed that the difference between the language of the old section 3512 and the new section 3512 was to maintain the same purpose.   The only reason it was modified to add certain terms was to maintain consistency and clarity and to "unequivocally cover all collections of information"  *House R. [page 54] at 217*

In the House Conference Report involving the 1995 PRA, No. 104-99 [page 36] at 248, the House and Senate agreed that:

"the Senate bill contains a provision which changes the Act's current "public protection" provision by requiring a collection of information

4

subject to the Act display a notice that a person is not required to respond to the collection of information unless it displays a control number which is valid."

44 U.S.C. § 3512 (1995) provides:

> (a) Notwithstanding any other provision of law, **no person shall be subject to any penalty** for failing **to comply with a collection** of information that is subject to this subchapter if -
>
> > (1) the collection of information does not display a valid control number assigned by the Director in accordance with this subchapter; or
> >
> > (2) the agency fails to inform the person who is to respond to the collection of information that such person is not required to respond to the collection of information unless it displays a valid control number.
>
> (b) The protection provided by this section may be raised in the form of a complete defense, bar, or otherwise at any time during the agency administrative process or judicial action applicable thereto.

The 10th Circuit described the 1980 "public protection provision" as:

> Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to maintain or provide information to any agency if the information collection request involved was made after December 31, 1981, and does not display a current control number assigned by the Director [of OMB], or fails to state that such request is not subject to this chapter.

*See U.S. v. Dawes*, 951 F.2d 1189 (10th Cir. 1991)

It is clear the changes between the 1980 Act and the 1995 Act were to remove any

theory by which any Federal Agency could claim their request to the public was not

5

subject to the Paperwork Reduction Act. (See removal of "or fails to state such request is not subject to this chapter")(and replaced with "fails to inform the person who is to respond to the collection of information that such person is not required to respond to the collection of information unless it displays a valid control number")

The PRA of 1995 is to assist in the government's collection of information. One of the specific purposes of the PRA is to "ensure that the creation, collection, maintenance, use, dissemination, and disposition of information by and for the Federal Government is consistent with applicable laws." 44 U.S.C. § 3501(8). In order to assure compliance with the PRA, a federal agency has various responsibilities, including, "The head of each agency shall be responsible for--(A) carrying out the agency's information resources management activities to improve agency productivity, efficiency, and effectiveness; and (B) complying with the requirements of this subchapter and related policies established by the Director." 44 U.S.C. § 3506(a)(1).

Beginning in 1990, the Supreme Court took up the issue of whether third party information collection requests were subject to the Paperwork Reduction Act of 1980 ("1980 PRA") in *Dole v. United Steelworkers*, 494 U.S. 26 (1990) wherein the Supreme Court reached the conclusion that the requests at issue in *Dole* were not subject to the 1980 PRA. In the Supreme Court's decision they concluded that "tax forms" were "typical information collection requests" subject to the 1980 PRA. Id. @ 33.

In 1992, the 7th Circuit in *Salberg v. U.S.*, 969 F.2d 379 (7th Cir. 1992), while

acknowledging the Supreme Court's decision in *Dole,* tax forms were typical information collection requests subject to the PRA of 1980, rejected a defense regarding regulations and instruction booklets not having OMB numbers displayed

The 7th Circuit stated in *Salberg* that "Information requests include 'tax forms, medicare forms, financial loan applications, job applications, questionnaires, compliance reports, and tax or business records.' *Dole v. United Steelworkers*, 494 U.S. 26, 33, 110 S.Ct. 929, 933, 108 L.Ed.2d 23 (1990)." "An agency may not attempt to collect information unless it has obtained the Director's approval along with a control number to display on the information request. 44 U.S.C. § 3507. If an agency's information request does not display an OMB number, 'no person shall be subject to any penalty for failing to maintain or provide information' to the agency pursuant to the request. 44 U.S.C. §3512." Id.

