E-FILED
Thursday, 07 September, 2006  04:14:18 PM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 04-CR-20031 |
| | ) | |
| DENNY R. PATRIDGE, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

On June 30, 2005, following a jury trial, Defendant, Denny R. Patridge, was found guilty of two counts of tax evasion, two counts of wire fraud and two counts of money laundering. Defendant was found not guilty of one count of filing a false tax return. This court entered a judgment of conviction as to Counts 2-7 and scheduled a sentencing hearing on November 21, 2005. The sentencing hearing was continued and scheduled on April 24 and 25, 2006, continued again and scheduled for May 8 and 9, 2006, and continued again and scheduled for September 25, 26, and the morning of September 27, if necessary.

On August 18, 2006, Defendant filed a Motion to Continue Sentencing Hearing (#176). Defendant noted that one of the main issues at sentencing will be the calculation of tax loss attributable to Defendant. Defendant stated that there were civil proceedings pending concerning the Civil Due Process hearing, which are scheduled for oral argument before the Seventh Circuit on October 4, 2006, and also tax court proceedings pending. Defendant stated that Probation Officer Vincent P. Kistner suggested that a continuance would be appropriate considering all the various actions and hearings that are taking place in the near future in these other cases. Defendant asked

for a four-month continuance of the sentencing hearing in this case.

On August 23, 2006, this court entered a text order which set a hearing on the Motion to Continue and directed the Government to respond to the Motion to Continue. On August 30, 2006, the Government filed its Response (#177). The Government stated it was informed by Probation Officer Kistner that he did not "suggest" a continuance but merely inquired whether Defendant intended to request a continuance. The Government also noted that Defendant did not explain why his pursuit of a civil remedy should result in a continuance of his criminal sentencing. The Government requested that Defendant's Motion to Continue be denied.

This court notes that the oral argument referred to by Defendant is scheduled in Defendant's appeal of a decision by United States District Judge Jeanne E. Scott in Case No. 05-CV-3249. In that case, Defendant and his wife, Judy Patridge, sued the Internal Revenue Service and Revenue Officers Curtis Medyesi and Debra Dufek. They sought a redetermination by the district court of "each and every issue raised by Plaintiffs herein and in the Request for Collection Due Process Hearing regarding the validity of the whipsaw tax and double tax assessments issued on January 27, 2000 for years 1996 and 1997." On December 23, 2005, Judge Scott entered an Opinion (#12) which dismissed the case. Judge Scott found that income tax liability falls within the jurisdiction of the tax court. Judge Scott therefore found that the Plaintiffs failed to meet their burden of identifying a statute waiving the United States' sovereign immunity under the circumstances of this case and therefore concluded that the court lacked subject matter jurisdiction. It is this Opinion which has been appealed and is scheduled for limited oral argument of 10 minutes per side on October 4, 2006, at 9:30 a.m. before the Seventh Circuit Court of Appeals.

On August 30, 2006, Defendant filed a Motion to Compel Discovery (#178), with a

Memorandum in Support (#179),  a Motion to Continue the Time to Object to the Presentence Report (#180), and a Motion to Dismiss Superseding Indictment (#181) with a Memorandum in Support (#182).  Defendant has also filed a Notice (#183) with attached exhibits in support of his Motion to Dismiss.  In his Motion to Compel Discovery, Defendant sought an order directing the Government to turn over to Defendant the information the Government turned over to the Probation Office regarding the proposed tax loss calculations submitted by the Probation Office.  In his Motion for Extension of Time, Defendant stated that he needed that information before he could file proper objections to the Presentence Report.  In his Motion to Dismiss, Defendant sought dismissal of the Superseding Indictment based upon "the recent revelation by Prosecution that this Court was the complainant against Defense witness Brent Winters prior to July 9, 2002 and that this Court refused to allow Mr. Winters to testify because of that investigation began at the request of this Court."  On August 31, 2006, this court entered a text order directing the Government to file a Response to Defendant's Motions by September 5, 2006, and which stated that all pending motions would be heard at the motion hearing scheduled for September 6, 2006, at 4:00 p.m.

