IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

UNITED STATES OF AMERICA,

v.                                                    Case No.   CR 04-20031

DENNY R. PATRIDGE

DEFENDANT'S **MEMORANDUM** IN SUPPORT OF
DEFENDANT'S MOTION FOR NEW TRIAL

The Defendant, by and through his attorney, Jerold Barringer, files this

Memorandum in Support of his Motion for an Order for a New Trial based upon the

revelation and now fact that Attorney Brent Winters, a key witness for the Defense, was

excluded from testifying at the Defendant's trial, as to his advice given to the Defendant,

on grounds Mr. Winters  was being criminally investigated by the United States

Attorney's Office for the Central District of Illinois, and in particular by Hillary Frooman,

the prosecutor of the Defendant in this case.   Furthermore, it has recently been revealed

to the Defendant that the Honorable Michael P. McCusky, Chief Judge for the Central

District of Illinois, and Judge at the Trial of Defendant, in his private capacity and not as

a Judge, made a complaint with Jan Paul Miller, then U.S. Attorney, recommending Mr.

Winters be investigated and prosecuted for appearing not to have testified in "a more

truthful manner."

1

## QUESTIONS PRESENTED

1.    WHETHER THE RECENT REVELATION OF FACT JUDGE McCUSKEY
      WAS THE COMPLAINANT AGAINST ATTORNEY  BRENT WINTERS
      REGARDING THE CRIMINAL INVESTIGATION THE GOVERNMENT
      RELIED UPON TO PREVENT HIS TESTIMONY FROM BEING PRESENTED
      AT THE TRIAL OF DEFENDANT TO THE JURY BRINGS THE PARTIALITY
      OF JUDGE McCUSKEY INTO QUESTION AND RENDERS THE TRIAL A
      VIOLATION OF DEFENDANT'S RIGHT TO DUE PROCESS, TO A FAIR
      TRIAL AND VIOLATES THE CONFRONTATION CLAUSE OF THE SIXTH
      AMENDMENT RIGHTS OF DEFENDANT?

## BACKGROUND

Subsequent to July 13, 2000, the Honorable Chief Judge Michael P. McCuskey,

provided background information regarding Defense witness and Attorney Brent A.

Winters, along with recommending "an investigation of Winters' possible criminal

conduct." *See Informational Notice in Case CR06-20023, attached as Exhibit 20a, page*

*1, para. 1.*

On or about July 9, 2002, following the sentencing of Dwight D. Larson, the

alleged "co-conspirator" and a witness for the Government against Defendant in this case,

the Honorable Chief Judge Michael P. McCuskey, "inquired of AUSA Hilary W.

Frooman regarding the progress of any investigation of Brent Winters." *Exhibit 20a,*

*page 1, para. 2*

On September 1, 2004, the Grand Jury tendered the Government a superceding

indictment alleging 7 Counts including the filing of a false tax return in Count 1, Tax

Evasion of the Payment of Taxes in Count 2, Tax Evasion of the assessment of taxes in

2

Count 3, Wire Fraud in Counts 4 and 5 and Money Laundering in Counts 6 and 7.

During the pendency of this action several communications have occurred between the Government and the Court under the word "sealed". Defendant is unaware of the contents therein.

During the trial, a key part of the defense was that Defendant relied upon the advice from several different attorneys, including Brent A. Winters, involving the allegations against the Defendant in the indictment. This Court excused them all from having to give testimony as to what they directed the defendant to do, protecting their privilege under the Fifth Amendment over the Sixth Amendment rights the Defendant had to their testimony. At one point during the trial the Government reminded the Court that Mr. Winters was under investigation.

Trial was held and at 1:15 pm, June 30, 2005, the Court received and announced in open Court the Jury's Verdict of Not Guilty on Count 1 and Guilty on Counts 2,3,4,5,6 and 7. On August 17, 2006, in case No. CR06-20023, the prosecutor in the action herein filed in the action therein an Informational Notice (exhibit 20a attached herein) revealing several issues not known to the Defendant or his Counsel.

<u>ARGUMENT AND AUTHORITY</u>

**1.**    THE RECENT REVELATION OF FACT JUDGE McCUSKEY WAS THE COMPLAINANT AGAINST ATTORNEY BRENT WINTERS REGARDING THE CRIMINAL INVESTIGATION THE GOVERNMENT RELIED UPON TO

PREVENT WINTERS'  TESTIMONY FROM BEING PRESENTED AT THE JURY TRIAL OF DEFENDANT BRINGS THE PARTIALITY OF JUDGE McCUSKEY INTO QUESTION AND RENDERS THE TRIAL A VIOLATION OF DEFENDANT'S RIGHT TO DUE PROCESS, TO A FAIR TRIAL AND VIOLATES THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT RIGHTS OF DEFENDANT.

The Honorable Chief Judge Michael P. McCuskey in year 2000 expressed an opinion against Attorney Brent Winters that he was not a truth-worthy person and was given updates as to the Judge's request that Mr. Winters be investigated by the U.S. Attorney's Office.   28 U.S.C. § 455(a) requires a judge to recuse himself when his presiding over a case would create an appearance of bias. *United States v. Troxell*, 887 F.2d 830, 833 (7th Cir. 1989)  *Tezak v. U.S.*, 256 F.3d 702, 706 (7th Cir. 2001)

28 U.S.C. § 144 allows a party to file "a motion to disqualify a judge ....if a party files a timely and sufficient affidavit that the judge has a personal bias or prejudice against a party. *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985).   The factual statements of the affidavit must support an assertion of actual bias. Id.

Credit is to be given to only those facts which are "sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *United States v. Boyd*, 208 F.3d 638, 647 (7th Cir. 2000),  The factual averments must be stated with particularity and must be definite as to times, places, persons, and circumstances. *Balistrieri,* 779 F.2d at 1199. The court must assume the truth of the factual assertions.   Id.

4

Recusal is appropriate when the "judge was involved in the investigation of activities at issue in the trial", see *U.S. v. Boyd*, 208 F.3d 638, 646 (7th Cir. 2000), and where direct evidence "shows that he had personal, extrajudicial knowledge of those activities." Id.   In *Boyd*, the 7th Circuit stated that had "Judge Zagel learned of this connection from the 1986 investigation of SMS, Robinson would be entitled to a new trial before a different judge." Id.

In the instant matter, the record clearly indicates that Chief Judge Michael P. McCuskey not only was involved in the investigation of attorney/witness Brent A Winters as far back as 2002, but he was the reason the investigation began in the first place sometime after July 2000.  *See Exhibit 20a*

In order to justify recusal, an affidavit must come forth certifying facts in support for a Motion to Recuse.   The only facts in such an affidavit that must be credited, are those that are "sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993); see also *United States v. Balistrieri*, supra, 779 F.2d at 1199; *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990); *13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure* § 3551, pp. 634-37 (2d ed. 1984).  See *Affd. of Denny Patridge, Exhibit 21a*

28 U.S.C. § 455(b)(3) is applicable if as Judge, Judge McCuskey "express[ed] an opinion about it" [the case].  Id. (Emphasis added).  "There is a pregnant difference in

5

wording between the participation and expression-of-opinion clauses of 455(b)(3).  The former refers to participation in "the proceeding," the latter to expressing an opinion on the merits of "the particular case in controversy," and we have held that the use of the word "particular" narrows the clause to the situation in which the judge expressed his opinion in "the present case, not a related former case." *Russell v. Lane*, 890 F.2d 947, 948 (7th Cir. 1989); cf. *Rice v. McKenzie*, 581 F.2d 1114, 1116 (4th Cir. 1978).  Because in *Boyd*, Judge Zagel said nothing at the press conference that could reasonably be construed as an expression of opinion on the merits of the case that he presided over, the 7th Circuit chose "not [to] pursue this novel and interesting interpretive question."  Id.

In this case, not only had Judge McCuskey expressed his opinion in writing in an order involving case No. 00-U-13,14 and 15, regarding Brent Winters appearance of not testifying truthfully, he went beyond that and expressed an opinion as to what needed to be done by the U.S. Attorney regarding Mr. Winters.  *See Exhibit 20a*.   Defendant needed Mr. Winters to testify in aid of his Defense and there was nothing presented on the record by either the Government, Court or Mr. Winters, that demonstrated why Defendant should not have been allowed to present that direct evidence to the jury for its consideration of what Mr. Winters directed Defendant to do.

Mr. Winters was eventually indicted which gave rise to the revelation at issue in Defendant's request for a New Trial, but none of the charges contained in that indictment at any time connect in any way to the Defendant in this action to his charges.

6

The cases interpreting the participation clause do not require a formal identity between the proceeding in which the government employee, who is now a judge, participated or expressed an opinion; it is enough if they overlap significantly. See, e.g., *United States v. Outler*, 659 F.2d 1306, 1312-13 (5th Cir. 1981); *Jenkins v. Bordenkircher*, 611 F.2d 162, 166 (6th Cir. 1979); *Mixon v. United States*, 608 F.2d 588, 591-92 (5th Cir. 1979).  There was an overlap here, in the part of the Winters' investigation that linked Winters to Judge McCuskey.  The requisite "participation" is that it must be personal. E.g., *Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995); *Kendrick v. Carlson*, 995 F.2d 1440, 1444 (8th Cir. 1993); *United States v. Di Pasquale*, 864 F.2d 271, 279 (3d Cir. 1988).

Referring briefly to section 455(a), the 7th Circuit wished to emphasize their belief that compliance with it is essential to the perceived legitimacy of the judicial process, especially when the defendants are facing long sentences and the prosecution has been marred by irregularities.  *Boyd @ 648*

There were many issues stemming from the indictment that involved Mr. Winters. It was Mr. Winters that advised Defendant to do many of the actions he took in which the Government addressed as criminal acts.   The Court had expressed an opinion unknown to the Defendant or his Counsel that a key witness in the Defense was not truthful and appeared to deserve to be criminally investigated.

For this reason, the Court clearly had a bias and prejudice against the essential key

7

witness for the Defense and the Defendant and that this bias was articulated by Chief

Judge Michael P. McCuskey on more than one occasion, therefore an Order for a new

trial should be issued setting aside the outcome of the trial in which Chief Judge Michael

P. McCuskey presided.


Respectfully Submitted


/s/ Jerold Barringer
Jerold Barringer
Attorney at Law
P.O. Box 213
Nokomis Illinois 62075
217-563-2646
IL Bar # 06185092

CERTIFICATE OF SERVICE


I HEREBY CERTIFY THAT a true and correct copy of this Memorandum in Support of the Motion for New Trial has been electronically delivered through the Court's ECF system on September 19, 2006 to:


Hilary W. Frooman
U.S. Assistant Attorney
201 South Vine
Urbana, Illinois 61801
217-373-5875


/s/ Jerold Barringer
Jerold Barringer
Attorney at Law
P.O. Box 213
Nokomis Illinois 62075
217-563-2646
IL Bar # 06185092