IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

UNITED STATES OF AMERICA,

v.   Case No.  CR 04-20031

DENNY R. PATRIDGE

DEFENDANT'S OBJECTIONS TO COURT ORDER DATED
SEPTEMBER 19, 2006

Defendant Denny Patridge, by and through his attorney, Jerold Barringer, files his objections to the Court's Order dated September 19, 2006, directing the Government to file its response to Defendant's Motion for New Trial and Motion to Recuse the Honorable Chief Judge Michael P. McCuskey docketed and filed on September 19, 2006.

Hilary Frooman, nor anyone in the U.S. Department of Justice, has any say over Defendant's Motion to Recuse. In fact, opposing counsel is provided no role in 28 U.S.C. § 144.   Hilary Frooman is the attorney who informed this Court in the Winters case that this Court had a reason to recuse in that case. This Court recused itself in Winters, and it should recuse without delay in this case.

28 U.S.C. § 144 specifically states that "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any

1

adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

28 U.S.C. § 144 allows a party to file "a motion to disqualify a judge ....if a party files a timely and sufficient affidavit that the judge has a personal bias or prejudice against a party. *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985).

Credit is to be given to only those facts which are "sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *United States v. Boyd*, 208 F.3d 638, 647 (7th Cir. 2000), The factual averments must be stated with particularity and must be definite as to times, places, persons, and circumstances. *Balistrieri,* 779 F.2d at 1199. The court must assume the truth of the factual assertions.   Id.

Recusal is appropriate when the "judge was involved in the investigation of activities at issue in the trial", see *U.S. v. Boyd*, 208 F.3d 638, 646 (7th Cir. 2000), and where direct evidence "shows that he had personal, extrajudicial knowledge of those activities." Id.   In *Boyd*, the 7th Circuit stated that had "Judge Zagel learned of this connection from the 1986 investigation of SMS, Robinson would be entitled to a ***new trial before a different judge.***" Id.

If the Court finds the Motion, Memorandum, Affidavit and Certification "to be legally sufficient, the District Judge should, in accordance with 28 U.S.C. § 144, 'proceed no further' herein." See *Green v. Murphy*, 3 Cir., 259 F.2d 591, 593, cf. dissent at 596

(1958) ; see also *Laughlin v. U.S.*, 344 F.2d 187, 194 (D.C. Cir. 1965)

"The law is clear that [the judge] must determine whether the affidavit is sufficient, if true, to require that he recuse himself. Only if he finds it thus sufficient is he required to have another judge hear the motion." *United States v. Olander*, 584 F.2d 876, 883 (9th Cir. 1978), vacated and remanded on other grounds sub nom., *Harrington v. United States*, 443 U.S. 914, 99 S.Ct. 3104, 61 L.Ed.2d 878 (1979); *United States. v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978), cert. denied, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979).  See also *Arizona Past and Future Foundation v. Lewis*, 722 F.2d 1423, 1430 (9th Cir. 1983)

There can be no question the affidavit is true.  It is based upon the same revelations made by Hilary Frooman in the Winters case that this Court instigated the criminal investigation of Brent Winters and further stated he was not truth-worthy.  This Court recused in the Winters case and now should recuse in this case.

The Supreme Court, in *Berger v. United States*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921), construed a predecessor statute to section 144 to mean that, although the challenged judge may not pass upon the truth of the facts alleged in the affidavit, he may decide whether the affidavit meets the procedural requirements of the statute and whether the facts alleged give fair support to the charge of bias and prejudice. By retaining the basic provisions of this earlier statute in the present § 144, Congress apparently acquiesced in the procedure whereby a challenged judge may initially pass

upon the legal sufficiency of the affidavit. See, Note, <u>Disqualification of Judges, 79 Harv.L.Rev. 1435, 1438-1439 (1966); Schwartz, Disqualification for Bias in the Federal District Courts, 11 U.Pitt.L.Rev. 415, 423 (1950)</u>.  See also *Pfiezer Inc.. v. Lord*, 456 F.2d 532 (8th Cir. 1972)

28 U.S.C. § 144 requires that, upon submission of a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [the movant] or in favor of any adverse party, ***such judge shall proceed no further*** therein, but another judge shall be assigned to hear such proceeding." *U.S. v. Barnes*, 909 F.2d 1059 (7th Cir. 1990)  Ordering the Government to respond to Defendant's Motion to Recuse is proceeding further in direct opposition to section 144.

Section 144 motions are timely if they are filed "at the earliest moment after [the movant acquires] knowledge of the facts demonstrating the basis for such disqualification." *United States v. Patrick*, 542 F.2d 381, 390 (7th Cir. 1976).  Defendant has timely acted in this instance.

As to the sufficiency of the affidavit "[t]he law is clear that in passing on the legal sufficiency of the affidavit, the judge must assume that the factual averments it contains are true, even if he knows them to be false." E.g., *United States v. Jeffers*, 532 F.2d 1101, 1112 (7th Cir. 1976),  aff'd in part and vacated in part, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). An affidavit is sufficient if it avers facts that, if true, would convince a reasonable person that bias exists. *United States v. Baskes*, 687 F.2d 165, 170 (7th Cir.

1981) (per curiam). The factual averments must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment. *Berger v. United States*, 255 U.S. 22, 33-34, 41 S.Ct. 230, 233, 65 L.Ed. 481 (1921).They must be stated with particularity, id. [559 F.2d] at 131, and must be definite as to times, places, persons, and circumstances. Id. at 134. The factual averments must show that the bias is personal rather than judicial, *United States v. Patrick*, 542 F.2d 381, 390 (7th Cir. 1976), cert. denied, 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977), and that it stems from an extrajudicial source-some source other than what the judge has learned through participation in the case. *United States v. Grinnell Corp.*, 384 U.S. 563,583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966)." See *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985) (footnote omitted). Moreover, the affidavit must "be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144.

Prior to 1974, § 455 required disqualification of any judge who was so connected with a party that it was improper, "in his opinion," for him to preside at the trial. The test for disqualification under the former § 455 was subjective: disqualification was obligatory only when a judge, in examining his own conscience, found bias unavoidable. In close cases, moreover, the judge had a "duty to sit" in spite of his predilections.

To promote public confidence in the impartiality of the federal judicial system, the Congress in 1974 shifted the focus of § 455. "Any . . . judge," § 455(a) now provides, "shall disqualify himself in any proceeding in which his impartiality might reasonably be

questioned." No longer is a judge's introspective estimate of his own ability impartially to hear a case the determinate of disqualification under § 455. The standard now is objective. It asks what a reasonable person knowing all the relevant facts would think about the impartiality of the judge."[I]f there is a reasonable factual basis for doubting the judge's impartiality," the congressional committee reports on the 1974 amendment to § 455 explain, the judge "should disqualify himself and let another judge preside over the case." Even where the question is close, the judge whose impartiality might reasonably be questioned must recuse himself from the trial. See *Roberts v. Bailar*, 625 F.2d 125 (6th Cir. 1980)

Under § 144, a motion to recuse must be filed promptly after the facts forming the basis of the disqualification become known. *Davis v. Cities Service Oil Company*, 420 F.2d 1278 (10th Cir. 1970). The motion must be accompanied by an affidavit stating, in non-conclusory terms, the facts establishing the alleged personal prejudice, stemming from an extra-judicial source and resulting in an opinion on the merits other than that which the judge has learned through his participation in the case. *United States v. Grinnell Corporation*, 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); *United States v. Ritter*, 540 F.2d 459 (10th Cir. 1976), cert. denied, 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976). The challenged judge determines the sufficiency of the affidavit **_but does not weigh or test the truth of the allegations_**. *United States v. Ritter*, supra. If the facts "give fair support to the charge of a bent of mind that may prevent or impede

impartiality of judgment" [*Berger v. United States*, supra, 255 U.S. 33-34, 41 S.Ct. 233] ***the judge must recuse*** even though the statements may not accurately reflect the judge's state of mind. *Bell v. Chandler*, 569 F.2d 556 (10th Cir. 1978).

This Court's order of September 19, 2006, brings an outsider into this procedure; namely, Hilary Frooman and the Department of Justice. At no time does section 144 or 455(b) provide opposing counsel a say over or right to respond to a Motion to Recuse a Judge of the United States District Court. The challenged judge determines the sufficiency of the affidavit ***but does not weigh or test the truth of the allegations.*** Defendant filed a Motion, Memorandum (under local rules), an affidavit as well as Certification of Counsel of Record.

The only question for this Court to determine is whether the procedure has been followed and it has been followed. In this instance, it has been followed.

THEREFORE, Defendant files his objections to this Court's Order dated September 19, 2006 directing the U.S. Department of Justice, Assistant U.S. Attorney for the Central District of Illinois, Hilary Frooman, to file a response to the Motion to Recuse the Honorable Chief Judge, Michael P. McCuskey, and requests this Court set aside and strike its order.[1]

---

[1] This does not mean Mrs. Frooman is not allowed to respond to the Motion for a New Trial but even though she does respond this Court is forbidden from considering the merits of this Motion pursuant to 28 U.S.C. Section 144.

        Respectfully Submitted

        <u>/s/ Jerold Barringer</u>
        Jerold Barringer
        Attorney at Law
        P.O. Box 213
        Nokomis Illinois 62075
        217-563-2646
        IL Bar # 06185092
        Jwbarringer@dtnspeed.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of this Objection to the Court's Order dated September 19, 2006, has been electronically delivered through the Court's ECF system on September 20, 2006 to:

Hilary W. Frooman
U.S. Assistant Attorney
201 South Vine
Urbana, Illinois 61801
217-373-5875

/s/ Jerold Barringer
Jerold Barringer
Attorney at Law
P.O. Box 213
Nokomis Illinois 62075
217-563-2646
IL Bar # 06185092
Jwbarringer@dtnspeed.net
