No. _____

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT


In Re: Denny R. Patridge                    District Court Case No. 04-20031


**PETITION FOR WRIT OF MANDAMUS/PROHIBITION
TO THE US DISTRICT COURT THE CENTRAL DISTRICT
OF ILLINOIS, URBANA, HONORABLE CHIEF JUDGE
MICHAEL P. McCUSKEY**


***********************************
**PETITION FOR WRIT OF MANDAMUS/PROHIBITION**
*******************************


/s/ Jerold Barringer
Jerold Barringer
Attorney at Law
P.O. Box 213
Nokomis Illinois 62075
217-563-2646
IL Bar # 06185092
Jwbarringer@dtnspeed.net

- a -

# CIRCUIT RULE 26.1    DISCLOSURE STATEMENT

Appellate Court No. _____ District Court case No. 04-20031

Short Caption: In Re: Denny R. Patridge

     To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

     The Court prefers that the disclosure statement be filed immediately following docketing; but the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

1. The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

   Denny R. Patridge

2. The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

   Jerrold Wayne "Jerry" Barringer, Michael Minns, Carol Diesen

3. If the party or amicus is a corporation:

   1. Identify all its parent corporations, if any; and

      N/A

   ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:

      N/A

---

Attorney's signature: /s/ Jerold W. Barringer       Date: September 23, 2006

Attorney's Printed Name: Jerold W. Barringer

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes  X    No: _____

Address: P.O. Box 213, Nokomis, Illinois 62075

Phone number: 217-563-2646       Fax Number: same (call first)

E-Mail Address: jwbarringer@dtnspeed.net

- i -

# TABLE OF CONTENTS

**CIRCUIT RULE 26.1     DISCLOSURE STATEMENT** . . . . . . . . . . . . . . . . . . . . . . . -a-

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -ii-

***REASONS WHY WRIT SHOULD ISSUE*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - iii-

**ORAL ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**JURISDICTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**ISSUES PRESENTED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STATEMENT OF THE CASE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STATEMENT OF FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**APPELLANT'S ARGUMENTS AND AUTHORITY** . . . . . . . . . . . . . . . . . . . . . . . 4

1.     <u>When recusal is warranted and the Judge should proceed no further</u>. . . . . . 4

2.     <u>The Honorable Chief Judge United States District Court, Michael P. McCuskey, should be ordered to proceed no further and another Judge should be assigned at once</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

APPENDIX

      GOVERNMENT INFORMATION NOTICE . . . . . . . . . . . . . . . . . . . . . . . App.1

      MOTION TO RECUSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . App. 5

      MEMORANDUM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . App. 8

      AFFIDAVIT OF DENNY R. PATRIDGE . . . . . . . . . . . . . . . . . . . . . . . . App.17

      CERTIFICATE OF COUNSEL OF RECORD . . . . . . . . . . . . . . . . . . . . App. 21

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Last page

- ii -

# TABLE OF AUTHORITIES

*Arizona Past and Future Foundation v. Lewis*, 722 F.2d 1423, 1430 (9th Cir. 1983) ... 8

*Bell v. Chandler*, 569 F.2d 556 (10th Cir. 1978) .................... 11

*Berger v. United States*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921) ......... 8,9,11

*Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999) ..................... 1,11

*Green v. Murphy*, 3 Cir., 259 F.2d 591, 593, cf. dissent at 596 (1958) ............... 8

*Harrington v. United States*, 443 U.S. 914, 99 S.Ct. 3104, 61 L.Ed.2d 878 (1979) ..... 8

*In Re* Campbell, 264 F.3d 730, 731 (7th Cir. 2001) .................... 11

*In re* Sandahl, 980 F.2d 1118, 1119 (7th Cir. 1992) ................... 11

*Jenkins v. Bordenkircher*, 611 F.2d 162, 166 (6th Cir. 1979) ................ 7

*Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990) .............. 5

*Kendrick v. Carlson*, 995 F.2d 1440, 1444 (8th Cir. 1993) .................... 7

*Laughlin v. U.S.*, 344 F.2d 187, 194 (D.C. Cir. 1965) .................... 8

*Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995) ...................... 7

*Mixon v. United States*, 608 F.2d 588, 591-92 (5th Cir. 1979) ................. 7

*Pfiezer Inc.. v. Lord*, 456 F.2d 532 (8th Cir. 1972) ...................... 9

*Rice v. McKenzie*, 581 F.2d 1114, 1116 (4th Cir. 1978) ................... 6

*Roberts v. Bailar*, 625 F.2d 125 (6th Cir. 1980) ....................... 10

*Russell v. Lane*, 890 F.2d 947, 948 (7th Cir. 1989) .................... 6

*Tezak v. U.S.*, 256 F.3d 702, 706 (7th Cir. 2001) ..................... 4

*U.S.. v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) ................... 8

*U.S. v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985) .................. 4,9

*U.S. v. Baskes*, 687 F.2d 165, 170 (7th Cir. 1981) (per curiam) ............. 9

*U.S. v. Boyd*, 208 F.3d 638, 647 (7th Cir. 2000) ...................... 4

*U.S. v. Di Pasquale*, 864 F.2d 271, 279 (3d Cir. 1988) ................... 7

*U.S. Ex rel. Chandler v. Cook County*, 277 F.3d 969 (7th Cir. 2002) ........... 11

- iii -

*U.S. v. Grinnell Corp.*, 384 U.S. 563,583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966) 9,10

*U.S. v. Jeffers*, 532 F.2d 1101, 1112 (7th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*U.S. v. Olander*, 584 F.2d 876, 883 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*U.S. v. Outler*, 659 F.2d 1306, 1312-13 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*U.S. v. Patrick*, 542 F.2d 381, 390 (7th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*U.S. v. Ritter*, 540 F.2d 459 (10th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*U.S. v. Ruzzano,* 247 F.3d 688, 694 (7th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . 1,12

*U.S. v. Troxell*, 887 F.2d 830, 833 (7th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## STATUTES INVOLVED

28 U.S.C. § 144 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,7,8,10,11

28 U.S.C. § 455(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5,10,11

28 U.S.C. § 455(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5,10,11

28 U.S.C. § 1651(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## ***REASONS WHY WRIT SHOULD ISSUE***

  This Court should issue the writ requested herein to preserve the rule of law, maintain the appearance of justicee, and to uphold Defendant's right to due process and a fair trial as well as his Sixth Amendment right to defend himself through his counsel of record before a fair and impartial United States District Court Judge.

## RELIEF SOUGHT

Petitioner Denny Patridge seeks an Order directing the United States District Court, Honorable Chief Judge Michael P. McCuskey to be directed to proceed no further based upon the previously filed Motion to Recuse, Memorandum in support thereof, the affidavit and certification of counsel of record..

Petitioner also seeks in the Order direction for random reassignment of another District Court Judge.

## ORAL ARGUMENT

Counsel for Appellant believes under the circumstances of this case that oral argument may materially assist this Court in its final determination.

## JURISDICTION

The jurisdiction of this Court over this Petition for Mandamus/Prohibition is pursuant to the All Writs Act which authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," 28 U.S.C. § 1651(a); See also *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)

This Court has also ruled that in order to preserve the right to challenge recusal the Petitioner must file mandamus. See *U.S. v. Ruzzano,* 247 F.3d 688, 694 (7th Cir. 2001)

## ISSUES PRESENTED

1. Whether a Judge may proceed further after being given the proper Motion, Memorandum, Affidavit and Certification required under 28 U.S.C. § 144 in issuing any orders or holding any hearings whatsoever?

2. Should this Court issue an Order directing Chief Judge Michael P. McCuskey to proceed no further in the case currently pending in the District Court?

## STATEMENT OF FACTS

Subsequent to July 13, 2000, the Honorable Chief Judge Michael P. McCuskey, provided background information regarding Defense witness and Attorney Brent A. Winters, along with recommending "an investigation of Winters' possible criminal conduct." *See Informational Notice in Case CR06-20023, D.C. Exhibit 20a, page 1, para. 1., App. 1*

On or about July 9, 2002, following the sentencing of Dwight D. Larson, the alleged "co-conspirator" and a witness for the Government against Defendant in this case, the Honorable Chief Judge Michael P. McCuskey, "inquired of AUSA Hilary W. Frooman regarding the progress of any investigation of Brent Winters." *App. 1-2*

On September 1, 2004, the Grand Jury tendered the Government a superceding indictment alleging 7 Counts including the filing of a false tax return in Count 1, Tax Evasion of the Payment of Taxes in Count 2, Tax Evasion of the assessment of taxes in Count 3, Wire Fraud in Counts 4 and 5 and Money Laundering in Counts 6 and 7 against Defendant.

During the pendency of this action, several communications have occurred between the Government and the Court under the word "sealed". Defendant is unaware of the contents therein and has preserved the record to challenge the sealing of documents as a violation of the due process clause and the right to a fair and public trial..

During the trial, a key part of the defense was that Defendant relied upon the advice from several different attorneys, including Brent A. Winters, involving the allegations against the Defendant in the indictment. This Court excused them all from having to give testimony as to what they directed the defendant to do, protecting their privilege under the Fifth Amendment over the Sixth Amendment rights the Defendant had to their testimony. At one point during the trial, the Government reminded the Court that Mr. Winters was under investigation.

Trial was held and at 1:15 pm, June 30, 2005, the Court received and announced in open Court the Jury's Verdict of Not Guilty on Count 1 and Guilty on Counts 2,3,4,5,6 and 7. On August 17, 2006, in case No. CR06-20023, the prosecutor in the action herein filed in the action therein an Informational Notice revealing several issues not known to the Defendant or his Counsel. *App. 1*

On August 19, 2006, the District Judge, Honorable Chief Judge Michael P. McCuskey recused himself in the Winters case and another Judge was reassigned.

On September 19, 2006, prior to the sentencing hearing, scheduled for September 25, 26 and 27, 2006, Petitioner filed a Motion to Recuse in the case herein. This Motion (App. 5) was accompanied by a Memorandum (App.9) according to local rules, a signed affidavit of Petitioner (App. 18) and a Certification of Counsel of Record (App.23) that the Motion and Affidavit were being made in good faith.

On the same day but after the Motion to Recuse, Petitioner filed a Motion for a New Trial with an accompanying memorandum as required by local rule.

On September 19, 2006, the District Court entered a minute order directing the Government to respond to the Motion to Recuse. There is no docket number but the docket entry is on pacer between # 190 and # 191.[1]

On September 20, 2006, Petitioner timely objected to the Court proceeding further and filed his objections with the District Court. Petitioner explained that there is no position the Government has in the Procedure set out in 28 U.S.C. § 144.

On September 21, 2006, way out of time, the Government filed objections to the Sentencing Report in this case and asked to seal certain documents, yet again.[2]

---

[1] It is hard to imagine how an Order can be docketed without a docket number before a Motion and the contents of that Order are regarding the contents of the Motion.

[2] A practice that clearly violates the right to fair and public trial and will be addressed on appeal in this case.

3

On September 21, 2006, the Court granted the Government's Motion to Seal further proceeding in this case in violation of 28 U.S.C. § 144.

It now appears that the District Court is refusing to acknowledge its responsibilities and prohibitions as set forth in the statutes governing motions for recusal. As a result, this request for mandamus/prohibition follows.

## ARGUMENT AND AUTHORITY

1. **When recusal is warranted and the Judge should proceed no further**.

The Honorable Chief Judge Michael P. McCuskey in 2000 expressed an opinion against Attorney Brent Winters that he was not a truth-worthy person and was given updates as to the Judge's request Mr. Winters be investigated by the U.S. Attorney's Office. 28 U.S.C. § 455(a) requires a judge to recuse himself when his presiding over a case would create an appearance of bias. *United States v. Troxell*, 887 F.2d 830, 833 (7th Cir. 1989) *Tezak v. U.S.*, 256 F.3d 702, 706 (7th Cir. 2001)

28 U.S.C. § 144 allows a party to file "a motion to disqualify a judge ....if a party files a timely and sufficient affidavit that the judge has a personal bias or prejudice against a party. *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985). The factual statements of the affidavit must support an assertion of actual bias. Id.

Credit is to be given to only those facts which are "sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *United States v. Boyd*, 208 F.3d 638, 647 (7th Cir. 2000). The factual averments must be stated with particularity and must be definite as to times, places, persons, and circumstances. *Balistrieri,* 779 F.2d at 1199. The court must assume the truth of the factual assertions. Id.

Recusal is appropriate when the "judge was involved in the investigation of activities at issue in the trial", see *U.S. v. Boyd*, 208 F.3d 638, 646 (7th Cir. 2000), and

where direct evidence "shows that he had personal, extrajudicial knowledge of those activities." Id. In *Boyd*, the 7th Circuit stated that had "Judge Zagel learned of this connection from the 1986 investigation of SMS, Robinson would be entitled to a new trial before a different judge." Id.

In the instant matter, the record clearly indicates that Chief Judge Michael P. McCuskey not only was involved in the investigation of attorney/witness Brent A Winters as far back as 2002, but he was the reason the investigation began in the first place sometime after July 2000. *App. @ 1*

In order to justify recusal, an affidavit must come forth certifying facts in support for a Motion to Recuse. The only facts in such an affidavit that must be credited, are those that are "sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993); see also *United States v. Balistrieri*, supra, 779 F.2d at 1199; *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990); *13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure* § 3551, pp. 634-37 (2d ed. 1984).

The affidavit of Denny Patridge was filed and is attached herein and sets forth facts that are definite and particular regarding the Honorable Chief Judge Michael P. McCuskey's personal bias against Brent A. Winters and as well the Defendant's defense in this case. *App. 18*

The affidavit sets forth that Judge McCuskey issued a personal complaint with the former U.S. Attorney, Jan Paul Miller, directing a criminal investigation should begin because the Judge thought Mr. Winters did not testify truthfully during a hearing Judge McCuskey presided over. *Patridge Affidavit, App. 18*

Judge McCuskey should have recused himself under 28 U.S.C. § 455(a). 455(b) provides that Judge McCuskey shall disqualify himself where (1) he has a bias or personal

knowledge of disputed evidentiary facts concerning the proceeding; (2) if the judge is a material witness; and (3) expressed an opinion concering the merits of the particular case in controversy.

28 U.S.C. § 455(b)(3) is applicable if as Judge, Judge McCuskey "express[ed] an opinion about it" [the case]. Id. (Emphasis added). "There is a pregnant difference in wording between the participation and expression-of-opinion clauses of 455(b)(3). The former refers to participation in "the proceeding," the latter to expressing an opinion on the merits of "the particular case in controversy," and we have held that the use of the word "particular" narrows the clause to the situation in which the judge expressed his opinion in "the present case, not a related former case." *Russell v. Lane*, 890 F.2d 947, 948 (7th Cir. 1989); cf. *Rice v. McKenzie*, 581 F.2d 1114, 1116 (4th Cir. 1978). Because in *Boyd*, Judge Zagel said nothing at the press conference that could reasonably be construed as an expression of opinion on the merits of the case that he presided over, the 7th Circuit chose "not [to] pursue this novel and interesting interpretive question." Id.

In this case, not only had Judge McCuskey expressed his opinion in writing in an order involving case No. 00-U-13,14 and 15, regarding Brent Winters' appearance of not testifying truthfully, he went beyond that and expressed an opinion as to what needed to be done by the U.S. Attorney regarding Mr. Winters. *App. 1*. Defendant needed Mr. Winters to testify in aid of his Defense and there was nothing presented on the record by either the Government, Court or Mr. Winters, that demonstrated why Defendant should not have been allowed to present that direct evidence to the jury for its consideration of what Mr. Winters directed Defendant to do.

Mr. Winters was eventually indicted which gave rise to the revelation at issue in Defendant's request for a New Trial, but none of the charges contained in the original indictment at any time connect in any way to the Defendant in this action to his charges.

The cases interpreting the participation clause do not require a formal identity

6

between the proceeding in which the government employee, who is now a judge, participated or expressed an opinion; it is enough if they overlap significantly. See, e.g., *United States v. Outler*, 659 F.2d 1306, 1312-13 (5th Cir. 1981); *Jenkins v. Bordenkircher*, 611 F.2d 162, 166 (6th Cir. 1979); *Mixon v. United States*, 608 F.2d 588, 591-92 (5th Cir. 1979). There was an overlap here, in the part of the Winters' investigation that linked Winters to Judge McCuskey. The requisite "participation" is that it must be personal. E.g., *Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995); *Kendrick v. Carlson*, 995 F.2d 1440, 1444 (8th Cir. 1993); *United States v. Di Pasquale*, 864 F.2d 271, 279 (3d Cir. 1988).

There were many issues stemming from the indictment that involved Mr. Winters. It was Mr. Winters that advised Defendant to do many of the actions he took in which the Government addressed as criminal acts. Good faith is the key Defense in this case as well as whether the Defendant was aware of the specific provisions the government alleged he violated in the indictment.

The Court had expressed an opinion unknown to the Defendant or his Counsel that a key witness in the Defense was not truthful and appeared to deserve to be criminally investigated. The Court apparently believed that such an opinion and participation was sufficient to force the Court, Judge McCusky, to recuse himself from the Winters' prosecution, but only after those facts were revealed to the public. Defendant herein is entitled to the same result, recusal of this Honorable Court.

28 U.S.C. § 144 specifically states that "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." In *Boyd*, the 7th Circuit stated that had "Judge Zagel learned of this connection from the 1986 investigation of SMS, Robinson would be entitled to a **_new trial before a different judge._**" Id.

7

If the Court finds the Motion, Memorandum, Affidavit and Certification "to be legally sufficient, the District Judge should, in accordance with 28 U.S.C. § 144, 'proceed no further' herein." See *Green v. Murphy*, 3 Cir., 259 F.2d 591, 593, cf. dissent at 596 (1958) ; see also *Laughlin v. U.S.*, 344 F.2d 187, 194 (D.C. Cir. 1965)

"The law is clear that [the judge] must determine whether the affidavit is sufficient, if true, to require that he recuse himself. Only if he finds it thus sufficient is he required to have another judge hear the motion." *United States v. Olander*, 584 F.2d 876, 883 (9th Cir. 1978), vacated and remanded on other grounds sub nom., *Harrington v. United States*, 443 U.S. 914, 99 S.Ct. 3104, 61 L.Ed.2d 878 (1979); *United States. v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978), cert. denied, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979). See also *Arizona Past and Future Foundation v. Lewis*, 722 F.2d 1423, 1430 (9th Cir. 1983)

There can be no question the affidavit is true. It is based upon the same revelations made by the Assistant U.S. Attorney Hilary Frooman in the Winters case that this Court instigated the criminal investigation of Brent Winters and further stated he was not truth-worthy. This Court recused itself in the Winters case and now should recuse in this case.

**2.    The Honorable Chief Judge United States District Court, Michael P. McCuskey, should be ordered to proceed no further and another Judge should be assigned at once.**

The Supreme Court, in *Berger v. United States*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921), construed a predecessor statute to section 144 to mean that, although the challenged judge may not pass upon the truth of the facts alleged in the affidavit, he may decide whether the affidavit meets the procedural requirements of the statute and whether the facts alleged give fair support to the charge of bias and prejudice. By retaining the basic provisions of this earlier statute in the present § 144, Congress apparently acquiesced in the procedure whereby a challenged judge may initially pass upon the legal sufficiency

8

of the affidavit. See, Note, Disqualification of Judges, 79 Harv.L.Rev. 1435, 1438-1439 (1966); Schwartz, Disqualification for Bias in the Federal District Courts, 11 U.Pitt.L.Rev. 415, 423 (1950). See also *Pfiezer Inc.. v. Lord*, 456 F.2d 532 (8th Cir. 1972)

Section 144 motions are timely if they are filed "at the earliest moment after [the movant acquires] knowledge of the facts demonstrating the basis for such disqualification." *United States v. Patrick*, 542 F.2d 381, 390 (7th Cir. 1976). Defendant has timely acted in this instance.

As to the sufficiency of the affidavit "[t]he law is clear that in passing on the legal sufficiency of the affidavit, the judge must assume that the factual averments it contains are true, even if he knows them to be false." E.g., *United States v. Jeffers*, 532 F.2d 1101, 1112 (7th Cir. 1976), aff'd in part and vacated in part, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). An affidavit is sufficient if it avers facts that, if true, would convince a reasonable person that bias exists. *United States v. Baskes*, 687 F.2d 165, 170 (7th Cir. 1981) (per curiam). The factual averments must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment. *Berger v. United States*, 255 U.S. 22, 33-34, 41 S.Ct. 230, 233, 65 L.Ed. 481 (1921). They must be stated with particularity, Id. [559 F.2d] at 131, and must be definite as to times, places, persons, and circumstances. Id. at 134. The factual averments must show that the bias is personal rather than judicial, *United States v. Patrick*, 542 F.2d 381, 390 (7th Cir. 1976), cert. denied, 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977), and that it stems from an extrajudicial source-some source other than what the judge has learned through participation in the case. *United States v. Grinnell Corp*., 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966)." See *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985) (footnote omitted). Moreover, the affidavit must "be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144.

Prior to 1974, § 455 required disqualification of any judge who was so connected

9

with a party that it was improper, "in his opinion," for him to preside at the trial. The test for disqualification under the former § 455 was subjective: disqualification was obligatory only when a judge, in examining his own conscience, found bias unavoidable. In close cases, moreover, the judge had a "duty to sit" in spite of his predilections.

  To promote public confidence in the impartiality of the federal judicial system, the Congress in 1974 shifted the focus of § 455. "Any . . . judge," § 455(a) now provides, "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  No longer is a judge's introspective estimate of his own ability impartially to hear a case the determinate of disqualification under § 455. The standard now is objective. It asks what a reasonable person knowing all the relevant facts would think about the impartiality of the judge."  [I]f there is a reasonable factual basis for doubting the judge's impartiality," the congressional committee reports on the 1974 amendment to § 455 explain, the judge "should disqualify himself and let another judge preside over the case." Even where the question is close, the judge whose impartiality might reasonably be questioned must recuse himself from the trial. See *Roberts v. Bailar*, 625 F.2d 125 (6th Cir. 1980)

  Under § 144, a motion to recuse must be filed promptly after the facts forming the basis of the disqualification become known. *Davis v. Cities Service Oil Company*, 420 F.2d 1278 (10th Cir. 1970). The motion must be accompanied by an affidavit stating, in non-conclusory terms, the facts establishing the alleged personal prejudice, stemming from an extra-judicial source and resulting in an opinion on the merits other than that which the judge has learned through his participation in the case. *United States v. Grinnell Corporation*, 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); *United States v. Ritter*, 540 F.2d 459 (10th Cir. 1976), cert. denied, 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976). The challenged judge determines the sufficiency of the affidavit ***but does not weigh or test the truth of the allegations***. *United States v. Ritter*, supra.  If the facts "give

10

fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment" [*Berger v. United States*, supra, 255 U.S. 33-34, 41 S.Ct. 233] **_the judge must recuse_** even though the statements may not accurately reflect the judge's state of mind. *Bell v. Chandler*, 569 F.2d 556 (10th Cir. 1978).

The District Court is obviously refusing to "proceed no further" qualifying its action to be subject to this Court's mandamus power.  In extraordinary circumstances, mandamus may be an appropriate remedy where the petitioner can show "irreparable harm . . . and a clear right to the relief sought." In re Sandahl, 980 F.2d 1118, 1119 (7th Cir. 1992); *U.S. Ex rel. Chandler v. Cook County*, 277 F.3d 969 (7th Cir. 2002)

 The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," 28 U.S.C. § 1651(a); *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999), *In Re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001).   This Circuit requires parties to petition for a writ of mandamus in order to preserve recusal challenges, we are not alone in requiring a party to raise recusal issues at the trial level.  *U.S. v. Ruzzano,* 247 F.3d 688, 694 (7th Cir. 2001)

## CONCLUSION

Petitioner requests this Court issue an Order mandating the United States District Court, Honorable Chief Judge Michael P. McCuskey, proceed no further in the case pending before the District Court, and further order the random assignment of a new Judge to proceed further with the Motion for Recusal, and Motion for New Trial and subsequent New Trial that is clearly warranted.

                                                       Respectfully Submitted

    Denny Patridge

  By: <u>/s/ Jerold Barringer</u>
     Jerold Barringer
     Attorney at Law
     102 S. Pine St., P.O. Box 213
     Nokomis IL 62075
     phone/fax217-563-2646
     Attorney for Appellant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of this Petition for Writ of Mandamus/Prohibition has been served on September 23, 2006 Electronically through the District Court's ECF system to:

Hilary W. Frooman
U.S. Assistant Attorney
201 South Vine
Urbana, Illinois 61801
217-373-5875

United States District Court
Chief Judge Michael P. McCuskey
United States Courthouse
Urbana, Illinois

/s/ Jerold Barringer
Jerold Barringer
Attorney at Law
P.O. Box 213
Nokomis Illinois 62075
217-563-2646
IL Bar # 06185092