UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　Plaintiff, )<br>　vs. )<br> )<br>DENNY PATRIDGE, )<br>　　　Defendant. ) | Case No. CR 04-20031 |

### GOVERNMENT RESPONSE TO DEFENDANT'S
### MOTION FOR NEW TRIAL

Now comes the UNITED STATES OF AMERICA, by and through its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Assistant United States Attorney, Hilary W. Frooman, and states as follows:

1. The government has reviewed the defendant's memorandum in support of his motion for a new trial. The defendant argues that he is entitled to a new trial because the Court had some prejudice against Brent Winters, one of the defendant's listed witnesses. The motion should be denied; the defendant fails to support his motion with facts or evidence of the Court's prejudice.

2. The defendant was convicted June 30, 2005; the defendant was tried by Judge Michael P. McCuskey and after more than a year, he is only now arguing that the judge harbored some prejudice against the defense case. The defendant fails to provide examples or evidence of such prejudice. The defendant fails to name the motions, the rulings, or comments the Court may have made that would establish the prejudice that he defendant alleges. The defendant has had more than a year to establish which rulings show prejudice and the defendant provides none. Throughout the entire trial,

ever did the defendant object to the Court's rulings as being somehow "against" the defendant in some manner which demonstrated prejudice.

    3. Neither the Court nor the government prevented Brent Winters from testifying at the defendant's trial. Every citizen has the right to assert his Fifth Amendment privilege. Winters did so. Neither the Court nor the government could have prevented the witness's relying on the Fifth Amendment.

    4. The defendant also suggests that the underhanded investigation of Brent Winters somehow misled the defendant into relying on Winters to the defendant's detriment. The defendant asserts that some prejudice of the Court against Winters had denied the defendant a fair trial. Brent Winters did not represent the defendant in any hearing before this Court. No matter what the Court's opinion of Winters, whether good or bad, that opinion is utterly irrelevant to the defendant's trial and sentence. That the defendant consorted with others who decided that, for their own protection, they would rely on the Fifth Amendment is a fact that the defendant must accept as his lot for associating with those with whom he established his interests.

    5. By allowing the witnesses to assert their rights outside the presence of the jury, the Court prevented the defendant the possible prejudice that would result to the defense, should several witnesses all state that they might incriminate themselves should they testify.

    6. The defendant makes much of the Court's supposed prejudice against Brent Winters, the defendant's former attorney. The defendant fails to recall that in October 2002, the government informed him that Brent Winters was considered a possible subject of investigation due to his association with Aegis. The defendant at that time was given a chance to obtain other counsel should he wish.

7. The event was a Rule to Show Cause hearing on October 11, 2002. A hearing was not held on that date, but the government informed both Brent Winters and the Defendant as follows:[1]

> And we had also informed Mr. Winters, and I should just make a record of it now, that we believe that Mr. Winters is a possible subject in this matter, given the fact that he had represented a company known as Aegis, A-E-G-I-S, and his client, Mr. Patridge, had also sold trusts on behalf of the same company, Aegis. Aegis is a target of a criminal investigation. However, in the Grand Jury stages Mr. Patridge wishes to rely on Mr. Winters as his attorney, and he was advised that its up to Mr. Patridge, as long as he understands what the situation is.

RTSC, 10/11/2002.

8. The further information about Winters's possible involvement in the Aegis investigation was brought to the defendant's attention. At the time, the defendant had not provided grand jury documents subpoenaed; neither had there been a Rule to Show Cause hearing and the defendant had not made any statements under oath in a Rule To Show Cause hearing.

WHEREFORE, the government moves that the defendant's Motion for New Trial be denied.

Respectfully submitted,

RODGER A. HEATON
United States Attorney

BY:   s/ Hilary W. Frooman
HILARY. W. FROOMAN, Bar No. IL 6180241
Assistant United States Attorney
United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
FAX: 217-373-5891
hilary.frooman@usdoj.gov

---

[1]The government does not request this excerpt of a RTSC hearing be sealed, as the quotation reveals nothing about any proceeding before a grand jury.

CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Mr. Jerold W. Barringer
>Attorney at Law
>P.O. Box 213
>Nokomis, IL 62075

>s/ Hilary W. Frooman
>HILARY W. FROOMAN Bar No. IL 6180241
>Assistant United States Attorney
>United States Attorney
>201 S. Vine, Suite 226
>Urbana, Illinois 61802
>217/373-5875
>FAX: 217/373-5891
>hilary.frooman@usdoj.gov