UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DENNY R. PATRIDGE, )<br>)<br>Defendant. ) | Case No. 04-CR-20031 |

## OPINION

On June 30, 2005, following a jury trial, Defendant, Denny R. Patridge, was found guilty of two counts of tax evasion, two counts of wire fraud and two counts of money laundering. Defendant was found not guilty of one count of filing a false tax return. This court entered a judgment of conviction as to Counts 2-7 and scheduled a sentencing hearing on November 21, 2005. The sentencing has been continued on numerous occasions and is now scheduled to commence on September 25, 2006, at 9:30 a.m.

Defendant filed several motions related to the sentencing hearing and the underlying convictions on August 18, 2006, August 30, 2006, and September 5, 2006. One of the issues raised in Defendant's Memorandum in Support of Motion to Dismiss Superseding Indictment (#182) was that his Sixth Amendment right to confront and present witnesses in his own behalf was violated when various defense witnesses, including Brent Winters, invoked their Fifth Amendment rights and did not testify at Defendant's trial. As far as Brent Winters, Defendant attached a copy of an Informational Notice filed by the Government on August 17, 2006, in Case No. 06-CR-20023, United States v. Kenton W. Tylman, Brent A. Winters, and Debra J. Hills. Defendant contended that, based upon the Informational Notice, this court provided information which led to the

investigation of Brent Winters, and, thus argued that it was "reasonable to conclude Defendant was denied the right to Mr. Winters' testimony solely because of this Court's complaint against Mr. Winters."

A hearing was held on Defendant's motions on September 6, 2006. Following the hearing, this court entered an Order (#190) which denied all of the motions. This court concluded that Defendant had not shown any basis for dismissing the indictment against him at this late date, following conviction and just prior to sentencing. This court stated that any errors Defendant perceived in the way the trial was handled or any perceived insufficiency of evidence may be raised on appeal to the Seventh Circuit Court of Appeals. As far as Brent Winters' failure to testify in this case, this court stated that its recollection was that it allowed Mr. Winters to assert his Fifth Amendment privilege against self-incrimination. This court noted that the Seventh Circuit has stated that "[m]any cases hold that the sixth amendment does not entitle a defendant to testimony that the witness has a fifth amendment privilege not to give." Liegakos v. Cooke, 106 F.3d 1381, 1387 (7th Cir. 1997). Accordingly, when a potential witness indicates that he will likely invoke his privilege against self-incrimination, the district court should ensure that the witness cannot possibly incriminate himself. United States v. Mabrook, 301 F.3d 503, 506 (7th Cir. 2002). If a witness's testimony may make him vulnerable to prosecution, the trial court may allow him to invoke his privilege and refuse to testify. Mabrook, 301 F.3d at 506. In addition, a defendant is not allowed to call a witness for the purpose of having the witness assert his Fifth Amendment privilege. Mabrook, 301 F.3d at 507. Therefore, this court stated that it believed that its ruling regarding Mr. Winters was consistent with the applicable case law and perfectly proper.

This court also found that Defendant had not shown any legitimate basis for continuing the

sentencing hearing in this case. Defendant had not shown that pending civil litigation had any bearing on the tax loss calculation that this court must determine at sentencing. This court stated that this was especially true since the tax court had ruled against Defendant. This court further stated that the underlying documents relied upon by the Probation Office in making its recommended tax loss calculations had been made available to Defendant. Following the entry of this court's Order, the sentencing hearing remained scheduled before this court on September 25, 2006, September 26, 2006, and, if necessary, the morning of September 27, 2006.

On September 19, 2006, less than one week prior to the scheduled sentencing hearing, Defendant filed a Motion for Recusal (#191), a Memorandum in Support (#192) and a Certificate of Counsel (#193). Defendant also filed a Motion for New Trial Regarding Issue of Recusal (#194) and a Memorandum in Support (#195). In his Motions, Defendant argued that, based upon the Government's Informational Notice filed in Case No. 06-CR-20023, and this court's recusal in that case, this court was required to recuse itself in Defendant's case based upon 28 U.S.C. §§ 144 and 455(b). Defendant attached his affidavit, dated September 19, 2006, which relied upon the information included in the Government's Informational Notice. Defendant stated in his affidavit that this court was both the reason Mr. Winters was being investigated as well as the reason he was not allowed to testify at Defendant's trial. Defendant stated, "I would have asked for recusal had I known Chief Judge Michael P. McCuskey sat in this capacity, which I believe demonstrates bias and prejudice against me and my witnesses." Defendant also argued that he is entitled to a new trial.

On September 19, 2006, this court entered a text order and directed the Government to respond to Defendant's Motions by September 21, 2006. On September 20, 2006, Defendant filed

an Objection to Text Order (#196). In his Objection, Defendant argued that, because he has complied with 28 U.S.C. § 144, this court must recuse itself and take no further action in this case. Defendant therefore argued that it was error for this court to direct the Government to respond to his Motion for Recusal. In fact, the Government has not filed a Response to Defendant's Motions. However, this court does not agree with Defendant that he has complied with 28 U.S.C. § 144 and also does not agree that recusal is required in this case.

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a <u>timely and sufficient</u> affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144 (emphasis added). The Seventh Circuit has stated that the requirements of this statute are to be strictly construed to prevent abuse. <u>United States v. Sykes</u>, 7 F.3d 1331, 1339 (7th Cir. 1993). Under the terms of the statute, a judge is allowed to pass on the timeliness and

sufficiency of the affidavit filed, accepting the factual averments as true. United States v. Balistrieri, 779 F.2d 1191, 1200 (7th Cir. 1985). A judge is presumed to be impartial and a party seeking recusal bears a heavy burden. Balistrieri, 779 F.2d at 1199.

"A section 144 affidavit is not timely filed unless filed 'at the earliest moment after [the movant acquires] knowledge of the facts demonstrating the basis for such disqualification.'" Sykes, 7 F.3d at 1339, quoting United States v. Patrick, 542 F.2d 381, 390 (7th Cir. 1976). In this case, Defendant is relying on facts included in the Government's Informational Notice, which was filed in the Tylman case on August 17, 2006. On August 30, 2006, Defendant attached a copy of this Informational Notice to his Memorandum in Support of Motion to Dismiss Superseding Indictment (#182), showing that he was aware of the contents of the document at least as of that date, more than three weeks ago. Defendant's Motion for Recusal, filed more than one month after the filing of the Informational Notice, and less than one week prior to the scheduled sentencing hearing, clearly was not filed at the "earliest moment" and is not timely. See Sykes, 7 F.3d at 1339.

Moreover, this court also concludes that the affidavit is not sufficient. Defendant is correct that, "in passing on the legal sufficiency of the affidavit, the judge must assume that the factual averments it contains are true, even if he knows them to be false." Balistrieri, 779 F.2d at 1199. However, the "only facts in such an affidavit that must be credited . . . are those that are 'sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient.'" United States v. Boyd, 208 F.3d 638, 647 (7th Cir. 2000), vacated on other grounds in Boyd v. United States, 531 U.S. 1135 (2001), quoting Sykes, 7 F.3d at 1339. The factual averments "must show that the bias is personal." Balistrieri, 779 F.2d at 1199. "The negative bias or prejudice from which the law of recusal protects a party must be grounded in some

personal animus or malice that the judge harbors against him, of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." Balistrieri, 779 F.2d at 1201. Therefore, "[s]atisfactory evidence of bias or prejudice must show this element of personal animus or malice." Balistrieri, 779 F.2d at 1201. "[W]here the judge forms opinions in the courtroom, either in the current or a prior proceeding, such opinions 'do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" In re Huntington Commons Assocs., 21 F.3d 157, 158 (7th Cir. 1994), quoting Liteky v. United States, 510 U.S. 540, 555 (1994).

In this case, Defendant's affidavit does not include any factual assertions which show that this court has any personal bias or prejudice against Defendant. Defendant's affidavit is not "even remotely sufficient evidence of the required deep-seated and unequivocal antagonism that would render fair judgment impossible." See Huntington Commons, 21 F.3d at 159. Accordingly, Defendant's affidavit is not "sufficient" and recusal is not required under 28 U.S.C. § 144.

This court further concludes that Defendant has not raised any basis for recusal under 28 U.S.C. § 455(b). See Balistrieri, 779 F.2d at 1202 (appropriate standard of proof is the same for § 455 and § 144); United States v. Marino, 1999 WL 39008, at *6 (N.D. Ill. 1999) (standard of "personal bias or prejudice" bears the same meaning under both 28 U.S.C. §§ 144 and 455). This court fully set out its reasons for recusal at the hearing held in the Tylman case on August 23, 2006. A transcript of that hearing will be filed as part of the record in this case. The statements made at the Tylman hearing show that there is no basis for concluding that this court has any personal bias or prejudice against Defendant and also show there is no basis for concluding that this court has any reason at all for recusal in this case.

IT IS THEREFORE ORDERED THAT:

(1) The clerk is directed to file the transcript from the August 23, 2006, proceeding in Case No. 06-CR-20023, <u>United States v. Tylman et al.</u>, as part of the record in this case.

(2) Defendant's Motion for Recusal (#191) is DENIED.

(3) Because there is no basis for recusal in this case, there is also no basis for granting Defendant's request for a new trial. Accordingly, Defendant's Motion for New Trial (#194) is DENIED.

(4) This case will proceed to sentencing on September 25, 2006, at 9:30 a.m. as previously ordered.

ENTERED this 25th day of September, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE