UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| v.  ) | Case No. 04-CR-20031 |
| ) | |
| DENNY R. PATRIDGE,  ) | |
| ) | |
| Defendant.  ) | |

## OPINION

This court has been ordered to provide an explanation for its decision to deny the application for release pending appeal filed by Defendant, Denny R. Patridge. In order to comply with the order of the Seventh Circuit Court of Appeals, this court sets out the following procedural history of this case and the reasons for its ruling.

PROCEDURAL HISTORY

On June 2, 2004, Defendant was charged in a 20-page indictment with one count of filing a false tax return, two counts of tax evasion, two counts of wire fraud and two counts of money laundering. On July 1, 2004, Defendant appeared and was released on bond pending trial. On September 1, 2004, a 22-page superseding indictment (#18) was filed against Defendant, again charging him with one count of filing a false tax return, two counts of tax evasion, two counts of wire fraud and two counts of money laundering.

During the time between indictment and trial, which was more than one year, Defendant filed numerous lengthy motions attacking the sufficiency of the indictment and the superseding indictment. Some of the motions included personal attacks against the assistant United States Attorney responsible for prosecuting the case. This court carefully considered the arguments raised,

and the Government's responses, and found Defendant's attacks completely without merit. In doing so, this court entered lengthy orders setting out its reasons for denying the motions (#17, #36, #51, #84).

On June 30, 2005, following a jury trial, Defendant was found guilty of two counts of tax evasion, two counts of wire fraud and two counts of money laundering. Defendant was found not guilty of one count of filing a false tax return. This court entered a judgment of conviction as to Counts 2-7 and scheduled a sentencing hearing on November 21, 2005.

On July 12, 2005, Defendant filed a "Motion for Order of Dismissal of Indictment in Counts 2, 3, 4, 5, 6, and 7 Pursuant to 26 U.S.C. § 7201 for Violating Constitution, and in the Alternative, Motion for Judgment of Acquittal, and in the Alternative, to set aside the Verdict as to Counts 2, 3, 4, 5, 6, and 7 for Insufficient Evidence, and in the Alternative, Motion for Order of New Trial, and Finally, for Order Dismissal of Indictment and Verdict Upon Rule of Lenity Grounds" (#154). In support of his Motion, Defendant filed a 48-page Memorandum (#155).

On July 22, 2005, this court entered an Order (#156) denying Defendant's Motion. This court first noted that the Memorandum filed by Defendant included lengthy, rambling arguments. Many of these arguments were the same as, or at least very similar to, arguments already raised by Defendant and rejected by this court in ruling on Defendant's numerous pre-trial motions to dismiss. This court further noted that Defendant spent many pages of the Memorandum discussing the question the jury had during its deliberations and this court's response to the question. This court noted that Defendant did not object when the court informed him of the answer it intended to give to the jury, which included definitions from Black's Law Dictionary, Seventh Edition. In addition, Defendant did not propose any alternate response. Therefore, to the extent that Defendant was

2

arguing that this court erred in its response to the jury's question (which was difficult to discern from the rambling, stream-of-consciousness argument presented), that argument was clearly waived. As far as Defendant's remaining arguments, this court concluded: (1) that the Superseding Indictment in this case was sufficient and did not violate the Constitution; (2) the evidence presented at trial was clearly sufficient to support the jury's determination that Defendant is guilty of Counts 2, 3, 4, 5, 6, and 7 of the Superseding Indictment; (3) the jury was properly instructed in this case and there was no basis for a new trial; and (4) the "rule of lenity" had no application in this case.

The sentencing hearing originally set for November 21, 2005 was continued on numerous occasions and was eventually scheduled to commence on September 25, 2006, at 9:30 a.m. Defendant filed several motions related to the sentencing hearing and the underlying convictions on August 18, 2006, August 30, 2006, and September 5, 2006. One of the issues raised in Defendant's Memorandum in Support of Motion to Dismiss Superseding Indictment (#182) was that his Sixth Amendment right to confront and present witnesses in his own behalf was violated when various defense witnesses, including Brent Winters, invoked their Fifth Amendment rights and did not testify at Defendant's trial. As far as Brent Winters, Defendant attached a copy of an Informational Notice filed by the Government on August 17, 2006, in Case No. 06-CR-20023, <u>United States v. Kenton W. Tylman, Brent A. Winters, and Debra J. Hills</u>. Defendant contended that, based upon the Informational Notice, this court provided information which led to the investigation of Brent Winters. Defendant thus argued that it was "reasonable to conclude Defendant was denied the right to Mr. Winters' testimony solely because of this Court's complaint against Mr. Winters."

A hearing was held on Defendant's motions on September 6, 2006. Following the hearing, this court entered an Order (#190) which denied all of the motions. This court concluded that

3

Defendant had not shown any basis for dismissing the indictment against him at such a late date, following conviction and just prior to sentencing. This court stated that any errors Defendant perceived in the way the trial was handled or any perceived insufficiency of evidence may be raised on appeal to the Seventh Circuit Court of Appeals. As far as Brent Winters' failure to testify in this case, this court stated that its recollection was that it allowed Mr. Winters to assert his Fifth Amendment privilege against self-incrimination. This court noted that the Seventh Circuit has stated that "[m]any cases hold that the sixth amendment does not entitle a defendant to testimony that the witness has a fifth amendment privilege not to give." Liegakos v. Cooke, 106 F.3d 1381, 1387 (7th Cir. 1997). Accordingly, when a potential witness indicates that he will likely invoke his privilege against self-incrimination, the district court should ensure that the witness cannot possibly incriminate himself. United States v. Mabrook, 301 F.3d 503, 506 (7th Cir. 2002). If a witness's testimony may make him vulnerable to prosecution, the trial court may allow him to invoke his privilege and refuse to testify. Mabrook, 301 F.3d at 506. In addition, a defendant is not allowed to call a witness for the purpose of having the witness assert his Fifth Amendment privilege. Mabrook, 301 F.3d at 507. Therefore, this court stated that it believed that its ruling regarding Mr. Winters was consistent with the applicable case law and perfectly proper.

This court also found that Defendant had not shown any legitimate basis for continuing the sentencing hearing in this case. Defendant had not shown that pending civil litigation had any bearing on the tax loss calculation that this court must determine at sentencing. This court stated that this was especially true since the tax court had ruled against Defendant. This court further stated that the underlying documents relied upon by the Probation Office in making its recommended tax loss calculations had been made available to Defendant. Following the entry of

this court's Order, the sentencing hearing remained scheduled before this court on September 25, 2006, September 26, 2006, and, if necessary, the morning of September 27, 2006.

On September 19, 2006, less than one week prior to the scheduled sentencing hearing, Defendant filed a Motion for Recusal (#191), a Memorandum in Support (#192) and a Certificate of Counsel (#193). Defendant also filed a Motion for New Trial Regarding Issue of Recusal (#194) and a Memorandum in Support (#195). In his Motions, Defendant argued that, based upon the Government's Informational Notice filed in Case No. 06-CR-20023, and this court's recusal in that case, this court was required to recuse itself in Defendant's case based upon 28 U.S.C. § 144. Defendant attached his affidavit, dated September 19, 2006, which relied upon the information included in the Government's Informational Notice. Defendant stated in his affidavit that this court was both the reason Mr. Winters was being investigated as well as the reason he was not allowed to testify at Defendant's trial. Defendant stated, "I would have asked for recusal had I known Chief Judge Michael P. McCuskey sat in this capacity, which I believe demonstrates bias and prejudice against me and my witnesses." Defendant also argued that he is entitled to a new trial.

On September 19, 2006, this court entered a text order and directed the Government to respond to Defendant's Motions by September 21, 2006. On September 20, 2006, Defendant filed an Objection to Text Order (#196). In his Objection, Defendant argued that, because he had complied with 28 U.S.C. § 144, this court was required to recuse itself and take no further action in this case. On Saturday, September 23, 2006, Defendant filed a Notice of Filing Petition for Writ of Mandamus with the Seventh Circuit Court of Appeals (#201). Defendant attached a copy of the Petition he filed seeking an order from the Seventh Circuit ordering this court to proceed no further and assigning another district court judge to this case.

On September 25, 2006, this court entered an Opinion (#203). This court concluded that Defendant had not complied with 28 U.S.C. § 144 and also concluded that recusal was not required in this case. This court concluded that Defendant's Motion for Recusal, filed more than one month after the filing of the Informational Notice, and less than one week prior to the scheduled sentencing hearing, clearly was not filed at the "earliest moment" and was not timely. Moreover, this court also concluded that the affidavit was not sufficient, noting that Defendant's affidavit did not include any factual assertions which show that this court has any personal bias or prejudice against Defendant. This court concluded that Defendant's affidavit was not "even remotely sufficient evidence of the required deep-seated and unequivocal antagonism that would render fair judgment impossible," citing In re Huntington Commons, 21 F.3d 157, 159 (7th Cir. 1994). Accordingly, this court concluded that Defendant's affidavit was not "sufficient" and recusal was not required under 28 U.S.C. § 144.

This court further concluded that Defendant did not raise any basis for recusal under 28 U.S.C. § 455(b). This court noted that it fully set out its reasons for recusal at the hearing held in the Tylman case on August 23, 2006. This court directed the clerk to file a transcript of that hearing as part of the record in this case. This court stated that the statements made at the Tylman hearing show that there is no basis for concluding that this court has any personal bias or prejudice against Defendant and also show there is no basis for concluding that this court has any reason at all for recusal in this case.

Defendant's sentencing hearing therefore proceeded as scheduled on September 25, 2006. At the hearing, this court heard lengthy arguments on Defendant's numerous objections to the presentence report and the Government presented evidence regarding the objections. This court

found that none of the objections had merit, and Defendant was sentenced to a term of 60 months in the Federal Bureau of Prisons. More than one year had passed between the jury's June 30, 2005 verdict finding Defendant guilty on Counts 2 through 7 of the superseding indictment and Defendant's September 25, 2006 sentencing hearing. Defendant therefore had more than adequate time to resolve matters and have his affairs in order prior to reporting to the Federal Bureau of Prisons. This court nevertheless allowed Defendant additional time and ordered him to self report to the Federal Bureau of Prisons by 2:00 p.m. on December 1, 2006. On October 2, 2006, Defendant filed a Notice of Appeal (#214). On October 5, 2006, the Seventh Circuit Court of Appeals entered an Order denying Defendant's Petition for a Writ of Mandamus.

On November 13, 2006, Defendant filed a Motion for Bond and to Stay Execution of Sentence and Final Judgment Pending Appeal (#220) and a 70-page Memorandum in Support (#221). This court denied the Motion by text order on November 14, 2006. On November 28, 2006, Chief Judge Frank H. Easterbrook of the Seventh Circuit Court of Appeals entered an Order directing this court to provide an explanation for its decision to deny the application for release pending appeal.

## REASONS FOR RULING

In his Motion (#220), Defendant requested that he be allowed to remain released pending the outcome of his appeal because he is not likely to flee the jurisdiction of this court, has cooperated fully with pretrial release services, does not raise a danger to any person or the community, is not appealing to the Seventh Circuit Court of Appeals for the purpose of delay, and because the appeal raises substantial questions that are likely to result in reversal, dismissal, and/or an order for a new trial. Defendant then set out the issues to be raised on appeal. In his

Memorandum (#221), Defendant set out lengthy argument regarding each of these issues.

The Bail Reform Act of 1984, 18 U.S.C. § 3143(b), governs the issue of release pending appeal by a defendant. The statute provides that a court may allow a convicted defendant to remain free on bond pending appeal if: (1) the defendant is not likely to flee or pose a danger to the community; (2) the appeal is not for the purpose of delay; and (3) the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of time already served plus the expedited duration of the appeal process. 18 U.S.C. § 3143(b)(1); see also United States v. Ashman, 964 F.2d 596, 598 (7th Cir. 1992).

In this case, the first two inquiries - likelihood of flight and danger to the community - are not at issue. Also, this court concludes that the appeal has not been filed for the purpose of delay. Thus, this court's determination is solely based upon whether Defendant has raised a substantial question of law or fact likely to result in reversal, an order for a new trial, or a reduced sentence. See Ashman, 964 F.2d at 599.

A literal reading of § 3143(b) might suggest that a district court should not grant bail pending appeal unless the court believes that the conviction would be reversed. See United States v. Warner, 2006 WL 2931903, at *1 (N.D. Ill. 2006). However, the Seventh Circuit has not adopted such an interpretation. See United States v. Shoffner, 791 F.2d 586, 588 (7th Cir. 1986); Warner, 2006 WL 2931903, at *1. Instead, the court must engage in a two-step process: first, the court must determine whether the question raised by the appeal is "substantial"; second, the court must determine whether, assuming the question is decided in the defendant's favor, the Court of Appeals is likely to order reversal of the conviction or a new trial. Shoffner, 791 F.2d at 588; Warner, 2006 WL 2931903, at

8

*1. Section 3143(b)(1)(B) places the burden on the defendant to show that the appeal presents a "substantial" issue and that the substantial issue will "likely" affect the validity of the conviction. United States v. Fassnacht, 2002 WL 31101276, at *1 (N.D. Ill. 2002).

An issue is substantial if it represents "a 'close' question or one that very well could be decided the other way." Shoffner, 791 F.2d at 589. While "[t]his standard does not require the district court to predict the outcome of the appeal[,]" United States v. Hattermann, 853 F.2d 555, 557 n.6 (7th Cir. 1988), the court must find "that the appeal could readily go either way, that it is a toss-up or nearly so." United States v. Greenburg, 772 F.2d 340, 341 (7th Cir. 1985). This interpretation is based in part on the fact that Congress enacted § 3143(b) in part to reverse the presumption in favor of bail under the Bail Reform Act of 1966 and "gives recognition to the basic principle that a conviction is presumed to be correct." United States v. Bilanzich, 771 F.2d 292, 298 (7th Cir. 1985); United States v. Serpico, 2002 WL 31890058, at *2 (N.D. Ill. 2002). A substantial question may exist where the defendant's argument finds support in Seventh Circuit precedent, or where circuit courts are divided. Warner, 2006 WL 2931903, at *2.

Based upon this court's careful consideration of Defendant's Memorandum, this court concludes that the issues Defendant is raising on appeal are not "substantial." Defendant has restated many of the lengthy, rambling arguments he previously made regarding why the indictment against him should have been dismissed. In ruling on Defendant's numerous motions to dismiss, this court concluded that these arguments are completely unsupported and without merit. Defendant also argues that this court should have recused itself and that Defendant's rights were violated by the sealing of documents. This court concludes that these arguments are also completely without merit. After careful reading of Defendant's entire Memorandum, this court concludes that there is

no support for any of Defendant's arguments in Seventh Circuit precedent, nor are the circuit courts divided on any of these issues. This court concludes that none of the issues raised are close questions that very well could be decided the other way on appeal.

Because this court concludes that Defendant did not meet his burden to show that his appeal presents "substantial" issues, issues which are close questions and could be decided the other way on appeal, Defendant is not entitled to release pending appeal under 18 U.S.C. § 3143(b). See Serpico, 2002 WL 31890058, at *4.

IT IS THEREFORE ORDERED THAT this Opinion setting out a detailed explanation for this court's ruling shall be filed in this case and transmitted to the Seventh Circuit Court of Appeals pursuant to its Order entered November 28, 2006.

ENTERED this 29th day of November, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE