# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

## NOTICE OF ISSUANCE OF MANDATE

DATE:   December 6, 2007

TO:     John M. Waters
        United States District Court
        Central District of Illinois
        Suite 218
        201 S. Vine Street
        U.S. Courthouse
        Urbana, IL  61802-3369
        USA



FILED
DEC -7 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

FROM:   Clerk of the Court

RE:     06-3635
        USA v. Patridge, Denny R.
        04 CR 20031, Michael P. McCuskey, Chief Judge

        Herewith is the mandate of this court in this appeal, along
        with the Bill of Costs, if any.  A certified copy of the
        opinion/order of the court and judgment, if any, and any
        direction as to costs shall constitute the mandate.

        [ ] No record filed
        [X] Original record on appeal consisting of:
ENCLOSED:                                    TO BE RETURNED AT LATER DATE:
        [5]     Volumes of pleadings              [ ]
        [10]    Volumes of loose pleadings        [ ]
        [11]    Volumes of transcripts            [ ]
        [1]     Box of exhibits                   [ ]
        [ ]     Volumes of depositions            [ ]
        [1]     In Camera material                [ ]
        [ ]     Other_____
                _____
                Record being retained for use        [ ]
                in Appeal No. _____

        Copies of this notice sent to:      Counsel of record
        [X]     United States Marshal
        [X]     United States Probation Office
**NOTE TO COUNSEL:**
        If any physical and large documentary exhibits have been filed in
        the above-entitled cause, they are to be withdrawn ten days from the
        date of this notice.  Exhibits not withdrawn during this period will
        be disposed of.

        Please acknowledge receipt of these documents on the enclosed copy
        of this notice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
        Received above mandate and record, if any, from the Clerk, U.S.
        Court of Appeals for the Seventh Circuit.

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

**CERTIFIED COPY**

JUDGMENT - WITH ORAL ARGUMENT

Date: November 14, 2007

BEFORE:      Honorable  FRANK H. EASTERBROOK, Chief Judge

Honorable DIANE P. WOOD, Circuit Judge

Honorable TERENCE T. EVANS, Circuit Judge

No. 06-3635

UNITED STATES OF AMERICA,
             Plaintiff - Appellee
   v.

DENNY R. PATRIDGE,
             Defendant - Appellant

Appeal from the United States District Court for the
Central District of Illinois
No. 04 CR 20031, Michael P. McCuskey, Chief Judge

---

No. 06-3785

DENNY R. PATRIDGE and JUDY PATRIDGE,
             Petitioners - Appellants,

   v.
COMMISSIONER OF INTERNAL REVENUE,
             Respondent - Appellee.

Appeal from the United States Tax Court
No. 1551-06L, Peter J. Panuthos, Judge

  The judgments of the District Court and the United States Tax Court are AFFIRMED. We give Barringer 14 days to show cause why he should not be fined $10,000 for his frivolous arguments and noncompliance with the Rules, and why he should not be suspended from practice until he demonstrates an ability to litigate an appeal competently and responsibly. See Fed. R. App. P. 38, 46(b),(c).

  The above is in accordance with the decision of this court entered on this date.

(1061-110393)

CERTIFIED COPY

In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 06-3635

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

v.

DENNY R. PATRIDGE,

    *Defendant-Appellant.*

---

Appeal from the United States District Court
for the Central District of Illinois.
No. 04-20031-001—**Michael P. McCuskey**, *Chief Judge.*

---

No. 06-3785

DENNY R. PATRIDGE and JUDY PATRIDGE,

    *Petitioners-Appellants,*

v.

COMMISSIONER OF INTERNAL REVENUE,

    *Respondent-Appellee.*

---

Appeal from the United States Tax Court
No. 1551-06L—**Peter J. Panuthos**, *Judge.*

---

ARGUED SEPTEMBER 5, 2007—DECIDED NOVEMBER 14, 2007

Before EASTERBROOK, *Chief Judge*, and WOOD and EVANS, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Denny Patridge, who owned an insurance agency, decided to make life hard for the revenooers by transferring his income to an offshore trust and then pretending that he had no income. The first trust in line, located in Antigua, transferred everything to a second trust, in Belize. The second trust transferred the money to a third trust (also in Belize), which "loaned" it back to Patridge, who conveniently never paid interest or repaid any of the "debt." When applying for credit, Patridge treated the proceeds from Trust #3 as income and claimed to have no debts. Trust #1 and Trust #2 filed tax returns, each claiming to have expenses exactly equal to its income. Trust #3 never filed a tax return. Patridge himself filed returns in some years, though not in others, and claimed to have negligible income. After an audit, the IRS concluded that Patridge's income was significant and that he owed $74,279 in taxes for 1996 and $49,836 for 1997. Penalties took the total to $130,736 (plus interest) for 1996 and $88,675 (plus interest) for 1997.

Patridge refused to cooperate with the audit and did not contest the deficiency determination and assessment until learning that a criminal investigation was under way—and by then it was too late. But when the IRS tried to levy on his assets, Patridge demanded a hearing under 26 U.S.C. §6330, which allows taxpayers to contest the time and manner of payment on a tax debt. Instead of presenting arguments about how and when the debt would be paid, however, Patridge tried to dispute his liability, a subject that Congress placed off limits to avoid a collateral attack on matters already resolved. 26 U.S.C. §6330(c)(2)(B). Told that he could obtain review exclusively in the Tax Court, Patridge (represented by counsel) instead filed suit in the United States District

Nos. 06-3635 & 06-3785 3

Court for the Central District of Illinois. When, as was inevitable, that suit was dismissed for lack of jurisdiction, see *Patridge v. Internal Revenue Service*, No. 06-1155 (Nov. 13, 2006) (unpublished order), he turned at last to the Tax Court, where his action was doomed by §6330(c)(2)(B).

Meanwhile Patridge had been indicted for tax evasion, money laundering, and wire fraud. Still represented by the same lawyer, he dragged out the jury trial for 13 days but was convicted. He has been sentenced to 60 months' imprisonment, fined $100,000, and ordered to pay his back taxes and accumulated penalties.

Patridge's brief in the criminal appeal presents 19 issues, all frivolous. Many are in the style of tax-protest arguments that we might expect from a layman representing himself but do not expect to see in a brief filed by a member of the bar. For example, although counsel concedes that a person who earns income cannot avoid taxes by appointing it to a third party—here, by remitting the income to Trust #1—he insists that the maneuver may be penalized only if the taxpayer knows that 26 U.S.C. §7201 is the section of the Internal Revenue Code that makes the dodge unlawful.

*Cheek v. United States*, 498 U.S. 192 (1991), holds that a person may be convicted of tax offenses only if he knows that the Code requires him to pay. The jury was so instructed, and its verdict shows that it found, beyond a reasonable doubt, that Patridge knew that he had to pay taxes on what he made from his business. It is scarcely possible to imagine otherwise: the system of offshore trusts, and the fictive "loans," show that Patridge was trying to hide income that he knew to be taxable. Why else all this folderol? Yet Patridge, in common with many other people who know what the law requires, could not say just which provisions of the Code make income taxable and prevent evasion. For that matter, many tax

lawyers (and most judges) could not rattle off the citations without glancing at a book. This shortcoming of memory (perhaps, for Patridge, a deliberate avoidance of knowledge) prevents criminal punishment, counsel insists.

But why would this be so? No statute says it; no opinion holds it. *Cheek* derived its knowledge-of-law requirement from the fact that §7201 makes only "willful" tax evasion criminal. An act is willful for the purpose of tax law, the Court concluded, when the taxpayer knows what the Code requires yet sets out to foil the system. Knowledge of the law's demands does not depend on knowing the citation any more than ability to watch a program on TV depends on knowing the frequency on which the signal is broadcast.

Patridge insists that the indictment was premature, and the conviction invalid, because he was pursuing relief under §6330. This argument—which like others in counsel's brief lacks the benefit of either statutory support or any judicial decision—supposes that the crime of tax evasion is not complete until the IRS is unable to collect. That's nonsense. Patridge's crime entailed the use of three trusts to conceal his income. It was complete when these acts were performed and the tax year passed without payment. Patridge's resort to §3660 in an effort to string out the process may be an aggravating factor in sentencing but does not undermine the conviction.

The last of the issues we address is Patridge's contention that the Paperwork Reduction Act of 1980, 44 U.S.C. §§ 3501–21, forecloses his conviction. This contention is as weak as the other 18, but it has been raised in several recent appeals—despite the fact that it was considered and rejected in *Salberg v. United States*, 969 F.2d 379 (7th Cir. 1992)—so we take this occasion to hold that the 1995 amendments to the Act do not alter *Salberg*'s conclusion.

Nos. 06-3635 & 06-3785                          5

Section 3507 provides that an agency needs the approval of the Office of Management and Budget to collect information, and §3512(a)(1) adds that "no person shall be subject to any penalty for failing to comply with a collection of information that is subject to this subchapter" unless OMB's approval is evinced by a "valid control number" on the agency's demand for information. Per §3507(g), OMB "may not approve a collection of information for a period in excess of 3 years." Patridge observes that the IRS's Form 1040 has displayed the same control number since 1981 and argues that it must therefore represent an approval lasting for more than 3 years. Moreover, he asserts that the IRS did not obtain a new approval between the 1995 amendments and the adoption of forms for tax years 1996 and 1997, so these forms must be (in counsel's words) "outlaw and bootleg." Finally, Patridge contends that all IRS forms are invalid because they do not tell taxpayers that the lack of a valid control number means that they need not supply any information.

How any of this could block a conviction for tax *evasion* is a mystery. Patridge evaded taxes by shuffling his income among trusts in an attempt to conceal it from the IRS. That crime does not depend on the contents of any form. Evading one's taxes is illegal independent of the information one does or does not supply. Consider another example: the Clean Air Act requires businesses to curtail certain emissions using the best available technology, and to report on those emissions to the EPA. An error in the EPA's forms might spare the business any penalties for bad information but would not license it to emit pollution without limit. The Paperwork Reduction Act does not change any substantive obligation.

Anyway, as we held in *Salberg*, the obligation to file a tax return stems from 26 U.S.C. §7203, not from any agency's demand. The Paperwork Reduction Act does not

6                                                  Nos. 06-3635 & 06-3785

repeal §7203. Repeal by implication depends on inconsistency that makes it impossible to comply with the newer law while still honoring the old one, see *Branch v. Smith*, 538 U.S. 254, 273 (2003); *J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred International, Inc.*, 534 U.S. 124, 141–44 (2001), and there is no such inconsistency between §7203 and the Paperwork Reduction Act. One reason for this is that §7203 requires a "return" but does not define that word or require anyone to use Form 1040, or any "official" form at all. All that is required is a complete and candid report of income.

Finally, we have no doubt that the IRS has complied with the Paperwork Reduction Act. Form 1040 bears a control number from OMB, as do the other forms the IRS commonly distributes to taxpayers. That this number has been constant since 1981 does not imply that OMB has shirked its duty. Section 3507 requires periodic review, not a periodic change in control numbers. Patridge offers us no reason to think that the necessary review has not been conducted. The control number on Form 1040 appears on OMB's web site as a current, valid number; if this is wrong, it takes more than a lawyer's say-so to establish the proposition. That OMB didn't re-review Form 1040 between the 1995 and 1996 tax year is irrelevant; nothing in the 1995 amendments says that all existing approvals become invalid or that all forms must be resubmitted.

None of the remaining 16 arguments in the criminal appeal requires comment. The appeal from the Tax Court is equally frivolous. Section 6330(c)(2)(B) says point blank that a request for a hearing on the details of collection does not require (or even permit) the IRS to reconsider the taxpayer's substantive obligations. Patridge could have cooperated with the audit but refused; he could have sought review of the assessment in the Tax Court but failed to do so. The current proceeding is nothing but obstructionism.

Jerold W. Barringer represented Patridge at trial, in the Tax Court, and during the three appeals to this court. He has performed below the standard of a *pro se* litigant; we have serious doubt about his fitness to practice law. The problem is not simply his inability to distinguish between plausible and preposterous arguments. It is his disdain for the norms of legal practice (19 issues indeed!) and the rules of procedure. Take, for example, Fed. R. App. P. 28(a)(7), which requires every appellant's brief to contain "a statement of facts relevant to the issues submitted for review with appropriate references to the record". Circuit Rule 28(c) adds: "The statement of facts required by Fed. R. App. P. 28(a)(7) shall be a fair summary without argument or comment. No fact shall be stated in this part of the brief unless it is supported by a reference to the page or pages of the record or the appendix where that fact appears." So what did Barringer write as a "fair summary without argument or comment"? Here is the complete text of his "STATEMENT OF THE FACTS":

> This case is about due process and the Fifth and Sixth. The indictment was defective and revolved around a theory of law section 7201 cannot support. The term "willful" cannot support. There was no evidence of willfulness regarding knowledge of the facts and there is no evidence of willfulness regarding knowledge of the law required to be alleged in the indictment and proved beyond a reasonable doubt at trial. The Paperwork Reduction Act of 1995 forbid the indictment from being returned. There was no fraud in any wire and there was no laundering of any money from an illegal source. The jury was clearly confused by the Court's usage of evade and avoid interchangeably. The District Court relied upon the wrong Sentencing Guidelines and found facts to give Appellant 60 months in prison when the sentence should have been probation.

This contains not a single fact and verges on illiteracy. One might think that Barringer had confused the "Statement of Facts" section with the "Summary of Argument" required by Rule 28(a)(8), except that this passage does not contain any argument (it is argument free, though full of assertion) and is immediately followed by a six-page-long "SUMMARY OF APPELLANT'S ARGUMENTS".

Noncompliance with Rule 28(a)(7) is not an isolated problem. To avoid tedious length, we'll limit ourselves to one more example. Circuit Rule 30(a) provides: "The appellant shall submit, bound with the main brief, an appendix containing the judgment or order under review and any opinion, memorandum of decision, findings of fact and conclusions of law, or oral statement of reasons delivered by the trial court or administrative agency upon the rendering of that judgment, decree, or order." Circuit Rule 30(b)(1) adds that the appendix also must contain "[c]opies of any other opinions, orders, or oral rulings in the case that address the issues sought to be raised. If the appellant's brief challenges any oral ruling, the portion of the transcript containing the judge's rationale for that ruling must be included in the appendix." To make sure that counsel are aware of these requirements, we require every appellate lawyer to certify in writing that the brief complies with these rules. Circuit Rule 30(d). Lack of a statement under Rule 30(d) tells the clerk's office that counsel is unaware of the rule, and the brief will be rejected; but a brief with the required statement will be accepted, because our staff is not able to look behind the certificate to determine whether all of the essential materials have been included—and they really are "essential," because without knowing why the district court did what it did, we can't assess claims that the court erred.

Barringer's brief contains this statement: "I, Jerold Barringer, certify by my signature above I have included

Nos. 06-3635 & 06-3785                                          9

all of the materials required by parts (a) and (b) of Circuit Rule 30 in the appendix for the Appellant." The brief was accepted. But the representation is false—whether deliberately so, or as a result of Barringer's inability to comprehend Rule 30, we cannot know. The only document "bound with the main brief" is the judgment of conviction. None of the district court's opinions and other explanations is attached to the brief. We eventually tracked down three that should have been included. Two concern Barringer's motions to dismiss the indictment; one denies a motion for a judgment of acquittal. The district judge's oral statement of reasons for the 60-month sentence should have been transcribed and included but was not. These omissions complicated our task of review.

This court regularly fines lawyers who violate Circuit Rule 30 yet falsely certify compliance under Circuit Rule 30(d). E.g., *United States v. White*, 472 F.3d 458, 465–66 (7th Cir. 2006); *United States v. Evans*, 131 F.3d 1192 (7th Cir. 1997); *In re Galvan*, 92 F.3d 582 (7th Cir. 1996). We also regularly penalize unrepresented litigants who advance frivolous tax-protest-style arguments. E.g., *Szopa v. United States*, 453 F.3d 455, after reconsideration, 460 F.3d 884 (7th Cir. 2006) (setting $4,000 as the presumptive sanction for frivolous tax appeals, doubled for repeat offenders). Members of the bar must be held to standards at least as high as those of unrepresented litigants. Barringer is a recidivist; he ignored our 2006 decision reminding him that taxpayers cannot use a request for a collection hearing to contest their substantive liability. We therefore give Barringer 14 days to show cause why he should not be fined $10,000 for his frivolous arguments and noncompliance with the Rules, and why he should not be suspended from practice until he demonstrates an ability to litigate an appeal competently and responsibly. See Fed. R. App. P. 38, 46(b), (c).

AFFIRMED; ORDER TO SHOW CAUSE ISSUED

10                                   Nos. 06-3635 & 06-3785

A true Copy:

    Teste:

                                                   Clerk of the United States Court of
                                                   Appeals for the Seventh Circuit

---

USCA-02-C-0072—11-14-07