# United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

December 6, 2007

FILED
DEC 10 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** DIANE P. WOOD, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

| | |
|---|---|
| **No.** 06-3635<br><br>UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>v.<br><br>DENNY R. PATRIDGE,<br>*Defendant-Appellant.* | Appeal from the United States District Court for the Central District of Illinois.<br><br>No. 04-20031-001<br>Michael P. McCuskey,<br>*Chief Judge.* |
| **No.** 06-3785<br><br>DENNEY R. PATRIDGE and JUDY PATRIDGE,<br>*Petitioners-Appellants,*<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br>*Respondent-Appellee.* | Appeal from the United States Tax Court<br><br>No. 1551-06L<br>Peter J. Panuthos, *Judge.* |

**Order**

Attorney Barringer's response to our order to show cause does not demonstrate that the appeal was, as an objective matter, anything other than

frivolous. See *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 938 (7th Cir. 1989) (en banc) (standard under Fed. R. App. P. 38 is objective). Nor does it address the brief's substantial non-compliance with both national and local rules of appellate procedure (such as the absence of a statement of facts). Finally, the response does not address the question whether attorneys are entitled to file briefs that fall below the standard at which pro se litigants would be fined routinely under *Szopa v. United States*, 453 F.3d 455, after reconsideration, 460 F.3d 884 (7th Cir. 2006).

We therefore fine Barringer $10,000. This sum must be paid within 14 days, or the court will enter an order modeled on *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), until payment has been made. Barringer is not entitled to a hearing on this subject. No material facts are in dispute. Nor is Barringer entitled by Fed. R. App. P. 38 to any notice more detailed than that given by our opinion.

Our opinion also raised the possibility of suspending Barringer from practice, and on that subject he would indeed be entitled to a hearing. See Fed. R. App. P. 46(b)(3). But we have decided to discharge the rule to show cause with respect to that issue. Barringer's conduct did not injure his clients. We strongly suggest, however, that Barringer take a course in appellate practice and endeavor to improve his skills.