*Salberg* contended that although "the form 1040 displays an OMB control number, it does not display an expiration date and thus does not comply with the Act." Id. The 7th Circuit agreed with the 10th Circuit in *United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990) that the "failure to display an expiration date on the form does not violate the Act. Even if the PRA requires an expiration date, the form was expressly designated a "1981" tax return which is sufficient to satisfy such a requirement."

In *U.S. v. Collins*, 920 F.2d 619, the 10th Circuit Court of Appeals announced that, at footnote number 12, in explaining their decision in <u>United States v. Tedder</u>, 787 F.2d

540, at page 542, a decision rendered by the 10th Circuit in 1986, that previously held that "tax forms ***were not*** information collection requests subject to the Paperwork Reduction Act because the filing of income tax returns was **obligatory,** held that the *Tedder* decision was "superseded by the Supreme Court's analysis in <u>Dole v. United Steelworkers</u>, 494 U.S. 26, 110 S.Ct. 929, 933, 108 L.Ed.2d 23 (1990), which **included federal income tax forms** within the category of information collection requests under the Act." Id. (Emphasis added).

In 1991, the 10th Circuit Court of Appeals determined that "As long as the 1040 form complies with the Act, nothing more is required." <u>United States v. Dawes</u>, 951 F.2d 1189, 1193 (10th Cir. 1991).

In 1992, the 8th Circuit held in <u>U.S. v. Holden</u>, 963 F.2d 1114 (8th Cir. 1992) that:

> "Although tax forms fall within the PRA's definition of information collection requests, <u>Dole v. United Steelworkers</u>, 494 U.S. 26, 33, 110 S.Ct. 929, 933, 108 L.Ed.2d 23 (1990), tax instruction booklets do not. <u>United States v. Dawes</u>, 951 F.2d 1189, 1192 (10th Cir. 1991). Because tax instruction booklets simply assist a taxpayer in completing tax forms and ensure compliance with the information collection requests, booklets are not required to display an OMB number. Id. "As long as the 1040 form complies with the [PRA], nothing more is required." <u>Dawes</u> at 1193."

Next, *Salberg* argued that the relevant IRS regulations and the 1040 instruction books do not display OMB control numbers as required by the PRA. *Salberg* argued that since the regulations and instruction book, not the 1040 itself, require that the form be made and they fail to comport with requirements of the PRA, he cannot be penalized for

failing to file a tax return. *Salberg* relied on *United States v. Smith*, 866 F.2d 1092 (9th Cir. 1989),[2] in which the Ninth Circuit held that agency regulations were subject to the requirements of the PRA. Id. at 1098-99. The *Smith* court reversed a criminal conviction based on the defendant's failure to file an information request required by an agency regulation because the regulation, not bearing a current control number, failed to comply with the PRA. Id. at 1099.

To distinguish *Smith* from *Salberg*, the 7th Circuit stated that the defendants in *Smith* were convicted of violating a regulation; *Salberg* was convicted of violating a statute. It was a federal statute - 26 U.S.C. § 7203 - not a regulation or an instruction booklet that required Salberg to file an income tax return.

It is hard to swallow the 7th Circuit's dicta in *Salberg* that section 7203 mandated *Salberg* file an income tax return.  Section 7203 provides a threat of punishment as does section 7201.[3]   The 7th Circuit went on to say "Statutes are not subject to the PRA and, as the government points out in its brief, every court that has considered the argument that the regulations and the instruction books promulgated by the IRS are within the scope of the PRA has rejected it. See *United States v. Kerwin*, 945 F.2d 92, 92 (5th Cir. 1991) (per curiam); *United States v. Wunder*, 919 F.2d 34, 38 (6th Cir. 1990); *Brewer v. United States*, 764 F. Supp. 309, 316 (S.D.N.Y. 1991); *United States v. Karlin*, 762 F. Supp. 911,

---

[2] And this was before the Dole decision by the Supreme Court of the United States.

[3] Of which the Government failed to establish any evidence Defendant was aware of the specific language and provision, 26 U.S.C.  Section 7201.

912-13 (D.Kan. 1991); *United States v. Crocker*, 753 F. Supp. 1209, 1214-16 (D.Del. 1991).

It is clear by the holding in *Salberg* that the 7th Circuit accepts the *Dole* decision. The 7th Circuit accepts the *Collins* decision by the 10th Circuit. It is equally clear the 7th Circuit does not accept argument that instructions and regulations need OMB approval.

The "statutory origin theory" for deriving the duty to make a Form 1040 was rejected by the 10th Circuit in 1991 wherein it was held "As long as the 1040 form complies with the Act, nothing more is required." United States v. Dawes, 951 F.2d 1189, 1193 (10th Cir. 1991).

For years 1996, 1997 and 1999, the Commissioner of the Internal Revenue writes "Our legal right to ask for the information is section 6001, 6011, and 6012(a) AND THEIR REGULATIONS." *See Exhibits 14a(1996), 15a(1997), and 16a(1999)*.

The Commissioner of the Internal Revenue completely rejects the "statutory origin theory" otherwise utilized to circumvent the public protection provision, 44 U.S.C.§ 3512(1995). The Supreme Court has also rejected any statutory origin theory. In the most learned words of the Supreme Court in 1960 "The result is that neither the statute nor the regulations are complete without the other, and only together do they have any force." *U.S. v. Mersky*, 361, U.S. 431 438 (1960)

There can be no argument from the Government the tax forms complied with the PRA of 1995. They simply did not comply  There can be no argument they were not

required to comply. The Legislative History says it all. There can be no argument Defendant, and the penalty announced in section 7201, notwithstanding the Defendant had no knowledge of this section or the facts that would trigger application of this section to him, are subject to the protection provided under 44 U.S.C. § 3512 (1995).

Since the protection applies to the Defendant under 44 U.S.C. Sec. 3512 (995), the Government would have had to demonstrate, which it could not, that the 1040 Form complied with the PRA. Since the Government did not, and could not establish that the 1040 Form complied with the PRA, it was not entitled to prosecute, and cannot obtain a conviction against the Defendant. The indictment must be dismissed, and the convictions set aside as to Counts II and III. Further, since the proof for Counts IV through VII come from Count II, those Counts also must fail as a matter of law, the indictment dismissed, and the convictions set aside on those counts as well.

## CONCLUSION

THEREFORE, Defendant respectfully request this Court dismiss the superceding indictment on grounds that the forms at issue in Counts II and III are bootleg and outlaw forms in violation of the Paperwork Reduction Act of 1995 on grounds (1) the OMB # 1545-0074 has existed for over 25 years without any displayed expiration date, other than the year on the form, in excess of (3) years in violation of 44 U.S.C. §3507(g); (2) no application for 1995, or amended application for 1996 and 1997 to amend the 1995 approval has ever been applied for, nor approved in violation of the entire Paperwork

Reduction Act of 1995; (3) the form 1040 for 1999 contains changes to the form not approved by OMB either on the 83-I Form or the 83-C Form for 1999; and (4) the Form 1040 for 1996, 1997 and 1999, fails to inform the Defendant, who is purportedly to respond to the collection of information, that such person is not required to respond to the collection of information unless it displays a valid control number in violation of 44 U.S.C. § 3512(a)(ii).

        Respectfully Submitted

        /s/ Jerold Barringer
        Jerold Barringer
        Attorney at Law
        P.O. Box 213
        Nokomis Illinois 62075
        217-563-2646
        IL Bar # 06185092
        Jwbarringer@dtnspeed.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of this Memorandum in Support of Motion to Dismiss the Superceding Indictment regarding the Paperwork Reduction Act, has been electronically delivered through the Court's ECF system on September 5, 2006 to:

Hilary W. Frooman
U.S. Assistant Attorney
201 South Vine
Urbana, Illinois 61801
217-373-5875

/s/ Jerold Barringer
Jerold Barringer
Attorney at Law
P.O. Box 213
Nokomis Illinois 62075
217-563-2646
IL Bar # 06185092
Jwbarringer@dtnspeed.net