On September 5, 2006, the Government filed its Response to Defendant's Motions (#184). Regarding the Motion to Dismiss, the Government noted that this court has already denied numerous Motions to Dismiss the Superseding Indictment.  The Government noted that Defendant has already been convicted and cites no case law to support his position that an indictment can be dismissed following conviction.  The Government stated that Defendant "now has other avenues by which to file his criticism of the charges and proof."  Regarding the Motion to Compel Discovery, the Government stated that Defendant "has had access to all documents on which the government bases its loss analysis. The government's tax loss figure is simply an analysis of the documents previously

3

produced.  Should the defendant wish to submit his own analysis of loss based upon the records, the Court will, no doubt, consider the defendant's figures."  As far as the Motion for Extension of Time, the Government noted that Defendant has not identified any objections for which he requires additional time.  The Government additionally stated that, in the tax court case referred to by Defendant, the tax court granted summary judgment in favor of the respondent, the Internal Revenue Service (IRS).  The Government attached a copy of the tax court decision, dated August 28, 2006.  In this decision, the tax court noted that Petitioners (Denny and Judy Patridge) "again make their whipsaw and double tax argument, as well as assert violations of the Paperwork Reduction Act of 1995 and the lack of authority of respondent's employees to act in this case."  In ruling in favor of the IRS, the tax court specifically stated that the forms submitted "show that respondent did not make any duplicate collection with respect to petitioners' trusts."  The tax court stated that the IRS may proceed with collection for taxable years 1996 and 1997.

On September 5, 2006, Defendant filed a Motion to Dismiss Involving Government's Failure to Prove Defendant was Aware of 26 U.S.C. § 7201 as Required by Supreme Court holding Bryan v. United States, 524 U.S. 184, 194 (1998) (#185) and Memorandum in Support (#186) and a Motion to Dismiss Regarding Violations of the Paperwork Reduction Act of 1995 (#187) and a Memorandum in Support (#188) with numerous lengthy exhibits.

This court concludes that Defendant has not shown any basis for dismissing the indictment against him at this late date, following conviction and just prior to sentencing.  Any errors Defendant perceives in the way the trial was handled or any perceived insufficiency of evidence may be raised on appeal to the Seventh Circuit Court of Appeals.  As far as Brent Winters' failure to testify in this case, this court's recollection is that it allowed Mr. Winters to assert his Fifth Amendment privilege

4

against self-incrimination.  This court notes that the Seventh Circuit has stated that "[m]any cases hold that the sixth amendment does not entitle a defendant to testimony that the witness has a fifth amendment privilege not to give."  Liegakos v. Cooke, 106 F.3d 1381, 1387 (7th Cir. 1997). Accordingly, when a potential witness indicates that he will likely invoke his privilege against self-incrimination, the district court should ensure that the witness cannot possibly incriminate himself. United States v. Mabrook, 301 F.3d 503, 506 (7th Cir. 2002).  If a witness's testimony may make him vulnerable to prosecution, the trial court may allow him to invoke his privilege and refuse to testify. Mabrook, 301 F.3d at 506.  In addition, a defendant is not allowed to call a witness for the purpose of having the witness assert his Fifth Amendment privilege.  Mabrook, 301 F.3d at 507.  Therefore, this court believes that its ruling regarding Mr. Winters was consistent with the applicable case law and perfectly proper.  Thus, Defendant's Motions to Dismiss (#181, #185, #187) are DENIED.

Moreover, Defendant has not shown any legitimate basis for continuing the sentencing hearing in this case.  Defendant has not shown that the pending civil litigation has any bearing on the tax loss calculation that this court must determine at sentencing.  This is especially true now that the tax court has ruled against Defendant.  In addition, the underlying documents relied upon by the Probation Office in making its recommended tax loss calculations have been made available to Defendant.  Therefore, Defendant's Motion to Continue Sentencing Hearing (#176), Motion to Compel Discovery (#178), and Motion for Extension/Continuance of Time for Objection to Presentence Report (#180) are DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motions to Dismiss (#181, #185, #187) are DENIED.

(2) Defendant's Motion to Continue Sentencing Hearing (#176), Motion to Compel Discovery (#178), and Motion for Extension/Continuance of Time for Objection to Presentence Report (#180) are DENIED.

ENTERED this 7th day of September, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE